UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1232 (CKK) |
| STATE OF NEW YORK, *et al.*,<br><br>    Plaintiffs<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1233 (CKK) |

**SCHEDULING ORDER**

    In order to administer the above-captioned cases in a manner fair to the litigants and consistent with the Court's interest in completing this litigation in the shortest possible time, pursuant to the status hearing held on September 28, 2001, it is this 28th day of September, 2001, hereby

    **ORDERED** that counsel for Plaintiffs and Defendant are directed to comply with each of the following directives:

(1)    **COMMUNICATIONS WITH THE COURT:**
Counsel should endeavor to keep communications with chambers to a minimum. *Ex parte* communications on matters other than scheduling matters are prohibited. If counsel need to contact Chambers, it should be done jointly pursuant to a telephone conference call arranged by the parties.

(2) **MOTIONS FOR EXTENSIONS OF TIME**:[1]
Motions for extensions of time are strongly discouraged. The parties should not expect the Court to grant extensions, as they will be granted only in truly exceptional or compelling circumstances. The parties are referred to *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996). Motions for extension of time shall be filed at least **four** business days prior to the deadline the motion is seeking to extend. All motions for extensions **must** include the following (otherwise they will not be considered by the court):

   (a) how many, if any, previous extensions of time the Court has granted to each party;
   (b) the specific grounds for the motion;
   (c) a statement of the effect that the Court's granting of the motion will have on all other previously set deadlines; and
   (d) pursuant to LCvR 7.1(m), the moving party shall include a statement of opposing counsel's position vis-a-vis the motion.

(3) **PLEADINGS:**
   (a) Every pleading shall indicate, immediately below the Civil Action No. in the caption, the next-scheduled Court deadline, such as a status conference, or pre-trial conference, or hearing date. Pleadings that do not contain such information will be, *sua sponte*, stricken from the record.
   (b) Every pleading signed by an attorney shall, in conformity with LCvR 5.1(e), contain the name, address, telephone number, and bar identification number of the attorney.

(4) **DISCOVERY DISPUTES**:
Counsel are referred to LCvR 26.2 and expected to fully conform with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the Court. **Counsel shall not file a discovery motion without prior consultation with opposing counsel**. Counsel are advised that if the Court is called upon to resolve such a motion, the losing **attorney** (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4).

(5) **DEPOSITION GUIDELINES:**
Counsel will adhere to the following guidelines when taking a deposition:

---

[1] The court will not entertain stipulations concerning extensions of time. The parties must file a motion when seeking an extension.

    (a)    Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

    (b)    Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

    (c)    Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Fed. R. Civ. P. 30(d)(1);

    (d)    Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

    (e)    If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court for a ruling and remedy. When appropriate, the Court will impose sanctions;

    (f)    All counsel are to conduct themselves in a civil, polite, and professional manner. The Court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent;

    (g)    No deposition may last more than eight hours (exclusive of breaks), except by leave of the Court <u>or</u> stipulation of the parties;

    (h)    Fact witness depositions shall not exceed 30 for each side; and

    (i)    Pursuant to Fed. R. Civ. P. 30(a)-(b), the parties may take depositions upon oral examination on 10 calendar-days notice.

(6) **MOTIONS FOR RECONSIDERATION:**
"Motions for Reconsideration" of a prior Court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 59(c) and/or 60(b) are met. If one is filed, it shall not exceed **ten** pages in length. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court and (b) arguments which should have been previously raised, but are being raised for the first time in the "Motion for Reconsideration." *See, e.g., National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

(7) **STATUS CONFERENCE:**
Counsel must be prepared at the status conference to advise the Court of the expected length of trial (in hours) and an estimate of the total number of fact and expert witnesses that each party proposes to present. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

It is **FURTHER ORDERED** that:

1.    Plaintiffs shall submit their proposal(s) for remedial relief not later than <u>December</u>

3

7, 2001;

2. Defendant shall submit its proposal for remedial relief not later than December 12, 2001;

3. Discovery shall commence on November 2, 2001, and conclude on February 22, 2002;

4. Interrogatories and document requests shall be served at any time after November 2, 2001, but not later than December 14, 2001;

5. Pursuant to Fed. R. Civ. P. 33, the interrogatories shall not exceed 25 in number including all discrete subparts;

6. Responses and objections to interrogatories and document requests shall be provided ten calendar days after service of such requests;

7. Plaintiffs shall provide Defendant with a preliminary witness list along with the proposal(s) for remedial relief on December 7, 2001;

8. Defendant shall provide Plaintiffs with a preliminary witness list along with its proposal for remedial relief on December 12, 2001;

9. The preliminary witness list shall be revised, supplemented, finalized, and exchanged not later than February 8, 2002;

10. The parties shall identify any experts and produce the appropriate reports, in conformance with Fed. R. Civ. P. 26(a)(2), not later than January 25, 2002;

11. Expert depositions may commence on February 1, 2002, and shall be completed by February 22, 2002;

12. Plaintiffs and Defendant shall exchange exhibit lists not later than February 15, 2002;

13. Joint pre-hearing statements, which will include trial briefs (in the style of a pretrial statement, as appropriate, as described in LCvR 16.5) shall be filed not later than February 22, 2002;

14. At the evidentiary hearing, each side shall have the opportunity to present an opening statement and a closing argument. Those statements and arguments should not exceed two hours each in length; and

15. A Status Hearing is hereby set for November 5, 2001, at 9 a.m. in Courtroom 11.

The Court adopts the following agreed upon provisions as set forth in the parties' Joint Status Report:

1. The terms and conditions contained in the Stipulation and Protective Order entered by the Court on May 27, 1998, shall remain in effect and continue to apply to all discovery and further proceedings in this case.

2. Service on Microsoft of any pleading or other submission filed with the Court shall be pursuant to Paragraph 5 of this Court's September 6, 2001, Order Establishing Procedures for Electronic Filing. Service on Microsoft of any pleading or other submission not filed with the Court, or responses thereto, shall be sufficient if delivered by hand, facsimile or overnight courier to (a) John L. Warden, Sullivan

& Cromwell, 125 Broad Street, 31st Floor, New York, NY 10004-2498, (b) Bradley P. Smith, Sullivan & Cromwell, 1701 Pennsylvania Avenue, N.W., 7th Floor, Washington, D.C. 20006-5805, and (c) William H. Neukom, Executive Vice President – Law and Corporate Affairs, Microsoft Corporation, Building 8, One Microsoft Way, Redmond, WA 98052-6399.

3. Service on Plaintiffs of any pleading or other submission filed with the Court shall be pursuant to Paragraph 5 of this Court's September 6, 2001, Order Establishing Procedures for Electronic Filing. Service on Plaintiffs of any pleading or other submission not filed with the Court, or responses thereto, shall be sufficient if delivered by hand, facsimile or overnight courier to (a) Philip S. Beck, Esq., Bartlit Beck Herman Palenchar & Scott, Courthouse Place, Suite 300, 54 West Hubbard Street, Chicago, IL 60610, (b) Renata B. Hesse, Esq., U.S. Department of Justice, Antitrust Division, 601 D Street, NW, Suite 1200, Washington, D.C. 20530, (c) Kevin J. O'Connor, Esq., Office of the Attorney General of the State of Wisconsin, Post Office Box 7857, 123 West Washington Avenue, Madison, WI 53703-7857, (d) Jay L. Himes, Esq., Assistant Attorney General, Office of the Attorney General of the State of New York, 120 Broadway, New York, NY 10271, and (e) Blake Harrop, Esq., Office of the Attorney General of the State of Illinois, 100 West Randolph St., 12th Floor, Chicago, IL 60601.

4. Because there may be witnesses with knowledge of relevant matters residing throughout the United States, the Court finds that there is good cause to permit all parties to this action, pursuant to 15 U.S.C. § 23, to issue subpoenas to compel witnesses living outside this District to appear to testify at the remedy hearing in this matter.

Dates for the pre-hearing conference, motions *in limine*, and evidentiary hearing will be set at the final status hearing, if necessary. Additional details relevant to the evidentiary hearing will be provided at the status hearing on November 5, 2001. **The above-scheduled dates are firm.**

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge