UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1232 (CKK) |
| STATE OF NEW YORK, *et al.*,<br><br>   Plaintiffs<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1233 (CKK) |

**ORDER**

This case comes before the Court on a motion by David L. Whitehead to reconsider the denial of his motion to file as amicus curiae. Pursuant to the Federal Rules of Civil Procedure, a party may petition a district court to alter or amend judgment no later than ten days after the entry thereof. *See* Fed. R. Civ. P. 59(e). Such motions will be denied unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.2d 1205,

1208 (D.C. Cir. 1996) (internal quotations omitted); *see also Mekuria v. Washington Metropolitan Area Transit Authority*, 45 F. Supp. 2d 19, 31 n.10 (D.D.C. 1999). A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is not simply an opportunity to reargue facts and theories upon which a court has already ruled. *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (three-judge panel) (per curiam); *see also Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (holding that a motion to reconsider pursuant to Rule 59(e) is not routinely granted ). Rather, a district court properly exercises its discretion under Rule 59(e) to alter or amend its judgment where the moving party presents new facts or a clear error of law which compel a change in the court s ruling. *New York*, 880 F. Supp. at 39; *see also Assassination Archives and Research Ctr. v. United States Dep t of Justice*, 828 F. Supp. 100, 102 (D.D.C. 1993).

Movant s motion to reconsider fails to provide any grounds for permitting Movant to file as amicus curiae which were not presented in Movant s original motion. Furthermore, Movant has failed to identify any new fact, clear error of law, or other injustice which compels a change in the Court s prior ruling. Accordingly, it is this 9th day of October, 2001, hereby

**ORDERED** that David L. Whitehead s motion to reconsider is DENIED.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge