UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1232 (CKK) |
| STATE OF NEW YORK, *et al.*,<br><br>   Plaintiffs<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1233 (CKK) |

**ORDER**

Pursuant to the status hearing held on November 6, 2001, it is this eighth day of November, 2001, hereby

**ORDERED** that the above-captioned cases shall proceed on two independent tracks:

\*  "Track I" is the label the Court shall use to refer to the Court's review, pursuant to the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)-(h), of the proposed Final Judgment which reflects a settlement of Civil Action No. 98-1232 in its entirety and a partial settlement of Civil Action No. 98-1233.

\*  "Track II" is the label the Court shall use to refer to the remaining litigation between the States proceeding to litigation and Microsoft concerning an appropriate remedy in Civil Action No. 98-1233.

Accordingly, with regard to Track I, it is hereby

**ORDERED** that the States choosing to join the settlement shall inform the Court not later than November 9, 2001, of the identity of the individual(s) who will serve as their representative(s) in future proceedings before the Court;[1] and it is further

**ORDERED** that the United States shall inform the Court of the anticipated date of publication of the proposed Final Judgment and Competitive Impact Statement in the Federal Register as soon as such date is available; and it is further

**ORDERED** that, pursuant to 15 U.S.C. § 16(b), the proposed Final Judgment, in its final form, and Competitive Impact Statement shall be filed with the Court not later than November 15, 2001; and it is further

**ORDERED** that, pursuant to 15 U.S.C. § 16(g), within ten days of the publication of the proposed Final Judgment in the Federal Register, Microsoft shall file with the Court a description of any and all written or oral communications by or on behalf of Microsoft, or other person, with any officer or employee of the United States concerning or relevant to the proposed Final Judgment, except that any such communications made by counsel of record alone with either the Attorney General or the employees of the United States Department of Justice shall be excluded from this requirement; and it is further

**ORDERED** that, pursuant to 15 U.S.C. § 16(c), the United States shall publish in the *Washington Post*, the *San Jose Mercury News*, and the *New York Times* a notice containing a

---

[1] While the Court is aware that the requirements of the Antitrust Procedures and Penalties Act (Tunney Act) apply only to proposals for "consent judgment[s] submitted by the United States," 15 U.S.C. § 16(b), the Court presumes that the States which have chosen to enter into a settlement agreement with Microsoft will play an active role in advocating the entry of the consent judgment proposed in this case.

summary of the terms of the proposed Final Judgment, a summary of the Competitive Impact Statement, and a list of materials and documents which the United States shall make available for purposes of meaningful public comment and the place where such materials and documents are available for public inspection. Such publication shall continue for seven days over a period of two weeks, commencing not later than November 15, 2001; and it is further

**ORDERED** that members of the public may submit written comments concerning the proposed Final Judgment to a designated official of the Antitrust Division of the United States Department of Justice for a period of 60 days following publication of the proposed Final Judgment and Competitive Impact Statement in the Federal Register; and it is further

**ORDERED** that, within thirty days after the close of the 60-day public comment period, the United States shall file with the Court and publish in the Federal Register its responses to any comments received; and it is further

**ORDERED** that, simultaneous with the filing of its response to the comments of the public, the United States shall file any appropriate legal briefing with the Court; and it is further

**ORDERED** that upon completion of the above procedures, the United States shall file with the Court a certification of compliance with the requirements of the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)-(h).

As discussed at the November, 6, 2001, hearing, following the close of the 60-day public comment period, the Court will hold a status conference wherein the parties shall address the nature and need for a hearing concerning the proposed final judgment.

With regard to Track II, it is hereby

**ORDERED** that any and all motions in limine shall be filed not later than February 22, 2002; and it is further

**ORDERED** that a Pre-hearing Conference shall be held on March 4, 2002, at 9 a.m.

**SO ORDERED.**

As discussed at the hearing on November 6, 2001, following the filing of the parties' proposals for remedial relief in early December, the Court will require the parties proceeding along Track II to file a Joint Status Report which addresses any remaining issues concerning the nature of the remedy hearing. Thereafter, the Court will set a date for a status conference.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge