IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Civil Action No. 98-1232 (CKK) |
| STATE OF NEW YORK *ex. rel.*<br>Attorney General ELIOT SPITZER, *et al.*,<br><br>                Plaintiffs,<br><br>      v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Civil Action No. 98-1233 (CKK)<br><br>Next Court Deadline: March 4, 2002<br>                            Status Conference |

### DEFENDANT MICROSOFT CORPORATION'S REPLY IN
### SUPPORT OF ITS MOTION TO AMEND THE SCHEDULING ORDER

Defendant Microsoft Corporation ("Microsoft") submits this reply memorandum in further support of its motion to amend the Scheduling Order entered on September 28, 2001.

       1.      The non-settling States freely acknowledge that their remedy proposals "are *fundamentally* different than the remedy proposals embodied in the DOJ settlement." (States Opp'n at 13 (emphasis added).) This statement underscores the extreme nature of the non-settling States' proposed judgment. As both Assistant Attorney General Charles James and New York Antitrust Bureau Chief Jay Himes told the Senate Judiciary Committee, the relief provided by the RPFJ, which was modeled on the conduct provisions of the prior judgment, is commensurate

with—indeed, it extends beyond—the 12 acts found to be anticompetitive by the Court of Appeals. (*See* Microsoft Mot. at 9-10.)

2. The non-settling States also candidly acknowledge that their proposed remedies are broader in scope than the conduct provisions of the prior judgment, despite the fact that the Court of Appeals drastically altered the scope of Microsoft's liability. (*See* States Opp'n at 2.) As Microsoft pointed out in its motion, at the September 28, 2001 Scheduling Conference, the Court told plaintiffs that their first order of business was "to determine which portions of the former judgment remain appropriate in light of the appellate court's ruling and which portions are unsupported following the appellate court's narrowing of liability." (Sept. 28, 2001 Tr. at 8.) The Court also expressly agreed with Microsoft that "some of the terms of the former judgment are no longer appropriate" because the scope of Microsoft's liability "has been narrowed." (*Id*. at 8.) The non-settling States ignore these statements. Significantly, they do not deny that notwithstanding the Court's clear instruction to jettison the provisions of the prior judgment that are no longer sustainable, their proposed judgment includes each and every one of the vacated conduct provisions, even the one designed to address their now-abandoned tying claim. Nor do they deny that they have made many of the conduct provisions of the prior judgment significantly broader and that they have added more than a dozen new conduct provisions of their own.

3. The non-settling States likewise admit that they have initiated "intensive, time-consuming discovery." (States Opp'n at 7.) Yet plaintiffs stated in the Joint Status Report that "the additional discovery they envision will be limited and can be completed in a short period of rt at 3.) The non-settling States do not even attempt to reconcile these statements. Moreover, they ignore entirely Microsoft's argument that the discovery they have

commenced has already required more time than the Court's Scheduling Order envisioned. For example, they do not dispute that their first request for production of documents is so broad and burdensome that, under the agreement between the parties, Microsoft will not complete its production of documents until January 18, 2002 at the earliest and that as a result, fact witness depositions have not yet even begun. (States Opp'n at 11.) The Court's Scheduling Order, by contrast, contemplated that document production would be sufficiently confined that it could be completed in 10 days and that depositions would begin shortly thereafter, presumably in early December. With the discovery cutoff eight weeks away, the non-settling States also do not dispute that (i) third parties have only recently begun producing documents, (ii) third parties are likely to contest the scope of document subpoenas served on them, and (iii) depositions of third-party witnesses remain on the distant horizon. Lastly, the non-settling States do not deny that the numerous broad issues raised by their proposed judgment and preliminary witness list will necessitate discovery that is broader than the discovery conducted during the liability phase.

4. The non-settling States suggest that the Court should hold the evidentiary hearing on their claims for relief "*before* it reaches any conclusion about whether the RPFJ passes statutory muster under the Tunney Act." (States Opp'n at 13 (emphasis added).) In other words, the non-settling States now appear to request that the Court delay the completion of Track I so that Track I can be overtaken by Track II. On November 6, 2001, the Court told the parties that after giving the matter much thought, it had concluded that its review of the RPFJ "will go forward first under the Tunney Act." (Nov. 6, 2001 Tr. at 26-27 ("I've also given it much thought and have decided that the compliance proceedings, and at this point I'm not precisely sure whether it will be a full hearing—a hearing or what type of proceeding I will have, but whatever it is will go first—will go forward first under the Tunney Act.")). In view of the non-settling States'

- 3 -

request that the Court reconsider that decision, the Court should hold an oral hearing on this motion at which Microsoft, as well as the United States and the nine settling States, can present their views as to the appropriate order of proceedings.

<p style="text-align:center">*   *   *</p>

In sum, the Court should extend the current schedule by at least four months as set forth at page 17 of Microsoft's motion to amend the Scheduling Order. Microsoft also respectfully requests an oral hearing on its motion pursuant to LCvR 7.1(f).

Dated: Washington, D.C.
       December 31, 2001

Respectfully submitted,

_____

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | Richard J. Urowsky |
| David A. Heiner, Jr. | Steven L. Holley |
| Diane D'Arcangelo | Michael Lacovara |
| Christopher J. Meyers | Richard C. Pepperman, II |
| MICROSOFT CORPORATION | Stephanie G. Wheeler |
| One Microsoft Way | Ronald J. Colombo |
| Redmond, Washington 98052 | SULLIVAN & CROMWELL |
| (425) 936-8080 | 125 Broad Street |
| | New York, New York 10004 |
| Dan K. Webb | (212) 558-4000 |
| WINSTON & STRAWN | |
| 35 West Wacker Drive | Bradley P. Smith (Bar No. 468060) |
| Chicago, Illinois 60601 | SULLIVAN & CROMWELL |
| (312) 558-5600 | 1701 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20006 |
| Charles F. Rule (Bar No. 370818) | (202) 956-7500 |
| FRIED, FRANK, HARRIS, SHRIVER | |
|   & JACOBSON | *Counsel for Defendant* |
| 1001 Pennsylvania Avenue, N.W. |   *Microsoft Corporation* |
| Suite 800 | |
| Washington, D.C. 20004-2505 | |
| (202) 639-7300 | |