UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>      v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1232 (CKK) |

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>    Plaintiffs<br><br>      v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1233 (CKK) |

**MEMORANDUM OPINION**

Presently before the Court is a motion to intervene brought by the Associated Press, Cable News Network, Dow Jones & Co., Inc., the Washington Post, and USA Today (collectively "Proposed Intervenors").[1]  Proposed Intervenors seek two forms of relief from the Court upon intervention.  First, Proposed Intervenors seek to intervene for the purpose of opposing a request

---

[1] Also before the Court is the San Jose Mercury News, Inc.'s "joinder" in Proposed Intervenors' motion to intervene.  For purposes of the ensuing discussion, the Court will treat the San Jose Mercury News, Inc. as one of the Proposed Intervenors.

by Microsoft to vacate two related Orders dated August 11, 1998, and April 1, 1999, as to Civil

Action No. 98-1233.  Second, Proposed Intervenors request intervention for the purpose of

ensuring that "no portion of any proceedings in [these cases] be closed to the public."  Proposed

Intervenors  Complaint in Intervention at 3.  The Court will address each requested basis for relief

seriatim.[2]

A.      *Opposing Microsoft's Motion to Vacate Orders Requiring Public Depositions*

The two Orders Microsoft seeks to vacate were the product of a previous motion to

intervene filed by a different, though similarly situated, group of news organizations seeking to

enforce a generic "right of access" pursuant to 15 U.S.C. § 30.  In response to the previous

intervention, in an Order dated August 11, 1998, Judge Jackson recognized a right of access

pursuant to Section 30 and ordered, with some limitations, admission of the "intervenors and all

other members of the public" in "all depositions to be taken henceforth in this [consolidated]

action."  *United States v. Microsoft Corp.*, Nos. 98-1232 and 98-1233 (D.D.C.  August 11, 1998).

A subsequent Order dated April 1, 1999, provides procedures enabling and governing public

access to "all further depositions in this [consolidated] action."  *United States v. Microsoft Corp.*,

Nos. 98-1232 and 98-1233 (D.D.C. April 1, 1999).

Proposed Intervenors' motion to intervene is directed at both Civil Action No. 98-1232 and

Civil Action No. 98-1233.  With regard to Civil Action No. 98-1232, the Court does not discern

---

[2]Proposed Intervenors indicate that the United States "does not object to the instant
motion to intervene."  Mem in Supp. of Intervention at 1 n.1.  The Plaintiff States, both Settling
and non-Settling States, have been silent on the issue of intervention.  Microsoft, who, in a recent
filing, identified Proposed Intervenors as "Intervenors," has not specifically opposed Proposed
Intervenors' motion to intervene.  *See generally* Microsoft Corporation's Reply in Further Support
of Its Motion to Vacate Orders Requiring Public Depositions.

any basis to permit Proposed Intervenors to intervene in that case given that Microsoft's motion seeks to vacate Judge Jackson's previous Orders only with regard to Civil Action 98-1233.  Judge Jackson's Orders concerning public access to depositions remain in effect in Civil Action No. 98-1232, and there is no request before the Court seeking to alter the status quo in that case. Accordingly, the Court shall deny the Proposed Intervenors' first basis for intervention with regard to Civil Action No. 98-1232.

Turning to Proposed Intervenors' request to intervene in Civil Action No. 98-1233, in light of Microsoft's motion to vacate the Orders in Civil Action No. 98-1233 dated August 11, 1998, and April 1, 1999, in the interest of expediting the resolution of Microsoft s motion, the Court shall grant Proposed Intervenors' motion to intervene for the limited purpose of opposing Microsoft's motion to vacate the Orders dated August 11, 1998, and April 1, 1999.

B.      *Preventing Any Portion of Any Proceeding in both Cases from being Closed to the Public*

Proposed Intervenors' second basis for intervention into both cases is far more amorphous and general than their first basis for intervention.  *See* Complaint in Intervention ¶ 2.  Proposed Intervenors seek to intervene "so that they may be heard . . . in connection with any motion pertaining to the public's rights of access to particular documents or other matters of record and to these proceedings generally."  Mem. in Support of Intervention at 2.  The proffered basis for this request for general intervention is a purported "interest, based upon the common law, constitutional and statutory rights of the public to access to these proceedings and the record therein."  *Id.*

The Court notes at the outset that, apart from Microsoft's Motion to Vacate Orders Requiring Public Depositions, there is no other motion presently pending before the Court which

3

pertains to the public's purported right of access.  Thus, it appears that Proposed Intervenors'

second basis for intervention rests upon an anticipation by Proposed Intervenors that they may

want to weigh in on issues of public access which have yet to be raised before the Court.  In the

Court's view, Federal Rule of Civil Procedure 24 does not require the Court to permit intervention

based upon speculation that intervention may be useful for protecting one's rights, if the need for

such protection should arise at some point in the proceedings.  *See Washington Elec. Coop., Inc.*

*v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990) ("An interest that is . .

. contingent upon the occurrence of a sequence of events before it becomes colorable, will not

satisfy [Rule 24]").  Accordingly, inasmuch as Proposed Intervenors seek to intervene in

anticipation of an actual need for intervention, the Court shall deny the motion as premature.

III.    *Conclusion*

        Based on the foregoing, the Court shall deny Proposed Intervenors' motion to intervene in

its entirety with regard to Civil Action No. 98-1232.  However, the Court shall permit Proposed

Intervenors to intervene in Civil Action No. 98-1233 for the limited purpose of opposing

Microsoft's Motion to Vacate Orders Requiring Public Depositions.  To the extent that Proposed

Intervenors seek to intervene in Civil Action No. 98-1232 for other purposes, their motion shall be

denied.  An appropriate Order accompanies this Memorandum Opinion.


January ___, 2002                              _____
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge


4