UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1232 (CKK) |
| STATE OF NEW YORK, *et al.*,<br><br>   Plaintiffs<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1233 (CKK) |

**ORDER**

In light of recent proceedings in these consolidated cases, the Court finds that it is appropriate, at this juncture, to deconsolidate the above-captioned cases. The Court has conferred with the parties in both cases, and there is no objection to deconsolidating these cases.

In an order dated May 22, 1998, pursuant to Microsoft's motion and in accordance with Federal Rule of Civil Procedure 42(a), Judge Thomas Penfield Jackson ordered the consolidation of Civil Action Nos. 98-1232 and 98-1233 "for all purposes, pending further order of the Court."

*United States v. Microsoft Corp.*, Nos. 98-1232 and 98-1233 (D.D.C. May 22, 1998). Rule 42(a) provides, in pertinent part, that "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). As is apparent from the text of Rule 42(a), the decision to consolidate is discretionary. Furthermore, it is well established that consolidation of cases is "permitted as a matter of convenience and economy in administration." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (discussing 28 U.S.C. § 734, the predecessor statute to Fed. R. Civ. P. 42(a)). Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.*; *see also Cablevision Systems Development Co. v. Motion Picture Ass'n of America, Inc.*, 808 F.2d 133, 135-36 (D.C. Cir. 1987) (recognizing the holding in *Johnson*, but distinguishing on the facts). Rather, consolidation is a purely ministerial act which, as the record in these cases reflects, relieves the parties and the Court of the burden of duplicative pleadings and Court orders.

      At the time of consolidation, proceedings in the two above-captioned cases were entirely parallel, as preliminary injunctions had been filed in both cases, and the parties were preparing to commence discovery in anticipation of a combined preliminary injunction hearing and trial on the merits. However, as recounted in greater detail in the Court's January 28, 2002, Memorandum Opinion, recent proceedings in the two cases have taken divergent paths. *See generally United States v. Microsoft Corp.*, No. 98-1233 (D.D.C. January 28, 2002). The United States and Microsoft have proposed the entry of a consent decree as a resolution in Civil Action No. 98-

1232. In contrast, a number of the Plaintiff States in Civil Action No. 98-1233 have chosen to proceed to a remedies-specific hearing. Consequently, these non-Settling Plaintiff States, unlike the United States and the Settling States, are engaged in discovery in anticipation of the upcoming remedies hearing. Pursuant to these divergent paths, the parties have had occasion to file pleadings in only one of the two consolidated cases. Likewise, the Court has directed its Orders at only one of the two consolidated cases whenever appropriate.

Given the present posture, the Court concludes that consolidation no longer serves the interests of economy and convenience. While certainly the Court does not mean to suggest that the two cases no longer involve common questions of law and fact, the divergent nature of the two cases, at present, appears to obviate any utility or advantage arising from consolidation. If, at some point in the future, it appears that consolidation of the above-captioned cases may be beneficial to the Court and to the parties, the Court will then consider any new request to consolidate the cases.

Based on the foregoing, it is this 1st day of February, 2002, hereby

**ORDERED** that Civil Action No. 98-1232 and Civil Action No. 98-1233 shall be deconsolidated for all purposes pending further Order of the Court; and it is further

**ORDERED** that filings in Civil Action No. 98-1232 shall bear only the caption relevant to that case; and it is further

**ORDERED** that filings in Civil Action No. 98-1233 shall bear only the caption relevant to that case; and it is further

**ORDERED** that filings subsequent to February 1, 2002, bearing captions for *both* Civil

3

Action No. 98-1232 and Civil Action No. 98-1233 shall be stricken as improper.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge