IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 98-1232 (CKK)

Next Court Deadline:
February 8, 2002 Status Conference

**OPPOSITION OF PLAINTIFF UNITED STATES TO TWO MOTIONS OF
RELPROMAX ANTITRUST INC. FOR AMICUS PARTICIPATION
AND FOR AN EXTENSION OF TIME**

The United States, recognizing that it is solely within the discretion of the Court to determine the fact, extent, and manner of participation by an amicus curiae in this matter, recommends that the Court summarily deny the two pending motions of Relpromax Antitrust Inc. ("Relpromax") in their entirety.

1. On January 24, 2002, "Relpromax Antitrust Inc." filed a Motion for Limited Participation as an Amicus Curiae and for an Extension of Time ("Motion I") with accompanying Memorandum of Points and Authorities ("Mem. I"), Proposed Order, and Exhibits A-I (some with extensive attachments). This was followed on January 28, 2002, by a second Motion for Limited Participation as an Amicus Curiae and for an Extension of Time ("Motion II"), with accompanying Proposed Order, Memorandum of Points and Authorities ("Mem. II"), Supplement and Notice of Errata (to Mem. I), and an accompanying exhibit. The first filing alleges that Microsoft has failed to comply with the requirements of 15 U.S.C. § 16(g) and seeks various relief, including certain participation rights in this proceeding. The second filing alleges

that the United States has failed to comply with other requirements of 15 U.S.C. § 16 and seeks various relief, including certain participation rights in this proceeding.

Movant identifies itself only as "Relpromax Antitrust Inc.,"[1] and notes simply that it is an "interested person." Mem. I at 26. Nowhere in any of this paper is the interest of the proposed amicus specified, as is conventional in amicus practice. *See, e.g.,* Fed. R. App. P. 29(b)(1) (motion for leave to file amicus brief must state "the movant's interest"). *Cf. United States v. Microsoft*, 56 F.3d 1448, 1465 (D.C. Cir. 1995) ("Nor are we aware of any case in which an *amicus* — a friend of the court — has been permitted to remain anonymous").

2. On January 28, 2002, we received a letter identified as "Comments of Relpromax Antitrust Inc." concerning the Revised Proposed Final Judgment in this case. Although the letter does not further identify Relpromax or its interest, the letter is signed by "Carl Lundgren" as "President" of Relpromax. The letter attaches and incorporates by reference, *inter alia*, both Mem. I (with its exhibits and attachments) and Mem. II. *See* Hesse Declaration at ¶ 2.

3. This is not Mr. Lundgren's first contact with the Court in *United States v. Microsoft*. On May 23, 2000, "Valmarpro Antitrust" moved to intervene (Docket No. 569), and Judge Jackson denied the motion the same day. The docket sheet lists Carl Lundgren in the column normally reserved for counsel. Mr. Lundgren next filed an amicus brief in the appeal of this matter. *See* Brief Amicus Curiae Of Carl Lundgren In Support Of Remedy Proceedings In District Court That Admit Third Parties, *United States v. Microsoft Corp*, 253 F.3d 34 (D.C. Cir.

---

[1] A company with that name was incorporated in Virginia on December 28, 2001, according to a Checkpoint database search of Virginia corporation records. *See* Declaration of Renata B. Hesse ("Hesse Decl.") at ¶ 3.

2001) ("Lundgren Appeal Brief"), attached hereto as Exhibit A. The brief's Disclosure Statement states:

> The amicus, Carl Lundgren, is an individual who is filing pro se without the use of an expensive attorney. The amicus would have preferred to file as the business, Valmarpro Antitrust, but was barred by the Court's rules from doing so without an attorney. Valmarpro Antitrust is a sole proprietorship wholly owned by Carl Lundgren.

*Id.* at i. The brief further explained:

> Carl Lundgren is the author and inventor of a new economic method for preventing collusion. This economic method is described in an article published in a refereed academic journal. It is also the subject of a pending patent application. If Microsoft is split into two or more parts, this economic invention has possible application to Microsoft.

*Id.* at 1 (footnote omitted).[2] Mr. Lundgren had previously explained that:

> In the event that extensive remedy hearings would be held in this case (presumably in District Court), and in the event that Carl Lundgren or his businesses were permitted to participate, Carl Lundgren would be prepared to argue that use of his invention would provide a better remedy in this case than would any other remedy. If Carl Lundgren should prevail in a fair contest to select the best remedy, he could earn a fortune.

*See* Reply by Carl Lundgren to the Parties' Responses to Motions Regarding Amicus Participation at 4, *United States v. Microsoft Corp*, 253 F.3d 34 (D.C. Cir. 2001), attached hereto as Exhibit B.

Mr. Lundgren again sought to participate in this Court on remand. A Motion by Carl Lundgren for leave to file an amicus brief appears as an entry in this Court's electronic docket for August 31, 2001. By order of September 24, 2001, the Court denied Mr. Lundgren's motion,

---

[2]According to the brief, Mr. Lundgren is also the author of a "Request to File a Friend of the Court Brief on Behalf of Valmarpro Antitrust" and a "Brief Amicus Curiae of Valmarpro Antitrust on Behalf of an Alternative Remedy for Microsoft Based on Using Relative Profit Incentives," both identified as "*United States v. Microsoft Corp.*, filed with District Court, April 25, 2000 [filing refused]." Lundgren Appeal Brief at v.

explaining "that the proposed participation would be unhelpful to the Court and would likely impose an unacceptable burden on the Court." But the question may not have been finally put to rest. A docket entry for October 29, 2001, reads, "MOTION for clarification and, MOTION for Reconsideration of order denying filing of amicus brief by pro se CARL LUNDGREN," and so far as the electronic docket reveals, the Court has not decided those motions.

4.	In light of this prior history, and in light of Relpromax's failure to disclose that history (and its, or Mr. Lundgren's, potential intellectual property interest in the outcome of this case), we suggest that Relpromax is an unpromising candidate for the role of friend of the court, and we recommend that the Court deny the Relpromax motions summarily.

In so recommending, we intend no commentary on the issues raised by these motions. Should the Court choose to address these issues, it will have ample opportunity to do so in these proceedings without relying on Relpromax's motions. The Relpromax Comment raises them, as we have noted; other public comments do as well; and the Court is aware of them also through *American Antitrust Institute Inc. v. Microsoft Corp.*, No. 02-CV-138, filed January 24, 2002. The procedural flexibility of the Tunney Act can easily accommodate consideration of these issues. *See* 15 U.S.C. § 16(e). Should the Court desire that we respond to the substance of the questions raised in the Relpromax motions, we would be pleased to do so at the Court's convenience.

Respectfully submitted,

_____
PHILLIP R. MALONE
RENATA B. HESSE
KENNETH W. GAUL
PAULA L. BLIZZARD
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*