```
              IN THE UNITED STATES COURT OF APPEALS
               FOR THE DISTRICT OF COLUMBIA CIRCUIT


UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff-Appellee,         )
                                    )
        v.                          ) No. 00-5212
                                    )
MICROSOFT CORPORATION               )
                                    )
        Defendant-Appellant.        )
                                    )
------------------------------------)
                                    )
STATE OF NEW YORK, et al.,          )
                                    )
        Plaintiffs-Appellees,       )
                                    )
        v.                          ) No. 00-5213
                                    )
MICROSOFT CORPORATION               )
                                    )
        Defendant-Appellant.        )
```

**REPLY BY CARL LUNDGREN
TO THE PARTIES' RESPONSES
TO MOTIONS REGARDING AMICUS PARTICIPATION**


1. **Joint Response of Appellee's**.  The government appellees are apparently favorable to the admission of as many amici as the Court would see fit to admit.  Since they assert no objections, they presumably accept the proposed filing date of December 20, 2000 for my independent brief, that would be limited to a discussion of the need for more extensive remedy hearings, and more particularly with the need to include third parties within such remedy hearings.

2. **Adverse Response by Microsoft**.  Microsoft's response is a horse of another color.  Before getting to specifics, it may be worth a general comment.  Microsoft's approach is to whittle down eight potentially adverse briefs into only one brief or none.  There may be, of course, some concern about imbalance among the amici, if all were allowed in.  In my view, it would be better to allow all reasonable amici to participate, and if this creates a serious imbalance against Microsoft, the Court may entertain a motion to extend the length of Microsoft's reply brief.  I do not regard it as realistic to expect all adverse amici to merge their potentially divergent opinions into only one brief, nor should the Court require it.

3. **Tired Quote from Judge Posner**.  In an effort to exclude amici, in this Court and in the District Court, Microsoft continues to quote (and misuse) an opinion from Judge Posner, 7th Circuit (Response at 2).  Even by the terms of Posner's opinion, an amicus brief is permissible whenever "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  This is a rather broad permission, which can be used to justify the Court's admission of almost any reasonable amicus.  Nevertheless, Microsoft continues to pretend that this is a rather restrictive criterion, which can be used to exclude all manner of amici with whom Microsoft may disagree.

4. **Microsoft's Objection Based on "No Particularized Interest."**  Microsoft seeks to waive away four briefs with the

2

assertion "entities with no particularized interest in this case should be denied participation as amici" (Response at 5; also 2 and 3).  Microsoft does not define what it means by "particularized interest", nor does Microsoft provide any judicial support or precedent for this opinion.  It is fanciful, and it runs contrary to Judge Posner's opinion quoted earlier.  Each motion for amicus status should be judged on its own merits, and not according to Microsoft's arbitrary and exclusionary criteria.  Indeed, if Microsoft were correct, the amici brief by four independent economists (filed by Robert Litan) should never have been accepted by the District Court.

    5.  **Individuals Do Not Count, So Sayeth Microsoft**.  In furtherance of its opinion about "entities with no particularized interest," Microsoft asserts:

> The Court should continue to reject the entreaties of private individuals to participate in this case as amici....  Neither Ms. Peterson's "analytical framework" (Peterson Mot. at 1) nor Mr. Lundgren's "economic invention" (Lundgren Mot. at 1) merit the attention of the Court.  Nothing they have to say will make a meaningful addition to the parties' presentations on the factual and legal issues in the case.

Three things are wrong here.  The first is that private individuals do have standing to petition for amicus status.  The second is that Microsoft asserts unsupported opinions regarding the "merits" of potential contributions by private individuals.  The third is that Microsoft derives unsupported conclusions about whether private individuals can provide "meaningful" presentations to the Court, which go beyond what the parties

3

themselves might make.

6. **Carl Lundgren Has a Financial Interest to Argue in Favor of More Extensive Remedy Hearings**.  By "particularized interest" I can guess (but do not know) that Microsoft means financial interest.  Carl Lundgren seeks (and expects to obtain) a patent on an economic method for preventing collusion.  This invention is generally applicable for resolving problems of imperfect competition in a variety of industries, including the software industry.  In the event that extensive remedy hearings would be held in this case (presumably in District Court), and in the event that Carl Lundgren or his businesses were permitted to participate, Carl Lundgren would be prepared to argue that use of his invention would provide a better remedy in this case than would any other remedy.  If Carl Lundgren should prevail in a fair contest to select the best remedy, he could earn a fortune.

7. **The Court Needs to Rule on Whether the District Court's Remedy Hearings Were Adequate**.  Both Microsoft and some of the amici are displeased that the District Court held such perfunctory hearings during the remedy phase of trial.  Indeed, one amicus at the District level (Robert Litan and three additional economists) argued strongly in favor of more extensive remedy hearings, among other issues.  I intend to expand upon the arguments made by Robert Litan and others in a brief devoted exclusively to arguing for better remedy proceedings.  This is an issue of significant potential importance, both for the present case and as precedent for future cases.  Carl Lundgren would

4

offer a unique perspective on this issue.  So far as I am aware, no other party intends to focus exclusively on this issue.

                                            Respectfully submitted.

                                            _____
                                            Carl Lundgren
                                            Valmarpro Antitrust
                                            5035 South 25th Street
                                            Arlington, VA  22206-1057
                                                  (703) 933-1967 (home)
                                                  (703) 235-1910 (work)
                                            Lundgren@valmarpro.com (E-mail)

Dated:  October 30, 2000

CERTIFICATE OF SERVICE

Service of the foregoing was made by sending a copy thereof, in a sealed envelope, postage fully prepaid, addressed to:

Bradley P. Smith (by mail and by hand)
Sullivan & Cromwell
1701 Pennsylvania Avenue, N.W., 8th Floor
Washington, DC  20006-5805

                      John L. Warden
                      Sullivan & Cromwell
                      125 Broad Street
                      New York, NY  10004-2498

William H. Neukom, Sr. Vice President
Law & Corporate Affairs
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052-8300

                      A. Douglas Melamed
                      Antitrust Division
                      U.S. Department of Justice
                      950 Pennsylvania Avenue, N.W.
                      Washington, DC  20530

Catherine G. O'Sullivan (by mail and by hand)
Chief, Appellate Section
U.S. Department of Justice
601 D Street, N.W., Room 10536
Washington, DC  20530

                      Phillip R. Malone
                      Antitrust Division
                      U.S. Department of Justice
                      325 Seventh Street, N.W., Suite 615
                      Washington, DC  20530

Richard L. Schwartz
Deputy Chief, Antitrust Bureau
New York State Attorney General's Office
120 Broadway, Suite 2601
New York, NY  10271-0332

                      Kevin J. O'Connor
                      Wisconsin Attorney General's Office
                      123 West Washington Avenue
                      Madison, WI  53703-7957

Christine Rosso
Chief, Antitrust Bureau
Illinois Attorney General's Office
100 West Randolph Street, 13th Floor
Chicago, IL  60601

and deposited in the United States Mail by the undersigned this 31st day of October, 2000.

                                      _____
                                        Carl Lundgren