IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>                     Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: February 8, 2002<br>                            Status Conference |

**DEFENDANT MICROSOFT CORPORATION'S
MEMORANDUM IN OPPOSITION TO THE MOTION OF
RELPROMAX ANTITRUST INC. FOR LIMITED PARTICIPATION
AS AN AMICUS CURIAE AND FOR AN EXTENSION OF TIME**

Defendant Microsoft Corporation ("Microsoft") submits this memorandum in opposition to the motion of Relpromax Antitrust Inc. ("Relpromax") seeking participation as an *amicus curiae* and for an extension of time.

Relpromax's motion to appear as *amicus curiae* is a would-be Trojan horse in which Relpromax attempts to disguise what is in substance an attempt to intervene in this case without complying with the Federal Rules of Civil Procedure. Intervention frequently is denied in Tunney Act proceedings because new parties will make the proceedings unduly cumbersome and complicated and result in needless delay. As is typical in such cases, Relpromax already is seeking to complicate and delay this proceeding by requesting an extension of time to seek discovery.

Whether the Relpromax motion is tailored as a petition for intervention or a request to appear as an *amicus curiae*, it has no merit. Relpromax has no legally cognizable

interest in this litigation and fails to meet the substantive requirements to participate as an *amicus*.

## ARGUMENT

**I.      Relpromax's Motion is Premature.**

Relpromax's motion for leave to participate in this Tunney Act proceeding is procedurally premature. Relpromax purports to move under "15 U.S.C. § 16" (Relpromax Mem. at 1), which sets forth the procedures for review of a consent decree. Pursuant to 15 U.S.C. § 16 (f) (3) this Court may, at its discretion, consider limited participation of an interested non-party when it is making its public interest determination.

But this case has not yet reached that point in the process. The comment period prescribed by 15 U.S.C. § 16 (d) allowed for comments through January 29 from the public to the United States Department of Justice (the "United States") concerning the public filings by the United States under 15 U.S.C. § 16 (b). This comment period permits the public full comment and participation while also providing "the necessary flexibility and judicial control" for a fair and efficient review of any comments submitted. *See United States v. AT&T*, No. 74-1698, 1982 WL 1838, at *3 (D.D.C. Apr. 8, 1982). Microsoft has not seen the comments and does not know whether any of them relate to matters raised in the Relpromax motion. However, the United States is entitled to respond to all comments, and Relpromax's attempt to provide further commentary is premature until the United States has reviewed and responded to the public comments. *See Id.* at *3 (finding that decision on intervention status is premature until comment and response period is complete). After the comment period is closed, the Court will begin its public interest determination pursuant to 15 U.S.C. § 16 (e) and (f), at which time it may consider the procedures available to make its determination.

Relpromax had an opportunity to submit its comments to the United States for consideration, as many non-parties have. There is no present basis for any other participation.

## II. Relpromax Does Not Meet the Substantive Requirements to Participate in This Proceeding as *Amicus Curiae*.

Relpromax's claims are not only premature, they also fail to satisfy the substantive requirements for participation as an *amicus curiae*. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers). Relpromax fails to satisfy any of these criteria.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as a purported *amicus* is not warranted for that reason. *See N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented, which is usually defined as not represented at all.); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784, 790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings it is assumed that the United States represents the public interest and that there is no need for additional parties to supplement that representation. *See Ryan*, 125 F.3d 1062 ("the term 'amicus curiae' means friend of the court not friend of the party."), *citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir.

1991). Relpromax has not claimed otherwise. Its motion merely relies on an unsupported allegation that the United States' "only interest (explicitly expressed so far) is in obtaining Court approval of the RPFJ as fast as possible." (Relpromax Mem. at 24) This is not a sufficient ground for *amicus* participation. *See United States* v. *Associated Milk Producers Inc.*, 534 F.2d 113, 117 (8th Cir.), *cert. denied,* 429 U.S. 940 (1976) (intervention in a Tunney Act proceeding should be granted only where the United States acted in bad faith or malfeasance in negotiating a consent decree). There is no basis for any assertion that the United States here has not acted as a proper representative of the public and its interests.

*Second*, Relpromax has no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case. *Cf.*, *e.g.*, *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). Relpromax's motion identifies no legal, factual, or other basis for its interest in this matter, other than a mere curiosity about obtaining information:

> Given that Relpromax is an interested person, and in particular, interested in obtaining the information to which it has a statutory right pursuant to 15 U.S.C. § 16(g), it would be appropriate and in the public interest for the Court to enter an order, pursuant to 15 U.S.C. § 16(f)(3), in the form submitted herewith authorizing limited participating by Relpromax in proceedings before the Court.

(Relpromax Mem. at 26) Curiosity alone is insufficient to support participation as an amicus. Moreover, Relpromax is just wrong in claiming a statutory right to review Microsoft's disclosure pursuant to 15 U.S.C. § 16 (g). That disclosure is for the benefit of the Court.

Only the consent judgment and competitive impact statement are statutorily required to be made available to the public for comment. 15 U.S.C. § 16 (d).

*Third*, Relpromax has no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable it to assist the Court in a way that counsel for the parties and the public comments cannot. *Cf.*, *e.g.*, *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue). Relpromax offers nothing more than its own hypotheses about the substance of the United States' competitive impact statement and Microsoft's government contacts disclosure—issues that the parties who are vitally interested in this litigation are best able to address and as to which the public has submitted comments.

Allowing Relpromax to participate would also open the floodgates to every other person or organization who thinks he, she or it can do a better job in securing compliance with the antitrust laws than the United States. Allowing such intervention would unnecessarily burden the Court and parties and result in exactly the kind of unmanageable litigation that the Tunney Act was designed to prevent. *See United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982) ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process."), *citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.").

Microsoft requests that the Court continue with the procedures set forth in the Tunney Act for a public interest determination through the review of the public comments and

the responses of the United States. If while conducting the public interest determination the Court finds it requires further information from Microsoft concerning the parties' compliance with the Tunney Act, Microsoft will respond as the Court may direct.

### III. Relpromax Has No Right to an Extension of Time.

Only the United States has the statutory authority to request an extension of time to extend the comment period. *See* 15 U.S.C. § 16 (d) (allows for the public comment period to run for 60 days and "such additional time as the United States may request and the court may grant."); *see also United States* v. *Airline Tariff Publ'g. Co*., No. 92-2854, 1993 WL 95486, at *2 (D.D.C. Mar. 8, 1993) ("[T]he Court believes that it is without authority to extend the comment period absent a request to do so from the government."). Relpromax thus has no legal right to seek an extension.

Furthermore, Relpromax had 60 days to submit comments in this proceeding and may have done so. There is no basis for a special extension of time for Relpromax, and any extension would be contrary to legal precedent, the policy of the Tunney Act and also the policy stated by this Court in its Scheduling Order dated Sept. 28, 2001, which provides at 2: "Motions for extensions of time are strongly discouraged….[and] will be granted only in truly exceptional or compelling circumstances." No such exceptional or compelling circumstances exist here.

## CONCLUSION

For the foregoing reasons, the Court should deny Relpromax's motion for limited participation as an *amicus curiae* and for an extension of time.

Respectfully submitted,

_____

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | James H. Carter, Jr. |
| David A. Heiner, Jr. | Richard J. Urowsky |
| Diane D'Arcangelo | Steven L. Holley |
| Christopher J. Meyers | Richard C. Pepperman, II |
| MICROSOFT CORPORATION | Stephanie G. Wheeler |
| One Microsoft Way | Ronald J. Colombo |
| Redmond, Washington 98052 | Kate Usdrowski |
| (425) 936-8080 | SULLIVAN & CROMWELL |
| | 125 Broad Street |
| Dan K. Webb | New York, New York 10004 |
| WINSTON & STRAWN | (212) 558-4000 |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley P. Smith (Bar No. 468060) |
| (312) 558-5600 | SULLIVAN & CROMWELL |
| | 1701 Pennsylvania Avenue, N.W. |
| Charles F. Rule (Bar No. 370818) | Washington, D.C. 20006 |
| FRIED, FRANK, HARRIS, SHRIVER | (202) 956-7500 |
|   & JACOBSON | |
| 1001 Pennsylvania Avenue, N.W. | *Counsel for Defendant* |
| Suite 800 |   *Microsoft Corporation* |
| Washington, D.C. 20004-2505 | |
| (202) 639-7300 | |

February 4, 2002