IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Civil Action No. 98-1232 (CKK) <br><br> Next Court Deadline: February 15, 2002 |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM IN OPPOSITION TO THE CALIFORNIA PLAINTIFFS' MOTION FOR INTERVENTION, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A BRIEF AMICUS CURIAE**

The California Plaintiffs do not satisfy the criteria for intervention set forth in Rule 24 of the Federal Rules of Civil Procedure, nor do they have views beyond those already expressed or a public interest perspective sufficient to merit *amicus* participation. Their motion for intervention or in the alternative for leave to participate as an *amicus curiae* should be denied.

## ARGUMENT

### I. The California Plaintiffs Do Not Meet the Substantive Requirements for Intervention.

The Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b) *et seq*. (the "Tunney Act") does not allow a party, including a party in arguably related private cases, to intervene as of right in a Tunney Act proceeding. Nor is permissive intervention appropriate. The Court, in its discretion, may consider limited participation of an interested non-party at such time as the Court makes its public interest determination. 15 U.S.C. § 16 (f) (3). Intervention is then at the discretion of the Court following the closing of the comment and

response period. *Id*. This case has not yet reached that point, and there is no present basis for any other participation; nor would even a timely motion for permission intervention be meritorious.

### A. The California Plaintiffs Have No Right to Intervene.

Rule 24(a) of the Federal Rules of Civil Procedure provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action : (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

No statute confers standing upon the California Plaintiffs to intervene as of right pursuant to Rule 24 (a) (1). Certainly the Tunney Act is no such authority, for "it is clear from the language of the Tunney Act, its legislative history and the case law that there is no right to intervene." *United States* v. *Thompson Corp.*, No. 96-1415, 1996 WL 554557, at *2 (D.D.C. Sept. 25, 1996).

California Plaintiffs have no "interest relating to the property or transaction" sufficient to support intervention under Rule 24 (a) (2). As they point out, the California Plaintiffs have brought their own action in California state court against Microsoft seeking damages, and rulings by the Court of Appeals and this Court may or may not have some relevance in that case in the future. That, however, is a matter to be addressed in due course by the California courts. The California Plaintiffs have no property interest in *this* action, and all of the matters the California Plaintiffs raise have been submitted to the United States as comments and will be available to the public and to the Court pursuant to the Tunney Act

comment procedures in this case. No right to further participation exists. *United States* v. *Stroh Brewery Co*., No. 82-1059, 1982 WL 1852, at *2 (D.D.C. 1982).

### B. The California Plaintiffs Do Not Meet the Requirements for Permissive Intervention.

The California Plaintiffs also do not demonstrate a proper basis for permissive intervention under Rule 24(b), which provides in pertinent part:

> (b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action : (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A Court may grant permissive intervention – on timely application – in an antitrust litigation pursuant to Rule 24 (b) if (1) the movant can demonstrate that the United States is not representing the public interest and (2) such intervention will not cause undue delay or prejudice against the original parties. *United States* v. *LTV Corporation*, 746 F.2d 51, 54 (D.C. Cir. 1984) (*quoting United States* v. *Hartford-Empire Co*., 573 F.2d 1, 2 (6th Cir. 1978)).

There is no basis for any assertion here that the United States has failed to act as a diligent representative of the public and its interests. In addition, intervention should be denied because new parties will make this Tunney Act proceeding unduly cumbersome and complicated and result in needless delay. *United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982). As is typical in such cases, the California Plaintiffs already are seeking to complicate and delay this proceeding by requesting a "remedies-specific evidentiary hearing." (California's Complaint at 5.)

Allowing such intervention would unnecessarily burden the Court and the parties and result in exactly the type of unmanageable litigation that the Tunney Act was designed to prevent. *AT&T*, 1982 WL 1838, at \*2 ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process.") (*citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.")).

Intervention is not necessary in this case to enable the Court to consider any of the substantive points the California Plaintiffs have made. The California Plaintiffs have filed extensive comments with the United States pursuant to the Tunney Act procedures, and all of the issues that the California Plaintiffs seek to raise can be addressed by the United States in its response to the public comments on the Revised Proposed Final Judgment ("RPFJ"). Separate intervention is not necessary. *See*. *Stroh Brewery Co*., 1982 WL 1852, at \*2 (finding that there is no necessity for intervention when the evidence sought to be presented to a court concerning a proposed consent decree can be presented adequately through the Tunney Act comment process).

Microsoft will be prepared to address any of the California Plaintiffs' comments at such time as the Court may wish. Microsoft notes, however, that the California Plaintiffs seek essentially to assert matters that this Court need not address as part of the Tunney Act procedures. With the full concurrence of the United States and Microsoft the Court has applied the Tunney Act procedures in this case, and in following them the Court is not certainly failing to adhere to any mandate of the Court of Appeals. Nor does Microsoft

view the RFPJ as attempting to "rewrite history" or vacate the Court of Appeals' decision in this matter as the California Plaintiffs claim.

**II.    The California Plaintiffs Do Not Meet the Requirements
To Participate in This Proceeding *Amicus Curiae*.**

The California Plaintiffs also fail to satisfy the requirements for participation as an *amicus curiae*. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers). Although the California Plaintiffs have an interest in other litigation that they have brought against Microsoft, they fail to satisfy the criteria for *amicus* participation in this action.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as a purported *amicus* is not warranted. *See N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented–typically when the party is not represented at all); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784, 790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings, it is assumed that the United States represents the public interest and that there is no need for additional parties to supplement that representation. *See Ryan*, 125 F.3d 1062 ("the term 'amicus curiae' means friend of the court

not friend of the party."), *citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991). The California Plaintiffs have not claimed otherwise. Their motion merely states that "*California Plaintiffs' interests* are not 'adequately represented' by Microsoft or the Department of Justice" (California Plaintiffs' Motion at 2 (emphasis added)), with no supporting facts or allegations. This bald allegation as to the California Plaintiffs' parochial interests fails to address *public* interest considerations or support *amicus* participation. *See United States* v. *Associated Milk Producers Inc.*, 534 F.2d 113, 117 (8th Cir.), *cert. denied,* 429 U.S. 940 (1976) (intervention in a Tunney Act proceeding should be granted only where the United States acted in bad faith or malfeasance in negotiating a consent decree). There is no basis for any assertion that the United States has not acted as an appropriate representative of the public and its interests.

*Second*, the California Plaintiffs have no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case, other than hypothetical concerns about matters appropriate for resolution by other courts. *Cf.*, *e.g.*, *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). The California Plaintiffs raise questions about what other courts might determine, but that is not an issue before this Court. What the California Plaintiffs propose would disrupt this proceeding and transform it from a Tunney Act proceeding to a "remedies-specific evidentiary hearing." (California's Complaint at 5)

*Third*, the California Plaintiffs have no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable them to assist the Court in a way that counsel for

the parties and the public comments cannot.  *Cf*., *e.g*., *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue).  The California Plaintiffs have filed an extensive set of comments with the United States pursuant to the Tunney Act comment procedures in this case.  They fail to demonstrate that their *amicus* brief would be anything other than repetitive.

## CONCLUSION

For the foregoing reasons, this Court should deny the California Plaintiffs' motion for intervention and their motion for limited participation *amicus curiae*.

Dated: February 11, 2002

Respectfully submitted,

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | James H. Carter, Jr. |
| David A. Heiner, Jr. | Richard J. Urowsky |
| Diane D'Arcangelo | Steven L. Holley |
| Christopher J. Meyers (Bar No. 456586) | Michael Lacovara |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | Stephanie G. Wheeler |
| Redmond, Washington 98052 | Ronald J. Colombo |
| (425) 936-8080 | Kate Usdrowski |
| | SULLIVAN & CROMWELL |
| Dan K. Webb | 125 Broad Street |
| Bruce R. Braun | New York, New York 10004 |
| WINSTON & STRAWN | (212) 558-4000 |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley P. Smith (Bar No. 468060) |
| (312) 558-5600 | SULLIVAN & CROMWELL |
| | 1701 Pennsylvania Avenue, N.W. |
| Charles F. Rule (Bar No. 370818) | Washington, D.C. 20006 |
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON | (202) 956-7500 |
| 1001 Pennsylvania Avenue, N.W. | *Counsel for Defendant* |
| Suite 800 | *Microsoft Corporation* |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |