IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>    vs.<br><br>MICROSOFT CORPORATION,<br><br>                        Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: March 4, 2002 |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM
IN OPPOSITION TO SBC COMMUNICATIONS INC.'S MOTION
TO INTERVENE FOR LIMITED PURPOSES, OR IN THE
ALTERNATIVE, FOR LEAVE TO FILE A BRIEF AMICUS CURIAE**

SBC Communications Inc. ("SBC") does not satisfy the criteria for intervention under Rule 24 (b) of the Federal Rules of Civil Procedure, nor does SBC propose to present information to the Court beyond what SBC already has submitted as 160 pages of comments in this action. SBC's motion for intervention or in the alternative seeking participation as an *amicus curiae* should be denied.

## ARGUMENT

### I. SBC Does Not Meet the Requirements for Intervention.

The Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b) *et seq*. (the "Tunney Act"), does not allow a non-party to intervene as of right in a Tunney Act proceeding. The Court, in its discretion, may consider limited participation of an interested non-party at such time as the Court makes its public interest determination. 15 U.S.C. § 16 (f)

(3). SBC does not demonstrate a proper basis for permissive intervention under Rule 24(b), which provides in pertinent part:

> (b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action : (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A Court may grant permissive intervention on timely application in a Government antitrust case pursuant to Rule 24 (b) if (1) the movant can demonstrate that the United States has shown "bad faith or malfeasance . . . in negotiating and accepting a consent decree" and (2) such intervention will not cause undue delay or prejudice against the original parties. *United States* v. *Stroh Brewery Co.*, No. 82-1059, 1982 WL 1852, at *3 (D.D.C. 1982), (*citing United States* v. *Associated Milk Producers, Inc*., 534 F.2d 113, 117 (8th Cir. 1976)); *United States* v. *LTV Corporation*, 746 F.2d 51, 54 (D.C. Cir. 1984) (*quoting United States* v. *Hartford-Empire Co*., 573 F.2d 1, 2 (6th Cir. 1978)). Intervention is at the discretion of the Court following the closing of the comment and response period. This case has not yet reached that point, and there is no present basis for any other participation; nor would even a timely motion for permissive intervention be meritorious.

There is no basis for any assertion here that the United States has failed to act as a diligent representative of the public and its interests, and there is no claim that the United States acted in any way with bad faith or malfeasance. Nor would intervention be free from delay. Rather, the intervention now sought by SBC and numerous others would make this Tunney Act proceeding unduly cumbersome and complicated and result in needless delay. *United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982). As is

typical in such cases, SBC already is seeking to complicate and delay this proceeding by requesting "oral argument," among other things. (SBC Mem. at 3)

Allowing such intervention would unnecessarily burden the Court and the parties and result in exactly the type of unmanageable litigation that the Tunney Act was designed to prevent. *AT&T*, 1982 WL 1838, at \*2 ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process.") (*citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.")).

Intervention is not necessary in this case to enable the Court to consider any of the substantive arguments SBC seeks to present. SBC has filed extensive comments with the United States pursuant to the Tunney Act procedures, and all of the issues that SBC seeks to raise can be addressed by the United States in its response to the public comments on the Revised Proposed Final Judgment ("RPFJ"). Separate intervention is not necessary and is consistently denied in Government antitrust litigation. *Stroh Brewery Co.*, 1982 WL 1852, at \*2 (finding that there is no necessity for intervention when the evidence sought to be presented to a court concerning a proposed consent decree can be presented adequately through the Tunney Act comment process); *see also*, *United States* v. *Carrols Dev. Corp.*, 454 F.Supp. 1215, 1220 (N.D.N.Y. 1978).

## II. SBC Does Not Meet the Requirements To Participate As An *Amicus Curiae*.

SBC also fails to satisfy the requirements for participation as an *amicus curiae*. "An amicus brief should normally be allowed when a party is not represented competently or

is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers). Although SBC has an "interest" of sorts in this matter as a competitor of Microsoft, SBC fails to satisfy the criteria for *amicus* participation in this action.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as an *amicus* is not warranted. *N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented–typically when the party is not represented at all); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784, 790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings, the United States represents the public interest and there is no need for additional parties to supplement that representation absent a showing of "bad faith or malfeasance on the part of the Government." *United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976); *see also Ryan*, 125 F.3d 1062 ("the term 'amicus curiae' means friend of the court not friend of the party."), (*citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991)).

SBC has not claimed otherwise. SBC's motion merely states that *SBC's interests* (as a competitor of Microsoft) are not "adequately represented [by Microsoft or the Department of Justice]" because both are "urging the acceptance of …[the consent] decree."

(SBC Mem. at 7 (emphasis added)) A competitor not surprisingly may wish a decree to be as punitive as possible and might even try to suggest ways the decree could be molded to help the competitor to an unwarranted market advantage in the future. Such views may be and in this case have been expressed by some as comments in the Tunney Act process. But an assertion of SBC's parochial interests fails to address *public* interest considerations or support *amicus* participation. *See Associated Milk Producers Inc.*, 534 F.2d at 117. There is no basis for any assertion that the United States has not acted as an appropriate representative of the public and its interests.

*Second*, SBC has no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case. *Cf.*, *e.g.*, *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). SBC is motivated by its own private interest as a competitor of Microsoft and not the interests of the public. "Where 'amici represent [ ] business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it,' amicus participation is not appropriate." *Sciotto* v. *Marple Newtown School Dist.*, 70 F.Supp.2d 553, 555 (E.D. Pa 1999), (*quoting Yip* v. *Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985)).

*Third*, SBC has no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable SBC to assist the Court in a way that counsel for the parties and the public comments cannot. *Cf.*, *e.g.*, *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue). SBC has filed voluminous comments with the United States pursuant to the Tunney

Act comment procedures in this case and maintains that its 160-page comment already has "explained in detail [what SBC believes are] the deficiencies in the Proposed Final Judgment."(SBC Mem. at 3)  SBC fails to demonstrate that an *amicus* brief would be anything other than repetitive.

## CONCLUSION

For the foregoing reasons, this Court should deny SBC's motions for intervention and for participation as an *amicus curiae*.

Dated: February 19, 2002

Respectfully submitted,

_____

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | James H. Carter, Jr. |
| David A. Heiner, Jr. | Richard J. Urowsky |
| Diane D'Arcangelo | Steven L. Holley |
| Christopher J. Meyers (Bar No. 456586) | Michael Lacovara |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | Stephanie G. Wheeler |
| Redmond, Washington 98052 | Ronald J. Colombo |
| (425) 936-8080 | Kate Usdrowski |
| | SULLIVAN & CROMWELL |
| Dan K. Webb | 125 Broad Street |
| Bruce R. Braun | New York, New York 10004 |
| WINSTON & STRAWN | (212) 558-4000 |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley P. Smith (Bar No. 468060) |
| (312) 558-5600 | SULLIVAN & CROMWELL |
| | 1701 Pennsylvania Avenue, N.W. |
| Charles F. Rule (Bar No. 370818) | Washington, D.C. 20006 |
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON | (202) 956-7500 |
| 1001 Pennsylvania Avenue, N.W. | *Counsel for Defendant* |
| Suite 800 | *Microsoft Corporation* |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |