IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>              Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br>    March 6, 2002<br>    Tunney Act Hearing |

**MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO THE
MOTION OF SBC COMMUNICATIONS INC. TO INTERVENE OR,
IN THE ALTERNATIVE, TO APPEAR AS AMICUS CURIAE**

The United States opposes the motion of SBC Communications Inc. ("SBC") to intervene because the motion has no merit. Recognizing that it is "solely within the discretion of the [C]ourt to determine the fact, extent, and manner of participation" by amici, Order, Sept. 21, 2001, at 1, the United States suggests that the Court either deny SBC's alternative motion to appear as amicus curiae, or else defer decision until the Court determines more generally whether, to what extent, and in what manner to allow third parties to participate in these proceedings.

**INTRODUCTION**

SBC seeks to intervene in this case in order to advocate its views as to the public interest. SBC has already filed a 160-page comment with the United States in this case, setting forth its position that entry of the Revised Proposed Final Judgment ("RPFJ") would not be in the public interest. *See* Memorandum of SBC Communications Inc. in Support of Its Motion to Intervene

for Limited Purposes Or, in the Alternative, to Appear as Amicus Curiae ("Mem."), Ex. A ("Comm."). As SBC acknowledges, the Tunney Act provides for the United States to file that comment (along with the other public comments it has received) with the Court. 15 U.S.C. § 16(b); *see* Mem. at 7-8.[1] Indeed, on February 14, 2002, the United States submitted to the Court 47 detailed public comments, including SBC's. The Court thus already has SBC's views on the RPFJ before it. SBC's belief that it can advocate its view of the public interest more effectively as a party provides no basis for intervention.

## ARGUMENT

**I.    SBC's Desire to Participate in These Proceedings Provides No Grounds for Permissive Intervention**

The Federal Rules of Civil Procedure provide that a court may, at its discretion, permit intervention in a district court action "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).[2] In exercising its discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

SBC makes no attempt to show that its application for permission to intervene qualifies to invoke the Court's discretion to permit intervention under either branch of Rule 24(b). The

---

[1] As SBC observes, Mem. at 7-8, the Court's Order of January 30, 2002, also directs the government "to provide the Court with a brief summary of the comments." In view of the statutory filing requirement, however, there never was any basis for SBC's professed concern, *id.*, that the Court might not have access to the full text of its comment.

[2] The federal rules also provide for intervention of right. Fed. R. Civ. P. 24(a). SBC, however, relies entirely on Rule 24(b). *See* Motion at 1; Mem. at 1.

-2-

Court therefore need not consider whether SBC's intervention would unduly delay the adjudication this Court must make. We suggest, however, that SBC's intervention would likely do just that.

### A. No Statute Gives SBC a Conditional Right to Intervene Here

The Tunney Act does not create a right, conditional or otherwise, to intervene here. *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983); *United States v. IBM*, 1995-2 Trade Cas. (CCH) ¶ 71,135, at 75,457 (S.D.N.Y. 1995). SBC refers to the section of the Act providing that a court may "authorize . . . intervention as a party pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f)(3); *see* Motion at 1; Comp., Prayer, ¶ a; Mem. at 1.[3] But that provision simply makes clear that intervention in a Tunney Act proceeding, like intervention in district court proceedings generally, is governed by the standards of Rule 24 of the Federal Rules of Civil Procedure.[4] Even if section 16(f)(3) did create a conditional right to intervene, that conditional right would not help SBC, for that right would still be governed by the

---

[3]SBC's Complaint inconsistently suggests, Comp. ¶ 7, that the Tunney Act does not apply to the Court's consideration of the RPFJ. SBC's Memorandum does not argue that point, which is in any event refuted by the plain language of the statute, *see* 15 U.S.C. § 16(b) (Tunney Act applies to "[a]ny proposal for a consent judgment submitted by the United States for entry in any civil proceeding brought by or on behalf of the United States under the antitrust laws"). *See* Memorandum of Plaintiff United States in Response to the California Plaintiffs' Motion for Intervention, Or in the Alternative, for Leave to File a Brief Amicus Curiae in the Tunney Act Settlement Proceedings Currently Pending in this Court, at 10-16 (filed Feb. 11, 2002).

[4]Although Rule 24 would govern intervention in these proceedings even absent the reference to the Federal Rules in section 16(f)(3), the reference serves a useful function. By including it, Congress obviated any subsequent arguments that Rule 24 was inapplicable based on the theory that Tunney Act proceedings either are not, or are not part of, an "action" within the meaning of Rule 24(a) and (b), or else occur outside of "suits of a civil nature" within the meaning of Rule 1, Fed. R. Civ. P. ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . ., with the exceptions stated in Rule 81").

standards of Rule 24. *See Mass. Sch. of Law v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) (no need to decide whether the Tunney Act provides a conditional right to intervene because "an affirmative finding would here yield a wholly circular exercise; the Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention"); H.R. Rep. No. 93-1463, at 12 (1974) (provision is not "intended to authorize techniques not otherwise authorized by law"), *reprinted in* 1974 U.S.C.C.A.N. 6535, 6539. The first branch of Rule 24(b), therefore, cannot support SBC's Motion.

### B. SBC Has No Claim or Defense That Shares a Question of Law or Fact with the Main Action

The second branch of Rule 24(b) provides for intervention, at the Court's discretion, "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). But SBC asserts no such claim or defense.

As used in Rule 24(b)(2),

> [t]he words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit, as is confirmed by Rule 24(c)'s requirement that the person desiring to intervene serve a motion stating 'the ground therefor' and "accompanied by a pleading setting forth the claim or defense for which intervention is sought."

*Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring). That is, a would-be intervenor by permission must "assert[ an] actual, present interest that would permit him to sue or be sued by [someone] in an action sharing common questions of law or fact with those at issue in this litigation." *Id.* at 77; *see also SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 459-60 (1940) (SEC properly permitted to intervene where its claim or defense was founded on an interest that could properly have been asserted by any participant in the main bankruptcy

proceeding and had a question of law in common with the main proceeding); *IBM*, 1995-2 Trade Cas. (CCH) at 75,458 (permissive intervention improper because "none of the claims asserted by the Proposed Intervenors is legally cognizable in an independent lawsuit"); *Donson Stores, Inc. v. Am. Bakeries Co.*, 58 F.R.D. 481, 483 (S.D.N.Y. 1973) ("[t]he rule permitting intervention presupposes that the applicant has a right to maintain a claim for the relief he seeks.").

The requirement that the would-be intervenor assert a claim that would allow him to bring an action that shares a question of law or fact with the main action reflects the "public interest in the efficient resolution of controversies." 7C CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 1901, at 230 (2nd ed. 1986). Without that commonality of claims, there is no saving from adding parties. *See Mass. Sch. of Law*, 118 F.3d at 782 ("litigative economy, reduced risks of inconsistency, and increased information" are the "hoped-for advantages" of intervention). If the would-be intervenor has no such claim (and no basis for intervention as of right), permitting intervention serves no legitimate interest.

SBC asserts no claim of any kind, let alone one fitting within the parameters of Rule 24(b)(2). Although it filed a document styled "Complaint in Intervention of SBC Communications Inc.," that document's seven numbered paragraphs give no hint of a claim that would permit SBC to sue Microsoft, the United States, or anyone else, or of a defense to any claim that anyone might bring against SBC. The Complaint simply identifies SBC, recites procedural history, asserts that SBC's participation would be helpful to the Court, and offers SBC's views on the public interest and the applicability of the Tunney Act. Comp. ¶¶ 1-7. The prayer for relief further confirms the absence of a claim. The first paragraph of the prayer asks the Court to permit SBC to intervene or appear as an *amicus*. Comp., Prayer, ¶ a. The second

asks that the Court not enter the RPFJ. *Id.* ¶ b. And the third asks for "such other and further relief as the Court deems just and proper." *Id.* ¶ c. No relief against any party is identified. Nothing in this pleading comes close to stating a claim or defense within the meaning of Rule 24(b)(2). *Cf. Mass. Sch. of Law*, 118 F.3d at 782, 784 (Rule 24(b)(2) satisfied in government antitrust case where would-be intervenor had brought its own antitrust suit against the same defendant and there was an "overlap of legal and factual issues in the two plaintiffs' substantive antitrust claims"; denial of intervention affirmed on other grounds).

Asserting no claim or defense of its own, SBC simply seeks to promote its own view of the public interest. But the United States, and not private parties, represents the public interest in government antitrust cases. *See, e.g., United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981); *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976). "A private party generally will not be permitted to intervene in Government antitrust litigation absent some strong showing that the Government is not vigorously and faithfully representing the public interest." *United States v. Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978), quoted with approval in *United States v. LTV Corp.*, 746 F.2d 51, 54 n.7 (D.C. Cir. 1984); *Associated Milk Producers*, 534 F.2d at 117. SBC's desire for enhanced opportunities to influence the handling of the government's claim is not a substitute for a claim or defense of its own and does not provide a proper basis for permissive intervention.[5]

---

[5] SBC cites no case in which a court, based on this kind of generalized interest in the outcome, granted permissive intervention to participate in a public interest determination under the Tunney Act. We know of none.

### C.  If SBC Had a Claim or Defense That Shared a Question of Law or Fact with the Main Action, Intervention Should Be Denied as a Matter of Discretion

An applicant who makes it past the first sentence of Rule 24(b), with its two branches, faces still another hurdle on the road to intervention, the Court's discretion. The rule provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Even if SBC had satisfied the requirements of the first sentence, the likelihood of delay counsels against permitting intervention.

SBC leaves no doubt that it fully intends to slow down these proceedings. *See* Mem. at 7 (complaining that the United States and Microsoft "appear to be trying to settle this case as quickly as possible"). SBC wishes to "mak[e] written submissions to the Court," apparently in addition to the 160 pages of its public comment; "respond[] to submissions by the government and Microsoft regarding the" RPFJ; and "present[] oral argument or otherwise participat[e] in the proceedings." Mem. at 3. SBC has a "particular interest" in addressing no less than six broadly phrased issues, *id.* at 3-4, but does not offer to limit its participation to these six.

This Court has indicated that it intends "to consider how those opposing the consent judgment should be heard." Transcript of Status Conference, February 8, 2002, at 21. The flexible provisions of the Tunney Act make clear that the Court can permit any participation that it would find helpful without incurring the costs of delay and procedural complexity likely to result from allowing SBC to intervene.[6] Thus, even if SBC had managed to satisfy the threshold

---

[6] In the *AT&T* case, Judge Greene noted that, arguably, the rights of a party-intervenor "include the right to file counterclaims and cross-claims, to adduce witness testimony and other evidence, and to appeal from orders of the Court" and perhaps even "the implicit right to veto any settlement simply by withholding their consent." *United States v. AT&T*, 1982-2 Trade Cas.

requirements of Rule 24(b), we would urge that the Court deny intervention in the exercise of its discretion.

**II.     The Court Should Deny SBC's Request to Appear as Amicus Curiae, Or, in the Alternative, Defer Ruling on That Request**

As an alternative to intervenor status, SBC seeks "*amicus curiae* status." Mem. at 9. Amicus status as such provides no particular rights of participation. Neither statute nor rule grants to an amicus the right to file a brief, present argument, or do anything else. Even friends of the court, unlike parties, must always seek the court's leave before acting in a matter before the court. And the Tunney Act permits the court to grant leave to participate equally to those who have been granted amicus status and those who have not been. Therefore, if SBC is requesting only the status of an amicus, the Court should deny the request, since granting it would serve no useful purpose. On the other hand, if SBC is seeking not only the status of amicus, but also leave to participate in specific ways, we recommend that the Court either deny the request outright or defer ruling on it pending the Court's consideration of third party participation generally.

---

(CCH) ¶ 64,726, at 71,525 n.7 (D.D.C. 1982). Although we doubt that the rights of a party-intervenor extend so far, at least where a court specifically limits that intervention, the Court can avoid both the risk that they do, and even subsequent argument about whether they do, by denying intervention where, as here, alternatives suffice. *See United States v. AT&T*, 552 F. Supp. 131, 146-47 & n.61 (D.D.C. 1982) (all requests to intervene in proceedings leading to the court's public interest determination were denied), *aff'd sub. nom. Maryland v. United States*, 460 U.S. 1001 (1983) (Mem.).

## CONCLUSION

The Court should deny SBC's request for permission to intervene in this matter, and it should either deny or defer ruling on SBC's alternative request to appear as amicus.

                                      Respectfully submitted,

                                      _____

PHILLIP R. MALONE
RENATA B. HESSE
BARBARA NELSON
KENNETH W. GAUL
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
PAULA L. BLIZZARD
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*