IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Civil Action No. 98-1232 (CKK) <br><br> Next Court Deadline: <br> March 6, 2002 <br> Tunney Act Hearing |

**MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO THE
MOTION OF THE COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION
FOR LEAVE TO INTERVENE, OR IN THE ALTERNATIVE TO PARTICIPATE AS
AMICUS CURIAE**

The United States opposes the motion of the Computer & Communications Industry Association ("CCIA") to intervene in this Tunney Act proceeding, because CCIA does not meet the standard for intervention. Recognizing that it is "solely within the discretion of the [C]ourt to determine the fact, extent, and manner of participation" by amici, Order, Sept. 21, 2001, at 1, the United States suggests that the Court should deny CCIA's alternative motion to appear as amicus curiae because, in light of the substance of the proposals in CCIA's proffered amicus submission to the Court, its participation as amicus is unlikely to be helpful to the Court.

### INTRODUCTION

CCIA, a trade association, seeks permissive intervention for the apparent purpose of advancing alternate proposals for further Tunney Act proceedings to the Court. In the alternative, CCIA seeks to have its Response of the Computer & Communications Industry Association to Procedural Proposals in the Joint Status Report (the "Response") accepted as an

amicus curiae submission. CCIA proposes to extend and delay these Tunney Act proceedings, apparently so it can more aggressively advocate its views that the Revised Proposed Final Judgment ("RPFJ") should be rejected. CCIA, however, has already filed a 93-page comment and accompanying exhibits with the United States in this case, setting forth its position that entry of the RPFJ would not be in the public interest. *See* Comments of Computer & Communications Industry Association on the Revised Proposed Final Judgment (submitted by the United States to the Court on February 14, 2002). CCIA's belief that it and others can advocate their view of the public interest more effectively as participants in a more extensive, prolonged, and delayed hearing provides no basis for intervention. Nor does it provide a principled basis for acceptance of CCIA's proffered submission on alternate procedures as an amicus pleading.

## ARGUMENT

**I.  CCIA's Desire to Participate in These Proceedings Provides No Grounds for Permissive Intervention**

The Federal Rules of Civil Procedure provide that a court may, at its discretion, permit intervention in a district court action "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).[1] In exercising its discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

CCIA seeks intervention only under the first subsection of Rule 24(b), which permits intervention in the Court's discretion where a conditional statutory right exists. CCIA, however,

---

[1] The federal rules also provide for intervention of right. Fed. R. Civ. P. 24(a). CCIA, however, relies entirely on Rule 24(b). *See* Motion at 1.

cannot meet the requirements of this branch of Rule 24(b) because no statute supplies this right. The Court therefore need not reach the issue of whether CCIA's intervention would unduly delay the adjudication this Court must make. It is clear, however, from CCIA's proffered procedural changes that CCIA's intervention would inevitably do just that.

### A. No Statute Gives SBC a Conditional Right to Intervene

The Tunney Act does not create a right, conditional or otherwise, to intervene here. *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983); *United States v. Int'l. Business Machines Corp.*, 1995-2 Trade Cas. (CCH) ¶ 71,135, at 75,457 (S.D.N.Y. 1995). CCIA makes no argument to the contrary. Although the Tunney Act provides that a court may "authorize . . . intervention as a party pursuant to the Federal Rules of Civil Procedure," 15 U.S.C. § 16(f)(3), that provision simply makes clear that intervention in a Tunney Act proceeding, like intervention in district court proceedings generally, is governed by the standards of Rule 24 of the Federal Rules of Civil Procedure.[2] But even if section 16(f)(3) did create a conditional right to intervene, that conditional right would not help CCIA, for that right would still be governed by the standards of Rule 24. *See Mass. Sch. of Law v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) (no need to decide whether the Tunney Act provides a conditional right to intervene because "an affirmative finding would here yield a wholly circular exercise; the Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention");

---

[2] Although Rule 24 would govern intervention in these proceedings even absent the reference to the Federal Rules in section 16(f)(3), the reference serves a useful function. By including it, Congress obviated any subsequent arguments that Rule 24 was inapplicable based on the theory that Tunney Act proceedings either are not, or are not part of, an "action" within the meaning of Rule 24(a) and (b), or else occur outside of "suits of a civil nature" within the meaning of Rule 1, Fed. R. Civ. P. ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . ., with the exceptions stated in Rule 81").

H.R. Rep. No. 93-1463, at 9 (1974) (provision is not "intended to authorize techniques not otherwise authorized by law"), *reprinted in* 1974 U.S.C.C.A.N. 6535, 6539. The first subsection of Rule 24(b), therefore, cannot support CCIA's Motion.[3]

### B. CCIA's Purpose in Seeking Intervention Directly Controverts the Discretionary Considerations of Rule 24(b).

Even if CCIA had some colorable basis for seeking permissive intervention, its intervention request flies directly in the face of the discretionary consideration set forth in Rule 24(b). The Rule provides that "[i]n exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Any of CCIA's procedural proposals would dramatically slow down the Tunney Act proceedings, and subvert one of the principle considerations behind the RPFJ -- obtaining speedy relief for anticompetitive conduct that has already gone unremedied for far too long. The inevitability of significant delay from any of CCIA's proposals counsels against permitting intervention.

**1. Additional Time for Review:** CCIA first proposes extending the timeframe for the Court to review public comments prior to the hearing. Response at 3. Pursuant to 15 U.S.C. §16(b), the United States has already provided CCIA's comments to the Court as one of the 47

---

[3] CCIA does not argue that its request for intervention should be granted under the alternate "claim or defense" basis found in Rule 24(b)(2). This basis for intervention is simply inapplicable. CCIA has no "claim or defense [with] a question of law or fact in common" with *United States v. Microsoft*. *See Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring) ("claim or defense" is one that "can be raised in courts of law as part of an actual or impending law suit"); *IBM*, 1995-2 Trade Cas. (CCH) at 75,458 (permissive intervention improper because "none of the claims asserted by the Proposed Intervenors is legally cognizable in an independent lawsuit"); *Donson Stores, Inc. v. Am. Bakeries Co.*, 58 F.R.D. 481, 483 (S.D.N.Y. 1973) ("[th]e rule permitting permissive intervention presupposes that the applicant has a right to maintain a claim for the relief he seeks.").

detailed comments submitted on February 14, 2002, and posted on the Antitrust Division's website on February 15, 2002. The Court is in the best position to know how much time it needs to review public comments in advance of the hearing, which is now set for March 6, 2002. Indeed, the Court will have had the detailed comments for approximately three weeks prior to the hearing, not the "five to nine days" CCIA assumes. Response at 2. Because the United States has already provided the Court with the 47 detailed comments and will be providing the remaining comments to the Court as expeditiously as possible, this aspect of CCIA's proposal is effectively mooted.

**2. Participation of Unidentified Third Parties:** CCIA next seeks to insert additional procedural steps, such as inviting the "submission of applications for leave to appear" from third parties, engaging in some unspecified process for choosing among previous amici curiae in earlier phases of the litigation, or identifying and appointing some "independent third party" to act as "special counsel" on behalf of those who filed comments in opposition to the RPFJ. Response at 4-5. After this selection process, those chosen to appear presumably would claim the need for a significant extension of time in which to marshal their arguments or evidence. As explained in the parties' Joint Status Report filed on February 7, 2002, participation by third parties in Tunney Act proceedings is generally denied. *See, e.g.*, *IBM,* 1995-2 Trade Cas. at 75,459. While the Court has indicated that it is considering whether to permit some limited third party participation, the parties have recommended that, should the Court be inclined to permit such participation, it be limited to a small, manageable number of third parties, that it be limited to brief oral argument at the hearing focused on key issues raised in the comments and responses identified by the Court as meriting further discussion, and that the participation be appropriately

balanced between third parties that support entry of the RPFJ and third parties that are opposed to such entry. CCIA's additional proposals would unnecessarily delay the proceeding to the public's detriment.

**3. Evidentiary Hearings:** CCIA finally proposes that the Court order additional evidentiary hearings, including perhaps a bifurcated proceeding of soliciting "offers of proof" from third parties to be followed at some point thereafter by full adversarial hearings. This suggestion amounts to nothing more than a proposal for full-blown remedies litigation. Although it is unclear from CCIA's proposal, it seems inevitable that such "offers of proof" and any ensuing evidentiary proceedings would consist largely of issues already raised in the extensive comments of CCIA and others. Even if the Court ultimately decides to reject some or all of the "offers of proof," there would be a substantial delay and waste of judicial resources for this Court to have to consider such duplicative submissions. Further, in order to give the participants a full and fair opportunity to develop and test the evidence to be submitted in any such evidentiary hearings, the hearings would inevitably have to be preceded by a period of discovery. CCIA, however, never explains why conducting yet another trial -- this time of the terms of a settlement agreement being challenged by third parties who already have been given an opportunity fully to be heard -- would in any way advance the public interest or permit CCIA or others to materially improve on the points made in the extensive comments already submitted. Indeed, conducting such a trial would defeat important benefits of settlement: avoiding a trial and getting relief in place promptly.

In the alternative, CCIA proposes that the evidence to be adduced in the separate remedy proceedings in the non-settling Plaintiff States' case (No. 98-1233) in some fashion be made part

of the record in this Tunney Act proceeding. The United States, however, is not a party to that case, has no current intention to participate in that case, has had no opportunity to participate in discovery or other aspects of the case, and has played no role in the development of any of the evidence that presumably would be admitted in that proceeding. In addition, the standards for the Court's respective decisions in the two proceedings are different. The Tunney Act provides no basis for grafting a collateral remedy hearing onto this settlement proceeding. Consideration of evidence from the Plaintiff States' case in these Tunney Act proceedings would thus be manifestly inappropriate.[4]

At bottom, the delay, expense, and uncertainty that CCIA proposes to inject into the process is antithetical to a principle purpose of the RPFJ -- to provide "for prompt relief in a case in which illegal conduct has long gone unremedied," *Competitive Impact Statement*, at 60 -- and of the Tunney Act. *See* S.Rep. No. 298, 93d Cong. 1st Sess. 3, 6-7 (1973) and H.Rep No. 93-1463, 93d Cong. 2d Sess. 8 (1974), U.S. Code Cong. & Admin. News 1974, 6538-39 (Congress did not intend the Tunney Act to lead to lengthy hearings on the merits and thereby undermine the incentives for the United States and defendants to reach settlements on civil antitrust cases, but instead intended that the consent decree process would remain a viable settlement option, calling it "a substantial antitrust enforcement tool."). CCIA's proposals will simply -- and unnecessarily -- delay the much-needed relief the United States seeks in the public interest. As the Court in *IBM* sagely observed, "'[a]dditional parties always take additional time. Even if

---

[4] *Cf.* Fed. R. Evid. 804(b)(1) (testimony given in another hearing in a different proceeding can be admitted against a party only "if the party against whom the testimony is now offered or . . . a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination").

they have no witnesses of their own, they are a source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceedings a Donnybrook Fair.'" *IBM*, 1995-2 Trade Cas. at 75,459 (*quoting Crosby Steam Gage & Valve Co. V. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)).

    **4. The Public Interest is Already Represented**: Finally, CCIA's proposal to delay the proceedings is unnecessary to protect the public interest. CCIA advocates intervention so that the Court can conduct a "careful and thorough review of the public interest considerations presented by the settlement proposal." Motion at 2-3. But it is the United States, and not CCIA's "interested parties" or "independent advocate" (Motion at 3), that represents the public interest in government antitrust cases. *See, e.g., United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981); *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976). In this instance, "where there is no claim of bad faith or malfeasance . . . the potential for unwarranted delay and substantial prejudice to the original parties implicit in the proposed intervention clearly outweighs any benefit that may accrue therefrom." *United States v. Stroh Brewery Co.*, 1982-2 Trade Cas. (CCH) ¶ 64,804 at 71, 960 (D.D.C. 1982).[5]

    In sum, this Court has indicated that it intends "to consider how those opposing the consent judgment should be heard." Transcript of Status Conference, February 8, 2002, at 21. In light of the numerous and extensive comments purporting to analyze every facet of the RPFJ, CCIA's intervention and request for further proceedings is unnecessary. Thus, even if CCIA had

---

[5] Note that even in *United States v AT&T*, cited by CCIA, all requests to intervene in the proceedings leading to the Court's public interest determination were denied. *United States v. AT&T*, 552 F. Supp. 141, 146-47 & n.61 (D.D.C. 1982), *aff'd. sub nom. Maryland v. United States*, 460 U.S. 1001 (1983).

managed to satisfy the threshold requirements of Rule 24(b), we would urge that the Court deny intervention in the exercise of its discretion.

**II.     The Court Should Deny CCIA's Request to Appear as Amicus Curiae.**

As an alternative to intervenor status, CCIA seeks leave to file its Response as an amicus curiae.  The Response is limited to proposing the same alternate procedures discussed above.  As noted above, the alternate procedures will lead to significant delay in entry of the remedy in this case, to the detriment of one of the main goals of the RPFJ.  The Court should deny this alternate request, since granting it would serve no useful purpose.

**CONCLUSION**

The Court should deny CCIA's request for permission to intervene in this matter, and it should either deny or defer ruling on SBC's alternative request to appear as amicus.

Respectfully submitted,

_____
PHILLIP R. MALONE
RENATA B. HESSE
BARBARA NELSON
KENNETH W. GAUL
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
PAULA L. BLIZZARD
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*