IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:　March 6, 2002<br>　　　　　　　　　　　　　　Hearing |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM
IN OPPOSITION TO PROCOMP'S MOTION FOR LIMITED
INTERVENTION OR TUNNEY ACT PARTICIPATION**

The Project to Promote Competition & Innovation in the Digital Age ("ProComp") does not satisfy the criteria for intervention under Rule 24 of the Federal Rules of Civil Procedure, nor does ProComp propose to present information to the Court beyond what ProComp already has submitted as more than 125 pages of comments in this action. ProComp's motion for intervention or in the alternative seeking participation in the Tunney Act proceedings, as an *amicus curiae* or otherwise, should be denied.

## ARGUMENT

### I.　ProComp Does Not Meet the Requirements for Intervention.

The Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b) *et seq*. (the "Tunney Act") does not allow a party to intervene as of right in a Tunney Act proceeding. Nor is permissive intervention appropriate in this action. The Court, in its discretion, may consider limited participation of an interested non-party at such time as the Court makes its

public interest determination. 15 U.S.C. § 16 (f) (3). Intervention is then at the discretion of the Court following the closing of the comment and response period. *Id*. This case has not yet reached that point, and there is no present basis for any other participation; nor would even a timely motion for permission intervention be meritorious.

### A. ProComp Has No Right to Intervene.

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> (a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action : (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

No statute confers upon ProComp an unconditional right to intervene pursuant to Rule 24 (a) (1). Certainly the Tunney Act is no such authority, for "it is clear from the language of the Tunney Act, its legislative history and the case law that there is no right to intervene." *United States* v. *Thompson Corp.*, No. 96-1415, 1996 WL 554557, at *2 (D.D.C. Sept. 25, 1996).

ProComp also has no "interest relating to the property or transaction" involved in this action sufficient to support intervention under Rule 24 (a) (2), and ProComp has no need to intervene to protect any such interest. ProComp's heavy reliance on *United States* v. *AT&T*, 642 F.2d 1285 (D.C. Cir. 1980) to support its claim of a right to intervene is misplaced. (*See* ProComp Mem. at 12-13.) That precedent does not apply in this case.

The *AT&T* case dealt with a controversy that arose in two separate antitrust suits filed against AT&T: an action by MCI, a competitor of AT&T, and a Government antitrust case filed by the United States. *See AT&T*, 642 F.2d at 1285. In the cited

(governmental) *AT&T* case, MCI had provided the United States with certain work product documents under a protective order, and AT&T sought to obtain those documents through discovery of the United States. MCI claimed work product privilege and attempted to intervene to prevent AT&T from obtaining the documents, which MCI intended to use in its private case against AT&T. The District Court denied MCI intervenor status, finding the United States to have represented MCI's interests adequately in arguing against the production of the documents. The court ordered the production of MCI's documents, and the United States did not appeal due to the public interest in not delaying the antitrust case further. MCI then sought to intervene to appeal the case because the United States did not do so.

The Court of Appeals found a right of intervention in that highly unusual situation because MCI had a specific interest in protecting its own documents whose alleged confidentiality the United States now was not protecting. There is no such situation here; ProComp is not trying to protect a privilege relating to its documents or any other interest in its property. ProComp merely seeks intervention to comment, once again, on these Tunney Act proceedings.

All of the arguments that ProComp raises have been the subject of comments submitted to the United States for consideration that will be available to the public and to the Court pursuant to the Tunney Act comment procedures in this case. No right to further participation exists. *United States* v. *Stroh Brewery Co.*, No. 82-1059, 1982 WL 1852, at *2 (D.D.C. 1982) (holding the United States is presumed to represent a competitor's interests adequately in a Government antitrust case, especially where the comment procedure of the Tunney Act is available.).

### B.  ProComp Does Not Meet the Requirements for Permissive Intervention.

ProComp also does not demonstrate a proper basis for permissive intervention under Rule 24(b), which provides in pertinent part:

> (b) **Permissive Intervention.**  Upon timely application anyone may be permitted to intervene in an action :  (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A Court may grant permissive intervention on timely application in a Government antitrust case pursuant to Rule 24 (b) if (1) the movant can demonstrate that the United States has shown "bad faith or malfeasance . . . in negotiating and accepting a consent decree" and (2) such intervention will not cause undue delay or prejudice against the original parties.  *Stroh Brewery Co.*, 1982 WL 1852, at *3, (*citing United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976));  *United States* v. *LTV Corporation*, 746 F.2d 51, 54 (D.C. Cir. 1984) (*quoting United States* v. *Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978)).  Intervention is at the discretion of the Court following the closing of the comment and response period.  This case has not yet reached that point, and there is no present basis for any other participation; nor would even a timely motion for permissive intervention be meritorious.

There is no basis for any assertion here that the United States has failed to act as a diligent representative of the public and its interests, and there is no claim that the United States acted in any way with bad faith or malfeasance.  Nor would intervention be free from delay.  Rather, the intervention now sought by ProComp and numerous others would make this Tunney Act proceeding unduly cumbersome and complicated and result in needless

delay. *United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982). As is typical in such cases, ProComp already is seeking to complicate and delay this proceeding by requesting full participation in an evidentiary hearing, oral argument, and right to appeal any ruling of this Court. (ProComp Mem. at 1-2.)

Allowing such intervention would unnecessarily burden the Court and the parties and result in exactly the type of unmanageable litigation that the Tunney Act was designed to prevent. *AT&T*, No. 1982 WL 1838, at *2 ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process.") (*citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.")).

Intervention is not necessary in this case to enable the Court to consider any of the substantive arguments ProComp seeks to present. ProComp has filed extensive comments with the United States pursuant to the Tunney Act procedures, and all of the issues that ProComp seeks to raise can be addressed by the United States in its response to the public comments on the Revised Proposed Final Judgment ("RPFJ"). Separate intervention is not necessary and is consistently denied in Government antitrust litigation. *Stroh Brewery Co.*, 1982 WL 1852, at *2 (finding that there is no necessity for intervention when the evidence sought to be presented to a court concerning a proposed consent decree can be presented adequately through the Tunney Act comment process); *see also*, *United States* v. *Carrols Dev. Corp.*, 454 F.Supp. 1215, 1220 (N.D.N.Y. 1978).

## II. ProComp Does Not Meet the Requirements To Participate As An *Amicus Curiae*.

ProComp also fails to satisfy the requirements for participation as an *amicus curiae*. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers). Although ProComp has an "interest" of sorts in this matter as a trade association composed of some of Microsoft's competitors, ProComp fails to satisfy the criteria for *amicus* participation in this action.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as an *amicus* is not warranted. *N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented–typically when the party is not represented at all); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784, 790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings, the United States represents the public interest and there is no need for additional parties to supplement that representation absent a showing of "bad faith or malfeasance on the part of the Government." *United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976); *see also Ryan*, 125 F.3d 1062 ("the term

'amicus curiae' means friend of the court not friend of the party."), *citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991).

ProComp has not claimed otherwise. ProComp's motion merely states that "the DOJ and Microsoft do not adequately represent *ProComp's interests* [as an organization of competitors of Microsoft]" because both are seeking "to defend . . . [the] settlement" (ProComp Mem. at 15 (emphasis added).) A defendant's competitors, not surprisingly, may wish a decree to be as punitive as possible and might even try to suggest ways the decree could be molded to help the competitors to an unwarranted market advantage in the future. Such views may be and in this case have been expressed by some as comments in the Tunney Act process. But an assertion of ProComp's parochial interests fails to address *public* interest considerations or support *amicus* participation. *See Associated Milk Producers Inc.*, 534 F.2d at 117. As explained above, there is no basis for any assertion that the United States has not acted as an appropriate representative of the public and its interests.

*Second*, ProComp has no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case. *Cf.*, *e.g.*, *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). ProComp is motivated by its own private interest as a group of Microsoft's competitors and not the interests of the public. "Where 'amici represent [ ] business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it,' amicus participation is not appropriate." *Sciotto* v. *Marple Newtown School Dist.*,

70 F.Supp.2d 553, 555 (E.D. Pa 1999), (*quoting Yip* v. *Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985)).

*Third*, ProComp has no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable ProComp to assist the Court in a way that counsel for the parties and the public comments cannot. *Cf.*, *e.g.*, *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue). ProComp has filed voluminous comments with the United States pursuant to the Tunney Act comment procedures in this case, totaling more than 125 pages, and ProComp fails to demonstrate that an *amicus* brief would be anything other than repetitive.

### III.     ProComp Has No Right To Request Permission To Appeal.

ProComp has no right to intervene and thus has no right to request permission to appeal. ProComp is correct when it states that that if it is not allowed to intervene it has no right to appeal. (*See* ProComp Mem. at 18.) "One who is not a party to a record and judgment is not entitled to appeal therefrom." *United States* v. *Seigel*, 168 F.2d 143, 144 (D.C. Cir. 1948); *see also Sam Fox Publishing Co.*, v. *United States*, 366 U.S. 683, 687-88 (1961). But the standard for granting intervention to appeal is whether ProComp had a valid claim to intervene as a party in this action as of right. *See Id.* As noted above, ProComp has no basis for intervention in this Tunney Act proceeding as of right. Thus, ProComp has no claim to intervene to preserve a right of appeal.

## **CONCLUSION**

For the foregoing reasons, this Court should deny ProComp's motions for intervention and for Tunney Act participation.

Dated: February 21, 2002

Respectfully submitted,

_____

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | James H. Carter, Jr. |
| David A. Heiner, Jr. | Richard J. Urowsky |
| Diane D'Arcangelo | Steven L. Holley |
| Christopher J. Meyers (Bar No. 456586) | Michael Lacovara |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | Stephanie G. Wheeler |
| Redmond, Washington 98052 | Ronald J. Colombo |
| (425) 936-8080 | Kate Usdrowski |
| | SULLIVAN & CROMWELL |
| Dan K. Webb | 125 Broad Street |
| Bruce R. Braun | New York, New York 10004 |
| WINSTON & STRAWN | (212) 558-4000 |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley P. Smith (Bar No. 468060) |
| (312) 558-5600 | SULLIVAN & CROMWELL |
| | 1701 Pennsylvania Avenue, N.W. |
| Charles F. Rule (Bar No. 370818) | Washington, D.C. 20006 |
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON | (202) 956-7500 |
| 1001 Pennsylvania Avenue, N.W. | *Counsel for Defendant* |
| Suite 800 | *Microsoft Corporation* |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |