# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

           v.

MICROSOFT CORPORATION,

        Defendant.

Civil Action No. 98-1232 (CKK)

Next Court Deadline:
    March 6, 2002
    Tunney Act Hearing

## MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO PROCOMP'S MOTION FOR LIMITED INTERVENTION OR TUNNEY ACT PARTICIPATION

The United States opposes the motion of the Project to Promote Competition & Innovation in the Digital Age ("ProComp") for "limited" intervention as of right or other Tunney Act participation. ProComp's claim to intervention as of right should be denied. Recognizing that it is "solely within the discretion of the [C]ourt to determine the fact, extent, and manner of participation" by amici, Order, Sept. 24, 2001, at 1, the United States suggests that the Court deny ProComp's request in the alternative to participate without party-intervenor status, or else defer decision on that request until the Court determines more generally whether, to what extent, and in what manner to allow third parties to participate in these proceedings. The Court should deny as premature ProComp's request to intervene for purposes of appeal.

## INTRODUCTION

ProComp, a "trade association founded by companies such as Sun Microsystems, Oracle, Netscape and The Sabre Group," Memorandum in Support of Its Motion for Limited Intervention

Dockets.Justia.com

or Tunney Act Participation ("Mem.") at 1, seeks intervention as of right in this Tunney Act proceeding so as to take advantage of the evidence adduced in another lawsuit, *New York, et al. v. Microsoft*, *id.* at 1, 3, and to urge an unnecessary evidentiary hearing here, *id.* at 1, at which it would participate through briefing, testimony, and oral argument. *Id.* Alternatively, ProComp seeks precisely the same goals — perhaps without testimony, *id.* at 16-18 — either as an amicus or simply under the flexible participation provisions of the Tunney Act, *id.*; *see* 15 U.S.C. § 16(f). At a minimum, ProComp seeks leave to file, as an amicus, the Memorandum and attached Comment it has already filed in support of the Motion to which we are responding, *id.* at 18. Finally, ProComp seeks leave to appeal a decision this Court has not yet made and which ProComp cannot now know it will want to appeal once the decision is made.

Each of ProComp's requests should be denied. The core of ProComp's position is that the Court would make a better public interest determination with ProComp's further help than if the Court is limited to the help ProComp has already provided through its written submissions. Whether true or not, that is not enough on which to base intervention as of right. In any event, if the Court desires ProComp's further help, it need not grant ProComp the status of an intervenor. We suggest that the Court address ProComp's desire to participate in the context of the Court's more general consideration of third-party participation. And there is no need to grant ProComp intervention for purpose of appeal until there is a ruling and subsequent determination that ProComp desires to appeal.

**DISCUSSION**

## I. ProComp's Members' Legal and Business Interests Do Not Justify Intervention of Right

The Federal Rules of Civil Procedure provide for intervention in a district court action as a matter of right if the applicant:

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).[1] ProComp claims that the disposition of this action may as a practical matter impair or impede its ability to protect its members' legal and business interests. Mem. at 4, 9, 13-14. Because ProComp shows no more than that decrees other than the one the parties have proposed might benefit its members more, it fails to show an entitlement to intervention as of right under Rule 24(a)(2), and the Court should therefore deny intervention.[2]

> ### A. ProComp Does Not Satisfy Rule 24(a)(2)'s Interest and Impairment Requirements.

To qualify for intervention as of right, ProComp must initially establish that it satisfies the first two prongs of Rule 24(a)(2)'s three-part test. ProComp must demonstrate (1) an interest

---

[1]Intervention of right is also available "when a statute of the United States confers an unconditional right to intervene." Fed. R. Civ. P. 24(a)(1). ProComp does not appear to rely on Rule 24(a)(1), and, even if it did, the Tunney Act does not provide a right to intervene. *United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982), *aff'd*, 460 U.S. 1001 (1983); *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983); *United States v. Microsoft*, 159 F.R.D. 318, 328 (D.D.C.), *rev'd on other grounds*, *United States v. Microsoft*, 56 F.3d 1448 (D.C. Cir. 1995); *United States v. Airline Tariff Publ'g Co.*, 1993-1 Trade Cas. (CCH) ¶ 70,191, at 69,894 (D.D.C. 1993).

[2]The federal rules also provide for permissive intervention, Fed. R. Civ. P. 24(b), but ProComp seeks only intervention as of right. Mem. at 12-16.

relating to the property or transaction that is the subject of the action, and (2) that the disposition

of the action may as a practical matter impair or impede its ability to protect that interest. Fed. R.

Civ. P. 24(a)(2). The nature of ProComp's alleged interest and the effect that the disposition of

the action may have on its ability to protect that interest are intimately related and best

considered together. *See Hobson v. Hansen*, 44 F.R.D. 18, 30 (D.D.C. 1968); 7C Charles Alan

Wright, *et al.*, Federal Practice & Procedure, § 1908 at 263 and n.4 (2nd ed. 1986).

ProComp's intervention claim turns on whether its members could successfully claim a right to

intervene.[3] But ProComp spends only two of the twenty pages of its Memorandum attempting to

show that its members could do so, and the attempt fails. Although mentioning that some of its

members have been "victims of Microsoft's illegal conduct," Mem. at 13, ultimately ProComp

claims only that the unspecified "legal and business interests of ProComp's members will also be

'impaired' if the PFJ is approved in its current form." Mem. at 13. But ProComp's argument

shows no such impairment.

     ProComp points to the established principle that the *stare decisis* effect of a decision

might supply the requisite impairment of interest. *Id.* at 14; *see Mass. Sch. of Law v. United*

*States*, 118 F.3d 776, 781 (D.C. Cir. 1997) ("*MSL*"). But it does not even attempt to suggest that

its members' legal or business interests would be impaired by any *stare decisis* (or, for that

---

[3]*See Military Toxics Project v. EPA*, 146 F.3d 948, 953-54 (D.C. Cir. 1998)(a trade
association "has standing to sue on behalf of its members when (a) its members would otherwise
have standing to sue in their own right; (b) the interests it seeks to protect are germane to the
organization's purpose; and (c) neither the claim asserted nor the relief requested requires the
participation of individual members in the lawsuit.") (*quoting Hunt v. Washington State Apple*
*Advertising Comm'n*, 432 U.S. 333, 343 (1977)).

matter, res judicata or collateral estoppel) effect of the Court's public interest determination in this proceeding — as indeed they would not be.

Instead, ProComp relies on the *stare decisis* impairment theory of *Neusse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967), as only a point of reference, claiming that the impairment of interest its members face is far worse than "the prospect that bad precedent *might* impair a hypothetical future action." Mem. at 14 (emphasis in original).[4] What is worse, ProComp alleges, is that the RPFJ here "purports to define how ProComp's members, including Netscape, *will* interact with a proven monopolist for years to come." Mem. at 14. But the RPFJ does not purport to do so, and if entered would not do so.

The RPFJ, if entered, will impose a series of obligations and constraints on *Microsoft* that may affect *Microsoft's* behavior toward ProComp's members in the future. But the RPFJ does not seek to restrict the behavior of ProComp's members and is not binding on them. *See United States v. Carrolls Dev. Corp.*, 454 F. Supp. 1215, 1220 (N.D.N.Y. 1978) (finding that potential competitors failed to show impairment from proposed antitrust consent decree in part because the decree was not binding on them). It does not take away from them anything they would have

---

[4]ProComp gives rather short shrift to the potential impairment in *Neusse*. *Neusse* involved the determination of a federal banking law and its relation to applicable state laws. *Neusse,* 385 F.2d 694. The court found that its construction of the law could as a practical matter impair subsequent efforts by the would-be intervenor, the state banking commissioner, to seek a judicial interpretation at odds with the court's determination in *Neusse*. *Id.* at 702. Although the would-be intervenor would not have been precluded by res judicata from relitigating the issue, the court recognized that its determination, the first judicial treatment of the question, would receive great weight. *Id.* What hung in the balance was whether the Comptroller of the Currency might authorize a national bank to branch where the laws of the state whose banking commissioner sought to intervene would not permit a state bank to branch. *Id.* This is a good deal more substantial than ProComp suggests.

absent the decree, and it does not deny them the freedom to do anything they would be free to do absent the decree.[5]

The RPFJ may be less beneficial to the legal and business interests of ProComp's members than would a different decree that ProComp might suggest. ProComp seeks to advance its members' interests, while the United States seeks to advance the public interest, but this distinction does not lead to impairment cognizable under Rule 24(a). The "mere failure to secure better remedies for a third party" does not constitute a qualifying impairment. *MSL*, 118 F.3d at 780. ProComp cannot "equat[e] failure to promote an interest with its impairment." *Id.*

Because ProComp cannot show that the Court's public interest determination may, as a practical matter, impair or impede the ability of ProComp members to protect their legal or business interests, ProComp should not be permitted to intervene here. Given that, the United States need not address the adequacy of its representation of the interests ProComp asserts. Of

---

[5]Cases ProComp cites provide a useful contrast by showing viable claims of impairment of interest. In *MSL*, *see* Mem. at 12 n.18, the court of appeals granted intervention of right to assert a claim, which turned out to be unfounded, that the government had denied the applicant documents to which it claimed a legal entitlement, but the court denied broader intervention for the purpose of appeal generally. 118 F.3d at 780-81. In *United States v. Alex. Brown & Sons*, 169 F.R.D. 532, 538-39 (S.D.N.Y. 1996), the court granted *permissive* intervention so applicants could seek a government document as they could not in any other forum, and challenge a decree provision that allegedly would deny them evidence to which they would otherwise be entitled. And in *United States v. AT&T*, 642 F.2d 1285, 1291-93 (D.C. Cir. 1980), *see* Mem. at 12 n.18, intervention as of right was proper to protect documents protected by the work product privilege from being produced in discovery. Although the intervenor was AT&T's competitor, intervention turned solely on the work product privilege and its decision to grant intervention had nothing to do with more general intervention by competitors. Although some of ProComp's members may be Microsoft's competitors, competitor status counts little toward intervention. Intervention in antitrust consent decree proceedings by competitors is almost uniformly denied. *See e.g.,United States v. Stroh Brewery Co.*, 1982-2 Trade Cas. ¶ 64,804 at 71,959 (D.D.C. June 4, 1982) (*citing United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 116 (8th Cir.), *cert. denied sub nom, Nat'l Farmer's Org., Inc. v. United States*, 429 U.S. 940 (1976).

course, the United States does not seek adequately to represent the commercial and competitive interests ProComp's members may have in blocking entry of the RPFJ; representing that interest would be inconsistent with the United States' obligation to represent the public interest in this matter.

### B. ProComp Does Not Represent the Public Interest

Were ProComp seeking intervention to protect the public interest rather than the legal and business interests of its members, it would nevertheless not qualify for intervention of right. The United States represents the public interest in government antitrust cases. *See*, *e.g.*, *United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981); *Associated Milk Producers*, 534 F.2d at 117. Thus, courts allow intervention of right only after a showing of government bad faith or malfeasance in reaching the settlement. *See, e.g., Associated Milk Producers*, 534 F.2d at 117. ProComp fails even to allege bad faith or malfeasance by the United States, Mem. at 14-15, let alone make the requisite showing. Therefore, to the extent its intervention claim is based on a contention that the United States is not adequately representing the public interest, it must be denied.

### II. The Court Should Deny ProComp's Request to Appear as Amicus Curiae or to Otherwise Participate in the Tunney Act Proceedings, Or, in the Alternative, Defer Ruling on That Request

As an alternative to intervention as of right, ProComp urges the Court to allow it to participate in the Tunney Act proceedings either as an amicus or under the participation provisions of 15 U.S.C. § 16(f). The determination of whether, and to what extent, third parties should be permitted to participate in these proceedings falls solely within the Court's discretion. However, the United States believes that the Court should deny the request, or at least defer its

decision until it makes its more general determination regarding the nature and scope of third

party participation in the proceedings.

A.  **The Court Should Not Conduct the Proceeding in which ProComp Seeks to Participate**

ProComp wants to participate in an evidentiary hearing that it argues is necessary to the

public interest determination in this case. *See, e.g.,* Mem. at 1, 3-9.  ProComp also proposes that

the Court hold a Tunney Act hearing concurrent with, or immediately following, the evidentiary

hearing in *New York, et al. v. Microsoft.*  Mem. at 1, 9.  ProComp's proposal, which would

unnecessarily complicate and delay the public interest determination in this case, should be

rejected.[6]

The Court has set the Tunney Act hearing for March 6, 2002, at which it will hear oral

argument from the parties.  The Court has also indicated that it is considering whether to hear

argument from third parties.  The Court has already considered the appropriate schedule and

format of the hearing; ProComp's proposal provides no basis for a change in direction.

Contrary to ProComp's assertions, an evidentiary hearing is unwarranted in this case.

The court in a Tunney Act proceeding is vested with great discretion concerning the appropriate

nature of proceedings relating to the proposed consent decree. *See* 15 U.S.C. § 16(f).  The

---

[6]Moreover, the United States is not a party to the Litigating States' case, has no current intention to participate in that case, has not participated in the discovery or other aspects of that case, and has played no role in the development of the evidence related to that case. Consideration of evidence from that case would thus be inappropriate. *Cf.* Fed. R. Evid. Rule 804(b)(1) (testimony given in another hearing in different proceeding can be admitted against a party only "if the party against whom the testimony is now offered or ... a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.").

legislative history provides ample support for evaluating a proposed decree on the basis of briefs

and oral argument. *See* H. Rep. No. 93-1463, at 8 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6535,

6539. "Only where it is imperative that the court should resort to calling witnesses for the

purpose of eliciting additional facts should it do so." *Id.* Even in the *AT&T* case, "the largest

and most complex antitrust action brought since the enactment of the Tunney Act," the court

concluded that "none of the issues before it require[d] an evidentiary hearing," and instead

allowed third parties to present oral argument at the two-day hearing on the proposed decree.

*United States v. AT&T*, 552 F. Supp. 131, 145, 219 (D.D.C. 1982). The massive record here,

including the extensive and detailed public comments and the government's response thereto,

provides the Court with ample basis for making its public interest determination.

> **B.      ProComp's Anticipated Participation Appears to Mirror the Information That it Has Already Provided in its Tunney Act Comment**

ProComp asserts that it is a proper candidate for participation in the Tunney Act

proceedings because it is "uniquely situated to provide guidance to the Court." Mem. at 4. But it

suggests nothing important it has to offer that is not already found in its 127 pages of Comment

and supporting exhibits, not to mention those of its members,[7] which are already available to the

Court. *See* Mem. at 1 and n.3. For the evidentiary hearing it advocates, ProComp proffers the

testimony of Kenneth Arrow. *Id.* But Dr. Arrow has already submitted a lengthy declaration,

attached to ProComp's Comment, *id.*, which is already before the Court. ProComp nowhere

indicates that Dr. Arrow has anything to add to that declaration. If, as seems apparent, ProComp

---

[7]Netscape's parent company, AOL Time Warner Inc., and Sun Microsystems, Inc., both
submitted public comments.

seeks only to repeat information or arguments already submitted to the Court, there is no benefit

from its further participation. The United States therefore suggests that the Court deny

ProComp's request or defer decision until it has more generally resolved questions of third-party

participation in these proceedings.

**III.     The Court Should Deny ProComp's Request to Intervene For Purposes of Appeal**

Finally, ProComp asks the Court at least to permit intervention for purposes of appeal.[8]

Mem. at 18. When courts have granted intervention in Tunney Act proceedings for purposes of

appeal from the final judgment, they have usually done so *after* the public interest determination,

when the final judgment has been, or is about to be, entered. *See, e.g, United States v. Thomson*

*Corp.*, 1997 WL 90992 at 4 (D.D.C. February 27, 1997) (permitting intervention, which had

previously been denied as untimely, once entry of final judgment was "in all likelihood

imminent"); *AT&T*, 552 F. Supp. at 219 ("At the time the decree is entered, the Court will issue

an order describing the rights of intervenors. These will include: (1) the right to appeal the entry

of the decree ....").[9] Treating such requests as premature before entry of the judgment makes

good sense. At this point, ProComp cannot know whether it will wish, or have any basis, to

appeal the Court's determination. Intervention for purposes of appeal is premature and should be

denied.

---

[8]ProComp does not cite a specific basis in statute or rule for this intervention.

[9]In *AT&T*, the court had previously denied motions to intervene as premature. *AT&T*, 552
F. Supp. at 147 n.61.

**CONCLUSION**

The Court should deny ProComp's request to intervene as of right and should deny its request to participate in the Tunney Act as amicus or otherwise, or at least defer ruling on that request. The Court should further deny ProComp's request to intervene for purposes of appeal.

Dated: February 21, 2002.

                        Respectfully submitted,

                        _____

                        PHILLIP R. MALONE
                        RENATA B. HESSE
                        BARBARA NELSON
                        KENNETH W. GAUL
                        PAULA L. BLIZZARD
                        JACQUELINE S. KELLEY
                        DAVID BLAKE-THOMAS
                        *Trial Attorneys*
                        U.S. Department of Justice
                        Antitrust Division
                        601 D Street, N.W.
                        Suite 1200
                        Washington, D.C. 20530
                        (202) 514-8276

                        PHILIP S. BECK
                        *Special Trial Counsel*