# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br>    March 6, 2002<br>    Tunney Act Hearing |

**MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO MOTION OF THE COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION FOR LEAVE TO INTERVENE, OR IN THE ALTERNATIVE TO APPEAR AS AMICUS CURIAE, IN ORDER TO PARTICIPATE IN THE MARCH 6, 2002, TUNNEY ACT HEARING AND IN ALL FUTURE PROCEEDINGS TO EVALUATE WHETHER THE REVISED PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST**

      The United States opposes the motion of the Computer & Communications Industry Association ("CCIA") to intervene in this Tunney Act proceeding, because CCIA does not qualify for intervention "pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f)(3). Recognizing that it is "solely within the discretion of the [C]ourt to determine the fact, extent, and manner of participation" by amici, Order, Sept. 21, 2001, at 1, the United States suggests that the Court deny CCIA's request in the alternative to participate without party-intervenor status, or else defer decision on that request until the Court determines more generally whether, to what extent, and in what manner to allow third parties to participate in these proceedings.

**INTRODUCTION**

This is CCIA's second motion to intervene or participate as amicus curiae. Its first was served on February 8, 2002. Motion of the Computer & Communications Industry Association for Leave to Intervene, or in the Alternative to Participate as Amicus Curiae, for the Limited Purpose of Responding to Certain Procedural Proposals in the Joint Status Report ("Motion I"). The United States responded on February 19, 2002. Memorandum of Plaintiff United States in Response to the Motion of the Computer & Communications Industry Association for Leave to Intervene, or in the Alternative to Participate as Amicus Curiae ("U.S. Response"). After receiving that response, CCIA on the same day submitted its second motion for intervention or amicus participation. Motion of the Computer & Communications Industry Association for Leave to Intervene, or in the Alternative to Appear as *Amicus Curiae*, in Order to Participate in the March 6, 2002, Tunney Act Hearing and in All Future Proceedings to Evaluate Whether the Revised Proposed Final Judgment Is in the Public Interest ("Motion II").

As in the case of Motion I, CCIA offers in support of Motion II no basis for intervention; Motion II, as well as Motion I, should therefore be denied. As for other participation, as amicus or otherwise, CCIA is aware that the Court is already considering whether and how to permit third-party participation. Motion II, at 1-2 & n.1. CCIA's Motion II is simply an attempt to push CCIA to the head of the queue of potential participants. We suggest that the Court discourage an unseemly race to the courthouse by making clear to all potential participants that the Court plans to address questions of participation rationally, without giving priority based on who filed the earliest requests.

**DISCUSSION**

I.   **CCIA Is Not Entitled to Intervene**

The Tunney Act provides that the Court may authorize "intervention as a party pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f)(3). The relevant rule, Rule 24, Fed. R. Civ. P., sets forth the standards for intervention as of right, *id.* 24(a), and permissive intervention, *id.* 24(b). CCIA makes no attempt to show that it meets the standards governing either form of intervention. *See* Motion II, at 2-3 & n.2.

Instead, CCIA suggests in a footnote that despite the Tunney Act's authorization of intervention only "pursuant to the Federal Rules of Civil Procedure," 15 U.S.C. § 16(f)(3), the standards of the Federal Rules of Civil Procedure do not govern whether an applicant, like CCIA, is entitled to intervene. Motion II, at 2 n.2. To hold otherwise, CCIA argues, "would effectively read out of existence the explicit text of the Tunney Act." *Id.* But it is CCIA that seeks to ignore the explicit language of the statute. *See* U.S Response, at 3-4 & n.2. As the D.C. Circuit has made clear: "[T]he Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention." *Mass. Sch. of Law v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997).

In any event, as CCIA observes, intevention is unnecessary in a Tunney Act proceeding, since the court may authorize "'full or limited participation'" even without granting intervention. Motion II, at 2-3 n.2 (quoting 15 U.S.C. § 16(f)(3)). Like CCIA, we therefore turn to interventionless participation.

II.  **The Court Can Best Consider CCIA's Participation in the Context of the Court's More General Determination Regarding Third-Party Participation**

As CCIA itself recognizes, "[t]his Court has . . . ordered a March 6th Tunney Act hearing, and has twice explored the possibility of third-party participation in that hearing. (See Tr. (2/8/02), at 21; Tr. (2/15/02), at 9-10)." Motion II, at 2. We think it is appropriate that the Court explore that possibility, and that, should it decide to permit third-party participation, the Court decide on both the manner of participation and either the identity of the participants, if any, or the manner of selecting participants.

An orderly selection of participants, if participants are to be selected, would not, in our view, favor those who have submitted requests for participation early or often. Nor, we suggest, should the Court give weight to the self-serving proclamations that tend to accompany such requests. *See, e.g.*, Motion II, at 3 ("CCIA is perhaps the best-situated third party"); ProComp's Memorandum in Support of Its Motion for Limited Intervention or Tunney Act Participation, at 15 ("ProComp is uniquely positioned"); Memorandum of SBC Communications Inc. in Support of Its Motion to Intervene for Limited Purposes Or, in the Alternative, to Appear as *Amicus Curiae*, at 9 ("SBC is particularly well positioned to inform the Court").

We recommend that the Court make clear to the interested public that, should it desire third-party participation, it will see that participants are selected in a manner that does not favor those who importune the Court with unnecessary and unsolicited filings. The public interest will be better served if the Court is given an opportunity to decide questions of participation without an avalanche of filings. As for CCIA's request for participation other than as an intervenor, we accordingly suggest the Court either deny it without prejudice, or else defer decision until the Court has settled the more general questions of third-party participation.

4

# CONCLUSION

The Court should deny CCIA's request to intervene and should either deny its request to participate in the Tunney Act as amicus or otherwise, or else defer ruling on that request.

Dated: February 21, 2002.

Respectfully submitted,

_____
PHILLIP R. MALONE
RENATA B. HESSE
BARBARA NELSON
KENNETH W. GAUL
PAULA L. BLIZZARD
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*