IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:  March 6, 2002 |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM
IN OPPOSITION TO THE COMPUTER & COMMUNICATIONS INDUSTRY
ASSOCIATION'S MOTIONS FOR LEAVE TO INTERVENE IN THE TUNNEY ACT
PROCEEDINGS OR PARTICIPATE AS AMICUS CURIAE**

The Computer & Communications Industry Association ("CCIA") does not

satisfy the criteria for intervention under Rule 24 (b) of the Federal Rules of Civil Procedure

in either of its motions, nor does CCIA propose to present information to the Court beyond

what CCIA already has submitted as more than 93 pages of comments in this action.  CCIA's

motions for intervention in the Tunney Act proceedings or in the alternative seeking

participation as an *amicus curiae* should be denied.

## ARGUMENT

**I.      CCIA Does Not Meet the
Requirements for Intervention.**

The Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b) *et seq.* (the

"Tunney Act"), does not allow a non-party to intervene as of right in a Tunney Act

proceeding.  The Court, in its discretion, may consider limited participation of an interested

non-party at such time as the Court makes its public interest determination.  15 U.S.C. § 16 (f)

(3).  CCIA does not demonstrate a proper basis for permissive intervention under Rule 24(b),

which provides in pertinent part:

> (b) **Permissive Intervention.**  Upon timely application anyone
> may be permitted to intervene in an action :  (1) when a statute
> of the United States confers a conditional right to intervene; or
> (2) when an applicant's claim or defense and the main action
> have a question of law or fact in common. . . .  In exercising its
> discretion the court shall consider whether the intervention will
> unduly delay or prejudice the adjudication of the rights of the
> original parties.

A Court may grant permissive intervention on timely application in a

Government antitrust case pursuant to Rule 24 (b) if (1) the movant can demonstrate that the

United States has shown "bad faith or malfeasance . . . in negotiating and accepting a consent

decree" and (2) such intervention will not cause undue delay or prejudice against the original

parties.  *United States* v. *Stroh Brewery Co.*, No. 82-1059, 1982 WL 1852, at *3 (D.D.C.

1982), (*citing United States* v. *Associated Milk Producers, Inc*., 534 F.2d 113, 117 (8th Cir.

1976)); *United States* v. *LTV Corporation*, 746 F.2d 51, 54 (D.C. Cir. 1984) (*quoting United

States* v. *Hartford-Empire Co*., 573 F.2d 1, 2 (6th Cir. 1978)).  Intervention is at the discretion

of the Court following the closing of the comment and response period.  This case has not yet

reached that point, and there is no present basis for any other participation; nor would even a

timely motion for permissive intervention be meritorious.

There is no basis for any assertion here that the United States has failed to act

as a diligent representative of the public and its interests, and there is no claim that the United

States acted in any way with bad faith or malfeasance.  Nor would intervention be free from

delay.  Rather, the intervention now sought by CCIA and numerous others would make this

Tunney Act proceeding unduly cumbersome and complicated and result in needless delay. *United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982). As is typical in such cases, CCIA already is seeking to complicate and delay this proceeding by requesting full participation and the right for it and other non-parties to present evidence at an evidentiary hearing or the appointment of an independent advocate "to ensure that the RPFJ receives full scrutiny." (CCIA Mot. at 3) Additionally, in CCIA's second motion filed on February 19, 2002, CCIA suggests that the two day hearing scheduled by the Court will be insufficient for all the oral argument to be heard from third parties and states that "further proceedings will likely be necessary after that hearing." (CCIA Mot. at 4)

Allowing such intervention would unnecessarily burden the Court and the parties and result in exactly the type of unmanageable litigation that the Tunney Act was designed to prevent. *AT&T*, 1982 WL 1838, at *2 ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process.") (*citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.")).

Intervention is not necessary in this case to enable the Court to consider any of the substantive arguments CCIA seeks to present. CCIA has filed extensive comments with the United States pursuant to the Tunney Act procedures, and all of the issues that CCIA seeks to raise can be addressed by the United States in its response to the public comments on the Revised Proposed Final Judgment ("RPFJ"). Separate intervention is not necessary and is consistently denied in Government antitrust litigation. *Stroh Brewery Co*., 1982 WL 1852, at

*2 (finding that there is no necessity for intervention when the evidence sought to be presented to a court concerning a proposed consent decree can be presented adequately through the Tunney Act comment process); *see also*, *United States* v. *Carrols Dev. Corp.*, 454 F. Supp. 1215, 1220 (N.D.N.Y. 1978).

II.     **CCIA Does Not Meet the Requirements To Participate As An *Amicus Curiae*.**

CCIA also fails to satisfy the requirements for participation as an *amicus curiae*.  "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers).  Although CCIA has an "interest" of sorts in this matter as a trade association composed of some of Microsoft's competitors, CCIA fails to satisfy the criteria for *amicus* participation in this action.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as an *amicus* is not warranted.  *N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented–typically when the party is not represented at all); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784, 790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings, the United States represents the public interest and there is no need for additional parties to supplement that representation absent a showing of "bad faith or malfeasance on the part of the Government."  *United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976); *see also Ryan*, 125 F.3d 1062 ("the term 'amicus curiae' means friend of the court not friend of the party."), *citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991).

CCIA has not claimed otherwise.  CCIA's motions merely asserts that the United States and Microsoft's consent judgment proposal requires strict scrutiny.  CCIA makes no claim that the United States cannot adequately represent the public interest in the Tunney Act proceedings.  An organization of Microsoft's competitors, not surprisingly, may wish a decree to be as punitive as possible and might even try to suggest ways the decree could be molded to help the competitors to an unwarranted market advantage in the future. Such views may be and in this case have been expressed by some as comments in the Tunney Act process.  But an assertion of CCIA's parochial interests fails to address *public* interest considerations or support *amicus* participation.  *See Associated Milk Producers Inc.*, 534 F.2d at 117.  There is no basis for any assertion that the United States has not acted as an appropriate representative of the public and its interests.

*Second*, CCIA has no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case.  *Cf.*, *e.g.*, *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). CCIA is motivated by its own private interest as a group of some of Microsoft's competitors

and not the interests of the public.  "Where 'amici represent [  ] business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it,' amicus participation is not appropriate." *Sciotto* v. *Marple Newtown School Dist.*, 70 F. Supp.2d 553, 555 (E.D. Pa 1999), (*quoting Yip* v. *Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985)).

       *Third*, CCIA has no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable CCIA to assist the Court in a way that counsel for the parties and the public comments cannot.  *Cf.*, *e.g.*, *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue).  CCIA has filed voluminous comments with the United States pursuant to the Tunney Act comment procedures in this case, totaling more than 93 pages of comments that were filed in conjunction with an economic analysis of the RPFJ.  (CCIA Mot. at 2)  CCIA fails to demonstrate that an *amicus* brief would be anything other than repetitive.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny CCIA's motions for intervention in the Tunney Act proceedings and for participation as an *amicus curiae*.

Dated: February 22, 2002

Respectfully submitted,

_____
John L. Warden (Bar No. 222083)

William H. Neukom
Thomas W. Burt
David A. Heiner, Jr.
Diane D'Arcangelo
Christopher J. Meyers (Bar No. 456586)
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Dan K. Webb
Bruce R. Braun
WINSTON & STRAWN
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Charles F. Rule (Bar No. 370818)
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON
1001 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20004
(202) 639-7300

John L. Warden (Bar No. 222083)
James H. Carter, Jr.
Richard J. Urowsky
Steven L. Holley
Michael Lacovara
Richard C. Pepperman, II
Stephanie G. Wheeler
Ronald J. Colombo
Kate Usdrowski
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

Bradley P. Smith (Bar No. 468060)
SULLIVAN & CROMWELL
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 956-7500

*Counsel for Defendant
  Microsoft Corporation*

-7-