UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 98-1232 (CKK) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States' "Motion for Leave of Court to Adopt an Alternative Procedure for Comment Publication." The government brings this unopposed motion based upon the concern that publication in the Federal Register of the full text of the public comments received in response to the consent decree proposed in the above-captioned case will cost the government "approximately $4 million or more and [will] take approximately six weeks to accomplish." Gov't Mot. at 5. Having reviewed the government's motion and the declarations attendant thereto and, despite the absence of any opposition, the Court determines that the United States' request does not present a justiciable case or controversy appropriate for this Court's consideration.

Proposals for consent judgments "submitted by the United States for entry in any civil proceeding brought by or on behalf of the United States under the antitrust laws" are governed by the Antitrust Procedures and Penalties Act, known also as the Tunney Act, 15 U.S.C. § 16. The Tunney Act requires that the government comport with certain procedures which are intended to

enable the public to submit comments relating to a proposed consent decree. 15 U.S.C. § 16(b). After the close of the public comment period, the Tunney Act mandates that "[a]ny written comments relating to such [proposed consent decree] shall be . . . published by the United States in the Federal Register." 15 U.S.C. § 16(b). In this case, the government received an unexpected number of comments (approximately 30,000) from the public relating to the proposed consent decree. In light of the number and volume of the comments submitted by the public and the costs and logistical difficulties attendant to the publication of these comments in the Federal Register, the United States asks the Court to approve an alternate method of publication. Although the government does not propose to discard publication in the Federal Register in toto, its alternative proposal does not provide for publication of the full text of all of the comments in the Federal Register.

Consideration of the United States' request for leave of the Court to proceed with this alternative proposal hearkens the Court back to the "core of Article III's limitation on federal judicial power," namely, that federal courts cannot issue advisory opinions. ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 2.2 (3d ed. 1999). It is well settled that Article III of the United States Constitution limits this Court's exercise of judicial power to "cases" and "controversies." U.S. Const. art. III, § 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968). "Justiciability is the term of art employed to give expression to the limitation placed upon federal courts by the case-and-controversy doctrine." *Id.* at 95. "It is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" *Id.* at 96 (quoting C. Wright, Federal Courts 34 (1963)).

In the typical advisory opinion case, "the federal judicial power is invoked to pass upon

the validity of actions [taken] by the Legislative and Executive Branches of the Government." *Id.* In this instance, the United States' request for leave attempts to invoke the federal judicial power, in advance of any action by the government, to obtain authorization for a particular form of executive action in response to a statutory mandate.  Just as an "attempt to obtain a judicial declaration of the validity of [an] act of Congress is not presented in a 'case or controversy,' to which, under the Constitution of the United States, the judicial power alone extends," *Muskrat v. United States*, 219 U.S. 346, 361 (1911), the government's present attempt to obtain a judicial declaration that a particular action, as yet untaken, comports with 15 U.S.C. § 16(b) cannot be said to present a justiciable case or controversy.[1]

That the government's request for leave arises in the context of a properly pending civil action between the United States and Microsoft does not alter the Court's analysis or conclusion.[2] The broader case or controversy between those two parties does not, at this point, call upon the Court to construe 15 U.S.C. § 16, nor to evaluate the parties' compliance with the mandates therein.[3]  In this regard, the Court's inability to answer the question posed by the United States

---

[1]Notably, the government does not challenge the validity, applicability or constitutionality of 15 U.S.C. § 16(b).  Instead, the government requests that the Court either interpret the statute to authorize the government's planned action or absolve the government of its duty to comport with the statute's requirements.

[2]In making its request, the government does not identify the basis for its assumption that the Court possesses the authority to grant the leave requested.  Because the Court has raised the issue of justiciability *sua sponte*, the Court will afford the United States an opportunity to brief the issue if it so desires.  If the United States would like to submit additional materials on this issue, it shall do so not later than February 25, 2002.

[3]In so concluding, the Court does not mean to imply that the government's ultimate action in response to the dictates in 15 U.S.C. § 16(b) is not subject to judicial review.  Rather, the Court's conclusion means only that there can be no review *in advance* of government action.

can be described as a ripeness problem.  The ripeness doctrine proposes that "[d]etermination of the scope . . . of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry for the proper exercise of the judicial function." *International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd*, 347 U.S. 222, 224 (1954).  Applying that rule to the government's request, it is apparent that the request is, in essence, "an endeavor to obtain a court's assurance" that the government's intended course of action comports with the statute.  *Id.* at 224.  Admittedly, the government has explained in detail the manner in which it intends to comply with the statute and, indeed, the Court has no reason to doubt that the government intends to follow through with its proposal.  However, were the Court to pass upon this proposal in advance of any action by the government, the Court would have rendered an advisory opinion either granting or denying permission for the government to act in a certain way in response to a congressional mandate.  Given Article III's constraints, unless and until the government actually engages in the anticipated action and the Court is called upon to review that action in the context of a genuine case or controversy, there is no justiciable issue which properly invokes the judicial power.[4]  Any other conclusion would impermissibly place the Court in the role of consultant to the executive branch of government whenever the executive

---

[4] Undoubtedly, there are instances where the Court can pass upon the validity or application of a statute in advance of any action by the government to enforce that statute.  *See, e.g., Abbott Labs. v. Gardiner*, 387 U.S. 136 (1967) (permitting preenforcement review of an FDA regulation), *abrogated on other grounds in Califano v. Sanders*, 430 U.S. 99 (1977).  In such cases, ripeness is evaluated according to the "fitness of the issues for judicial decision" and the "hardship to the parties of withholding court consideration."  *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996) (quoting *Abbott Labs.*, 387 U.S. at 149).  However, the Court can conceive of no basis for the extension of this doctrine to the circumstances presently before the Court because there is no assertion that 15 U.S.C. § 16 is invalid, unconstitutional, or inapplicable.

branch views an otherwise applicable and valid congressional enactment as inconveniently burdensome.

Based on the foregoing, the Court determines that it would be imprudent and beyond this Court's judicial power to reach the merits of the United States' request for "leave to adopt an alternative procedure for comment publication." Gov't Mot. at 1. Accordingly, the Court shall deny the Unites States' motion on the grounds that it seeks an advisory opinion from the Court. In so ruling, the Court does not foreclose the United States from engaging in the action discussed in the United States' motion, but instead, merely leaves for the government's initial resolution the issue of whether the proposed procedure comports with the relevant statute.

For the reasons set forth *supra*, it is this 22nd day of February, 2002, hereby

**ORDERED** that the United States' motion for leave is DENIED.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge