IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: March 6, 2002<br>Tunney Act Hearing |

**MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO THE LITIGATING STATES' MOTION FOR LIMITED PARTICIPATION IN LIGHT OF THE DEPOSITION OF MR. RICHARD FADE**

The non-settling states have moved for an order permitting them to participate in this Tunney Act proceeding for the limited purpose of submitting to the Court portions of the transcript of the deposition of Richard Fade taken in *New York, et al., v. Microsoft Corp.*, No. 98-1233 (CKK), related deposition exhibits, and their brief concerning those materials and having them made part of the Tunney Act record.[1]  Plaintiff Litigating States' Motion for Limited Participation in Light of the Deposition of Mr. Richard Fade ("Motion") at 1.  Given the very specific, narrow purpose for which participation is sought, and the fact that the Motion has already placed those materials before the Court, the United States does not oppose the Motion under these particular circumstances.  However, as the United States has previously advised the

---

[1] Significantly, the non-settling states do not seek to intervene or to acquire amicus curiae status in the Tunney Act proceeding, *see* Motion at 1, 17-18, actions the United States would oppose for the reasons stated in its responses to such requests filed recently by various other third parties.  The non-settling states' motion to participate also confirms that, apart from this narrow request for limited participation, they intend to proceed on "Track 2" of this litigation and not otherwise participate in these Tunney Act proceedings.  Motion at 2-3, 18.

Court,[2] we believe the ongoing *New York* litigation and this Tunney Act proceeding are properly treated as separate and distinct cases, with different standards for the Court's respective decisions in each. The United States is not a party to the *New York* remedy proceeding, has no current intention to participate in that proceeding, has had no opportunity to participate in discovery or other aspects of the proceeding, and has played no role in the development of any of the evidence in it. As the Tunney Act provides no basis for grafting a collateral remedy hearing onto this settlement proceeding, further attempts generally by the non-settling states or other third parties to import information or evidence from that case into this Tunney Act proceeding would be inappropriate. By not opposing the non-settling states' narrow motion to participate in this limited instance, the United States does not intend to waive its previous argument or any future objections to similar requests.

The non-settling states submitted a public comment to the United States during the Tunney Act comment period, one of the 47 "detailed" comments provided to the Court on February 14, 2002. The non-settling states' current Motion represents that they first learned of the information they seek to add to the record on February 8, 2002, Motion at 2-3, well after the close of the public comment period on January 28, 2002. Given that, and given that the materials at issue already have been submitted to the Court with the Motion, the United States does not oppose adding the specified information to the Tunney Act record for the Court to consider as a

---

[2]*See* Memorandum of Plaintiff United States in Response to the Motion of the Computer & Communications Industry Association for Leave to Intervene, or in the Alternative to Participate as Amicus Curiae (filed February 19, 2002), at 6-7.

supplement to the non-settling states' public comment.  The United States will respond to this new information in its overall response to public comments to be filed with the Court on or before February 27, 2002.

Dated: February 22, 2002                              Respectfully submitted,

                                                                                    _____

PHILLIP R. MALONE
RENATA B. HESSE
BARBARA NELSON
KENNETH W. GAUL
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
PAULA L. BLIZZARD
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*