IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: March 6, 2002<br>Tunney Act Hearing |

**MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO THE SOFTWARE & INFORMATION INDUSTRY ASSOCIATION'S MOTION FOR TUNNEY ACT PARTICIPATION PURSUANT TO 15 U.S.C. § 16(f)**

The United States opposes the motion of the Software & Information Industry Association ("SIIA") to participate in this Tunney Act proceeding. By its motion, SIIA joins the expanding group of entities seeking to participate in the Tunney Act proceedings relating to the Revised Proposed Final Judgment ("RPFJ"). The Court has recently informed the parties that it is still considering whether and how to permit third-party participation and that it has "not made a final decision" on these issues. Tr. (2/15/02) at 9. SIIA's motion contains no reason, much less a compelling one, why the Court should alter its decisionmaking process on these issues and select SIIA from among the numerous requesters as a participant before the Court has made its "final decision" concerning third-party participation.

SIIA seeks an opportunity to participate in these proceedings in unspecified ways, acknowledging that it is up to the Court to decide whether it will hear from third parties and, if so, in what manner. *See* Memorandum in Support of the Software & Information Industry

Association's Motion for Tunney Act Participation Pursuant to 15 U.S.C. § 16(f) ("SIIA Motion"), at 3 ("SIIA seeks leave to participate in the Tunney Act hearings to whatever level or degree the Court deems in the public interest."). SIIA offers nothing more than its claim that "its experience and resources justify its inclusion" (Motion, at 2) as a basis for why it should be selected to participate in these proceedings.

As the United States has previously suggested, we do not believe that either the speed with which third parties request the right to participate or the self-serving statements that have accompanied their requests[1] should dictate the Court's decisions concerning third-party participation in these proceedings. Rather, the United States believes that the Court should continue to review the possibility of third-party participation, and, should it decide that it wishes to hear from third parties, decide at that time on both the manner of participation and either the identity of the participants, if any, or the manner of selecting participants.

---

[1] *See, e.g.*, SIIA Motion, at 4 ("SIIA is uniquely positioned"); Motion of the American Antitrust Institute for Limited Participation, at 6 ("AAI may be the only proposed participant with as broad a genuine desire to see the Tunney Act's protections interpreted and implemented by the Court in a manner consistent with the Act's purposes."); Motion of the Computer & Communications Industry Association for Leave to Intervene, or in the Alternative to Appear as *Amicus Curiae*, in Order to Participate in the March 6, 2002, Tunney Act Hearing, at 3 ("CCIA is perhaps the best-situated third party"); ProComp's Memorandum in Support of Its Motion for Limited Intervention or Tunney Act Participation, at 15 ("ProComp is uniquely positioned"); Memorandum of SBC Communications Inc. in Support of Its Motion to Intervene for Limited Purposes Or, in the Alternative, to Appear as *Amicus Curiae*, at 9 ("SBC is particularly well positioned to inform the Court").

The United States therefore suggests that the Court either deny SIIA's request for participation without prejudice, or else defer decision until the Court has settled the more general question of third-party participation.

Dated: February 22, 2002.

Respectfully submitted,

_____
PHILLIP R. MALONE
RENATA B. HESSE
BARBARA NELSON
KENNETH W. GAUL
PAULA L. BLIZZARD
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*