IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 98-1232 (CKK)

Next Court Deadline: March 6, 2002
                       Tunney Act Hearing

**MEMORANDUM OF PLAINTIFF UNITED STATES IN RESPONSE TO MOTION OF THE AMERICAN ANTITRUST INSTITUTE, INC. FOR LIMITED PARTICIPATION AS AMICUS CURIAE OR OTHERWISE PURSUANT TO 15 U.S.C. § 16(f)(3) AND MEMORANDUM IN SUPPORT THEREOF**

      The United States opposes the motion of the American Antitrust Institute, Inc. ("Institute") for "limited" participation in this proceeding pursuant to 15 U.S.C. § 16(f)(3). Although we recognize that it is "solely within the discretion of the [C]ourt to determine the fact, extent, and manner of participation" by amici, Order, Sept. 21, 2001, at 1, the extraordinary nature of the Institute's proposal for its own participation requires that we urge the Court, in the exercise of its sound discretion, to reject the proposal. That rejection could appropriately be without prejudice to the possibility of Institute participation under the terms of the policy the Court determines to apply generally to third-party participation in this Tunney Act proceeding.

## BACKGROUND

      Almost four weeks ago, the Institute initiated a separate action, belatedly alleging that both the United States and Microsoft had failed last fall to comply with certain requirements of

the Tunney Act. Complaint, *American Antitrust Institute v. Microsoft Corp.*, C.A. No. 02-138 (D.D.C., filed Jan. 24, 2002) ("*AAI*"). The Institute sought a preliminary injunction to reopen the comment period and delay this Court's public interest determination. Ruling on the preliminary injunction, the Court concluded that the Institite had little likelihood of success on the merits, Memorandum Opinion (D.D.C. Feb. 20, 2002) at 18, 22-23 ("*AAI* Op.") — so little that the Court dismissed virtually all of the Institute's claims. Order, *AAI*, Feb. 20, 2002.[1] Although it was thus unnecessary to do so, the Court, "in the interest of thoroughness," *AAI* Op. at 18, also addressed the other preliminary injunction factors, observing that: "Working in seeming contravention to the intent of the Tunney Act, [the Institute's] collateral attack is self-serving and does not advance the public's interest." *Id*. at 22.

The Institute now seeks for itself a special and remarkable status in this Tunney Act proceeding, for the purpose of advancing the same arguments it has already made in its public comment and its separate action. Motion of the American Antitrust Institute, Inc. for Limited Participation as Amicus Curiae or Otherwise Pursuant to 15 U.S.C. § 16(f)(3) and Memorandum in Support Thereof ("Mem.").[2] It asks the Court to assume the truth of its unproven allegations of noncompliance with Tunney Act requirements, and to appoint it to the roles of special adviser to the Court and monitor of the United States' compliance with orders, as yet nonexistent, that

---

[1]The Court dismissed all claims based on the Tunney Act, but "[d]ue to the need for an expedited ruling" on the Institute's motion for a preliminary injunction, Memorandum Opinion (D.D.C. Feb. 20, 2002)("*AAI* Op.") at 17, held in abeyance the motion of the United States to dismiss claims based on the Administrative Procedures Act and 28 U.S.C. § 1361 (mandamus), which were not bases for the preliminary injunction motion.

[2]The Institute's filing incorporates by reference five filings from the *AAI* litigation, together with their attachments. Mem. at 2 & n.2.

2

the Institute will propose. Mem. 4-5. Like its motion for a preliminary injunction in its separate action, the Institute's motion seeks unjustifiably to delay and unnecessarily complicate this Tunney Act proceeding. Its self-aggrandizing proposal is contrary to the public interest and should be denied.

## ARGUMENT

**There is No Justification for the Extraordinary Role the Institute Seeks for Itself**

The Institute seeks to become a special adviser to the Court with respect to "details concerning deficiencies" in the parties' Tunney Act compliance, Mem. at 4, and monitor of the parties' compliance with "any further orders of the Court designed to remedy Tunney Act deficiencies," *id.* at 5. The United States, however, has fully complied with all Tunney Act requirements to date (and will comply in a timely manner with those requirements for which compliance is not yet due).[3] Although the Court did not reach the issue in its *AAI* decision, *AAI* Op. 6 n.2, our response in that case describes our compliance.[4] The Court has noted that it will, of course, consider whether the requirements of the Tunney Act have been satisfied before making any determination that the proposed decree should be entered. *AAI* Op. 20. But there is no justification for the Institute's proposals that it be appointed now as a special adviser to the Court on the "details" of deficiencies that have not been established and that it be assigned in

---

[3]The United States does not address whether Microsoft has complied with Tunney Act requirements. At the Status Conference on February 8, 2002, the Court asked the United States to brief the question of our own compliance with the Tunney Act (in a brief to be filed on February 27, 2002), but asked only Microsoft to brief the question of Microsoft's compliance. Tr. 2/8/2002, at 15-17.

[4]*See* Defendant United States of America's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction and in Support of the United States' Motion to Dismiss, *AAI*, at 16-23. We incorporate that pleading by reference.

3

advance to monitor the parties' compliance with non-existent remedial orders.

Moreover, the Institute offers no reason to believe that its proposal would assist the Court in determining whether there has been compliance with the requirements of the Tunney Act. The Court has considerable information regarding compliance issues available to it already in the form of comments and other filings, including the Institute's.[5] The Institute suggests no reason to believe that the Court would be unable to assess the adequacy of the parties' compliance with the statutory requirements or to fashion and enforce a remedial order, if it found a deficiency. Nor does the Institute explain why the special advisory role it seeks for itself would be of material assistance to the Court.[6] The Institute identifies no specialized expertise that it brings to the question of Tunney Act compliance, other than its own interest in the subject; nor does it point to any particular type of information that the Court needs and lacks, and that the Institute is especially well qualified to help it obtain.

Although it is not clear how the Institute's proposal would help the Court, it is clear that the special role the Institute seeks would have the effect of delaying and complicating the Court's Tunney Act proceedings. The Institute is explicit as to its intent: it envisions a variety of additional filings and proposals for discovery. Mem. 4-5. The Institute may have an interest in

---

[5] *See, e.g.*, Comments of Institute, at 12; Relpromax, at 8; Progress & Freedom Foundation, at 3-4, 10-18; and CCIA, at 26-32. To the extent that the Institute's motion addresses the issue of the appropriate legal standard, this issue too is addressed in numerous comments. *See*, *e.g.*, Comments of Institute, at 2, 4-12; Litan, *et al.*, at 4-821, 58-59; SBC, at 28-32; Novell, at 30-35; ProComp, at 1-4; AOL, at 4-9; SIIA, at 9-11; and CCIA, at 18-26.

[6] The Institute asserts that it alone is in a "perfect position" because it has, in its view, a uniquely "broad" desire to see that the Court interpret and implement the Tunney Act "in a manner consistent with the Act's purposes." Mem., at 6. The claim of uniqueness is offered without supporting evidence.

playing a prominent role in this case, but the public interest demands that the proceedings not be unnecessarily protracted.

Although the Institute's proposal focuses primarily on its desire to become a special adviser to the Court with respect to Tunney Act compliance, it also seeks to advise the Court how to determine whether entry of the proposed decree would be in the public interest. Mem. at 5 ("appropriate standard of review to be applied"). The Institute has already filed a public comment on this subject, *see* Mem., Ex. 1, at 4-12, and it gives no indication that it has anything more to contribute. Thus, the Court could properly deny the motion in its entirety. The Court may, however, wish to provide that such a denial is without prejudice to possible consideration of the Institute for participation pursuant to whatever general approach to third-party participation the Court may adopt. Alternatively, the Court could defer decision as to the Institute's proposal to participate with respect to this issue.

## CONCLUSION

The Court should deny the Institute's motion, without prejudice to consideration of participation by the Institute pursuant to any plan the Court may adopt for third-party participation generally.

Dated: February 22, 2002

Respectfully submitted,

_____

PHILLIP R. MALONE
RENATA B. HESSE
BARBARA NELSON
KENNETH W. GAUL
PAULA L. BLIZZARD
JACQUELINE S. KELLEY
DAVID BLAKE-THOMAS
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Suite 1200
Washington, D.C. 20530
(202) 514-8276

PHILIP S. BECK
*Special Trial Counsel*