IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

MICROSOFT CORPORATION,

                Defendant.

Civil Action No. 98-1232 (CKK)

Next Court Deadline: March 6, 2002

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM
IN OPPOSITION TO THE SOFTWARE & INFORMATION INDUSTRY
ASSOCIATION'S MOTION FOR TUNNEY ACT PARTICIPATION**

Defendant Microsoft Corporation ("Microsoft") submits this memorandum in opposition to the motion of the Software & Information Industry Association ("SIIA") seeking participation in the Tunney Act proceedings as an *amicus curiae* or otherwise.

Whether the SIIA's motion is viewed as a petition for intervention or, as it is styled, a request to appear as an *amicus curiae* or as some other "participant," it has no merit. SIIA does not satisfy the criteria to participate under 15 U.S.C. § 16 (f) as an *amicus curiae* or otherwise, nor does SIIA propose to present information to the Court beyond what SIIA already has submitted as 68 pages of comments in this action. SIIA's motion should be denied.

## ARGUMENT

I. **SIIA Does Not Meet the Requirements for Intervention.**

SIIA's motion for Tunney Act participation is a would-be Trojan horse in which SIIA attempts to disguise what is in substance an attempt to intervene in this case without complying with the Federal Rules of Civil Procedure. SIIA asserts that it is not moving under Rule 24 but is rather moving pursuant to the Antitrust Procedures and Penalties Act 15 U.S.C. § 16 (f) (3). SIIA, however, is seeking a bundle of rights such as full participation in evidentiary hearings that are normally accorded an intervenor.

Case law is clear that 15 U.S.C. § 16 (f) (3) "merely codified existing law when it provided that the Court shall have discretionary power to authorize 'full or limited participation' in the [Tunney Act] proceedings." *United States* v. *Associated Milk Producers, Inc.*, 394 F. Supp 29, 41 (W.D. Mo. 1975); *accord, United States* v. *Stroh Brewery Co.*, No. 82-1059, 1982 WL 1852, at *3 (D.D.C. 1982). The Court in *Associated Milk Producers, Inc.*, concluded that Congress thus intended for courts to use their discretion to grant 'full participation' as allowed by Rule 24 and 'limited participation' pursuant to the rules governing *amicus curiae*." *Id*. SIIA does not demonstrate a proper basis for such permissive intervention.

A Court may grant permissive intervention on timely application in a Tunney Act proceeding if (1) the movant can demonstrate that the United States has shown "bad faith or malfeasance . . . in negotiating and accepting a consent decree" and (2) such intervention will not cause undue delay or prejudice against the original parties. *Stroh Brewery Co.*, 1982 WL 1852, at *3, (*citing United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117

(8th Cir. 1976));  *United States* v. *LTV Corporation*, 746 F.2d 51, 54 (D.C. Cir. 1984) (*quoting United States* v. *Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978)).  Intervention is at the sole discretion of the Court, which in this case, has already set the Tunney Act hearing date and format for the proceeding; SIIA gives no basis for this Court to change its decision.

Further, there is no basis for any assertion here that the United States has failed to act as a diligent representative of the public and its interests, and there is no claim that the United States acted in any way with bad faith or malfeasance.  Nor would intervention be free from delay.  Rather, the intervention now sought by SIIA and numerous others would make this Tunney Act proceeding unduly cumbersome and complicated and result in needless delay.  *United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982).  As is typical in such cases, SIIA already is seeking to complicate and delay this proceeding by "suggesting that this participation [of SIIA] should include appearances at any evidentiary hearings before the Court, participation in oral argument and leave to submit briefs *amicus curiae* on post-hearing Tunney Act issues."  (SIIA Mem. at 5)

Allowing such intervention would unnecessarily burden the Court and the parties and result in exactly the type of unmanageable litigation that the Tunney Act was designed to prevent.  *AT&T*, 1982 WL 1838, at *2 ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process.") (*citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.")).

Intervention is not necessary in this case to enable the Court to consider any of the substantive arguments SIIA seeks to present. SIIA has filed extensive comments with the United States pursuant to the Tunney Act procedures, and all of the issues that SIIA seeks to raise can be addressed by the United States in its response to the public comments on the Revised Proposed Final Judgment ("RPFJ"). Separate intervention is not necessary and is consistently denied in Government antitrust litigation. *Stroh Brewery Co.*, 1982 WL 1852, at *2 (finding that there is no necessity for intervention when the evidence sought to be presented to a court concerning a proposed consent decree can be presented adequately through the Tunney Act comment process); *see also*, *United States* v. *Carrols Dev. Corp.*, 454 F. Supp. 1215, 1220 (N.D.N.Y. 1978).

## II. SIIA Does Not Meet the Requirements To Participate As An *Amicus Curiae*.

SIIA also fails to satisfy the requirements for participation as an *amicus curiae*. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers). Although SIIA has an "interest" of sorts in this matter as a trade association composed of some of Microsoft's competitors, SIIA fails to satisfy the criteria for *amicus* participation in this action.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as an *amicus* is not warranted. *N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented–typically when the party is not represented at all); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784, 790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings, the United States represents the public interest and there is no need for additional parties to supplement that representation absent a showing of "bad faith or malfeasance on the part of the Government." *United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976); *see also Ryan*, 125 F.3d 1062 ("the term 'amicus curiae' means friend of the court not friend of the party."), *citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991).

SIIA has not claimed otherwise. SIIA's motion merely asserts that it could provide the Court with a "contrary view of the settlement." (SIIA Mem. at 3) SIIA makes no claim that the United States cannot adequately represent the public interest in the Tunney Act proceedings. An organization of Microsoft's competitors, not surprisingly, may wish a decree to be as punitive as possible and might even try to suggest ways the decree could be molded to help the competitors to an unwarranted market advantage in the future. Such views may be and in this case have been expressed by some as comments in the Tunney Act process. But an assertion of SIIA's parochial interests fails to address *public* interest considerations or support *amicus* participation. *See Associated Milk Producers Inc.*, 534 F.2d at 117. There is no basis

for any assertion that the United States has not acted as an appropriate representative of the public and its interests.

*Second*, SIIA has no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case.  *Cf*., *e.g*., *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). SIIA is motivated by its own private interest as a group of some of Microsoft's competitors and not the interests of the public.  "Where 'amici represent [ ] business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it,' amicus participation is not appropriate." *Sciotto* v. *Marple Newtown School Dist*., 70 F. Supp.2d 553, 555 (E.D. Pa 1999), (*quoting Yip* v. *Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985)).

*Third*, SIIA has no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable SIIA to assist the Court in a way that counsel for the parties and the public comments cannot.  *Cf*., *e.g*., *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue).  SIIA has filed voluminous comments with the United States pursuant to the Tunney Act comment procedures in this case, totaling 98 pages of comments, (SIIA Mem. at 3)  SIIA fails to demonstrate that an *amicus* brief would be anything other than repetitive.

## **CONCLUSION**

For the foregoing reasons, this Court should deny SIIA's motion for Tunney Act participation.

Dated: February 22, 2002

Respectfully submitted,

_____

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | James H. Carter, Jr. |
| David A. Heiner, Jr. | Richard J. Urowsky |
| Diane D'Arcangelo | Steven L. Holley |
| Christopher J. Meyers (Bar No. 456586) | Michael Lacovara |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | Stephanie G. Wheeler |
| Redmond, Washington 98052 | Ronald J. Colombo |
| (425) 936-8080 | Kate Usdrowski |
| | SULLIVAN & CROMWELL |
| Dan K. Webb | 125 Broad Street |
| Bruce R. Braun | New York, New York 10004 |
| WINSTON & STRAWN | (212) 558-4000 |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley P. Smith (Bar No. 468060) |
| (312) 558-5600 | SULLIVAN & CROMWELL |
| | 1701 Pennsylvania Avenue, N.W. |
| Charles F. Rule (Bar No. 370818) | Washington, D.C. 20006 |
| FRIED, FRANK, HARRIS, SHRIVER   & JACOBSON | (202) 956-7500 |
| 1001 Pennsylvania Avenue, N.W. | *Counsel for Defendant* |
| Suite 800 | *   Microsoft Corporation* |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |