IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>                              Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:  March 6, 2002 |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM IN OPPOSITION
TO THE AMERICAN ANTITRUST INSTITUTE, INC.'S MOTION
FOR TUNNEY ACT PARTICIPATION AS AMICUS CURIAE OR OTHERWISE**

The American Antitrust Institute, Inc. ("AAI") does not satisfy the criteria to appear as *amicus curiae* or otherwise under the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b) *et seq*. (the "Tunney Act"), nor does AAI propose to present information to the Court beyond what AAI already has submitted as 44 pages of comments in this action as well as various other filings.  AAI's motion for Tunney Act participation should be denied.

**ARGUMENT**

**I.    AAI Does Not Meet the
         Requirements for Intervention.**

TheTunney Act, does not allow a non-party to intervene as of right in a Tunney Act proceeding.  The Court, in its discretion, may consider limited participation of an interested non-party at such time as the Court makes its public interest determination.  15 U.S.C. § 16 (f) (3).  Case law is clear that 15 U.S.C. § 16 (f) (3) "merely codified existing law

when it provided that the Court shall have discretionary power to authorize 'full or limited participation' in the [Tunney Act] proceedings." *United States* v. *Associated Milk Producers, Inc.*, 394 F. Supp 29, 41 (W.D. Mo. 1975); *accord, United States* v. *Stroh Brewery Co.*, No. 82-1059, 1982 WL 1852, at *3 (D.D.C. 1982). The Court in *Associated Milk Producers, Inc.*, concluded that Congress thus intended for courts to use their discretion to grant 'full participation' as allowed by Rule 24 and 'limited participation' pursuant to the rules governing *amicus curiae*." *Id*. AAI does not demonstrate a proper basis for permissive intervention under Rule 24(b), which provides in pertinent part:

> (b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action : (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A Court may grant permissive intervention on timely application in a Tunney Act proceeding if (1) the movant can demonstrate that the United States has shown "bad faith or malfeasance . . . in negotiating and accepting a consent decree" and (2) such intervention will not cause undue delay or prejudice against the original parties. *United States* v. *Stroh Brewery Co.*, No. 82-1059, 1982 WL 1852, at *3 (D.D.C. 1982), (*citing United States* v. *Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976)); *United States* v. *LTV Corporation*, 746 F.2d 51, 54 (D.C. Cir. 1984) (*quoting United States* v. *Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978)). Intervention is at the sole discretion of the Court, which in this case, has already set the Tunney Act hearing date and format for the proceeding; AAI gives no basis for this Court to change its decision

Further, there is no basis for any assertion here that the United States has failed to act as a diligent representative of the public and its interests, and there is no claim that the United States acted in any way with bad faith or malfeasance. Nor would intervention be free from delay. Rather, the intervention now sought by AAI and numerous others would make this Tunney Act proceeding unduly cumbersome and complicated and result in needless delay. *United States* v. *AT&T*, No. 74-1698, 1982 WL 1838, at *2 (D.D.C. Apr. 8, 1982). As is typical in such cases, AAI already is seeking to complicate and delay this proceeding by requesting a litany of things, including, but not limited to: permission to respond to briefs filed by the parties; permission to propose findings of fact, conclusions of law, remedial measures, orders, etc.; authority to monitor the parties' compliance with the Court's orders; and providing appropriate oral and/or written arguments on any of the above. (AAI Mem. at 4-5)

Allowing such intervention would unnecessarily burden the Court and the parties and result in exactly the type of unmanageable litigation that the Tunney Act was designed to prevent. *AT&T*, 1982 WL 1838, at *2 ("the intervention of individuals and organizations on such a scale with all the rights of parties, would render the public interest proceeding so unmanageable as to thwart rather than to advance any meaningful participation in the consent decree process.") (*citing* S. Rep. No. 93-298, 93rd Cong., 1st Sess. 6 (1973); H.R. Rep. No. 93-1463, 93rd Cong., 2d Sess. 6 (1974) ("Congress expressly rejected the notion that the public interest proceedings would be the equivalent of a trial.")).

Intervention is not necessary in this case to enable the Court to consider any of the substantive arguments AAI seeks to present. AAI has filed extensive comments with the United States pursuant to the Tunney Act procedures, and all of the issues that AAI seeks to

raise can be addressed by the United States in its response to the public comments on the Revised Proposed Final Judgment ("RPFJ"). Separate intervention is not necessary and is consistently denied in Government antitrust litigation. *Stroh Brewery Co.*, 1982 WL 1852, at *2 (finding that there is no necessity for intervention when the evidence sought to be presented to a court concerning a proposed consent decree can be presented adequately through the Tunney Act comment process); *see also*, *United States* v. *Carrols Dev. Corp.*, 454 F. Supp. 1215, 1220 (N.D.N.Y. 1978).

## II. AAI Does Not Meet the Requirements To Participate As An *Amicus Curiae*.

AAI also fails to satisfy the requirements for participation as an *amicus curiae*. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers). Although AAI has an "interest" of sorts in this matter as a competitor of Microsoft, AAI fails to satisfy the criteria for *amicus* participation in this action.

*First*, the Court is aware that the parties to this action are properly represented. Thus, the participation of an uninvited third party as an *amicus* is not warranted. *N.O.W.* v. *Scheidler, et al.*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding that an *amicus* brief may be permitted when a party is not adequately represented–typically when the party is not represented at all); *Cf.*, *e.g., Wildberger* v. *Federal Labor Relations Auth.*, 132 F.3d 784,

790 (D.C. Cir. 1998) (appointing *amicus curiae* to present arguments on behalf of *pro se* appellant).

In Tunney Act proceedings, it is assumed that the United States represents the public interest and that there is no need for additional parties to supplement that representation. *See Ryan*, 125 F.3d 1062 ("the term 'amicus curiae' means friend of the court not friend of the party."), *citing United States* v. *Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991). AAI has not claimed otherwise. Its motion merely states that neither the United States nor Microsoft as " parties to the proposed settlement at issue . . . has either the incentive or the desire to render the type of broad-minded advice the Court needs in this context" (AAI's Mem. at 5), with no supporting facts or allegations. This bald allegation as to AAI's parochial interests fails to support *amicus* participation. *See United States* v. *Associated Milk Producers Inc.*, 534 F.2d 113, 117 (8th Cir.), *cert. denied,* 429 U.S. 940 (1976) (intervention in a Tunney Act proceeding should be granted only where the United States acted in bad faith or malfeasance in negotiating a consent decree). There is no basis for any assertion that the United States has not acted as an appropriate representative of the public and its interests.

*Second*, AAI has no legally cognizable interest in currently pending litigation that may be affected by the decision in the present case. *Cf*., *e.g*., *Waste Management of Pa., Inc.* v. *City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (finding that EPA had requisite "special interest" to participate as *amicus curiae* because it is "the primary body responsible for administering and enforcing CERCLA" and issued the administrative order at issue). AAI's only interest is a self proclaimed academic one concerning the laws of antitrust and "the future viability of the Tunney Act." This is not a public interest that is related to the issues before this Court and thus insufficient to support *amicus* participation.

*Third*, AAI has no "unique information or perspective," *Ryan*, 125 F.3d at 1063, that would enable AAI to assist the Court in a way that counsel for the parties and the public comments cannot. *Cf.*, *e.g.*, *Martinez* v. *Capital Cities/ABC-WPVI*, 909 F. Supp. 283 (E.D. Pa. 1995) (inviting EEOC to file memorandum expressing its views on employment law issue). AAI has filed voluminous comments with the United States pursuant to the Tunney Act comment procedures in this case and maintains that its 44-page comment already has addressed AAI's opinions of the Proposed Final Judgment."(AAI Mem. at 3-4 ("[t]his matter [determining whether the RPFJ is in the public interest] was addressed in AAI's comments and is incorporated by reference herein")). AAI fails to demonstrate that an *amicus* brief would be anything other than repetitive.

# CONCLUSION

For the foregoing reasons, this Court should deny AAI's motion for participation in the Tunney Act proceedings as an *amicus curiae* or otherwise.

Dated: February 22, 2002

Respectfully submitted,

_____

| | |
|---|---|
| William H. Neukom | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | James H. Carter, Jr. |
| David A. Heiner, Jr. | Richard J. Urowsky |
| Diane D'Arcangelo | Steven L. Holley |
| Christopher J. Meyers (Bar No. 456586) | Michael Lacovara |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | Stephanie G. Wheeler |
| Redmond, Washington 98052 | Ronald J. Colombo |
| (425) 936-8080 | Kate Usdrowski |
| | SULLIVAN & CROMWELL |
| Dan K. Webb | 125 Broad Street |
| Bruce R. Braun | New York, New York 10004 |
| WINSTON & STRAWN | (212) 558-4000 |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley P. Smith (Bar No. 468060) |
| (312) 558-5600 | SULLIVAN & CROMWELL |
| | 1701 Pennsylvania Avenue, N.W. |
| Charles F. Rule (Bar No. 370818) | Washington, D.C. 20006 |
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON | (202) 956-7500 |
| 1001 Pennsylvania Avenue, N.W. | *Counsel for Defendant* |
| Suite 800 | *Microsoft Corporation* |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |