# APPENDIX B

## UNITED STATES v. MICROSOFT CORP. — NEWSPAPER NOTICE

Department of Justice

Antitrust Division

Take notice that a revised proposed Final Judgment as to Microsoft Corporation has been filed in a civil antitrust case, United States of America v. Microsoft Corporation, Civil No. 98-1232. On May 18, 1998, the United States filed a Complaint alleging that Microsoft, the world's largest supplier of computer software for personal computers, restrained competition in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2. Following a 78-day trial in late 1998 and early 1999, the United States District Court for the District of Columbia found that Microsoft had violated both Sections 1 and 2 of the Sherman Act. On appeal, the United States Court of Appeals for the District of Columbia unanimously affirmed portions of the district court's finding and conclusion that Microsoft illegally maintained its operating system monopoly in violation of Section 2 of the Sherman Act, but reversed and remanded other portions of the district court's determinations. Specifically, the court of appeals reversed the district court's determination that Microsoft violated Section 2 by illegally attempting to monopolize the Internet browser market and remanded the district court's determination that Microsoft violated Section 1 of the Sherman Act by unlawfully tying its browser to its operating system. The court of appeals also vacated the district court's remedial order, including its order that Microsoft be split into separate operating systems and applications businesses, and remanded the case to a new district court judge for further proceedings. Following intensive mediation efforts, the United States and Microsoft subsequently reached the agreement embodied in the revised proposed Final Judgment, which would impose injunctive relief to enjoin continuance and prevent recurrence of the violations of the Sherman Act by Microsoft that were upheld by the court of appeals.

The revised proposed Final Judgment, filed November 6, 2001, will stop recurrence of Microsoft's unlawful conduct, prevent recurrence of similar conduct in the future and restore competitive conditions in the personal computer operating system market by, among other things, prohibiting actions by Microsoft to prevent computer manufacturers and others from developing, distributing or featuring middleware products that are threats to Microsoft's operating system monopoly; creating the opportunity for independent software vendors to develop products that will be competitive with Microsoft's middleware products; requiring Microsoft to disclose interfaces in order to ensure that competing middleware and server software can interoperate with Microsoft's operating systems; ensuring full compliance with the revised proposed Final Judgment; and providing for swift resolution of technical disputes. A Competitive Impact Statement has been filed by the United States describing the Complaint, the revised proposed Final Judgment, the industry, and the remedies available to private litigants who may have been injured by the alleged violation. Copies of the Complaint, revised proposed Final Judgment and Competitive Impact Statement are available for inspection at the Department of Justice in

NEWSPAPER NOTICE - PAGE B-1

Washington, D.C. at Antitrust Documents Group, 325 7th Street N.W., Ste. 215 North, Washington, D.C. 20530 (please call 202-514-2481, for appointments only), on the Department of Justice Web site at http://www.usdoj.gov/atr, and at the Office of the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

Interested persons may address comments to Renata Hesse, Trial Attorney, Suite 1200, Antitrust Division, Department of Justice, 601 D Street, N.W., Washington, D.C. 20530; (facsimile) 202-616-9937 or 202-307-1454; or (email) microsoft.atr@usdoj.gov within 60 days of the date of publication of the revised proposed Final Judgment and Competitive Impact Statement in the Federal Register. While comments may also be sent by regular mail, in light of recent events affecting the delivery of all types of mail to the Department of Justice, including U.S. Postal Service and other commercial delivery services, and current uncertainties concerning when the timely delivery of this mail may resume, the Department strongly encourages, whenever possible, that comments be submitted via email or facsimile.