IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>                 Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: March 6, 2002<br>                      Tunney Act Hearing |

## STIPULATION

Plaintiff United States of America ("United States"), the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina and Wisconsin (collectively, the "Settling States") and Defendant Microsoft Corporation ("Microsoft"), by and through their respective attorneys, having agreed to the entry of this Stipulation, it is hereby stipulated and agreed that:

    1.    A Final Judgment in the form attached hereto ("second revised proposed Final Judgment") may be filed and entered by the Court in this action and as to the Settling States only in *State of New York, et al. v. Microsoft* (Civil Action No. 98-1233(CKK)), upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the second revised proposed Final Judgment by serving notice thereof on Microsoft and by filing that notice with the Court.

    2.    Microsoft's prior obligations to comply with the revised proposed Final Judgment, submitted to the Court on November 6, 2001, shall continue uninterrupted under this Stipulation and

the second revised proposed Final Judgment (except as modified by the second revised proposed Final Judgment) as if the second revised proposed Final Judgment was in full force and effect. Unless otherwise provided in the second revised proposed Final Judgment, Microsoft shall immediately begin complying with the second revised proposed Final Judgment as if it was in full force and effect. Where the second revised proposed Final Judgment provides that the timing of Microsoft's obligations are calculated from the date of submission to the Court of the second revised proposed Final Judgment, the time shall be calculated from November 6, 2001, the date of submission to the Court of the revised proposed Final Judgment. Subject to the foregoing, Microsoft agrees to be bound by the provisions of the second revised proposed Final Judgment pending its entry by the Court. If the United States withdraws its consent, or if (a) the second revised proposed Final Judgment is not entered pursuant to the terms of the Stipulation, (b) the time has expired for all appeals of any Court ruling declining to enter the second revised proposed Final Judgment, and (c) the Court has not otherwise ordered continued compliance with the terms and provisions of the second revised proposed Final Judgment, then all of the parties shall be released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

3. Once the requirements for compliance with 15 U.S.C. § 16, as set forth in the Stipulation filed by the parties on November 6, 2001, have been satisfied, the United States will file with the Court a certificate of compliance and a Motion for Entry of Second Revised Proposed Final Judgment, unless it withdraws its consent to entry of the second revised proposed Final Judgment pursuant to paragraph 2, above. At any time thereafter, and at the conclusion of any further proceedings ordered by the Court pursuant to 15 U.S.C. § 16(f), the Court may then enter the second revised proposed Final Judgment, provided that the Court determines that entry of the second revised proposed Final Judgment will serve the public interest.

DATED this 27th day of February, 2002

FOR PLAINTIFF THE UNITED STATES OF AMERICA:


_____
DEBORAH P. MAJORAS
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice
901 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-2401


FOR PLAINTIFFS THE STATES OF NEW YORK,
OHIO, ILLINOIS, KENTUCKY, LOUISIANA,
MARYLAND, MICHIGAN, NORTH CAROLINA
AND WISCONSIN:


_____
JAY L. HIMES
Chief
Antitrust Bureau
Office of the Attorney General of New York
120 Broadway
New York, New York 10271
(212) 416-8282

FOR DEFENDANT MICROSOFT CORPORATION:


_____
CHARLES F. RULE
Fried, Frank, Harris, Shriver & Jacobson
1001 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004
(202) 639-7300