UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

     v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court upon the filing of SBC Communications Inc.'s (SBC) "Motion to Intervene for Limited Purposes or, In the Alternative, to Appear as Amicus Curiae" in the above-captioned matter. By its motion, SBC seeks to intervene in a limited capacity in the judicial proceeding being conducted by this Court pursuant to 15 U.S.C. § 16(e) and (f) (hereinafter referred to as "the Tunney Act proceeding"). The purpose of the Tunney Act proceeding is to assist the Court in determining whether the "Revised Proposed Final Judgment" (RPFJ) submitted by the United States and Microsoft Corporation in the above-captioned matter is "in the public interest." 15 U.S.C. § 16(e) and (f). In the alternative, SBC seeks to participate in the Tunney Act proceedings as amicus curiae. After reviewing SBC's motion, United States' and Microsoft's oppositions thereto, SBC's reply, as well as the relevant case law, the Court determines that SBC's motion to intervene should be denied. However, the Court, in its discretion, will permit SBC to participate in a limited capacity as amicus curiae.

As the "second-largest telephone company" in the United States, SBC "provides

telephone service in thirteen states; nationwide cellular telephone service; DSL high-speed and

dial-up Internet service and internet access; voice messaging services; and directory advertising

and publishing products."  SBC Mem. at 1-2.  As such, SBC's traditional communication

services as well as its developing computer and Internet businesses "compete directly with

Microsoft."  *Id.* at 4.  On January 28, 2002, SBC timely filed a 160-page comment with the

Department of Justice that explained in detail the alleged deficiencies in the RPFJ.  SBC Mot.,

Ex. A.  In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted

pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public

interest determination.

SBC brings the current motion before the Court pursuant to the Antitrust Procedures and

Penalties Act, 15 U.S.C. § 16(b)-(h), also referred to as the Tunney Act, and Rule 24(b)[1] of the

Federal Rules of Civil Procedure.  SBC Mot. at 1.  SBC seeks to intervene, or at least participate

as amicus curiae, in the Tunney Act proceeding before this Court so that it may provide written

submissions to the Court, respond to submissions by the government and Microsoft regarding the

RPFJ, and present oral argument as determined to be appropriate by the Court.  *Id.*

In support of its motion, SBC properly directs the Court to the Tunney Act provision

which allows a court, in making its determination of the public interest, to

---

[1]Since SBC does not raise its motion under Federal Rule of Civil Procedure 24(a), the
Court refrains from conducting an analysis under the standard for intervention as of right.
However, the Court notes that even if SBC brought its motion under Rule 24(a), the analysis
would, nonetheless, yield the same result as the determination reached under the permissive
prong of Rule 24(b) because there is no absolute right to intervene in Tunney Act proceedings.
*See United States v. AT&T*, 552 F. Supp. 131, 218 n.362 (D.D.C. 1982) (text and accompanying
footnote), *aff'd without opinion sub nom, Maryland v. United States*, 460 U.S. 1001 (1983); *see
also United States v. Airline Tariff Publishing Co.*, 1993 U.S. Lexis 3553 at *4 (D.D.C. 1993).

> authorize full or limited participation in proceedings before the court by interested
> persons or agencies, including appearance amicus curiae, intervention as a party
> pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other
> manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3); SBC Mem. at 4.  The Court recognizes that its discretion in the context of

permissive intervention is framed by the guidance of Federal Rule of Civil Procedure 24(b) as

"the Tunney Act looks entirely to [Rule] 24 to supply the legal standard for intervention."

*Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780, fn. 2 (D.C.

Cir. 1997).  In pertinent part, Federal Rule of Civil Procedure 24(b) provides that:

> [u]pon timely application anyone may be permitted to intervene in an action . . .
> when an applicant's claim or defense and the main action have a question of law
> or fact in common . . .   In exercising its discretion the court shall consider
> whether the intervention will unduly delay or prejudice the adjudication of the
> rights of the original parties.

Fed. R. Civ. P. 24(b).[2]  Summarily, a proposed intervenor must show that: 1) it has questions of

law and fact in common with the anchoring suit and 2) intervention will not cause undue delay or

prejudice for the original parties.  *Id.*  Upon review of these factors, the Court finds that SBC

fails to satisfy both of the inquiries relevant to a motion for permissive intervention, and as such,

permissive intervention must, at this juncture, be denied.

    The first prong of Rule 24(b)(2), which requires that the would-be intervenor advance a

"claim or defense" sharing common questions with the claims of the original parties, advances

the "apparent goal of disposing of related controversies together."  *EEOC v. National Children's*

---

[2]Federal Rule of Civil Procedure 24(b) also permits intervention "when a statute of the
United States confers a conditional right to intervene."  Fed. R. Civ. P. 24(b)(1).  However,
because this Circuit's precedent has not recognized that the Tunney Act gives a third party any
such conditional right, *Massachusetts School of Law at Andover*, 118 F.3d at 780 n.2, this
Court's analysis will solely focus on SBC's claims pursuant to Rule 24(b)(2).

*Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998)).  "The words 'claim or defense' manifestly

refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or

impending lawsuit."  *Id.* (quoting *Diamond v. Charles*, 476 U.S. 54 (1986) (O'Connor, J.

concurring)).  Adhering to this Circuit's precedent which "eschew[s] strict readings of the phrase

'claims or defense,' allowing intervention even in 'situations where the existence of any

nominate "claim or defense" is difficult to find,'" *id.* at 1046 (quoting *Nuesse v. Camp*, 385 F.2d

694, 704 (D.C. Cir. 1967)), the Court, even under this liberal standard, cannot find that SBC has

satisfied this requirement.  Despite careful review of SBC's motion and nine page memorandum

in support thereof, the Court cannot find any assertion by SBC of a cognizable claim "fitting the

parameters of Rule 24(b)(2)."  United States Opp'n at 5.  Furthermore, the Court finds that given

the complexity of proceedings in this case, the addition of SBC as a party-intervenor would

unduly delay proceedings and cause prejudice to the parties.  Accordingly, the Court concludes,

in its discretion, that SBC's motion to intervene pursuant to Rule 24(b)(2) shall be denied.[3]

      As noted above, SBC asks, in the alternative, that it be permitted to participate as amicus

curiae.  The Court has broad discretion to permit such participation pursuant to 15 U.S.C.

---

[3]The Court notes that SBC's argument that "the Litigating States [are no] longer parties to this action and the [Tunney Act] proceeding, because this Court recently deconsolidated the States' case from the instant action" misunderstands the effect of consolidation and deconsolidation.  As the Court explained in its Order:

> Consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. Rather, consolidation is a purely ministerial act which, as the record in these cases reflects, relieves the parties and the Court of the burden of duplicative pleadings and Court orders.

*United States v. Microsoft Corp.*, Nos. 98-1232 & 98-1233 (order deconsolidating cases) (internal quotation marks and citations omitted).

§ 16(f).[4]  An amicus curiae, defined as "friend of the court," Black's Law Dictionary 7th ed.

1999 at 83, does not represent the parties but participates only for the benefit of the Court.

Accordingly, it is solely within the discretion of the Court to determine the fact, extent, and

manner of participation by the amicus.  *See Ryan v. Commodity Futures Trading Comm'n*, 125

F.3d 1062, 1064 (7th Cir. 1997) (Posner, J., in chambers) ("In an era of heavy judicial caseloads

and public impatience with the delays and expense of litigation, we judges should be assiduous

to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties'

briefs do not give us all the help we need for deciding the appeal.").

With regard to its request for participation as amicus curiae, SBC argues that its

involvement is appropriate because its comments have not yet been provided to the Court.  Since

SBC filed its motion, however, the Court has received SBC's 160-page comment which was

submitted to the Department of Justice.  As noted above, the Court will review all of the

comments related to the RPFJ.  Notwithstanding this fact, SBC continues to argue that it will not

have an opportunity to "reply to the written responses filed with the Court by Microsoft and the

government."  SBC Mem. at 7.  Because such a response may be of use to the Court, the Court

will permit SBC to participate in a limited capacity as amicus curiae.

In order to ensure that the participation of amici is helpful to the Court, the Court shall

---

[4]Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*AT&T*, 552 F. Supp. at 218 (citing legislative history).

establish strict parameters to govern the manner in which amici may contribute to the Tunney

Act proceedings.  The Court wants first to emphasize that any participation as amicus curiae

should not be utilized to *repeat* arguments and assertions detailed in that entity's comments filed

pursuant to 15 U.S.C. § 16(b).  Instead, the Court shall permit each entity serving as amicus

curiae to submit a single amicus brief in *reply* to the memoranda filed by Microsoft and the

United States in response to the public comments.  In accordance with LCvR 7.1(e), any such

reply memorandum shall not exceed twenty-five pages.  In its role of amicus curiae, SBC may

use the reply memorandum to raise arguments responsive to the February 27, 2002, and March 1,

2002, memoranda filed by the United States and Microsoft.  SBC may also utilize the reply

memorandum to raise new issues and arguments which were not raised in the comments SBC

filed with the Department of Justice.  If SBC prefers that the Court review its amicus reply brief

*prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy

to chambers not later than 5 p.m. on March 4, 2002.  Otherwise, SBC shall file its reply brief not

later than 10 a.m. on March 11, 2002.  In addition, the Court will permit SBC to address the

Court for no more than ten minutes during the upcoming Tunney Act hearing.  SBC may use this

time to address any issues not previously raised in its comments and/or to emphasize the most

significant issues raised in its comments.  Again, the Court does not want this time to be spent

summarizing or rehashing issues previously discussed in detail in the comments filed with the

Department of Justice.  Participation of amici beyond these parameters will not be permitted, as

such participation threatens to burden the Court with duplicative material and, more importantly,

is unlikely to be of great assistance to the Court.

Based on the foregoing, it is this 28th day of February, 2002, hereby

**ORDERED** that SBC's motion for permissive intervention is DENIED; and it is further

**ORDERED** that SBC shall be permitted to assist the Court in the role of amicus curiae in the following manner:

- SBC may file a reply memorandum, as described above, not exceeding twenty-five pages;
- If SBC prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002.  Otherwise, SBC shall file its reply brief not later than 10 a.m. on March 11, 2002;
- SBC may present not more than ten minutes of oral argument during the Tunney Act hearing; and it is further

**ORDERED** that, if SBC chooses to present argument to the Court at the upcoming Tunney Act hearing, it shall identify the individual who will be addressing the Court not later than 10 a.m. on March 4, 2002.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

7