UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

MICROSOFT CORPORATION,

  Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION**

    Presently before the Court is a motion to intervene filed by the Project to Promote Competition & Innovation in the Digital Age (ProComp). ProComp seeks to intervene in the judicial proceeding being conducted by this Court pursuant to 15 U.S.C. § 16(e) and (f) (hereinafter referred to as "the Tunney Act proceeding"). The purpose of the Tunney Act proceeding is to assist the Court in determining whether the "Revised Proposed Final Judgment" (RPFJ) submitted by the United States and Microsoft Corporation in the above-captioned matter is "in the public interest." 15 U.S.C. § 16(e) and (f). In particular, ProComp seeks status as a party-intervenor so that it may: (1) request an evidentiary hearing to address the RPFJ proposed by the parties as a resolution to this case; (2) participate in any Tunney Act proceeding held by the Court by providing evidence, as well as argument; and (3) preserve any right to appeal the Court's ruling with regard to the RPFJ. ProComp Mot. at 1-2. ProComp requests, in the alternative, that it be permitted to participate as amicus curiae. ProComp's motion to intervene, or in the alternative, to serve as amicus curiae, is opposed by both Microsoft and the United

States. *See generally* United States Opp'n; Microsoft Opp'n. Upon review of ProComp's motion and memorandum in support thereof and the oppositions of Microsoft and the United States, the Court concludes that ProComp's motion to intervene should be denied. The Court shall permit ProComp to serve as amicus curiae in a limited capacity.

ProComp describes itself as a "trade association founded by companies such as Sun Microsystems, Oracle, Netscape, and The Sabre Group to analyze competition and other policy issues relating to information technology." ProComp Mem. at 1. On January 28, 2002, ProComp filed approximately 127 pages of comment regarding the RPFJ with the Department of Justice. ProComp Mem., Ex. A at 1. Those comments have since been submitted to this Court as part of a group of approximately 47 "major" comments. In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

ProComp asserts that it is entitled to intervention as of right. Intervention as of right is governed by Federal Rule of Civil Procedure 24(a) which provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Applicable case law strongly indicates that, under the Tunney Act, there is no "absolute right" to intervene for purposes of objecting to the entry of a proposed consent decree. *See United States v. AT&T*, 552 F. Supp. 131, 218 n.362 (D.D.C. 1982) (text and accompanying footnote), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S.

1001 (1983); *see also United States v. Airline Tariff Publishing Co.*, 1993 U.S. Lexis 3553 at *4 (D.D.C. 1993). Notwithstanding this precedent, to the extent that intervention as of right may be appropriate, it is well established that "the Tunney Act looks entirely to [Rule] 24 to supply the legal standard for intervention." *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780, fn. 2 (D.C. Cir. 1997). Therefore, in considering ProComp's motion to intervene as of right, the Court shall apply this Circuit's standard test for intervention as of right. In general, courts in this Circuit have analyzed motions to intervene as of right according to the following four factors: (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action;" (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and (4) whether "the applicant's interest is adequately represented by existing parties." *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(a)) (internal citations omitted). Failure to satisfy any one of the four factors is a sufficient ground for denying intervention. *Securities Exchange Comm'n v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998).

As the timeliness of proposed intervenor's motion is not in dispute, the Court will proceed directly to the second inquiry applicable to a claim of intervention as of right– ProComp's asserted interest in these proceedings. ProComp does not identify the nature of its purported interest in these proceedings with any precision. Instead, ProComp argues in conclusory fashion that the "interest" requirement is broadly construed and that ProComp satisfies the requirement. ProComp Mem. at 13. ProComp goes on to state somewhat cryptically that it possesses both "legal and business interests." *Id.* Strikingly, ProComp offers

little or no elaboration regarding the exact nature of its purported interest or interests. *Id.* In the absence of greater detail, the Court can only conclude that ProComp has failed to articulate an interest in this case. This conclusion alone justifies denial of ProComp's motion to intervene. Nonetheless, the Court will proceed, to the extent possible, to consider the remaining inquiries relevant to intervention as of right.

ProComp further asserts that the stare decisis effect of this Court's decision supplies the requisite impairment of interest. *Id.* at 14. In support of this assertion, ProComp relies almost entirely upon *Neusse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967). While *Neusse* provides that "stare decisis principles *may in some cases* supply the practical disadvantage that warrants intervention as of right," 385 F.2d at 702, ProComp's assertion that "the alleged impairment [of its interest] is much more significant" than the interest asserted in *Neusse* is without basis. ProComp Mem. at 14. As with the nature of its purported interest, ProComp's explanation of the alleged impairment of this interest is exceedingly vague. ProComp asserts that the consent decree "purports to define how ProComp's members . . . will interact with a proven monopolist for years to come." ProComp Mem. at 14. This reading of the proposed consent decree is unnecessarily broad. ProComp's real complaint appears to be that the proposed consent decree does not advance the interests of its members to the extent that ProComp deems appropriate. As explained in *Massachusetts School of Law at Andover*, 118 F.3d at 780, "mere failure to secure better remedies for a third party . . . is not a qualifying impairment" of a right which justifies intervention. Thus, ProComp fails to satisfy the third requirement for intervention as of right.

Finally, in light of ProComp's undefined interest in these proceedings, it is difficult to ascertain whether that interest, presuming for the sake of argument that it exists, is adequately

4

represented.[1] Given that ProComp appears to represent a vocal group of Microsoft's staunchest competitors, it is quite clear that whatever interest ProComp may have, it is unlikely that Microsoft represents that interest. With regard to the United States, this case again seems comparable to the situation addressed in *Massachusetts School of Law*.[2] In that case, the Court of Appeals noted that the interests of the United States and the proposed intervenor were "closely aligned" such that the divergence between the two–the plaintiff's desire to have the government "invest resources without limit" did not suffice as a basis for inadequate representation. *Massachusetts School of Law*, 118 F.3d at 781. Adhering to the guidance of the Court of Appeals, this Court "do[es] not think representation is inadequate just because a would-be intervenor is unable to free-ride as far as it might wish–a well nigh universal complaint." *Id.* Accordingly, the Court concludes that proposed intervenor has failed to establish an entitlement

---

[1]ProComp's contention that this Court's deconsolidation of *United States v. Microsoft Corp.*, No. 98-1232, from *State of New York v. Microsoft Corp.*, No. 98-1233, removed the so-called Litigating States from the "Tunney Act case" misunderstands the effect of consolidation and deconsolidation. As the Court explained in its Order:
> Consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. Rather, consolidation is a purely ministerial act which, as the record in these cases reflects, relieves the parties and the Court of the burden of duplicative pleadings and Court orders.

*United States v. Microsoft Corp.*, Nos. 98-1232 & 98-1233 (order deconsolidating cases) (internal quotation marks and citations omitted).

[2]ProComp's reliance upon *United States v. AT&T*, 642 F.2d 1285, 1293-95 (D.C. Cir. 1980), for the proposition that "the DOJ inadequately represented [a] competitor's interests," mischaracterizes the holding in that case. ProComp Mem. at 15. Notably, the *AT&T* court held that the Department of Justice's interests diverged with MCI only to the extent that the "United States did not share the strong interest MCI had to appeal *for protection of its work product privilege*." *AT&T*, 642 F.2d at 1293 (emphasis added). The *AT&T* opinion did not address the merits of any right MCI may or may not have had in generally appealing the consent decree entered between the United States and AT&T.

to intervention as of right.[3]

Proposed intervenor asserts, in the alternative, a desire to participate in any hearing held regarding the proposed consent decree pursuant to 15 U.S.C. § 16(f). Section 16(f) provides, in pertinent part, that the Court may "authorize full or limited participation in proceedings before the court by interested persons or agencies." 15 U.S.C. § 16(f). Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*AT&T*, 552 F. Supp. at 218 (citing legislative history). ProComp argues that it should be able to participate in briefing and present evidence and/or argument in conjunction with the upcoming Tunney Act hearing. ProComp Mot. at 16-18. ProComp argues further that, at a minimum, it should be heard as amicus curiae. *Id.* at 17-18. ProComp's request in this regard seems somewhat redundant in light of the lengthy comment it submitted to the Department of Justice in response to the proposed consent decree. Even the single piece of evidence ProComp seeks to have admitted, the testimony of economist Kenneth Arrow, has been appended, in the form of a declaration, to ProComp's submission of commentary to the Department of Justice. ProComp Mot. at 1 n.3. ProComp does not indicate what more Professor Arrow would add to that

---

[3]To the extent that ProComp seeks status as an intervenor for purposes of appeal, the Court concludes that such a request is premature. As this Court has not made any findings with regard to whether the proposed consent decree in this case is in the public interest, the Court lacks a fully developed record upon which the Court can evaluate ProComp's interest in appealing the Court's ultimate judgment. Thus, the Court shall deny this aspect of ProComp's motion without prejudice.

declaration if permitted to appear before the Court in conjunction with the Tunney Act proceedings. Similarly, ProComp does not indicate what further argument it would offer if permitted to participate as amicus curiae or otherwise in the Tunney Act proceedings.

Because the Court is authorized to consider ProComp's comments submitted to the Department of Justice, 15 U.S.C. § 16(f)(4), and because the Court has already received and will review copies of ProComp's comments, as well as the comments of ProComp member Sun Microsystems, and the parent company of ProComp member Netscape, the Court considers any additional participation by ProComp to be largely superfluous. Notwithstanding this fact, the Court shall permit ProComp to participate in a very limited capacity as amicus curiae.

In order to ensure that the participation of amici is helpful to the Court, the Court shall establish strict parameters to govern the manner in which amici may contribute to the Tunney Act proceedings. The Court wants first to emphasize that any participation as amicus curiae should not be utilized to *repeat* arguments and assertions detailed in that entity's comments filed pursuant to 15 U.S.C. § 16(b). Instead, the Court shall permit each entity serving as amicus curiae to submit a single amicus brief in *reply* to the memoranda filed by Microsoft and the United States in response to the public comments. In accordance with LCvR 7.1(e), any such reply memorandum shall not exceed twenty-five pages. In its role of amicus curiae, ProComp may use the reply memorandum to raise arguments responsive to the February 27, 2002, and March 1, 2002, memoranda filed by the United States and Microsoft. ProComp may also utilize the reply memorandum to raise new issues and arguments which were not raised in the comments ProComp filed with the Department of Justice. If ProComp prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court

and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002. Otherwise, ProComp shall file its reply brief not later than 10 a.m. on March 11, 2002. In addition, the Court will permit ProComp to address the Court for no more than ten minutes during the upcoming Tunney Act hearing. ProComp may use this time to address any issues not previously raised in its comments and/or to emphasize the most significant issues raised in its comments. Again, the Court does not want this time to be spent summarizing or rehashing issues previously discussed in detail in the comments filed with the Department of Justice. Participation of amici beyond these parameters will not be permitted, as such participation threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court.

Based on the foregoing, the Court shall deny ProComp's motion to intervene as of right. The Court further concludes that ProComp will be permitted to participate as amicus curiae only to the extent describe above. An appropriate Order accompanies this Memorandum Opinion.

February 28, 2002

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge