```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA,

   Plaintiff,

     v.

MICROSOFT CORPORATION,

   Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court upon the filing of a motion by the Software & Information Industry Association (SIIA). SIIA's motion seeks leave of the Court "for full or limited participation" in the judicial proceeding being conducted by this Court pursuant to 15 U.S.C. § 16(e) and (f) (hereinafter referred to as "the Tunney Act proceeding"). The purpose of the Tunney Act proceeding is to assist the Court in determining whether the "Revised Proposed Final Judgment" (RPFJ) submitted by the United States and Microsoft Corporation in the above-captioned matter is "in the public interest." 15 U.S.C. § 16(e) and (f). SIIA expressly does not seek to intervene, but instead requests participation "whether by way of amicus briefs, oral argument, or evidentiary presentation." SIIA Mem. at 2. Both Microsoft and the United States oppose SIIA's motion. *See generally* Microsoft Opp'n; United States Resp.

SIIA describes itself as "the principal trade association of the software code and information content industry" and claims among its "key public policy goals . . . the promotion of competition in the software industry." SIIA Mem. at 2. On January 28, 2002, SIIA submitted

comments regarding the RPFJ to the United States Department of Justice. *Id.* SIIA's comments have since been provided in full to the Court as part of a group of approximately 47 "major" comments. *Id.* In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

In support of its motion, SIIA properly recognizes this Court's broad discretion to permit third-party participation in Tunney Act proceedings. In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3); SIIA Mot. at 4. Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982) (citing legislative history), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983). SIIA argues that its participation is appropriate because Microsoft and the United States will present only one side of the "merits and legal sufficiency" of the RPFJ's provisions. *Id.* As the self-described "largest association of software and information developers," SIIA asserts that its is "uniquely positioned to provide the Court with a meaningful opportunity to understand the industry's opposition to the

2

[RPFJ]." *Id.* at 4-5.

Pursuant to the flexible framework of Section 16(f) and, in exercising its discretion, the Court shall permit SIIA to file an amicus brief. In order to ensure that the participation of amici is helpful to the Court, the Court shall establish strict parameters to govern the manner in which amici may contribute to the Tunney Act proceedings. The Court wants first to emphasize that any participation as amicus curiae should not be utilized to *repeat* arguments and assertions detailed in that entity's comments filed pursuant to 15 U.S.C. § 16(b). Instead, the Court shall permit each entity serving as amicus curiae to submit a single amicus brief in *reply* to the memoranda filed by Microsoft and the United States in response to the public comments. In accordance with LCvR 7.1(e), any such reply memorandum shall not exceed twenty-five pages. In its role of amicus curiae, SIIA may use the reply memorandum to raise arguments responsive to the February 27, 2002, and March 1, 2002, memoranda filed by the United States and Microsoft. SIIA may also utilize the reply memorandum to raise new issues and arguments which were not raised in the comments SIIA filed with the Department of Justice. If SIIA prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002. Otherwise, SIIA shall file its reply brief not later than 10 a.m. on March 11. In addition, the Court will permit SIIA to address the Court for no more than ten minutes during the upcoming Tunney Act hearing. SIIA may use this time to address any issues not previously raised in its comments and/or to emphasize the most significant issues raised in its comments. Again, the Court does not want this time to be spent summarizing or rehashing issues previously discussed in detail in the comments filed with the Department of Justice. Participation of amici

3

beyond these parameters will not be permitted, as such participation threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court.

Based on the foregoing, it is this 28th day of February, 2002, hereby

**ORDERED** that SIIA's motion for limited participation is GRANTED in part; and it is further

**ORDERED** that SIIA shall be permitted to assist the Court in the role of amicus curiae in the following manner:

- SIIA may file a reply memorandum, as described above, not exceeding twenty-five pages;
- If SIIA prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002. Otherwise, SIIA shall file its reply brief not later than 10 a.m. on March 11, 2002.
- SIIA may present not more than ten minutes of oral argument during the Tunney Act hearing; and it is further

**ORDERED** that, if SIIA chooses to present argument to the Court at the upcoming Tunney Act hearing, it shall identify the individual who will be addressing the Court not later than 10 a.m. on March 4, 2002.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge