UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, <br><br>   Plaintiff, <br><br>   v. <br><br> MICROSOFT CORPORATION, <br><br>   Defendant. |

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

    This case comes before the Court upon the filing of a motion by a group of states who are presently engaged in litigation of a case previously consolidated with the above-captioned case. *See United States v. Microsoft Corp.*, Nos. 98-1232 and 98-1233 (February 1, 2002) (deconsolidating *United States v. Microsoft Corp.*, No. 98-1232 from *State of New York v. Microsoft Corp.*, No. 98-1233). These states, the so-called non-Settling or Litigating States, request that the Court exercise its discretion pursuant to 15 U.S.C. § 16(f) to authorize limited participation by the Litigating States in the Tunney Act proceedings in the above-captioned case. In particular, the Litigating States seek participation in the Tunney Act proceedings only so that they may "bring to the Court's attention, through this brief and attached exhibits," information revealed during the Litigating States' deposition of Microsoft Senior Vice-President in charge of the OEM Division Richard Fade. Litigating States Mot. at 1. The United States does not oppose this motion, and Microsoft "welcomes that filing and the opportunity to respond to it through the Declaration of Richard Fade" submitted with its responsive memorandum. Microsoft Response

at 1; *see generally* United States Response. Notably, the Litigating States do not request participation beyond the filing of their memorandum and the exhibit appended thereto. Upon review of the Litigating States' motion, the responses of Microsoft and the United States, and the Litigating States' reply, the Court concludes that the Litigating States' motion shall be granted.

In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*See United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982) (citing legislative history), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983). In the absence of any objection and, given the very limited extent of the Litigating States' requested participation, the Court, in its discretion, shall grant the Litigating States' motion. In addition, the Court shall consider Microsoft's responsive submission and the declaration appended thereto, as well as the Litigating States' reply.

Based on the foregoing, it is this 28th day of February, 2002, hereby

**ORDERED** that the Litigating States' Motion for Limited Participation is GRANTED.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge