UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   Plaintiff,

    v.

MICROSOFT CORPORATION,

   Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court upon the filing of two motions requesting limited participation as amicus curiae by Relpromax Antitrust, Inc. (Relpromax).  Relpromax requests leave of the Court to participate as amicus curiae in the judicial proceeding being conducted by this Court pursuant to 15 U.S.C. § 16(e) and (f) (hereinafter referred to as "the Tunney Act proceeding").  The purpose of the Tunney Act proceeding is to assist the Court in determining whether the "Revised Proposed Final Judgment" (RPFJ) submitted by the United States and Microsoft Corporation in the above-captioned matter is "in the public interest."  15 U.S.C. § 16(e) and (f).  Relpromax's motions are opposed by both the United Stats and Microsoft.  Upon review of Relpromax's motions and errata, the oppositions of the United States and Microsoft, and Relpromax's reply, the Court concludes, in its discretion, that Relpromax's motions shall be denied in their entirety.

On January 24, 2002, Relpromax filed a "Motion for Limited Participation as an Amicus Curiae and for an Extension of Time" (Motion I).  Motion I, which focused on the alleged

insufficiency of Microsoft's disclosures pursuant to 15 U.S.C. § 16(g), was accompanied by a memorandum of points and authorities, as well as Exhibits A-I.  On January 28, 2002, Relpromax filed a second "Motion for Limited Participation as an Amicus Curiae and for an Extension of Time" (Motion II), accompanied by a memorandum of points and authorities, Supplement and Notice of Errata (to Motion I), and accompanying exhibits.  Motion II focuses on alleged deficiencies in the United States' compliance with 15 U.S.C. § 16(b).  Relpromax does not identify the basis for its purported relationship to the above-captioned case, stating only that it considers itself an "interested person."  Motion I at 26.  Both of Relpromax's motions request that the Court grant "an extension of the time to file comments on the [RPFJ]."  Motion II at 2; *see also* Motion I at 23.

On January 28, 2002, Relpromax submitted its twenty-five page comment and extensive exhibits regarding the RPFJ to the United States Department of Justice.  Relpromax's comments have since been provided in full to the Court as part of a group of approximately 47 "major comments."[1]  In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

Addressing first Relpromax's motion to participate as amicus curiae, it appears that

---

[1]The Department of Justice provided the 47 "major" comments to the Court in a set of five binders, each binder being approximately 3.5 inches think.  The comments and exhibits submitted to the Department of Justice by Relpromax occupy nearly two of the five binders submitted to the Court.  Given these facts, the Court can only wonder what more Relpromax could possibly have to say.

2

Relpromax brings its motion pursuant to 15 U.S.C. § 16(f)(3).[2]  The Court possesses broad discretion to determine the nature and extent of third-party participation in Tunney Act proceedings.  In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3).  Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982) (citing legislative history), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983).

Relying on 15 U.S.C. § 16(f), Relpromax proposes that it be permitted to "assist [the Court] in obtaining the statutorily required" filings; "compel the United States to comply with the [Tunney Act]," and "extend the time for comments to provide Relpromax and all interested parties with their statutory rights."  Motion II at 2.  The Court sees no need for such substantial assistance from Relpromax.  Moreover, contrary to Relpromax's contention, the Court is certain that if Relpromax was permitted to participate to the full extent it proposes, these proceedings

---

[2] Relpromax affirmatively disclaims any intent to intervene in this action. Relpromax Reply at 4.

would be inappropriately sidetracked and delayed.

The issues raised in Relpromax's filings have been raised by other proposed amici and by the Court itself. In light of this fact and absent any information relevant to Relpromax's asserted interest in these proceedings, the Court concludes that the input of Relpromax will merely echo arguments which have been, or will be, briefed for the Court by other entities. In order to avoid participation by amici which threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court, the Court, in its broad discretion, shall deny Relpromax's motions to file memoranda as amicus curiae.

Turning to Relpromax's two requests that the Court extend the time within which the public may file comments related to the RPFJ, the Court concludes that these requests must be denied. These requests appear to be based upon Relpromax's view that "if the Court does not order full disclosures now, entry of the RPFJ could be reversed on appeal for that reason alone." Motion I at 24. The Court does not agree. As the Court has previously recognized:

> the Court cannot approve the proposed consent decree without *first* addressing the sufficiency of [Microsoft's and the United States'] Tunney Act disclosures. If the Court determines that the disclosures were insufficient, the proposed consent decree cannot be approved. Conversely, a determination that [Microsoft's and the United States'] disclosures are sufficient under the Tunney Act leads to the parallel conclusion that [movant's] claims of insufficiency are without merit.

*American Antitrust Institute v. Microsoft*, No. 02-138 (D.D.C. February 20, 2002) (memorandum opinion denying motion for preliminary injunction and dismissing in part). Because the Court will address the sufficiency of the Tunney Act disclosures prior to any public policy finding, the Court need not, as Relpromax suggests, re-open the public comment period at this time. Accordingly, the Court shall deny Relpromax's motions for an extension of time within which to

submit comments.

Based on the foregoing, it is this 28th day of February, 2002, hereby

**ORDERED** that both of Relpromax's motions for limited participation are DENIED; and it is further

**ORDERED** that both of Relpromax's motions to extend time are DENIED.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge