UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   Plaintiff,

     v.

MICROSOFT CORPORATION,

   Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION**

Before the Court is a motion to intervene, or in the alternative, for leave to file a brief as amicus curiae, brought by the "California plaintiffs." Mot. to Intervene at 1.[1] Proposed intervenors identify themselves as "the 13 million plaintiffs in the certified indirect purchaser class action pending against Microsoft in California Superior Court." *Id.* at 1. The California plaintiffs request intervention in the above-captioned case pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Both parties to the above-captioned case oppose any form of participation by the California plaintiffs. *See generally* United States Opp'n; Microsoft Opp'n. Upon review of the California plaintiffs' motion to intervene, the oppositions of the United States and Microsoft, and the relevant case law, the Court concludes that proposed intervenors'

---

[1] Proposed intervenors have filed three documents with the Court: (1) Motion for Intervention, (2) Complaint in Intervention, and (3) Memorandum of Points and Authorities in Support of Intervention. Because these three documents are numbered as a single document, the Court will not distinguish among them in its citation, but will cite to them as "Mot. to Intervene" and provide the corresponding page number.

motion to intervene should be denied. With regard to proposed intervenors' motion to file as amicus curiae, the Court shall deny this request as well.

The gravamen of proposed intervenors' motion is that the Revised Proposed Final Judgment (RPFJ) filed in this case improperly purports to "erase findings of fact and conclusions of law after they have been affirmed on appeal." Mot. to Intervene at 10. In addition, proposed intervenors insist that the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)-(h), is inapplicable to the above-captioned case given that Findings of Fact and Conclusions of Law have already been entered and affirmed in part on appeal. *Id.* at 11. Based upon these primary assertions, proposed intervenors claim that they are entitled to intervention as of right.

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a) which provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Applicable case law indicates strongly that, under the Tunney Act, there is no "absolute right" to intervene for purposes of objecting to a proposed consent decree. *See United States v. AT&T*, 552 F. Supp. 131, 218 n.362 (D.D.C. 1982) (text and accompanying footnote), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983); *see also United States v. Airline Tariff Publishing Co.*, 1993 U.S. Lexis 3553 at *4 (D.D.C. 1993). Notwithstanding this precedent, to the extent that intervention of right may be appropriate, it is

well established that "the Tunney Act looks entirely to [Rule] 24 to supply the legal standard for intervention." *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780, fn. 2 (D.C. Cir. 1997). Therefore, in considering the California plaintiffs' motion to intervene as of right, this Court shall apply this Circuit's standard test for intervention as of right. In general, courts in this Circuit have analyzed motions to intervene as of right according to the following four factors: (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action;" (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and (4) whether "the applicant's interest is adequately represented by existing parties." *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(a)) (internal citations omitted). Failure to satisfy any one of these four factors is a sufficient ground for denying intervention. *Securities Exchange Comm'n v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998).

As the timeliness of proposed intervenors' motion is not in dispute, the Court will proceed directly to the second and third inquiries applicable to a claim of intervention as of right. The California plaintiffs' motion to intervene is exceedingly vague in identifying the purported interest upon which proposed intervenors rely to assert a right to intervene. The motion to intervene and complaint in intervention identify only one purported interest, namely, an interest in "seeking that this court carry out the Court of Appeals' mandate." Mot. to Intervene at 2 (Compl. in Intervention ¶ 6).

"Rule 24(a) 'impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." *Mova Pharmaceutical*, 140 F.3d at 1074 (quoting *Southern Christian*

*Leadership Conference v. Kelly*, 747 F.2d 777, 779 (D.C. Cir. 1984)). In this regard, "potential intervenors must establish 'prudential' as well as constitutional standing." *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 29 (D.D.C. 2000). Standing, a component of Article III's limitations on the justiciability of a claim, inquires as to whether the plaintiff has "'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1975)). An individual or entity's interest in seeing that the law is adhered to is too general an interest to confer standing. *See id.* at 499 ("[W]hen the harm asserted is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). The California plaintiffs' purported interest in ensuring that this Court acts properly in response to the Court of Appeals' mandate on remand is just such a general interest. As a result, this purported interest cannot be said to confer standing upon the California plaintiffs for purposes of intervention.

To the extent that proposed intervenors' complaint and motion can be read to assert a more particularized interest in this litigation, one might read these documents to assert an interest in preserving the "Findings of Fact" and "Conclusions of Law" entered in the above-captioned case and affirmed in part on appeal. The articulation of such an interest is unclear, but to the extent it has been articulated, proposed intervenors fail to provide any legal support for the proposition that they have a "*right* to make use of [the] Findings [of Fact] and Conclusions [of Law]." Mot. to Intervene at 4 (Compl. in Intervention ¶ 6) (emphasis added). In the absence of legal support, the Court does not adopt the view that this purported "right" satisfies the second

4

prong of the Rule 24(a) inquiry.

Proposed intervenors advance the unsupported position that the RPFJ purports to vacate the Findings of Fact and Conclusions of Law affirmed by the Court of Appeals. Claiming that they possess an absolute "right" to rely upon those Findings of Fact and Conclusions of Law, proposed intervenors argue that this "right to make use" will be impaired. Mot. to Intervene at 4 (Compl. in Intervention ¶ 5). In so arguing, proposed intervenors invite this Court, in addressing their motion to intervene, to declare that the RPFJ does not void a potential collateral estoppel effect of the Findings of Fact and Conclusions of Law. As the proponents of an entirely separate action, proceeding in California state court and advancing violations of California law, proposed intervenors direct their argument to the wrong court.[2] The collateral estoppel effect of the Findings of Fact and Conclusions of Law upon the California plaintiffs in their state court action is best left for determination by the California court. Proposed intervenors acknowledge as much throughout their memorandum with their insistence that this Court is powerless to deprive them of the alleged collateral estoppel effect of the Findings of Fact and Conclusions of Law. *See generally* Mot. to Intervene.

Despite their doomsday-like predictions regarding the effect of the RPFJ upon the

---

[2]The Court notes in this regard that, according to the California plaintiffs, the California state court in which their action is proceeding has indicated an "intention to instruct the jury that Microsoft has violated the antitrust laws based on the district court's affirmed Findings and Conclusions." Mot. to Intervene at 4 (Compl. in Intervention ¶ 5). This California court's apparent intent to rely on this cases's Findings of Fact and Conclusions of Law exposes the highly speculative nature of the California plaintiffs' request for a ruling from this Court: the California plaintiffs seek a ruling from this Court based upon the speculation that the California Court will abandon its previous intent as a result of more recent proceedings in this case. This Court will not entertain the California plaintiffs' request for comfort and reassurance on an issue which is properly addressed to the California state court.

5

previously entered Findings of Fact and Conclusions of Law, the California plaintiffs do not claim, and cannot claim, that their "right to litigate their claims independently" has been impaired. *See In re Vitamins Antitrust Class Actions*, 215 F.3d at 29. Analogously situated to "opt-out" plaintiffs in a class action suit, proposed intervenors' rights are fully preserved. *Id.* In other words, even if proposed intervenors' worst fears prove to be true, they will suffer only the inconvenience of having to proceed without the benefit of the Findings of Fact and Conclusions of Law. While certainly such a circumstance would not be ideal for proposed intervenors, they will suffer no impairment to their right to proceed with suit in a California state court. *Massachusetts School of Law at Andover*, 118 F.3d at 780-81 (noting the absence of any case equating the "failure to promote an interest with its impairment"). Accordingly, the Court finds that proposed intervenors have not asserted an interest which is likely to be impaired or impeded by these proceedings.[3] As a direct result, the California plaintiffs have not established an entitlement to intervention as of right.[4]

Notwithstanding their failure to establish the second and third elements necessary for intervention as of right, the Court will proceed to consider the fourth element necessary for intervention pursuant to Rule 24(a), namely, whether proposed intervenors are adequately

---

[3] To the extent that proposed intervenors insist that the Court is proceeding improperly as a procedural matter, the Court concludes that this assertion, like proposed intervenors' claimed interest in ensuring adherence to Court of Appeals' mandate, is too general an interest to confer the necessary standing for raising such an objection. *See Warth*, 422 U.S. at 499. Furthermore, proposed intervenors have no basis upon which to claim that they will suffer any impairment of rights if this Court, as proposed intervenors allege, proceeds with its analysis of the RPFJ under an improper standard.

[4] Because proposed intervenors advance intervention only pursuant to Rule 24(a), the Court will not perform the analysis of permissive intervention pursuant to Rule 24(b).

represented. Given that the California plaintiffs are presently engaged in a state-court suit in which Microsoft is the defendant, it is quite clear that whatever interest the California plaintiffs may have, it is unlikely that Microsoft represents that interest. With regard to the United States, the situation before the Court again seems comparable to that addressed in *Massachusetts School of Law*. In that case, the Court of Appeals noted that the interests of the United States and the proposed intervenor were "closely aligned" such that the divergence between the two– the plaintiff's desire to have the government "invest resources without limit" did not suffice as a basis for inadequate representation. *Massachusetts School of Law*, 118 F.3d at 781. Adhering to the guidance of the Court of Appeals, this Court "do[es] not think representation is inadequate just because a would-be intervenor is unable to free-ride as far as it might wish– a well nigh universal complaint." *Id.* Accordingly, the Court concludes that proposed intervenors have failed to establish the final requirement under Rule 24(a) for intervention as of right.

Proposed intervenors argue that, in the event they are not permitted to intervene, the Court should permit them to participate in this action in the role of amicus curiae. The Court has broad discretion to permit such participation pursuant to 15 U.S.C. § 16(f).[5] An amicus curiae, defined as "friend of the court," Black's Law Dictionary 7th ed. 1999 at 83, does not represent the parties but participates only for the benefit of the Court. Accordingly, it is solely within the

---

[5]Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):
> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*AT&T*, 552 F. Supp. at 218 (citing legislative history).

discretion of the court to determine the fact, extent, and manner of participation by the amicus. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, J., in chambers) ("In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal."). In this instance, both Plaintiff and Defendant oppose participation by the California plaintiffs collectively as amicus curiae. Given the California plaintiffs' seemingly single-minded interest in obtaining declarations from this Court which may be of some benefit in their proceedings in California state court, this Court is reluctant to create a forum for such extraneous arguments in an already complicated case. To the extent that the California plaintiffs seek to ensure proper application of the law and adherence to the mandate of the Court of Appeals, the Court is confident that it can find its way with the assistance of competent counsel representing both the United States and Microsoft, as supplemented by the comments and amicus filings of other parties asserting an interest. Accordingly, the Court shall deny the California plaintiffs' motion to participate collectively as amicus curiae. An appropriate Order accompanies this Memorandum Opinion.

February 28, 2002

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge