UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

MICROSOFT CORPORATION,

   Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court upon the filing of a motion by the Association for Competitive Technology (ACT) which seeks limited participation in the upcoming Tunney Act proceedings. ACT's motion is a "conditional motion to participate as a third party in the upcoming Tunney Act hearing, if the Court decides to allow any third parties to participate in that hearing." ACT brings its motion pursuant to Federal Rule of Civil Procedure 24 and 15 U.S.C. § 16(f). Microsoft supports ACT's motion to participate, and the federal government has not indicated its position with regard to ACT's motion. Upon review of ACT's motion and Microsoft's statement in support of ACT's motion, the Court shall permit ACT to participate in a limited capacity as amicus curiae.

ACT describes itself as "a nonprofit association representing thousands of companies and individuals in the information technology industry." ACT Mot. at 1. ACT acknowledges that Microsoft is among its members. *Id.* On January 28, 2002, ACT submitted comments regarding the Revised Proposed Final Judgment (RPFJ) to the United States Department of Justice. ACT's

comments have since been provided in full to the Court as part of a group of approximately 47 "major" comments. Notably, ACT's comments support entry of the proposed consent decree. *See generally* ACT Mot., Ex. 1. In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

The Court interprets ACT's "conditional motion" as a request for participation in a capacity equal to whatever participation is ultimately afforded to other non-parties. In other words, the Court views ACT's request to seek participation only to the extent that the Court permits other third parties to participate in the Tunney Act hearings. To date, the Court has ruled on a number of motions to participate and/or intervene for purposes of participating in the Tunney Act proceedings, and none of these proposed entities has satisfied the requirements for intervention as of right, pursuant to Rule 24(a), or permissive intervention, pursuant to Rule 24(b). As a result, no third-party has been permitted to intervene in these proceedings. In light of these circumstances, the Court does not interpret ACT's "conditional motion" to seek intervention.[1] Therefore, the Court will focus solely upon ACT's request to participate as amicus curiae pursuant to 15 U.S.C. § 16(f).

---

[1] Even if the Court considered ACT's motion as a request to intervene, it is plainly apparent that ACT has satisfied neither the permissive nor the "as of right" standard for intervention. First and foremost, ACT's motion does not identify which type of intervention is sought, nor does it engage in *any* analysis of the factors set forth in Rule 24(a) and (b) to determine whether intervention should be permitted. As a result, the Court can readily conclude that ACT has failed to establish that it is entitled to any form of intervention in these proceedings. The Court notes in addition that, under the Tunney Act, there is no "absolute right" to intervene for purposes of objecting to or supporting entry of a proposed consent decree. *See United States v. AT&T*, 552 F. Supp. 131, 218 n.362 (D.D.C. 1982) (text and accompanying footnote), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983); *see also United States v. Airline Tariff Publishing Co.*, 1993 U.S. Lexis 3553 at *4 (D.D.C. 1993).

This Court possesses broad discretion to define the nature of third-party participation in Tunney Act proceedings. In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*United States v. AT&T*, 552 F. Supp. at 218.

ACT argues that its participation is appropriate based on the logic that "if the Court is going to hear from those who would impose more onerous restrictions on Microsoft than those in the proposed consent decree, the Court should also hear from third-parties who believe that they will be harmed by those additional restrictions." ACT Mot. at 4. ACT's reference to "more onerous restrictions" is directed at the proposed remedy in *State of New York v. Microsoft Corp.*, No. 98-1233 (D.D.C.). Inasmuch as ACT's comments and proposed participation focus upon the remedy proffered by the so-called Litigating States in *State of New York v. Microsoft*, ACT's focus is misplaced. The remedy proposed by the Litigating States in *State of New York v. Microsoft* is not before the Court in this case. Accordingly, reference to that proposed remedy has no place in these proceedings. The only proposed remedy in this action is the consent decree

3

proposed jointly by the United States and Microsoft,[2] and thus, any entity seeking to participate in these proceedings should limit its argument to supporting or opposing that remedy.

Notwithstanding ACT's somewhat misguided argument regarding the remedy proposed in a separate action, the Court will permit ACT, in the role of amicus curiae, to address the court for no more than ten minutes at the Tunney Act hearing, limited to the issue of the remedy proposed in this case. ACT may use this time to address any issues not previously raised in its comments and/or to emphasize the most significant issues relevant to the proposed consent decree raised in its comments. This time should not be spent summarizing or rehashing issues previously discussed in detail in the comments filed with the Department of Justice. Participation of ACT beyond these parameters will not be permitted, as such participation threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court.

Based on the foregoing, it is this 4th day of March, 2002, hereby

**ORDERED** that ACT's conditional motion to intervene is DENIED; and it is further

**ORDERED** that ACT shall be permitted to assist the Court in the role of amicus curiae by presenting not more than ten minutes of oral argument during the Tunney Act hearing; and it is further

---

[2] The so-called "Settling States" have proposed this same consent decree as a final judgment in the action in which they are parties, *State of New York v. Microsoft Corp.*, No. 98-1233 (D.D.C.).

**ORDERED** that, if ACT chooses to present argument to the Court at the upcoming Tunney Act hearing, it shall identify the individual who will be addressing the Court not later than 9 a.m. on March 5, 2002.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge