UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  Plaintiff,

    v.

MICROSOFT CORPORATION,

  Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

    This case comes before the Court upon the filing of a motion by NetAction and Computer Professionals for Social Responsibility (CPSR) seeking "leave to participate in the March 6 Tunney Act Hearing and Beyond." Microsoft opposes NetAction and CPSR's joint motion on the grounds that their participation would be repetitious of the participation of other amici. To date, the United States has not taken a position with regard to NetAction and CPSR's joint motion. Upon review of NetAction and CPSR's joint motion, Microsoft's opposition thereto, and the record in this case, the Court shall deny NetAction and CPSR's request to be heard at the March 6, 2002, Tunney Act hearing. However, the Court will permit NetAction and CPSR, acting as amici curiae, to file a memorandum in reply to recent filings by the United States and Microsoft.

    NetAction describes itself as a "national nonprofit organization dedicated to promoting the use of the Internet for effective grassroots citizen campaigns, and to educating the public, policymakers, and the media about technology policy issues." Joint Mot. at 2. CPSR describes

itself as "a public-interest alliance of computer scientists and other interested individuals concerned about the impact of computer technology on society." *Id.* On January 28, 2002, NetAction and CPSR jointly submitted comments regarding the Revised Proposed Final Judgment to the United States Department of Justice. NetAction and CPSR's comments have since been provided in full to the Court as part of a group of approximately 47 "major" comments. In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

This Court possesses broad discretion to define the nature of third-party participation in Tunney Act proceedings. In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982) (citing legislative history), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983).

NetAction and CPSR filed their motion on February 27, 2002, less than a week from the March 6, 2002, date of the Tunney Act hearing scheduled in the above-captioned case. The

2

Court did not receive this motion in chambers until March 1, 2002. On February 28, 2002, the Court issued a series of orders granting five non-parties leave to address the Court as amici curiae for not more than ten minutes at the March 6, 2002, Tunney Act hearing. Each of these amici, like NetAction and CPSR, proposed argument, on various grounds, opposing entry of the proposed consent decree.[1] In light of the participation authorized by these Orders, the Court concludes that any oral presentation by NetAction and CPSR at the March 6, 2002, hearing would likely be cumulative and largely unhelpful to the Court.

Notwithstanding this conclusion, the Court will permit NetAction and CPSR to jointly submit a memorandum in reply to the February 27, 2002, and March 1, 2002, memoranda filed by the United States and Microsoft. In accordance with LCvR 7.1(e), any such reply memorandum shall not exceed twenty-five pages. In their role of amici curiae, NetAction and CPSR may use the reply memorandum to raise arguments responsive to the February 27, 2002, and March 1, 2002, memoranda filed by the United States and Microsoft. NetAction and CPSR may also utilize the reply memorandum to raise new issues and arguments which were not raised in the comments NetAction and CPSR filed jointly with the Department of Justice. The reply memorandum should not be utilized to *repeat* arguments and assertions detailed in that entity's comments filed pursuant to 15 U.S.C. § 16(b). Participation of NetAction and CPSR beyond these parameters will not be permitted, as such participation threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court.

Based on the foregoing, it is this 4th day of March, 2002, hereby

---

[1]On March 4, 2002, the Court issued an order granting in part an additional entity's February 27, 2002, request to address the Court at the Tunney Act hearing. In contrast to the five other amici curiae, NetAction, and CPSR, this entity proposed argument generally in support of the proposed consent decree.

**ORDERED** that NetAction and CPSR's motion to participate in the March 6, 2002, Tunney Act hearing is DENIED; and it is further

**ORDERED** that, as described above, NetAction and CPSR, acting as limited amici curiae, may jointly file a reply memorandum not exceeding twenty-five pages; and it is further

**ORDERED** that NetAction and CPSR's joint reply memorandum shall be filed not later than 10 a.m. on March 11, 2002;

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge