UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION AND ORDER**

Before the Court are a number of requests by various individuals and organizations seeking to participate in the above-captioned case as amici curiae. In particular, the following motions are before the Court: (1) Motion to Participate filed by Dr. Rebecca Henderson on March 1, 2002; (2) Motion to Participate filed by Andreas Pour, Dan Kegel, John Carroll, Mason Thomas, the Free Software Foundation, and Consumers for Computing Choice and Open Platform Working Group[1] filed on March 1, 2002; and (3) Motion to Participate filed by Einer

---

[1] The Court did not receive the motion of Free Software Foundation, *et al.*, in chambers until March 4, 2002. The same movants filed a "Supplemental Motion for Limited Participation in Tunney Act Proceedings and Request for Amicus Status" on March 4, 2002. The Court received this motion in chambers on March 6, 2002. Free Software Foundation and its co-movants sought to present oral argument at the March 6, 2002, hearing. Due to the close proximity between the filing dates and the hearing date, the Court was unable to address the motions in advance of the hearing.
    On March 11, 2002, the Consumers for Computing Choice and Open Platform Working Group filed a separate "Motion for Participation . . ." and attached a proposed amicus brief to their motion.

Elhague on March 4, 2002.[2]  Upon review of these motions, the United States' unified response thereto, and Microsoft's oppositions thereto, the Court concludes that further participation by amici curiae will not be of assistance to the Court.

This Court possesses broad discretion to define the nature of third-party participation in Tunney Act proceedings.  In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3).  Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982) (citing legislative history), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983).

The above-described movants filed their motions less than a week in advance of the March 6, 2002, Tunney Act hearing scheduled in the above-captioned case.  On February 28, 2002, the Court issued a series of orders granting five non-parties leave to address the Court as amici curiae at the March 6, 2002, Tunney Act hearing.  Each of these amici, like movants,

---

[2] As with the motion of Free Software Foundation, *et al.*, the timing of the filing of Professor Elhague's request to present argument did not afford the Court sufficient opportunity to rule on the March 4, 2002, motion in advance of the March 6, 2002, hearing.  Indeed, Professor Elhague's motion was not even docketed until March 7, 2002.

proposed argument, on various grounds, criticizing the proposed consent decree.[3] In addition to the oral argument heard on March 6, 2002, the Court authorized, and has already received, eight written submissions addressing the merits of the proposed final judgment from amici curiae.

Each of the current movants submitted comments that were provided to the Court as part of a group of 47 "major" comments. In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination. In light of the participation of other amici curiae, and given that the Court will hear from movants via their comments, the Court concludes that further participation by movants as amici curiae will serve only to delay proceedings. Furthermore, the Court concludes that additional participation by movants will likely echo arguments that have been briefed already for the Court by other entities. In order to avoid participation by amici which threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court, the Court, in its broad discretion, shall deny movants' various motions to participate as amici curiae.[4]

Based on the foregoing, it is this 25th day of March, 2002, hereby

**ORDERED** that Rebecca Henderson's Motion to Participate is DENIED; and it is further

---

[3]On March 4, 2002, the Court issued an order granting in part an additional entity's request to address the Court at the Tunney Act hearing. In contrast to the five other amici curiae, this entity proposed argument generally in support of the proposed consent decree.

[4]However, the Court will grant the March 11, 2002, "Motion for Limited Participation in Tunney Act Proceedings by Filing a Brief [as] Amicus Curiae" by Consumers for Computing Choice and Open Platform Working Group. Consumers for Computing Choice and Open Platform Working Group apparently filed this motion pursuant to the schedule established by the Court on February 28, 2002, for the filings of other amici, and, unlike the other movants, prudently attached their amicus brief to the motion. As no delay will result from granting leave to file, the Court shall grant Consumers for Computing Choice and Open Platform Working Group's motion.

**ORDERED** that the Motion to Participate of Free Software Foundation, *et al.*, is DENIED; and it is further

**ORDERED** that the Supplemental Motion of Free Software Foundation, *et al.*, is DENIED; and it is further

**ORDERED** that Einer Elhague's Motion to Participate is DENIED; and it is further

**ORDERED** that Consumers for Computing Choice and Open Platform Working Group's March 11, 2002, Motion to Participate by Filing a Brief is GRANTED.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge