IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>     Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:  None |

**UNITED STATES' MOTION FOR ENTRY OF FINAL JUDGMENT**

Pursuant to Section 16(e) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("Tunney Act"), Plaintiff United States of America moves for entry of the second revised proposed Final Judgment ("SRPFJ") filed in this civil antitrust proceeding.  The SRPFJ may be entered at this time without further proceedings if the Court determines that entry is in the public interest.  The Competitive Impact Statement ("CIS") filed in this matter on November 15, 2001; the Response of the United States to Public Comments on the Revised Proposed Final Judgment ("Response"), the United States' Memorandum in Support of Entry of Proposed Final Judgment ("Entry Memorandum"), and the United States' Memorandum Regarding Modifications Contained in Second Revised Proposed Final Judgment ("Modification Memorandum"), all filed on February 27, 2002; and the United States' presentation to the Court during the Tunney Act hearing on March 6, 2002, explain why entry of the SRPFJ would be in the public interest.  A Certificate of Compliance setting forth the steps taken by the parties to comply with all applicable provisions of the Tunney Act -- including publication of the public

comments in the *Federal Register*, which was completed on May 9, 2002 -- is being filed simultaneously with this Motion.

## I.

## **Background**

On May 18, 1998, the United States filed a Complaint alleging that Microsoft, the world's largest supplier of computer software for personal computers, restrained competition in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2. At Microsoft's request, the case was consolidated with a similar action brought by 20[1] states and the District of Columbia.[2] Following a 78-day trial in late 1998 and early 1999, the United States District Court for the District of Columbia found that Microsoft had violated both Sections 1 and 2 of the Sherman Act. On appeal, the United States Court of Appeals for the District of Columbia unanimously affirmed portions of the district court's finding and conclusion that Microsoft illegally maintained its operating system monopoly in violation of Section 2 of the Sherman Act, but reversed and remanded other portions of the district court's determinations. Specifically, the court of appeals reversed the district court's determination that Microsoft violated Section 2 by illegally attempting to monopolize the Internet browser market and vacated and remanded the district court's determination that Microsoft violated Section 1 of the Sherman Act by unlawfully tying its browser to its operating system. The court of appeals also vacated the district court's remedial order, including its order that Microsoft be split into separate operating

---

[1] One state later withdrew, and another settled in July 2001.

[2] On February 1, 2002, this Court deconsolidated the cases. Order at 3 (Feb. 1, 2002).

UNITED STATES' MOTION FOR ENTRY OF JUDGMENT - PAGE 2

systems and applications businesses, and remanded the case to a new district court judge for further proceedings.

Following intensive mediation efforts, the United States, Microsoft, and the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "Settling States") reached the agreement embodied in the revised proposed Final Judgment, which was filed on November 6, 2001. Thereafter, in response to issues raised in the public comments submitted pursuant to the Tunney Act, the United States, Microsoft, and the Settling States agreed to certain modifications embodied in the SRPFJ, which was filed with the Court on February 27, 2002.

The SRPFJ will stop recurrence of Microsoft's unlawful conduct, prevent recurrence of similar conduct in the future, and restore competitive conditions in the personal computer operating system market by, among other things, prohibiting actions by Microsoft to prevent computer manufacturers and others from developing, distributing or featuring middleware products that are threats to Microsoft's operating system monopoly; creating the opportunity for independent software vendors to develop products that will be competitive with Microsoft's middleware products; requiring Microsoft to disclose interfaces and license protocols in order to ensure that competing middleware and server operating system products can interoperate with Microsoft's desktop operating systems; and ensuring full compliance with the SRPFJ.

The United States, Microsoft, and the Settling States have stipulated that the SRPFJ may be entered after compliance with the Tunney Act. *See* Stipulation (February 27, 2002). Entry of the SRPFJ would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the SRPFJ and to punish violations thereof.

## II.

## **Compliance with the APPA**

The Tunney Act requires a sixty-day period for the submission of public comments on a proposed Final Judgment. 15 U.S.C. § 16(b). In this case, the comment period terminated on January 28, 2002. The United States received 32,329 comments on the revised proposed Final Judgment,[3] and filed its Response with the Court on February 27, 2002, along with the Entry Memorandum, SRPFJ, Stipulation, and Modification Memorandum. The Court held its Tunney Act hearing on March 6, 2002. The procedures required by the Tunney Act are completed. The United States is filing a Certificate of Compliance simultaneously with this Motion that states the steps taken by the parties to satisfy the requirements of the Tunney Act.

## III.

## **Standard of Judicial Review**

Before entering the SRPFJ, the Court must determine whether it "is in the public interest." 15 U.S.C. § 16(e). In making that determination, the Court may consider:

> (1) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration or relief sought, anticipated effects of alternative remedies actually considered, and any other considerations bearing upon the adequacy of such judgment;

---

[3] The United States also chose to accept and treat as Tunney Act comments various communications from members of the public commenting on the proposed settlement that were received by the Department of Justice beginning on November 5, 2001, the first business day following submission of the initial proposed Final Judgment to the Court, even though the official 60-day comment period had not yet begun.

> (2) the impact of entry of such judgment upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In its CIS and Entry Memorandum, previously filed with the Court, and in its presentation to the Court during the Tunney Act hearing on March 6, 2002, the United States has set forth the meaning and proper application of the public interest standard under the Tunney Act and incorporates those statements herein by reference. Similarly, in its Response, Entry Memorandum, and Modification Memorandum, as well as in its presentation to the Court during the Tunney Act hearing, the United States explained why the public comments do not provide a basis for the Court to determine that entry of the SRPFJ is not in the public interest. That explanation is incorporated herein by reference. There has been no showing that the proposed settlement constitutes an abuse of the Justice Department's discretion or that it is not within the zone of settlements consistent with the public interest.

## IV.

## Conclusion

The SRPFJ will remedy the anticompetitive effects of the violations sustained by the court of appeals in this matter. For the reasons set forth in this Motion, the CIS, the United States' Response, the Entry Memorandum, the Modification Memorandum, and the United States' presentation to the Court during the Tunney Act hearing, the Court should find that the SRPFJ is in the public interest and should enter the SRPFJ without further proceedings. Therefore, the United States respectfully requests that the SRPFJ be entered as soon as possible.

Counsel for Microsoft and the Settling States have informed the United States that they consent to the entry of the SRPFJ in this matter.

DATED: May 9, 2002  Respectfully submitted,

                                                                        _____

PHILLIP R. MALONE
RENATA B. HESSE
DAVID BLAKE-THOMAS
PAULA L. BLIZZARD
PATRICIA A. BRINK
KENNETH W. GAUL
JACQUELINE S. KELLEY
BARBARA J. NELSON
  *Attorneys*

PHILIP S. BECK
  *Special Trial Counsel*