IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>*Defendant*. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: None |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM
IN OPPOSITION TO CCIA AND SIIA'S JOINT MOTION FOR
LEAVE TO INTERVENE FOR PURPOSES OF APPEAL**

CCIA and SIIA's motion to intervene for purposes of appealing the Court's entry of the Final Judgment on November 12, 2002, rests on the flawed assumption that it is "imperative that the outcome of this case endure the greatest possible judicial scrutiny." (Mem. at 19.) Whatever the importance of this litigation in general terms, CCIA and SIIA have failed to make the specific showing necessary to give them standing to challenge this Court's decision on appeal. Neither the federal courts nor the parties should be required to endure further proceedings at the behest of trade associations that have made only vague claims of harm to their members—who remain nameless. The rules governing intervention require more than allegations of unspecified harm to anonymous entities. CCIA and SIIA's motion to intervene thus should be denied.

**ARGUMENT**

As CCIA and SIIA properly recognize (*see* Mem. at 4), they must "seek to intervene" in this case "as a condition of taking an appeal." *United States* v. *LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984). The Tunney Act itself "looks entirely to FED. R. CIV. P. 24 to

supply the legal standard for intervention." *Mass. Sch. of Law at Andover, Inc.* v. *United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997); *see also id.* at 779 (Rule 24 applies "to interventions solely for purposes of appeal").

CCIA and SIIA seek to intervene both as of right pursuant to Rule 24(a) and by permission pursuant to Rule 24(b). (*See* Mem. at 5-6, 14-16.)[1] Although they pay lip service to the requirements of Rule 24, nowhere in their twenty-page brief do CCIA and SIIA "demonstrate[] that [they] will suffer actual, concrete, particularized injury traceable to the entry" of the Final Judgment. *United States* v. *Thomson Corp.*, No. 96-1415 (PLF), 1997 WL 90992, at *4 (D.D.C. Feb. 27, 1997). That failure is fatal to their motion.

**I.    CCIA and SIIA Do Not Meet the Requirements for Intervention as of Right.**

This Court already has held that "there is no absolute right to intervene in Tunney Act proceedings" pursuant to Rule 24(a). (CCIA Order at 3 n.1.) This holding should be dispositive of CCIA and SIIA's request to intervene as of right.

Brushing aside this Court's prior ruling, CCIA and SIIA suggest that a "more focused and detailed review of [their] interests" will demonstrate that intervention as of right is now appropriate. (Mem. at 15.) They assert that such intervention is proper because (i) they "have a cognizable interest" in the remedy in this case and (ii) the "economic welfare" of their members "hinges on whether procompetitive conditions exist in the PC ecosystem." (*Id*. at 16.) This Court previously rejected similar claims on a motion for intervention because

---

[1] CCIA and SIIA suggest that intervention may be granted outside "the literal parameters of Rule 24." (Mem. at 19.) No authority is offered in support of this suggestion, which runs counter both to the holding in *LTV Corp.* and to this Court's prior rulings on motions to intervene. *See* 746 F.2d at 54; *United States* v. *Microsoft Corp.*, No. 98-1232 (CKK), Memorandum Opinion and Order, at 3-4 (D.D.C. Feb. 28, 2002) ("CCIA Order"); *United States* v. *Microsoft Corp.*, No. 98-1232 (CKK), Memorandum Opinion, at 3 (D.D.C. Feb. 28, 2002) ("ProComp Order").

they are made in such "conclusory fashion" that they contain "little or no elaboration regarding the exact nature of [their] purported interest or interests." (ProComp Order at 3, 4.) Because CCIA and SIIA have not substantiated a "legally protectable" interest in this case, their request for intervention as of right should be denied. *S. Christian Leadership Conference* v. *Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984); *see also City of Cleveland* v. *Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) ("[A] movant for leave to intervene under Rule 24(a)(2) must have Article III standing to participate in proceedings before the district court.").

Moreover, the fact that third parties are the only entities seeking to challenge the Final Judgment on appeal does not mean that CCIA and SIIA's interests are inadequately represented. Representation is not inadequate "just because a would-be intervenor is unable to free-ride as far as it might wish." *Mass. Sch. of Law*, 118 F.3d at 781. CCIA and SIIA's interests have been adequately represented throughout this litigation—both by the Department of Justice and by their own participation as commentators and *amici*. (*See* Mem. at 1-5.) It would be odd, to say the least, if the parties' efforts to bring this case to a close through settlement automatically precipitated an appeal by intervenors with tangential interests in the matter. At some point, this case must come to an end. The willingness of the members of CCIA and SIIA to pay to keep this case alive does not automatically give them legal grounds to do so.

## II. CCIA and SIIA Do Not Meet the Requirements for Permissive Intervention.

To be granted permissive intervention, CCIA and SIIA must demonstrate that (i) their "claim or defense and the main action have a question of law or fact in common" and (ii) intervention will not "unduly delay or prejudice the adjudication of the rights of the

original parties." FED. R. CIV. P. 24(b).  CCIA and SIIA do not satisfy either of these requirements.

As to the first requirement, the Court previously has denied CCIA's request to intervene in this case precisely because it failed to "satisf[y] its burden" of demonstrating a "claim or defense" in common with those already present here.  (CCIA Order at 4.)  CCIA and SIIA do no better now—devoting only two paragraphs in their brief to this requirement.  (*See* Mem. at 10-11.)  They neither identify which "entities" may have "claims against Microsoft" (*id.* at 10), nor provide the Court with a shred of detail about what those claims might be.

The Court should not be required to guess what issues CCIA and SIIA believe they have in common with the issues litigated in this case.  Rule 24's requirement that a motion to intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought" was designed to avoid just such guesswork.  FED. R. CIV. P. 24(c); *see also Tripp* v. *Executive Office of the President*, 194 F.R.D. 344, 346 (D.D.C. 2000) (motion to intervene is "procedurally defective" when not accompanied by separate pleading required by Rule 24(c)); *Hobson* v. *Hansen*, 44 F.R.D. 18, 25 (D.D.C. 1968) (failure to include "separate pleading" may be "fatally defective" to motion to intervene).[2]  The failure of CCIA and SIIA to file the pleading required by Rule 24(c) amounts to more than a procedural misstep—it has deprived the parties of the ability to respond meaningfully to their motion and the Court of the ability to assess whether they have satisfied the substantive requirements of Rule 24.  In fact, the Court can fairly infer from the absence of

---

[2] Notably, the various media entities that previously sought to intervene in this case filed a complaint in intervention together with their motion to intervene.  *See, e.g., United*

the requisite pleading that CCIA and SIIA cannot specify any common claims that would justify their intervention at this late stage.

To the extent that the members of CCIA and SIIA did have claims against Microsoft, those claims have nothing in common with "issues alive on appeal and that might be subject to a theoretical remand." *Mass. Sch. of Law*, 118 F.3d at 782. For example, both Netscape and Sun Microsystems have filed private antitrust lawsuits against Microsoft and have sought to invoke collateral estoppel based on the findings of fact issued by Judge Jackson in 1999. In contrast, all of the issues that CCIA and SIIA assert should be reviewed on appeal relate to supposed "defects *in the decree* entered by this Court." (Mem. at 13 (emphasis added).) These issues do not relate to liability; they relate to relief. Thus, even if CCIA and SIIA were permitted to intervene and prevailed on appeal, any remand to this Court would not involve questions of liability that might affect the pending private cases.

The unique procedural posture of this case distinguishes it from *Massachusetts School of Law*. In that case, the D.C. Circuit noted that if it rejected the consent decree, there was "at least some prospect of [a] trial on the merits" on remand. 118 F.3d at 782. No such possibility exists here, because there already has been a trial on the merits. Accordingly, there is no foreseeable overlap between (i) the issues that CCIA and SIIA would present on appeal and (ii) the "substantive antitrust claims" that CCIA and SIIA contend that their members may have. *Id*.[3]

---

*States* v. *Microsoft Corp.*, No. 98-1232 (CKK), Complaint in Intervention (D.D.C. Jan. 22, 2002).

[3] Perhaps mindful of their failure to satisfy the common issues requirement, CCIA and SIIA attempt to craft a business reason for their appeal, claiming that the unspecified "business futures" of their members will be affected by the Final Judgment. (Mem. at 10.) CCIA and SIIA argue that their members "need precision and certainty" so that they can make "substantial, long-term research and development investment decisions based on the

As to the second requirement for permissive intervention, the D.C. Circuit has held that it is necessary to "take a 'peek at the merits'" of a proposed appeal of a consent decree to determine whether permissive intervention is appropriate:

> If the attempted intervenor shows adequate grounds for upsetting the consent judgment, then delay will be entailed . . ., but it would be hard to say that this delay is undue.  On the other hand, if the would-be intervenor is unable to show grounds for upsetting the judgment, there would be no fear of delay—but by the same token no prospect of any gain from intervention.  Thus the intervention issue and the merits merge.

*Mass. Sch. of Law*, 118 F.3d at 782-83 (quoting *Int'l Bhd. of Teamsters* v. *Bhd. of Ry., Airline & S.S. Clerks*, 402 F.2d 196, 205 (D.C. Cir. 1968)).  If CCIA and SIIA were permitted to appeal, the Final Judgment would be reviewed to determine whether it makes a "'mockery of judicial power'" or results from a "sell-out by the Department [of Justice]." *Id.* at 783-84 (quoting *United Sates* v. *Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995)).  The issues that CCIA and SIIA state they would press on appeal would not present grounds to vacate the Final Judgment under that highly deferential standard.  (*See* Mem. at 13-14.)

---

provisions" of the Final Judgment.  (*Id*. at 11.)  This argument is odd given that their appeal would *create* uncertainty.

**CONCLUSION**

For the foregoing reasons, this Court should deny the joint motion of CCIA and SIIA to intervene to appeal the Final Judgment entered on November 12, 2002.

Dated: Washington, D.C.
January 6, 2003

Respectfully submitted,

_____

| | |
|---|---|
| Bradford L. Smith | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | Richard J. Urowsky |
| David A. Heiner, Jr. | Steven L. Holley |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | SULLIVAN & CROMWELL LLP |
| Redmond, Washington 98052 | 125 Broad Street |
| (425) 936-8080 | New York, New York 10004 |
| | (212) 558-4000 |
| Dan K. Webb | |
| WINSTON & STRAWN | Bradley P. Smith (Bar No. 468060) |
| Chicago, Illinois 60601 | SULLIVAN & CROMWELL LLP |
| (312) 558-5600 | 1701 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20006 |
| Charles F. Rule (Bar No. 370818) | (202) 956-7500 |
| FRIED, FRANK, HARRIS, SHRIVER | |
| & JACOBSON | *Counsel for Defendant* |
| 1001 Pennsylvania Avenue, N.W. | *Microsoft Corporation* |
| Suite 800 | |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |