IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff*,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>      *Defendant*. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: None |

**DEFENDANT MICROSOFT CORPORATION'S CONSOLIDATED
MEMORANDUM IN OPPOSITION TO THE MOTIONS OF
CONSUMERS FOR COMPUTING CHOICE AND ROBERT E. LITAN
FOR LEAVE TO INTERVENE FOR PURPOSES OF APPEAL**

    Consumers for Computing Choice ("CCC") and Robert E. Litan have filed separate motions to intervene for purposes of appealing the Court's entry of the Final Judgment on November 12, 2002. Their motions are strikingly similar in both form and content. CCC claims to represent "consumers of computing products" who are interested in "the most advanced tools for computing." (CCC Mem. at 2, 12.) Litan claims to have "professional, academic and other interests that depend on the availability of increasingly sophisticated computing tools." (Litan Mem. at 1.) Neither of these purported interests distinguishes CCC or Litan from any of the thousands of other computer users who have followed this litigation. Because neither CCC nor Litan has a legally protectable interest in this case, their motions to intervene should be denied.

**ARGUMENT**

    CCC and Litan must "seek to intervene" in this case "as a condition of taking an appeal." *United States* v. *LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984). The Tunney Act itself "looks entirely to FED. R. CIV. P. 24 to supply the legal standard for intervention."

*Mass. Sch. of Law at Andover, Inc.* v. *United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997); *see also id.* at 779 (Rule 24 applies "to interventions solely for purposes of appeal").

CCC and Litan seek to intervene both as of right pursuant to Rule 24(a) and by permission pursuant to Rule 24(b). (*See* CCC Mem. at 10-13; Litan Mem. at 8-9.)[1] Yet they pay scant attention to Rule 24's requirements and utterly fail to "demonstrate[] that [they] will suffer actual, concrete, particularized injury traceable to the entry" of the Final Judgment. *United States* v. *Thomson Corp.*, No. 96-1415 (PLF), 1997 WL 90992, at *4 (D.D.C. Feb. 27, 1997). As a result, their motions should be denied.

## I. CCC and Litan Do Not Meet the Requirements for Intervention as of Right.

This Court already has held that "there is no absolute right to intervene in Tunney Act proceedings" pursuant to Rule 24(a). (CCIA Order at 3 n.1.) This holding should be dispositive of CCC and Litan's requests to intervene as of right.

Ignoring this Court's prior ruling, CCC and Litan argue that intervention as of right is appropriate to enable them to appeal the Final Judgment. (CCC Mem. at 11-13; Litan Mem. at 8.) Both CCC and Litan assert that intervention is proper because they have "a legally protectable and cognizable interest" in the remedy in this case. (CCC Mem. at 12; Litan Mem. at 8.) But they provide no detail whatsoever concerning how their interest is anything more than academic. They are mere bystanders, and their views about the Final Judgment—no matter how strongly held—do not provide any basis for them to seek to appeal

---

[1] CCC and Litan devote substantial portions of their briefs to arguments that range beyond the parameters of Rule 24 (*See* CCC Mem. at 2-10; Litan Mem. at 1-6.) Both the holding in *LTV Corp.* and this Court's prior rulings make clear that Rule 24 provides the standard for motions to intervene. *See* 746 F.2d at 54; *United States* v. *Microsoft Corp.*, No. 98-1232 (CKK), Memorandum Opinion and Order, at 3-4 (D.D.C. Feb. 28, 2002) ("CCIA Order"); *United States* v. *Microsoft Corp.*, No. 98-1232 (CKK), Memorandum Opinion, at 3 (D.D.C. Feb. 28, 2002) ("ProComp Order").

its entry. This Court previously rejected similar claims on a motion for intervention precisely because they are made in such "conclusory fashion" that they contain "little or no elaboration regarding the exact nature of [their] purported interest or interests." (ProComp Order at 3, 4.)

In *New York* v. *Microsoft Corp.*, this Court rejected CCC and Litan's efforts to participate even as *amici*, ruling that they improperly sought to present information that was "akin to 'unsworn expert testimony.'" *New York* v. *Microsoft Corp.*, No. 98-1233 (CKK), Memorandum Opinion and Order, at 2 (D.D.C. Nov. 6, 2002) (citation omitted). The Court can fairly infer from CCC and Litan's failure to articulate a precise interest in this case that, if permitted to intervene, they would merely press the "narrow and parochial matters" that they previously sought to present as *amici*. *Id.* at 3. More important, their inability to identify a "legally protectable" interest requires that their requests for intervention as of right be denied. *S. Christian Leadership Conference* v. *Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984); *see also City of Cleveland* v. *Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) ("[A] movant for leave to intervene under Rule 24(a)(2) must have Article III standing to participate in proceedings before the district court.").

The fact that third parties are the only entities seeking to challenge the Final Judgment on appeal does not mean that CCC and Litan's interests are inadequately represented. Representation is not inadequate "just because a would-be intervenor is unable to free-ride as far as it might wish." *Mass. Sch. of Law*, 118 F.3d at 781. CCC and Litan's interests have been adequately represented throughout this litigation—both by the Department of Justice and by their own participation as commentators. (*See* CCC Mem. at 1; Litan Mem. at. 2.) It would be odd, to say the least, if the parties' efforts to bring this case to a close through settlement could be obstructed by allowing intervenors with ephemeral interests in

the matter to appeal. The desire of CCC and Litan to continue debating issues in the case that they find interesting does not give them any legal basis to do so.

**II.     CCC and Litan Do Not Meet the Requirements for Permissive Intervention.**

To be granted permissive intervention, CCC and Litan must demonstrate that (i) their "claim or defense and the main action have a question of law or fact in common" and (ii) intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b). They do not satisfy either of these requirements.

As to the first requirement, the Court previously has denied a request to intervene in this case precisely because the movant failed to "satisf[y] its burden" of demonstrating a "claim or defense" in common with those already present here. (CCIA Order at 4.) CCC and Litan do no better now—each of them devoting only a single paragraph in their brief to this requirement. (*See* CCC Mem. at 10; Litan Mem. at 9.) Significantly, they do not provide the Court with a shred of detail about what their claims might be.

The Court should not be required to guess what issues CCC and Litan believe they have in common with the issues litigated in this case. Rule 24's requirement that a motion to intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought" was designed to avoid just such guesswork. FED. R. CIV. P. 24(c); *see also Tripp* v. *Executive Office of the President*, 194 F.R.D. 344, 346 (D.D.C. 2000) (motion to intervene is "procedurally defective" when not accompanied by separate pleading required by Rule 24(c)); *Hobson* v. *Hansen*, 44 F.R.D. 18, 25 (D.D.C. 1968) (failure to include "separate pleading" may be "fatally defective" to motion to intervene). The failure of CCC and Litan to file the pleading required by Rule 24(c) amounts to more than a procedural misstep—it has deprived the parties of the ability to respond meaningfully to their motion and the Court of the ability to assess whether they have satisfied the substantive

requirements of Rule 24. In fact, the Court can fairly infer from the absence of the requisite pleading that CCC and Litan cannot specify any common claims that would justify their intervention at this late stage.

As to the second requirement for permissive intervention, the D.C. Circuit has held that it is necessary to "take a 'peek at the merits'" of a proposed appeal of a consent decree to determine whether permissive intervention is appropriate:

> If the attempted intervenor shows adequate grounds for upsetting the consent judgment, then delay will be entailed . . ., but it would be hard to say that this delay is undue. On the other hand, if the would-be intervenor is unable to show grounds for upsetting the judgment, there would be no fear of delay—but by the same token no prospect of any gain from intervention. Thus the intervention issue and the merits merge.

*Mass. Sch. of Law*, 118 F.3d at 782-83 (quoting *Int'l Bhd. of Teamsters* v. *Bhd. of Ry., Airline & S.S. Clerks*, 402 F.2d 196, 205 (D.C. Cir. 1968)). If CCC and Litan were permitted to appeal, the Final Judgment would be reviewed to determine whether it makes a "'mockery of judicial power'" or results from a "sell-out by the Department [of Justice]." *Id.* at 783-84 (quoting *United Sates* v. *Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995)). The issues that CCC and Litan state they would press on appeal would not present grounds to vacate the Final Judgment under that highly deferential standard. (*See* CCC Mem. at 7-9; Litan Mem. at 6.)

Citing *Massachusetts School of Law*, both CCC and Litan assert that they are entitled to intervene if they "'can point to the specific defects' in the Final Judgment." (CCC Mem. at 6; Litan Mem. at 5 (quoting 118 F.3d at 783).) That is wrong. The consideration of alleged "defects" occurs only after "a common question of fact or law is found." 118 F.3d at 782. In the absence of such common questions—and there are none here—CCC and Litan are not entitled to intervene.

## CONCLUSION

For the foregoing reasons, this Court should deny the motions of CCC and Litan to intervene to appeal the Final Judgment entered on November 12, 2002.

Dated: Washington, D.C.
       January 10, 2003

Respectfully submitted,

_____
John L. Warden (Bar No. 222083)

| | |
|---|---|
| Bradford L. Smith | John L. Warden (Bar No. 222083) |
| Thomas W. Burt | Richard J. Urowsky |
| David A. Heiner, Jr. | Steven L. Holley |
| MICROSOFT CORPORATION | Richard C. Pepperman, II |
| One Microsoft Way | SULLIVAN & CROMWELL LLP |
| Redmond, Washington 98052 | 125 Broad Street |
| (425) 936-8080 | New York, New York 10004 |
| | (212) 558-4000 |
| Dan K. Webb | |
| WINSTON & STRAWN | Bradley P. Smith (Bar No. 468060) |
| Chicago, Illinois 60601 | SULLIVAN & CROMWELL LLP |
| (312) 558-5600 | 1701 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20006 |
| Charles F. Rule (Bar No. 370818) | (202) 956-7500 |
| FRIED, FRANK, HARRIS, SHRIVER | |
|   & JACOBSON | *Counsel for Defendant* |
| 1001 Pennsylvania Avenue, N.W. |   *Microsoft Corporation* |
| Suite 800 | |
| Washington, D.C. 20004 | |
| (202) 639-7300 | |