IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: None |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO THE MOTION OF *AMICUS CURIAE* CONSUMERS FOR COMPUTING CHOICE FOR LEAVE TO INTERVENE FOR PURPOSES OF APPEAL**

The United States opposes the Motion of Consumers for Computing Choice ("CCC" or the "Movant") for leave to intervene for the purpose of appealing this Court's November 12, 2002, determination that the proposed final judgment in this case, consented to by the United States, Microsoft and nine Plaintiff states in the companion case of *New York v. Microsoft*, No. 98-1233, is in the public interest.

Movant falls far short of the minimum requirements of Rule 24 of the Federal Rules of Civil Procedure for intervention to appeal the substance of the Court's public interest determination.[1] In fact, Movant largely ignores those requirements, devoting most of its Memorandum of Points and Authorities in Support of Motion of *Amicus Curiae* Consumers for Computing Choice for

---

[1]This Court has already denied several third party motions to intervene in this proceeding because each third party fell short of Rule 24's minimum requirements.  *See, e.g.*, Memorandum Opinion (Feb. 28, 2002) (California Plaintiffs); Memorandum Opinion (Feb. 28, 2002) (ProComp); Memorandum Opinion and Order (Feb. 28, 2002) (SBC); Memorandum Opinion and Order (Feb. 28, 2002) (CCIA).

Leave to Intervene for Purposes of Appeal ("Mem.") to matters not within the scope of Rule 24. Movant neglects to show how disposition of this action will impair its ability to protect any "interest relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a)(2), or how its claim or defense, if any, contains a "question of law or fact in common," Fed. R. Civ. P. 24(b)(2), with those at issue here.[2]  For these reasons, the Court should deny the Motion.

## ARGUMENT

### I.  Only Those Satisfying The Requirements Of Rule 24 May Appeal From The Entry Of A Consent Decree Pursuant To The Tunney Act

#### A.  The Tunney Act Provides No Means For Appeal Of Entry Of A Decree Apart From Rule 24

Movant argues that granting its Motion to intervene "is appropriate and consistent with the broad grant of discretionary authority in the Tunney Act and under Rule 24(b) for district courts to fashion appropriate procedures." Mem. at 9.  This suggests that somehow the Court may derive its authority to grant intervention from the Tunney Act itself.[3]  But Congress did not design the Tunney Act to provide a means for routine appeals of an entry of a consent judgment.  In fact,

---

[2]Rule 24 of the Federal Rules of Civil Procedure requires that an application to intervene be timely filed.  While generally a motion for post-judgment intervention for purpose of appeal is timely if it is filed within the time provided for filing a notice of appeal, the critical inquiry in determining the timeliness of such a motion is whether, in view of all of the facts and circumstances, the Movant acted promptly after entry of the Final Judgment.  *United Airlines v. McDonald*, 432 U.S. 385, 395-96 (1977).  The United States notes that CCC filed this Motion on December 31, 2002, fifty (50) days after entry of the Final Judgment.  As a result, assuming a normal briefing schedule, the Motion would not be ripe for this Court's consideration before January 13, 2003, the date on which a notice of appeal must be filed pursuant to Fed. R. App. P. 4(a)(1)(B).  *See* LCvR 7.1.  Movant has not provided any explanation for its delay in filing.

[3]*See* Mem. at 9 (quoting 15 U.S.C. § 16(f) for the proposition that the Tunney Act permits a district court to approve "full or limited participation in proceedings before the court by interested persons or agencies . . . in any other manner and extent which serves the public interest as the court may deem appropriate").

UNITED STATES' OPPOSITION TO CCC MOTION TO INTERVENE - PAGE 2

Congress provided just one means for a non-party to intervene in a Tunney Act proceeding and thus acquire the ability to appeal entry of the decree. That unique means is Rule 24 of the Federal Rules of Civil Procedure.[4] To the extent permitted by Article III of the Constitution, Congress could have provided for other means of appeal by interested persons, but it did not do so.

Nor did Congress anticipate appeals by non-parties. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). The Court of Appeals said more than fifty years ago that it had long been settled that "one who is not a party to a record and judgment is not entitled to appeal therefrom." *United States v. Seigel*, 168 F.2d 143, 144 (D.C. Cir. 1948). As the Court of Appeals has specifically found, "[n]othing in the language of the [Tunney] Act indicates that Congress intended to change the general rule." *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984) ("*LTV*"). Thus, the Court of Appeals strictly applied the rule in dismissing the purported appeal of a non-party who had participated actively in the *LTV* Tunney Act proceeding. *Id*. at 55.

### B. Judicial Precedent Does Not Support Departing From Rule 24, As Advocated By Movant

*MSL*, the Court of Appeals' most recent and most substantial treatment of Tunney Act intervention, clearly demonstrates that an applicant needs to meet the minimum requirements of Rule 24 to intervene. *See MSL*, 118 F.3d at 779 ("The [Tunney] Act directs us to look to the Federal Rules of Civil Procedure for the legal standard governing intervention."). In that

---

[4] *See* 15 U.S.C. § 16(f)(3) (allowing a district court to approve "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *see also* Mem. Op. at 3-4 (CCIA) ("'[T]he Tunney Act looks entirely to [Rule] 24 to supply the legal standard for intervention.'") (quoting *Mass. School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*")).

UNITED STATES' OPPOSITION TO CCC MOTION TO INTERVENE  - PAGE 3

proceeding the district court denied intervention for purposes of appeal, *id.* at 778, and the Court of Appeals affirmed this denial, "except with regard to the question of whether the Tunney Act requires the government to make evidentiary material available to the public." *Id.* at 785. The Court of Appeals distinguished between the applicant's attempt to intervene for purposes of general appeal and its attempt to intervene to appeal a procedural issue because the first did not satisfy the requirements of Rule 24, while the second did. *See id*. at 780-82. In no way did the Court diverge from applying all of the requirements of Rule 24; Rule 24 must be satisfied.

Movant does not focus on how it satisfies Rule 24, but spends the majority of its Memorandum arguing that the Court should grant it intervention to appeal "to ensure that the Court of Appeals' consideration of this Court's 'public interest' determination includes the unique consumer interest." Mem. at 4 (emphasis omitted); *see also generally id.* at 4-10. Movant's attempt to persuade the Court that intervention is justified focuses primarily on articulating its unique perspective and pointing to "'the specific defects' in the Final Judgment." *Id.* at 6 (quoting *MSL*, 118 F.3d at 783).

This ignores the legal analysis articulated by the Court of Appeals in *MSL*. The Court of Appeals clearly stated that for permissive intervention the district court must first consider whether an applicant satisfies Rule 24(b)(2)'s "*threshold*" requirement, that "a common question of fact or law [be] found." *MSL*, 118 F.3d at 782 (emphasis added). It is only after the applicant has met this threshold requirement that the court then looks at "'whether the intervention will unduly delay or prejudice the adjudication of rights of the original parties.'" *Id*. (quoting Fed. R. Civ. P. 24(b)(2)). And it is in analyzing this second requirement of undue delay or prejudice that the Court of Appeals states that "only if the would-be intervenor can point to specific defects [in the Final Judgment] . . . *will intervention under Rule 24(b)(2) . . . be warranted.*" *Id*. at 783

(emphasis added).[5]  Thus, alleging the existence of "specific defects" alone is not sufficient; Movant must still satisfy the threshold requirement of Rule 24(b)(2), which it cannot do.

Movant further attempts to avoid Rule 24 and persuade the Court that intervention is justified by contending that "[f]ederal courts have liberally interpreted the rules governing intervenor status to consistently permit Tunney Act commentators who oppose government antitrust settlements to intervention [sic] for purposes of appeal" (Mem. at 9), and that granting Movant intervention in this case would be "consistent with the practice of district courts in government antitrust settlements in which a substantial consumer interest is involved" (*id.*). Movant provides next to no support for these contentions.

For the first contention, that federal courts have liberally interpreted the rules consistently to permit intervention, Movant cites *LTV* for the proposition that an applicant needs to "'establish that participation by the intervenor would aid the court in making its public interest determination under the [Tunney Act].'"  Mem. at 9 (quoting *LTV*, 746 F.2d at 54).  Movant then concludes that because its purpose is to protect and serve the interests of computing consumers it meets this test.  Yet the Court of Appeals in *LTV* did not state, however, that the applicant needs to meet *only* this test for intervention.  *LTV*, 746 F.2d at 54.  In fact, the Court of Appeals went on to reaffirm that the "procedure [to intervene] authorized by the [Tunney] Act . . . is entirely consistent with the general rule under the Federal Rules of Civil Procedure."  *Id.* at 54-55; *see*

---

[5]The Court of Appeals comments that "[a]t least for intervention for purposes of appeal of a Tunney Act case, the 'delay or prejudice' standard of Rule 24(b)(2) appears to force consideration of the merits of the would-be intervenor's claims." *Id.* at 782.  Judge Wald, concurring, did stress that the unusual nature of Tunney Act proceedings required a somewhat "'non-literal' application of Rule 24(b)(2)," *id.* at 785 (Wald, J., concurring), but neither Judge Wald, nor the majority in *MSL*, ever concluded or suggested that the minimum "threshold" requirement of Rule 24(b)(2) did not apply.

UNITED STATES' OPPOSITION TO CCC MOTION TO INTERVENE  - PAGE 5

*also* 15 U.S.C. § 16(f)(3) (providing for district courts to approve "intervention . . . pursuant to the Federal Rules of Civil Procedure").  Nowhere in the opinion did the Court of Appeals state or suggest that the rules governing intervenor status should be liberally interpreted.  Rather, the Court of Appeals went on to hold that the rules for intervention need to be adhered to and dismissed the appeal of a third party who did not seek proper intervention in the district court.  *LTV*, 746 F.2d at 53.  *LTV* thus provides scant support for Movant's contention that federal courts liberally interpret the rules to "consistently permit" intervention.[6]

For the second contention, that it is consistent practice for courts to grant intervention in antitrust actions where a substantial consumer interest is involved, Movant cites no cases and provides but one example where intervention was granted, *United States v. American Tel. & Tel. Co.*, 714 F.2d 178, 180 (D.C. Cir. 1983) (per curiam) ("*AT&T*").  Mem. at 9-10.  *AT&T* alone does not establish that granting intervention in such proceedings is a "consistent" practice, nor does it stand for (or refer to) a general principle that intervention for purposes of appeal should be granted in important cases regardless of whether the proposed intervenor satisfies the requirements of Rule 24.[7]

---

[6]*MSL* further undermines Movant's contention.  As discussed, the district court in that case denied intervention for purposes of appeal, *MSL*, 118 F.3d at 778, and the Court of Appeals affirmed this denial, with a narrow exception, *id.* at 785.

[7]*See generally United States v. AT&T*, 552 F. Supp. 131, 144-45 (D.D.C. 1982), *aff'd mem. sub. nom. Maryland v. United States*, 460 U.S. 1001 (1983).  Judge Greene, without opposition by the United States, "authorized 108 states, state regulatory commissions, and private parties . . . to intervene for purposes of appealing" entry of the decree.  *AT&T*, 714 F.2d at 179.  It should be noted that Judge Greene did not analyze how or whether the applicants satisfied Rule 24, yet it is clear that many of the applicants had substantial claims to intervene pursuant to Rule 24.  It should also be noted that the *AT&T* proceeding was not, technically, a Tunney Act proceeding.  Judge Greene followed Tunney Act procedures without deciding that the Tunney Act applied to the modification of a consent decree in one case and the dismissal of a different case.  *AT&T*, 552 F. Supp. at 144-45.

## II. Movant Does Not Satisfy Rule 24(b)(2)'s Minimum Requirement For Permissive Intervention

In seeking to intervene for purposes of appeal, Movant first claims to meet the requirements for permissive intervention pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure.[8] That rule grants a court discretion to permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). If that test is met, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Movant, however, fails to satisfy the fundamental requirement of Rule 24(b)(2), that there be "a question of law or fact in common," so there is no need to consider possible undue delay or prejudice to the rights of the original parties or whether Movant can point to "specific defects," the existence of which might render any delay or prejudice tolerable.

As this Court has noted, Rule 24(b)(2)'s requirement "that the would-be intervenor advance a 'claim or defense' sharing common questions with the claims of the original parties, advances the 'apparent goal of disposing of related controversies together.'" Mem. Op. at 3 (SBC) (quoting *EEOC v. National Children's Ctr., Inc.,* 146 F.3d 1042, 1045 (D.C. Cir. 1998)); *see also* 7C Charles Alan Wright et al., Federal Practice and Procedure § 1901, at 230 (2d ed. 1986) (citing, in discussing Rule 24, the "public interest in the efficient resolution of controversies"). Without that commonality of claims, there is no saving from adding parties. *See*

---

[8]Movant does not expressly eschew reliance on Rule 24(b)(1), which permits intervention "when a statute of the United States confers a conditional right to intervene," and this Court gave short shrift to third parties' earlier reliance on it. *See, e.g.*, Mem. Op. at 3 (CCIA) ("[I]n basing its motion exclusively on Rule 24(b)(1), CCIA ignores this Circuit's precedent which declined to conclude that the Tunney Act confers a 'conditional right to intervene.'") (citing *MSL*, 118 F. 3d. at 780 n.2).

*MSL*, 118 F.3d at 782 (stating that "litigative economy, reduced risks of inconsistency, and increased information" are the "hoped-for advantages" of intervention).

Movant has no claim that shares a common question with the claims of the original parties, nor does Movant attempt to articulate any such claim.[9] Movant only concludes that the "interests of CCC and its members are more than sufficient to meet" the requirement that it have a common question. Mem. at 10. Yet, Movant provides only a vague reference to what these interests are: "The interests of CCC closely correspond to the 'specific defects' and issues that we have suggested should be reviewed by the Court of Appeals." *Id*. Any interests that Movant and its members have are in the scope of the antitrust remedy imposed in this case and do not amount to "question[s] of law or fact in common" with those in this Tunney Act proceeding.[10] And, we

---

[9] Perhaps for this reason, Movant does not comply with the requirement of Rule 24(c) of the Federal Rules of Civil Procedure that applicants accompany their motion with "a pleading setting forth the claim or defense for which intervention is sought." Such a pleading obviously facilitates determining whether an applicant satisfies Rule 24(b)(2). *Cf. Diamond v. Charles*, 476 U.S. 54, at 76-77 (1986) (O'Connor, J., concurring) (discussing the relationship between pleading requirement of Rule 24(c) and "claim or defense" in Rule 24(b)(2)).

[10] Movant suggests it satisfies the requirement of Rule 24(b)(2) because, as the District Court for the Southern District of New York stated, "'[T]he [sic] words claim or defense are not to be read in a technical sense, but only require some interest on the part of the applicant.'" Mem. at 10 (quoting *Dow Jones & Co. v. United States Department of Justice*, 161 F.R.D. 247, [254] (S.D.N.Y. 1995)). Yet, we do not believe the Southern District of New York intended for this statement to be read literally, as Movant applies it. In fact, that district court went on to suggest that this standard requires more than a mere interest in the remedy, and that the requirement may be met when "the applicant's interest will be finally determined by the suit." *Dow Jones*, 161 F.R.D. at 254 (citing *Arizona v. California*, 460 U.S. 605, 615 (1983)). Justice O'Connor, concurring in *Diamond*, also explained that "[t]he words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit," and that this "plainly *does* require an interest sufficient to support a legal claim or defense" founded upon it. *Diamond*, 476 U.S. at 76-77 (O'Connor, J., concurring) (emphasis in original). Accordingly, for permissive intervention, Movant requires an "interest that would permit [it] to sue or be sued by . . . anyone . . . in an action sharing common questions of law or fact with those at issue in this litigation." *Id.* at 77 (O'Connor, J., concurring). Movant does not and cannot explain how its "interests" would support a suit raising the questions at issue in this Tunney Act proceeding.

UNITED STATES' OPPOSITION TO CCC MOTION TO INTERVENE - PAGE 8

repeat that Movant's vague references to alleged "specific defects" in the Final Judgment do nothing to advance its goal of satisfying Rule 24(b)(2)'s threshold requirement of common issue of law or fact.

Accordingly, whether or not permissive intervention here would unduly delay or prejudice the original parties (Mem. at 11) and whether or not Movant can point to "specific defects" (*id.* at 7-9) in the decree this Court entered, Movant fails to satisfy the minimum requirement for permissive intervention under Rule 24(b)(2), the existence of a common question of law or fact, and the Motion should therefore be denied.[11]

### III. Movant Does Not Satisfy Rule 24(a)(2)'s Requirements For Intervention As Of Right

Movant alternatively seeks intervention as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Mem. at 11.[12] That rule provides that an applicant will be permitted to intervene, on timely application, if

> [a] the applicant claims an interest relating to the property or transaction which is the subject of the action and [b] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect

---

[11]This does not mean that it would never be possible for a movant to have a claim with a common question of law or fact in a Tunney Act proceeding, as the holding in *MSL* demonstrates. *MSL*, 118 F.3d at 782. Here, though, in the very unique circumstance where the Tunney Act proceeding follows a full trial on the merits and an appellate decision, a potential intervenor must show more than that it has a potential claim for liability (although here, Movant has not even done that). This does not totally preclude permissive intervention, it only requires that Movant demonstrate a question of law or fact in common with those in this case as it procedurally stands today. The search for commonality is "forward-looking," *id.*, and the only issue that remains in this proceeding is whether this Court properly applied the Tunney Act and acted within its permissible discretion when it determined the proposed decree was in the public interest. Any of Movant's potential claims of liability, of which none are articulated, surely present no issues of Tunney Act compliance. And simply because a potential claim might lack a common question of law or fact necessary for permissive intervention, this does not mean that the movant lacks the necessary interest to intervene as of right.

[12]Movant does not claim intervention as of right pursuant to Rule 24(a)(1).

UNITED STATES' OPPOSITION TO CCC MOTION TO INTERVENE - PAGE 9

that interest, [c] unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  Movant fails to establish any of these criteria and, therefore, should not be entitled to intervene to appeal this Court's public interest determination under Rule 24(a).

The interest to which the rule refers must be a "'legally protectable one.'"  *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting *Southern Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984)).  As this Court has explained:

> In this regard, "potential intervenors must establish 'prudential' as well as constitutional standing." *In re Vitamins Antitrust Class Actions,* 215 F.3d 26, 29 (D.D.C. 2000).  Standing, a component of Article III's limitations on the justiciability of a claim, inquires as to whether the plaintiff has "'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr,* 369 U.S. 186, 204 (1975)).

Mem. Op. at 4 (California Plaintiffs); *see also Diamond*, 476 U.S. at 75 (O'Connor, J., concurring) (explaining that the requirement of a "'significantly protectable interest' calls for a direct and concrete interest that is accorded some degree of legal protection") (quoting *Donaldson v. United States*, 400 U.S. 517, 542 (1971) and citing *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 315 (1985)).

The interest on which Movant relies is an "interest in a Final Judgment that restores a [sic] competition to the market for operating systems and the so-called 'PC ecosystem.'"  Mem. at 12.  The interest in "competition . . . [in] the 'PC ecosystem'" is, of course, widely shared.  That interest resembles "[a]n individual or entity's interest in seeing that the law is adhered to[, which] is too general an interest to confer standing," or an "interest in ensuring that this Court acts properly in response to the Court of Appeals' mandate on remand[, which] is just such a general

UNITED STATES' OPPOSITION TO CCC MOTION TO INTERVENE  - PAGE 10

interest," Mem. Op. at 4 (California Plaintiffs),[13] which this Court has already asserted does not qualify for purposes of Rule 24(a)(2).[14]

In any event, "disposition of the action" without Movant's intervention will not "as a practical matter impair or impede [its] ability to protect that interest." Fed. R. Civ. P. 24(a)(2). In this respect, Movant's situation is indistinguishable from that of the applicant in *MSL*. There, the Court of Appeals "assume[d] arguendo that the more zealously the Department had pursued its antitrust claims, the greater the resulting *advance* in the [applicant's] interest in being free of anticompetitive behavior," but it refused to "equat[e] failure to promote an interest with its impairment." *MSL*, 118 F.3d at 780 (emphasis in original).

Movant attempts to avoid this principle by asserting that:

> If CCC is not granted leave to intervene many of the issues of concern to its members will not be raised on appeal or considered by the Court of Appeals. CCC will have no opportunity to protect its interests or ensure that those interests are not further eroded by Microsoft's conduct and the market conditions that have resulted from that conduct.

Mem. at 12. The attempt fails. Movant alleges not that the entry of the decree would impair its interests, but simply that the decree does not offer Movant as much protection from Microsoft as

---

[13]Nor is the asserted interest within the zone of interests protected by the Tunney Act. *See Mova*, 140 F.3d at 1074-75 (noting that prudential standing depends on whether the applicant is within the zone of interests protected by the statute). The Tunney Act's purpose is to "provide that district courts make an independent determination as to whether or not the entry of a proposed consent judgment is in the public interest as expressed by the antitrust laws," S. Rep. No. 93-298, at 4 (1973), while "preserv[ing] the consent decree as a viable settlement option," and not to "force the government to go to trial for the benefit of potential private plaintiffs," *id.* at 6.

[14]In *MSL*, the applicant asserted an interest "because the ABA's anticompetitive practices have led to denial of accreditation and thus inflicted millions of dollars of injury" on it. *MSL*, 118 F.3d at 780. The Court of Appeals found that interest to be "substantial," but did not otherwise address whether it met the requirements of Rule 24(a)(2), affirming the district court's denial of intervention as of right on other grounds. *Id.*

it would like.  That is a complaint that the decree fails "'to secure better remedies for a third party,'" which is "'not a qualifying impairment.'"  Mem. Op. at 4 (ProComp) (quoting *MSL*, 118 F.3d at 780); *see also MSL*, 118 F.3d at 780 (noting that a baseline for the Tunney Act's substantive provisions is that a district court should not reject an adequate remedy "'simply because a third party claims it could be better treated'") (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1461 n.9 (D.C. Cir. 1995)).  This is not a showing that the Final Judgment will "affirmatively set" Movant's interests back.  *MSL*, 118 F.3d at 780.  Movant is not estopped from bringing a private suit against Microsoft, as many entities have, nor does Movant demonstrate how, or even allege that, specific provisions of the Final Judgment pose a "material risk" of impairment.  *Id.* at 781 (discussing *Smuck v. Hobson*, 408 F.2d 175 (D.C. Cir. 1969)).

    Finally, Movant fails to show that its asserted interest is not "adequately represented by existing parties."  Fed. R. Civ. P. 24(a)(2).  As the Court of Appeals said, "we do not think representation is inadequate just because a would-be intervenor is unable to free-ride as far as it might wish — a well-nigh universal complaint."  *MSL*, 118 F.3d at 781.  Movant attempts to convince this Court that its interests were not adequately represented by stating that "[t]hese parties are legally precluded from appealing and, in any event, have no interest in appealing the approval of a Final Judgment that reflects the settlement they developed."  Mem. at 13.  Movant, having benefited from our bringing and litigating this suit, now wishes we had pushed further in the remedy.  But consumers' interests were represented, are protected by the provisions of the Final Judgment, and, as Movant correctly notes, we see no reason to appeal, nor can we appeal.  Movant's wishing to obtain a decree that places more restraints on Microsoft does not mean its interests were not "adequately represented," and does not entitle it to intervention as of right under Rule 24(a)(2).

## CONCLUSION

The Court should deny the Motion.

Dated: January 10, 2003

                                            Respectfully submitted,

                                            _____

                                            PHILLIP R. MALONE
                                            RENATA B. HESSE
                                            DAVID SEIDMAN
                                            PAULA L. BLIZZARD
                                            PATRICIA A. BRINK
                                            JOAN V. FARRAGHER
                                            JEFFREY D. NEGRETTE
                                            BARBARA J. NELSON
                                            JEFFREY J. VANHOOREWEGHE
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Antitrust Division
                                            600 E Street, N.W.
                                            Suite 9500
                                            Washington, D.C. 20530
                                            202/514-8276

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2003, I caused one copy of the foregoing Memorandum of the United States in Opposition to the Motion of *Amicus Curiae* Consumers for Computing Choice for Leave to Intervene for Purposes of Appeal to be served by facsimile upon:

James S. Turner
Swankin & Turner
1400 16th Street, N.W.
Washington, DC 20036
Facsimile: (202) 265-6564

*Counsel for Movant*

_____
Beth Brunalli