IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Civil Action No. 98-1232 (CKK)

Next Court Deadline: None

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO THE MOTION OF
ROBERT E. LITAN FOR LEAVE TO INTERVENE FOR PURPOSES OF APPEAL**

The United States opposes the Motion of Robert E. Litan ("Movant") for leave to

intervene for the purpose of appealing this Court's November 12, 2002, determination that the

proposed final judgment in this case, consented to by the United States, Microsoft and nine

Plaintiff states in the companion case of *New York v. Microsoft*, No. 98-1233, is in the public

interest.

Movant utterly fails to meet the minimum requirements of Rule 24 of the Federal Rules of

Civil Procedure for intervention to appeal the substance of the Court's public interest

determination.[1]  In fact, Movant ignores many of those requirements, devoting most of his

Memorandum in Support of the Motion ("Mem.") to matters not within the scope of Rule 24.

Movant neglects to show how disposition of this action will impair his ability to protect any

_____

[1]This Court has already denied several third party motions to intervene in this proceeding
because each third party fell short of Rule 24's minimum requirements.  *See, e.g.*, Memorandum
Opinion (Feb. 28, 2002) (California Plaintiffs); Memorandum Opinion (Feb. 28, 2002)
(ProComp); Memorandum Opinion and Order (Feb. 28, 2002) (SBC); Memorandum Opinion and
Order (Feb. 28, 2002) (CCIA).

"interest relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a)(2), or how his claim or defense, if any, contains a "question of law or fact in common," Fed. R. Civ. P. 24(b)(2), with those at issue here.[2] In substance, Movant wants to file an amicus brief -- or expert economic testimony -- in the Court of Appeals, but that is not a ground for intervention. For these reasons, the Court should deny the Motion.

## ARGUMENT

### I. Only Those Satisfying The Requirements Of Rule 24 May Appeal From The Entry Of A Consent Decree Pursuant To The Tunney Act

#### A. The Tunney Act Provides No Means For Appeal Of Entry Of A Decree Apart From Rule 24

Movant argues that this Court should grant his Motion to intervene because "[a]vailing the Court of Appeals of [his] economic expertise and insight . . . will definitely serve the public interest." Mem. at 3. To support this argument, Movant states that the Tunney Act "expressly authorizes a district court to permit 'full or limited participation in proceedings before the court by interested persons . . . in any other manner and extent which serves the public interest as the court may deem appropriate.'" *Id.* (quoting 15 U.S.C. § 16(f)). But Congress did not intend for Section 16(f) of the Tunney Act to be a means for routine appeals of an entry of a consent

---

[2]Rule 24 of the Federal Rules of Civil Procedure requires that an application to intervene be timely filed. While generally a motion for post-judgment intervention for purpose of appeal is timely if it is filed within the time provided for filing a notice of appeal, the critical inquiry in determining the timeliness of such a motion is whether, in view of all of the facts and circumstances, the Movant acted promptly after entry of the Final Judgment. *United Airlines v. McDonald*, 432 U.S. 385, 395-96 (1977). The United States notes that Mr. Litan filed this Motion on December 31, 2002, fifty (50) days after entry of the Final Judgment. As a result, assuming a normal briefing schedule, the Motion would not be ripe for this Court's consideration before January 13, 2003, the date on which a notice of appeal must be filed pursuant to Fed. R. App. P. 4(a)(1)(B). *See* LCvR 7.1. Movant has not provided any explanation for his delay in filing.

judgment. In fact, Congress provided just one means for a non-party to intervene in a Tunney Act proceeding and thus acquire the ability to appeal entry of the decree. That unique means is Rule 24 of the Federal Rules of Civil Procedure.[3] To the extent permitted by Article III of the Constitution, Congress could have provided for other means of appeal by interested persons, but it did not do so.

Nor did Congress anticipate appeals by non-parties. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). The Court of Appeals said more than fifty years ago that it had long been settled that "one who is not a party to a record and judgment is not entitled to appeal therefrom." *United States v. Seigel*, 168 F.2d 143, 144 (D.C. Cir. 1948). As the Court of Appeals has specifically found, "[n]othing in the language of the [Tunney] Act indicates that Congress intended to change the general rule." *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984) ("*LTV*"). Thus, the Court of Appeals strictly applied the rule in dismissing the purported appeal of a non-party who had participated actively in the *LTV* Tunney Act proceeding. *Id.* at 55.

### B. Judicial Precedent Does Not Support Departing From Rule 24, As Advocated By Movant

Despite moving this Court "[p]ursuant to Rule 24" (Mot. at 1), Movant largely ignores Rule 24's minimum requirements. In fact, Movant does not even cite these requirements until the last paragraph of page eight in his nine-page Memorandum. Mem. at 8. Movant instead outlines

---

[3]*See* 15 U.S.C. § 16(f)(3) (allowing a district court to approve "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *see also* Mem. Op. at 3-4 (CCIA) ("'[T]he Tunney Act looks entirely to [Rule] 24 to supply the legal standard for intervention.'") (quoting *Mass. School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*")).

his expertise and past involvement in these proceedings (*id.* at 1-3), discusses the alleged ineffectiveness and "defects" of the Final Judgment (*id.* at 3-4, 5-6), and explains his interest in the case and how his unique perspective on the public interest will assist the Court of Appeals (*id.* at 7-8). Intermittently in these first eight pages, Movant cites legal precedent and argues that he should be granted intervention for purposes of appeal. But by not directly discussing Rule 24's minimum requirements, it appears that Movant is suggesting that there is legal precedent that allows the Court to grant intervention outside of Rule 24. There is not.

Movant first suggests that this Court could safely depart from Rule 24's requirements by asserting that the "Court should permit intervention for purposes of appeal 'if the would-be intervenor can point to the specific defects' in the Final Judgment." *Id.* at 5 (quoting *MSL*, 118 F.3d at 783). Movant then discusses the alleged defects in the Final Judgment in this case. Yet, Movant pulls the "specific defects" language out of context and confuses the legal analysis articulated by the Court of Appeals in *MSL*.

*MSL*, the Court of Appeals' most recent and most substantial treatment of Tunney Act intervention, clearly demonstrates that an applicant needs to meet the minimum requirements of Rule 24 to intervene. *See MSL*, 118 F.3d at 779 ("The [Tunney] Act directs us to look to the Federal Rules of Civil Procedure for the legal standard governing intervention."). The Court of Appeals stated that for permissive intervention the district court must first consider whether an applicant satisfies Rule 24(b)(2)'s "*threshold*" requirement, that "a common question of fact or law [be] found." *Id.* at 782 (emphasis added). It is only after the applicant has met this threshold requirement that the court then looks at "'whether the intervention will unduly delay or prejudice the adjudication of rights of the original parties.'" *Id.* (quoting Fed. R. Civ. P. 24(b)(2)). And it is in analyzing this second requirement of undue delay or prejudice that the Court of Appeals

states that "only if the would-be intervenor can point to specific defects [in the Final Judgment] . . . *will intervention under Rule 24(b)(2) . . .* be warranted." *Id.* at 783 (emphasis added).[4] Thus, alleging the existence of "specific defects" alone is not sufficient; Movant must still satisfy the threshold requirement of Rule 24(b)(2), which he cannot do.[5]

Movant again suggests that this Court may grant intervention without regard to Rule 24 by claiming that "[f]ederal courts have generally been sympathetic to requests by qualified applicants to intervene in Tunney Act case [sic] for purposes of appeal." Mem. at 4. Federal courts have been so "sympathetic," in fact, that Movant claims that there "evolved" a "practice of permitting qualified private parties to intervene . . . to ensure that the Court of Appeals can 'review and correct a district court's "public interest" determination.'" *Id.* (quoting *MSL*, 118 F.3d at 785 (Wald, J., concurring)). Expanding on this claim, Movant later states that "[i]n Tunney Act proceedings in antitrust cases of public importance, federal Courts [sic] have consistently authorized qualified petitioners to intervene for purposes of appeal." *Id.* at 5.

There is no "practice" of granting intervention for purposes of appeal in Tunney Act proceedings, nor do federal courts consistently do so when the case is of public importance. Movant cites only one case, *United States v. American Tel. & Tel. Co.*, 714 F.2d 178, 180 (D.C.

---

[4]The Court of Appeals comments that "[a]t least for intervention for purposes of appeal of a Tunney Act case, the 'delay or prejudice' standard of Rule 24(b)(2) appears to force consideration of the merits of the would-be intervenor's claims." *Id.* at 782.

[5]Movant again attempts to suggest that the Court could depart from Rule 24's requirements in asserting that a court may grant intervention in a Tunney Act proceeding when the applicant is "'well-suited to demonstrate that [the determination is not consistent with the public interest] [and] seeks to subject that determination to appellate review.'" Mem. at 4 (quoting, *MSL*, 118 F.3d at 785 (Wald J., concurring)). This statement, from Judge Wald's concurring opinion, is also taken out of context. Judge Wald did stress that the unusual nature of Tunney Act proceedings required a somewhat "'non-literal' application of Rule 24(b)(2)," *MSL*, 118 F.3d at 785 (Wald, J., concurring), but neither Judge Wald, nor the majority in *MSL*, ever concluded or suggested that the minimum requirements of Rule 24 did not apply.

Cir. 1983) (per curiam) ("*AT&T*"), as an example of a court granting intervenor status in an "important" antitrust case. *AT&T* alone does not establish that granting intervention in such proceedings is a "practice," nor does it stand for (or refer to) a general principle that intervention for purposes of appeal should be granted in important antitrust cases absent satisfaction of the requirements of Rule 24.[6]

Movant's citation to *MSL* especially undermines his claim. Mem. at 4. First, the district court in that case denied intervention for purposes of appeal, *MSL*, 118 F.3d at 778, a departure from the supposed "consistent" practice. Second, the Court of Appeals affirmed this denial, "except with regard to the question of whether the Tunney Act requires the government to make evidentiary material available to the public." *Id.* at 785. *MSL* thus demonstrates that it is not a practice to grant intervention in Tunney Act proceedings, particularly not for purposes of general appeal, and that a court should not grant intervention outside of Rule 24.

Finally, Movant suggests that this Court may ignore Rule 24 when he claims that he "clearly meets the *LTV* standard for intervention for purposes of appeal." Mem. at 5. Movant quotes this "standard" as: "'To gain status as an intervenor, the would-be appellant must first establish that participation by the intervenor would aid the court in making its public interest determination under the [Tunney Act].'" *Id.* (quoting *LTV*, 746 F.2d at [54]). Contrary to

---

[6]*See generally United States v. AT&T*, 552 F. Supp. 131, 144-45 (D.D.C. 1982), *aff'd mem. sub. nom. Maryland v. United States*, 460 U.S. 1001 (1983). Judge Greene, without opposition by the United States, "authorized 108 states, state regulatory commissions, and private parties . . . to intervene for purposes of appealing" entry of the decree. *AT&T*, 714 F.2d at 179. It should be noted that Judge Greene did not analyze how or whether the applicants satisfied Rule 24, yet it is clear that many of the applicants had substantial claims to intervene pursuant to Rule 24. It should also be noted that the *AT&T* proceeding was not, technically, a Tunney Act proceeding. Judge Greene followed Tunney Act procedures without deciding that the Tunney Act applied to the modification of a consent decree in one case and the dismissal of a different case. *AT&T*, 552 F. Supp. at 144-45.

Movant's claim, there is no "*LTV* standard for intervention," there is only Rule 24. The Court of Appeals in *LTV* did not state that the applicant needs to meet *only* this test for intervention. *LTV*, 746 F.2d at 54. In fact, the Court of Appeals went on to reaffirm that the "procedure [to intervene] authorized by the [Tunney] Act . . . is entirely consistent with the general rule under the Federal Rules of Civil Procedure." *Id*. at 54-55.[7] Thus, the "standard" for intervention articulated in *LTV* is Rule 24, and to that we now turn.

## II. Movant Does Not Satisfy Rule 24(a)(2)'s Requirements For Intervention As Of Right

Movant makes a feeble attempt to argue that his Motion should be granted under Rule 24(a)(2). Mem. at 8.[8] That rule provides that an applicant will be permitted to intervene, on timely application, if

> [1] the applicant claims an interest relating to the property or transaction which is the subject of the action and [2] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, [3] unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Movant addresses two of these three criteria and satisfies none of them.[9] Because of this, Movant should not be entitled to intervene to appeal this Court's public interest

---

[7]It should be noted again that Section 16(f)(3) of the Tunney Act explicitly provides for district courts to approve "intervention as a party pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f)(3). It should also be noted that the district court in *LTV* denied intervention to a non-party, *LTV*, 746 F.2d at 55 n.12, another ruling that is squarely inconsistent with the federal courts' supposed "practice" of permitting intervention in Tunney Act proceedings.

[8]Movant does not claim intervention as of right pursuant to Rule 24(a)(1). Actually, Movant does not rely explicitly on Rule 24(a)(2), but he does quote language from that section.

[9]"Failure to satisfy any one of the . . . factors is a sufficient ground for denying intervention." Mem. Op. at 1 (ProComp) (citing *Securities Exchange Comm'n v. Prudential Sec.*, *Inc*., 136 F.3d 153, 156 (D.C. Cir. 1998)).

determination under Rule 24(a).

The interest to which Rule 24(a)(2) refers must be a "'legally protectable one.'" *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting *Southern Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984)). As this Court has explained:

> In this regard, "potential intervenors must establish 'prudential' as well as constitutional standing." *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 29 (D.D.C. 2000). Standing, a component of Article III's limitations on the justiciability of a claim, inquires as to whether the plaintiff has "'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr,* 369 U.S. 186, 204 (1975)).

Mem. Op. at 4 (California Plaintiffs); *see also Diamond v. Charles*, 476 U.S. 54, 75 (O'Connor, J., concurring) (explaining that the requirement of a "'significantly protectable interest' calls for a direct and concrete interest that is accorded some degree of legal protection") (quoting *Donaldson v. United States*, 400 U.S. 517, 542 (1971) and citing *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 315 (1985)).

Movant argues that he has a "legally protectable and cognizable interest in the outcome of this case." Mem. at 8. Yet, he fails to identify specifically what that is. The most articulate expression of Movant's alleged interest is: "Applicant has professional, academic and other interests that depend on the availability of increasingly sophisticated computing tools that will be delayed or never developed if the Final Judgment is allowed to become law." Mem. at 1, *see also id*. at 8 (articulating the same, that Movant's professional, academic, and other interests depend on the development of computing tools, which in turn depend on operating systems and middleware, and that Microsoft's "unlawful conduct directly and adversely affect[s] [Movant's]

interests").

That interest resembles "[a]n individual or entity's interest in seeing that the law is adhered to[, which] is too general an interest to confer standing," or an "interest in ensuring that this Court acts properly in response to the Court of Appeals' mandate on remand[, which] is just such a general interest." Mem. Op. at 4 (California Plaintiffs).[10] The asserted interest does not qualify for purposes of Rule 24(a)(2).[11]

Movant does not even attempt to articulate how "disposition of the action" without Movant's intervention will "as a practical matter impair or impede [his] ability to protect that interest." Fed. R. Civ. P. 24(a)(2). Nevertheless, it will not. Movant's situation is indistinguishable from that of the applicant in *MSL*. There, the Court of Appeals "assume[d] arguendo that the more zealously the Department had pursued its antitrust claims, the greater the resulting *advance* in the [applicant's] interest in being free of anticompetitive behavior," but it refused to "equat[e] failure to promote an interest with its impairment." *MSL*, 118 F.3d at 780 (emphasis in original). Again, Movant does nothing to address these principles.[12]

---

[10]Nor is the asserted interest within the zone of interests protected by the Tunney Act. *See Mova*, 140 F.3d at 1074-75 (noting that prudential standing depends on whether the applicant is within the zone of interests protected by the statute). The Tunney Act's purpose is to "provide that district courts make an independent determination as to whether or not the entry of a proposed consent judgment is in the public interest as expressed by the antitrust laws," S. Rep. No. 93-298, at 4 (1973), while "preserv[ing] the consent decree as a viable settlement option," and not to "force the government to go to trial for the benefit of potential private plaintiffs," *id.* at 6.

[11]In *MSL*, the applicant asserted an interest "because the ABA's anticompetitive practices have led to denial of accreditation and thus inflicted millions of dollars of injury" on it. *MSL*, 118 F.3d at 780. The Court of Appeals found that interest to be "substantial," *id.*, but did not otherwise address whether it met the requirements of Rule 24(a)(2), affirming the district court's denial of intervention as of right on other grounds. *Id.* at 781.

[12]Movant only suggests that the decree does not offer Movant as much protection from Microsoft as he would like. *See* Mem. at 1, 8. That is a complaint that the decree fails "'to

Finally, Movant fails to show that his asserted interest is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). As the Court of Appeals said, "we do not think representation is inadequate just because a would-be intervenor is unable to free-ride as far as it might wish — a well-nigh universal complaint." *MSL*, 118 F.3d at 781. While Movant concludes that his interests will not be adequately represented, he offers no convincing reasons why. Movant suggests that his interests will not be adequately represented because "the government has settled, it is not in a position to represent important aspects of the national interest that [Movant] is prepared to represent . . . [and that] Microsoft's interests in the Final Judgment are inconsistent with the national interest." Mem. at 7. Movant's statements do nothing more than reveal his wish that we would have bargained for a stricter remedy against Microsoft.[13]

## III. Movant Does Not Satisfy Rule 24(b)(2)'s Minimum Requirement for Permissive Intervention

In seeking to intervene for purposes of appeal, Movant claims next to meet the requirements for permissive intervention pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure.[14] That rule grants a court discretion to permit intervention "when an applicant's claim

---

secure better remedies for a third party,'" which is "'not a qualifying impairment.'" Mem. Op. at 4 (ProComp) (quoting *MSL*, 118 F.3d at 780); *see also MSL*, 118 F.3d at 780 (noting that a baseline for the Tunney Act's substantive provisions is that a district court should not reject an adequate remedy "'simply because a third party claims it could be better treated'") (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1461 n.9 (D.C. Cir. 1995)). This is not a showing that the Final Judgment will "affirmatively set" Movant's interests back. *MSL*, 118 F.3d at 780.

[13]Movant further alleges that "[n]o other party will represent [Movant]'s unique perspective on the national interest . . . [and] believes it is unlikely that other economists will seek to intervene in this matter," suggesting that because of this his interests will not be adequately represented. Mem. at 7. These arguments have no bearing, however, on whether the "existing parties" will adequately represent Movant's interest. Fed. R. Civ. P. 24(a)(2).

[14]Movant does not expressly eschew reliance on Rule 24(b)(1), which permits intervention "when a statute of the United States confers a conditional right to intervene," and this Court gave

or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).[15] If that test is met, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Movant, however, fails to satisfy the fundamental requirement of Rule 24(b)(2), that there be a "question of law or fact in common," so there is no need to consider possible undue delay or prejudice to the rights of the original parties and whether Movant can point to "specific defects" in the Final Judgment which might render the consideration of any such delay or prejudice tolerable.

Movant has no claim that shares a common question with the claims of the original parties, nor does Movant attempt to articulate any such claim.[16] Movant only offers that "[t]he 'specific defects' and issues raised by [Movant] constitute 'questions of law in [sic] fact in common' with the 'main action' in this crucial Tunney Act determination and Final Judgment." Mem. at 9. The "specific defects" and issues raised by Movant relate to the scope and effect of the remedy

---

short shrift to third-parties' earlier reliance on it. *See, e.g.*, Mem. Op. at 3 (CCIA) ("[I]n basing its motion exclusively on Rule 24(b)(1), CCIA ignores this Circuit's precedent which declined to conclude that the Tunney Act confers a 'conditional right to intervene.'") (citing *MSL*, 118 F. 3d. at 780 n.2).

[15]As this Court has noted, Rule 24(b)(2)'s requirement "that the would-be intervenor advance a 'claim or defense' sharing common questions with the claims of the original parties, advances the 'apparent goal of disposing of related controversies together.'" Mem. Op. at 3 (SBC) (quoting *EEOC v. National Children's Ctr., Inc.,* 146 F.3d 1042, 1045 (D.C. Cir. 1998)). Without that commonality of claims, there is no saving from adding parties. *See MSL*, 118 F.3d at 782 (stating that "litigative economy, reduced risks of inconsistency, and increased information" are the "hoped-for advantages" of intervention).

[16]Perhaps for this reason, Movant does not comply with the requirement of Rule 24(c) of the Federal Rules of Civil Procedure that applicants accompany their motion with "a pleading setting forth the claim or defense for which intervention is sought." Such a pleading obviously facilitates determining whether an applicant satisfies Rule 24(b)(2). *Cf. Diamond v. Charles*, 476 U.S. 54, at 76-77 (1986) (O'Connor, J., concurring) (discussing the relationship between pleading requirement of Rule 24(c) and "claim or defense" in Rule 24(b)(2)).

imposed in this case. *See id.* at 5-6 (discussing the "specific defects" and raising issues as to the scope and effectiveness of the remedy). These do not raise questions of law or fact contained in any claim or defense of Movant's, nor does Movant attempt to demonstrate how they would. Thus, they do not amount to "question[s] of law or fact in common" with those in this Tunney Act proceeding.[17]

Accordingly, whether or not permissive intervention here would unduly delay or prejudice the original parties (Mem. at 9) and whether or not Movant can point to "specific defects" (*id.* at 5-6) in the decree this Court entered, Movant fails to satisfy the minimum requirement for permissive intervention under Rule 24(b)(2), a common question of law or fact, and the Motion should therefore be denied.

---

[17]Movant neglects to show how he could use these alleged "specific defects" and issues to make any "claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Diamond*, 476 U.S. at 76-77 (O'Connor, J., concurring). Movant may be interested in seeing that these supposed "defects" get remedied or that these "issues" get resolved, but his interest is certainly not "sufficient to support a legal claim or defense" founded upon it. *Id.* For permissive intervention, Movant requires an "interest that would permit [him] to sue or be sued by . . . anyone . . . in an action sharing common questions of law or fact with those at issue in this litigation." *Id.* at 77 (O'Connor, J., concurring). Movant does not and cannot explain how his interest in the "defects" of the Final Judgment would give him a legal claim similar to those at issue in this Tunney Act proceeding.

## CONCLUSION

The Court should deny the Motion.

Dated: January 10, 2003

Respectfully submitted,

_____
PHILLIP R. MALONE
RENATA B. HESSE
DAVID SEIDMAN
PAULA L. BLIZZARD
PATRICIA A. BRINK
JOAN V. FARRAGHER
JEFFREY D. NEGRETTE
BARBARA J. NELSON
JEFFREY J. VANHOOREWEGHE
Trial Attorneys
U.S. Department of Justice
Antitrust Division
600 E Street, N.W.
Suite 9500
Washington, D.C. 20530
202/514-8276

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2003, I caused one copy of the foregoing

Memorandum of the United States in Opposition to the Motion of Robert E. Litan for Leave to

Intervene for Purposes of Appeal to be served by facsimile upon:

Robert E. Litan
1775 Massachusetts Avenue, N.W.
Washington, DC 20036
Facsimile: (202) 797-6319

*Counsel for Movant*


_____

Beth Brunalli