IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline: None |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO
THE JOINT MOTION OF *AMICI CURIAE* CCIA AND SIIA
FOR ENLARGEMENT OF TIME FOR APPEAL**

The United States opposes the Motion of the Computer & Communication Industry Association ("CCIA") and the Software & Information Industry Association ("SIIA") (collectively, the "Joint Movants") for Enlargement of Time for Appeal (the "Motion"). If needed, the Motion can be granted later, but there will be no need for an enlargement of time if this Court ultimately denies Joint Movants' Motion to Intervene for Purposes of Appeal (filed December 20, 2002). Should the Court nevertheless address the Motion now, it should deny the Motion because Joint Movants have failed to demonstrate either "excusable neglect" or "good cause." *See* Fed. R. App. P. 4(a)(5)(A)(ii). The Motion should be deferred pending the Court's decision on Joint Movants' Motion to Intervene, or else denied now.

**ANALYSIS**

Fed. R. App. P. 4(a)(5)(A)(i) permits a district court "to extend the time to file a notice of appeal if: (i) a party so moved no later than 30 days after the time prescribed by this Rule 4(a)

expires; and (ii) that party shows excusable neglect or good cause." By its plain terms, Rule 4

does not require that the enlargement of time be either requested or granted prior to the

expiration of the time to appeal under Rule 4(a). The United States thus suggests that it is

unnecessary for the Court to consider the Motion at this time, and the ultimate disposition of the

motion will turn on the Court's disposition of Joint Movants' Motion to Intervene.[1]

At this stage, however, the United States does not believe that Joint Movants have

demonstrated an appropriate basis for an enlargement of time. Joint Movants argue that their

request for an enlargement of time should be granted because they have filed the Motion prior to

the expiration of the time for appeal (January 13, 2003) and can demonstrate "good cause."

Mem. at 2. In so arguing, Joint Movants seek to avoid application of the "excusable neglect"

standard under Fed. R. App. P. 4 and erroneously claim that the appropriate standard for the

Court to apply to the Motion is one of "good cause." *See* Mem. at 2 n.1.

The 1979 Advisory Committee Notes upon which Joint Movants rely for their claim that

the correct standard is "good cause," *see* Mem. at 2 n.1, explicate a draft rule that was not

adopted, and in any event present an analysis that does not survive the 2002 amendment to Rule

4(a)(5), which states clearly that the standard to be applied to requests for extensions of time to

appeal is "excusable neglect or good cause" regardless of when the request is filed:

> Despite the text of Rule 4(a)(5)(A), most of the courts of appeals have held that
> the good cause standard applies only to motions brought prior to the expiration of
> the original deadline and that the excusable neglect standard applies only to
> motions brought during the 30 days following the expiration of the original
> deadline. [Citations omitted.] These courts have relied heavily upon the Advisory

---

[1]If the Court grants the Motion to Intervene, the United States will not oppose granting a reasonable enlargement of time to file a notice of appeal so that the Court's decision can be given its intended effect. If the Court denies the Motion to Intervene, Joint Movants will have no use for the extension.

Committee Note to the 1979 amendment to Rule 4(a)(5). But the Advisory Committee Note refers to a draft of the 1979 amendment that was ultimately rejected. The rejected draft directed that the good cause standard apply only to motions filed prior to the expiration of the original deadline. Rule 4(a)(5), as actually amended, did not. *See* 16A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3950.3, at 148-49 (2d ed. 1996).

* * *

A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause.

The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. *The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.* The good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

* * *

2002 Advisory Ctte. Notes to sub. 4(a)(5)(A)(ii) (emphasis supplied).

Here, the need for an enlargement of the time to appeal is occasioned by something entirely within the control of Joint Movants, their decision to delay more than 35 days from entry of judgment before filing their Motion to Intervene. Thus, the appropriate standard to be applied to the Motion is "excusable neglect" and not "good cause." As Joint Movants have made no effort to show their delay was excusable, there is now no reason to grant the Motion.

Finally, we question whether Joint Movants would even be able to satisfy the "good cause" standard given their delay in filing their Motion to Intervene. In this connection, Joint Movants imply that the changes to the briefing schedule on the Motion to Intervene requested by Plaintiffs, and agreed to by Joint Movants and Microsoft, are part of the reason why there is "good cause"

to enlarge their time to appeal.  *See* Mem. at 1 ("[u]nder this revised schedule . . . any reply . . . was due by Wed., Jan. 8"), 2 ("[d]ue to the briefing schedule prescribed for the Joint Motion"). We note that the change to the briefing schedule requested by Plaintiffs did not extend the deadline for the filing of Joint Movants' reply (and thus has no bearing on Joint Movants' need for an enlargement of time); based on the date the Motion to Intervene was filed, the reply would always have been due on January 8.

## CONCLUSION

The Court should deny the Joint Motion without prejudice or defer ruling on it.

Dated:  January 10, 2003

                                      Respectfully submitted,

                                      _____

                                      PHILLIP R. MALONE
                                      RENATA B. HESSE
                                      DAVID SEIDMAN
                                      PAULA L. BLIZZARD
                                      PATRICIA A. BRINK
                                      JOAN V. FARRAGHER
                                      JEFFREY D. NEGRETTE
                                      BARBARA J. NELSON
                                      JEFFREY J. VANHOOREWEGHE
                                      Trial Attorneys
                                      U.S. Department of Justice
                                      Antitrust Division
                                      600 E Street, N.W.
                                      Suite 9500
                                      Washington, D.C. 20530
                                      202/514-8276

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2003, I caused one copy of the foregoing

Memorandum of the United States in Opposition to the Joint Motion of *Amici Curiae* CCIA and

SIIA for Enlargement of Time for Appeal to be served by facsimile upon:

Robert H. Bork
1150 17th Street, N.W.
Washington, D.C. 20036
Facsimile: (202) 862-5899

Kenneth W. Starr
Kirkland & Ellis
655 15th Street, N.W., Suite 1200
Washington, D.C. 20036
Facsimile: (202) 879-5200

Glenn B. Manishin
Kelley Drye & Warren LLP
8000 Towers Crescent Drive, Suite 1200
Vienna, VA 22182
Facsimile: (703) 918-2450

Stephanie A. Joyce
Kelley Drye & Warren LLP
1200 19th Street, N.W., Suite 500
Washington, D.C. 20036
Facsimile: (202) 955-9792

Edward J. Black, President
Jason Mahler
Computer & Communications Industry Assn.
666 11th Street, N.W.
Washington, D.C. 20001
Facsimile: (202) 783-0534

Ken Wasch, President
Software & Information Industry Assn.
1090 Vermont Avenue N.W., 6th Floor
Washington, D. C. 20005
Facsimile: (202) 289-7097

*Counsel for Joint Movants*

_____
Beth Brunalli