UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

     v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 98-1232 (CKK)

**MEMORANDUM OPINION**
(January 11, 2003)

    This case comes before the Court upon the filing of a Motion to Intervene for Purposes of Appeal and a Motion for Enlargement of Time for Appeal by the Computer & Communications Industry Association ("CCIA")[1] and the Software & Information Industry Association ("SIIA")[2] (collectively "Movants"). The Court denied CCIA's prior motion to intervene in this case but allowed the group to assist the Court in the role of *amicus curiae*. *See United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319139 (D.D.C. Feb. 28, 2002). The Court also granted SIIA *amicus curiae* status in this case. *See United States v. Microsoft Corp.*, No. 98-1232, 2002 WL

---

[1] "CCIA is an association of more than 35 technology and telecommunications companies . . . . CCIA's members are customers, partners and competitors of Microsoft, and include equipment manufacturers, software developers, providers of electronic commerce, networking, telecommunication and online services, resellers, systems integrators, and third-party vendors." Movants' Joint Motion for Leave to Intervene for Purposes of Appeal ("Jt. Mot.") at 3.

[2] "SIIA is the principal trade association of the software code and information content industry, with more than 500 members. SIIA provides global services in government relations, business development, corporate education, and intellectual property protection to leading software and information companies." Jt. Mot. at 3.

319226 (D.D.C. Feb. 28, 2002).

On November 1, 2002, this Court entered an Order ruling on the public interest determination and conditionally approving the parties' Second Revised Proposed Final Judgment with the exception of one provision. *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 31439450 (D.D.C. Nov. 1, 2002). The Court had already determined that the parties had met all of the other Tunney Act requirements in its July 1, 2002 Memorandum Opinion. *See United States v. Microsoft Corp.*, 215 F.Supp. 2d 1 (D.D.C. 2002). After receiving the parties' Third Revised Proposed Final Judgment which adequately addressed the Court's concerns, the Court entered its Final Judgment in the above-captioned case on November 12, 2002, finding the parties' consent decree to be in the public interest pursuant to the Tunney Act, 15 U.S.C. § 16(e). *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 31654530 (D.D.C. Nov. 12, 2002). On December 20, 2002, Movants filed their Joint Motion to Intervene for Purposes of Appeal ("Jt. Mot."), arguing that they should be permitted to appeal the Court's Final Judgment. Movants also seek this Court's grant of an enlargement of time for them to file their appeal. *See* Movants' Joint Motion for Enlargement of Time for Appeal. After reviewing the Movants' Motions, the Oppositions thereto, Movants' Reply, and the relevant law, the Court finds that Movants have failed to meet the requirements set out in *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776 (D.C. Cir. 1997) for granting leave to intervene for the purpose of appealing Tunney Act consent judgments. As such, Movants' Motion for Leave to Intervene for Purposes of Appeal shall be denied, and Movants' Motion for Enlargement of Time for Appeal shall be denied as moot.

2

# I.  LEGAL STANDARD

A non-party seeking to challenge a consent judgment via appeal must first seek to intervene in the proceedings.  *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984).  For examining intervention motions in the Tunney Act context, the appropriate standard to apply is that of Rule 24 of the Federal Rules of Civil Procedure.  *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*"); *but see id.* at 785 (Wald, J., concurring) (noting that "the application of Federal Rule of Civil Procedure 24(b)(2) in this case responds to the unusual nature of the proceedings under the Tunney Act," and that Rule 24's language "require[s] 'other than literal application in atypical cases.'").

Rule 24 allows intervention under two standards: intervention of right and permissive intervention.  Fed. R. Civ. P. 24(a)-(b).  The Rules permit intervention of right:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  A Court may grant an applicant permission to intervene:

> (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Movants move for both intervention as of right and permissive intervention.  Guiding any determination on intervention is the requirement that "an intervenor's right to continue in a suit

in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." *Diamond v. Charles*, 476 U.S. 54, 68 (1986).  In applying the Rule 24 standard in this case, the Court is guided by this Circuit's *MSL* Opinion, which sets out the appropriate analysis for Rule 24 motions brought to intervene in a Tunney Act case for the purpose of appeal.

## III.  DISCUSSION

*A.      Intervention as of Right*

Movants seek to intervene in this case as a matter of right.  *See* Jt. Mot. at 14-19.  Since the Tunney Act does not provide an unconditional right for Movants to appeal,[3] Movants are required to "claim[] an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R. Civ. P. 24(a)(2).

Movants claim that they have a direct and immediate interest in the judgment; namely, "ensuring that the remedy in this case restores effective competition to the PC ecosystem."  Jt. Mot. at 16.  CCIA and SIIA claim that the liability imposed on Microsoft in this case was based in large part on Microsoft's treatment of its competitors and that the "economic welfare" of many of their members "hinges on whether Microsoft's unlawful monopolization has been appropriately remedied."  *Id*.  Movants claim that without intervention they will not be able to protect their interest, because unless they are allowed to appeal, the Judgment will not be subjected to further judicial review.  *Id*. at 17.  Finally, Movants allege that no other party will

_____

[3] Movants do not allege that the Tunney Act provides them such a right.  Jt. Mot. at 15.

adequately represent their interest because no party will appeal the Judgment. *Id.* at 19.

Even if the Court were to agree that Movants have adequately alleged an interest implicated by the Judgment, it cannot find that the disposition of this action would impair their ability to protect that interest or that their interest was not adequately represented by the parties in this case. First, as was the case in *MSL*, the Judgment in this case has no "res judicata, collateral estoppel, or stare decisis effect" on Movants. *MSL* at 781. Nothing prevents the Movants or their membership from pursuing their own antitrust actions against Microsoft, as evidenced by the recent decision in the United States District Court for District of Maryland. *See In re Microsoft Corp. Antitrust Litig.*, 2002 WL 31863526 (D. Md. Dec. 23, 2002) (antitrust suit brought by Sun Microsystems, Inc. against Microsoft).

Second, Movants misapply the "adequate representation" prong of the Rule 24 analysis. They claim that because the parties will not appeal the Judgment and they wish to, no party will adequately represent their interest. This logic runs counter to the *MSL* court's application of the "adequate representation" prong, which looked at the interest the putative intervenor was seeking to forward and the interest the government had sought to further in bringing the suit. *MSL* at 781. Here, the Court can safely assume the government brought this case in order to address Microsoft's anticompetitive conduct in the marketplace which required remedial action. As the *MSL* court commented, "representation is [not] inadequate just because a would-be intervenor is unable to free-ride as far as it might wish– a well-nigh universal complaint." *Id.*

Movants' Motion also mentions, within their argument concerning the need for intervention to protect their interest, that they "both made specific procedural claims against approval of the settlement based on the lack of supporting documentation released by the

government and Microsoft."  Jt. Mot. at 17; *see also* Jt. Reply at 8-9 ("Finally, Joint Movants

argued that they have a Rule 24(a) right to intervene because their procedural

interests–specifically, the lack of adequate disclosure of lobbying communications under Section

16(g) of the Act and DOJ's failure to release 'determinative' documents under Section 16(c) of

the Act–would be impaired in the absence of intervention and appeal."); *id*. at 9 n.7 (explaining

that although their argument on this issue was brief, Movants included a footnote with citations

to "the lengthy discussion of these issues in their comments").  Movants are correct that *MSL*

held that a claim of denial of access to documents can constitute a legal entitlement under Rule

24(a) and therefore intervention as of right, *MSL* at 781-82.  In *MSL*, the Government had argued

that they were not required to provide access to certain documents.  *Id*.  Here, Movants have

provided the Court little information upon which to assess their purported claims.  In particular,

they make no specific legal arguments or provide specific facts with regard to which disclosures

under Sections 16(c) or (g) were inadequate, or why they claim such disclosures were inadequate.

Furthermore, Movants have not pointed to any particular faults in this Court's Memorandum

Opinion finding that the parties complied with the Tunney Act's provisions on disclosures, a

finding made after reviewing all the materials submitted in the case.  *See United States v.

Microsoft Corp.*, 215 F. Supp. 2d 1 (D.D.C. 2002).  Unlike the District Court in *MSL*, this Court

did not approve the decree without insisting on access to relevant documents.  *See MSL* at 781.

Accordingly, Movants do not articulate a basis to support their claims that the Court's decisions

regarding procedural matters in its July 1, 2002 Memorandum Opinion are faulty.  In addition,

the Court declines to sift through the voluminous record in this case for Movants' earlier briefs

and filings and make their arguments for them when they have chosen not to specify the grounds

for their challenge or attach the relevant documents to the present pleading.

Given these deficiencies, the Court does not find that Movants have a right to intervene in this case for the purposes of appeal.

## B.    *Permissive Intervention*

Movants also contend that they meet the requirements for permissive intervention under Rule 24(b).  Although Movants must meet the Rule's requirements, the *MSL* court characterized Movants' burden in the Tunney Act context as such:

> *[O]nly* if the would-be intervenor can point to the specific defects identified by *Microsoft*,[4] or some discrepancy between the remedy and substantially undisputed facts so broad as to render the decree a 'mockery of judicial power," will intervention under Rule 24(b)(2) (and reversal) be warranted.

*MSL* at 783 (emphasis added).  In reaching this holding, the *MSL* court relied on language in *United States v. Hartford Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978) cited by the *LTV* court:

> A private party generally will not be permitted to intervene in government antitrust litigation absent some strong showing that the government is not vigorously and faithfully representing the public interest.

*MSL* at 783.  The *MSL* court also cited to an Eighth Circuit opinion cited by *LTV* which adopted a "similar formula" to that of *Hartford Empire*.  *Id*.[5]  Perhaps in light of this Sixth and Eighth

---

[4] These defects are: ambiguous terms, inadequate enforcement mechanism, if third parties will be positively injured, or "if the decree otherwise makes 'a mockery of judicial power.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995).

[5] "It is axiomatic that the Attorney General must retain considerable discretion in controlling government litigation and in determining what is in the public interest. Thus, in our view, the intervention standard remains that which was stated in *Sam Fox* [*Publishing Co. v. United States*]: '(B)ad faith or malfeasance on the part of the Government' in negotiating and accepting a consent decree must be shown before intervention will be allowed. 366 U.S. at 689, 81 S.Ct. at 1313, 6 L.Ed.2d at 609." *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976).

Circuit guidance, the *MSL* court, in applying its standard, focused on the overall concern of whether or not the decree made a "mockery of judicial power." *Id*.  In rejecting the would-be intervenor's allegations of deficiencies in the consent judgment, the Court declared that it could not "say that [the government's] resolution  suggests malfeasance," and that "[t]here is . . . no reason to infer a sell-out by the Department [of Justice]." *Id*. at 784.

In the present case, Movants' arguments with regard to the defects in the Final Judgment are identical to those made in their Tunney Act filings.  Jt. Reply at 10.  These filings were reviewed by the Court in making its public interest determination and found not to fatally undermine the Proposed Final Judgment.  The Court did not observe, and finds no reason to change its view, that the Government failed to "vigorously and faithfully represent[] the public interest," *Hartford Empire*, 573 F.2d at 2, in proceeding with this case.  As such, based on the guidance provided by *MSL*, the Court shall deny Movants' Rule 24(b)(2) motion to intervene.[6]

## C.      *"Important Jurisprudential Reasons"*

Movants urge the Court to grant their Motion to intervene "in accordance with its broad authority to ensure the fair administration of justice."  Jt. Mot. at 19.  Movants cite to no authority in support of this argument, and the Court notes that such a conclusion would run

---

[6] In the interests of clarity, the Court addresses Movant's statement that in another case, this Court "emphasized that an independent complaint challenging Tunney Act compliance did not state a claim for relief because 'if Plaintiff does not agree with the Court's [Tunney Act] determination, that determination can be challenged on appeal.'" Jt. Reply at 15 n. 12 (*citing American Antitrust Institute, Inc. v. Microsoft Corp.*, No. 02-138, slip op. at 21 n.11 (D.D.C. Feb. 20, 2002).  In that case, the Plaintiff challenged the sufficiency of disclosures made under the Tunney Act, and *in that context* this Court noted, as it has in this opinion, that *MSL* permits intervention for purposes of appealing disclosure deficiencies.  *Id*. at 21.  The Court did not indicate that Plaintiff would have been entitled to appeal the Court's public interest determination as Movants' statement suggests.

counter to the holding of *MSL* that "the Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention." *MSL* at 780 n.2.  Therefore, the Court shall not grant Movants' Motion under this theory.

**D.    *Motion for Enlargement of Time for Appeal***

On January 8, 2003, Movants filed a Motion requesting an extension of time for filing their appeal of the Court's Final Judgment in the above-captioned case.  In the Motion, Movants noted that their deadline for filing an appeal of the Final Judgment is January 13, 2003, and that "it is in the interest of justice that the Court allow itself adequate time to make a considered and informed decision" on their Motion to Intervene.  Movants' Joint Motion for Enlargement of Time for Appeal at 2.  Movants argue that "[f]ailure to enlarge the time for appeal may . . . have the anomalous result, if the Court decides to permit intervention but cannot rule before January 13, of granting Joint Movants intervenor status to appeal while simultaneously precluding the Court of Appeals from accepting the case." *Id*. at 2-3.[7]  As the Court has ruled on Movants' Motion to Intervene prior to the January 13, 2003 filing date, Movants' concerns are now moot and the Court need not address their Motion for Enlargement of Time for Appeal.

### III. CONCLUSION

Upon consideration of Movants' Motion for Leave to Intervene for Purposes of Appeal, the Oppositions thereto, Movants' Reply, and the relevant law, the Court shall deny Movants'

---

[7] The Court, however, notes that given the fact Movants filed their Motion to Intervene over 35 days after the Court's entry of Final Judgment in this case (and over 45 days after the Court's conditional approval of the Second Revised Proposed Final Judgment), it is at best unclear, based on the information provided, whether or not the Court would have been able to grant Movants' Motion for Enlargement of Time under the "excusable neglect or good cause" standard set out in Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure if it were unable rule on Movants' Motion to Intervene before January 13, 2003.

9

Motion.  Given this determination, the Court also denies Movants' Motion for Enlargement of

Time for Appeal as moot.

January 11, 2003

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge