UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1232 (CKK) |

**MEMORANDUM OPINION**
(February 7, 2003)

This case comes before the Court upon the filing of a Motion to Intervene for Purposes of Appeal by Consumers for Computing Choice ("CCC" or "Movant"). The Court previously granted CCC's Motion to participate in the above-captioned case as *amicus curiae*. *See United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 649383 (D.D.C. Mar. 25, 2002).

On November 1, 2002, this Court entered an Order ruling on the public interest determination and conditionally approving the parties' Second Revised Proposed Final Judgment with the exception of one provision. *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 31439450 (D.D.C. Nov. 1, 2002). The Court had already determined that the parties had met all of the other Tunney Act requirements in its July 1, 2002 Memorandum Opinion. *See United States v. Microsoft Corp.*, 215 F.Supp. 2d 1 (D.D.C. 2002). After receiving the parties' Third Revised Proposed Final Judgment which adequately addressed the Court's concerns, the Court entered its Final Judgment in the above-captioned case on November 12, 2002, finding the

parties' consent decree to be in the public interest pursuant to the Tunney Act, 15 U.S.C. § 16(e). *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 31654530 (D.D.C. Nov. 12, 2002). On December 31, 2002, almost 50 days after Final Judgment was entered in this case, Movant filed its Motion to Intervene for Purposes of Appeal ("CCC Mot."), arguing that it should be permitted to appeal the Court's Final Judgment. After reviewing Movant's Motion, the Oppositions thereto, Movant's Reply, and the relevant law, the Court finds that Movant has failed to meet the requirements set out in Rule 24 of the Federal Rules of Civil Procedure and the Circuit Court of Appeals for the District of Columbia's decision in *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776 (D.C. Cir. 1997) for granting leave to intervene for the purpose of appealing Tunney Act consent judgments. As such, Movant's Motion for Leave to Intervene for Purposes of Appeal shall be denied.

### I. LEGAL STANDARD

A non-party seeking to challenge a consent judgment via appeal must first seek to intervene in the proceedings. *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984). For examining intervention motions in the Tunney Act context, the appropriate standard to apply is that of Rule 24 of the Federal Rules of Civil Procedure. *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*"); *but see id.* at 785 (Wald, J., concurring) (noting that "the application of Federal Rule of Civil Procedure 24(b)(2) in this case responds to the unusual nature of the proceedings under the Tunney Act," and that Rule 24's language "require[s] 'other than literal application in atypical cases.'").

Rule 24 allows intervention under two standards: intervention of right and permissive intervention. Fed. R. Civ. P. 24(a)-(b). The Rules permit intervention of right:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A Court may grant an applicant permission to intervene:

> (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). Movant moves for both intervention as of right and permissive intervention. Guiding any determination on intervention is the requirement that "an intervenor's right to continue in a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." *Diamond v. Charles*, 476 U.S. 54, 68 (1986). In applying the Rule 24 standard in this case, the Court is guided by this Circuit's *MSL* Opinion, which sets out the appropriate analysis for Rule 24 motions brought to intervene in a Tunney Act case for the purpose of appeal.

## II. DISCUSSION

### A. *Intervention as of Right*

Movant seeks to intervene in this case as a matter of right under Rule 24(a)(2). Since the Tunney Act does not provide an unconditional right for Movant to appeal, Movant is required to "claim[] an interest relating to the property or transaction which is the subject of the action and

3

the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

Movant claims that it has a direct and immediate interest in the judgment. CCC claims it had such an interest in a "Final Judgment that restores a [sic] competition to the market for operating systems and the so-called 'PC ecosystem' that currently revolves around Microsoft's monopoly operating system." CCC Mot. at 12. The Court presumes that by this statement, CCC asserts that the Final Judgment entered in this case does not provide for such relief. Such a Final Judgment, Movant argues, would provide individual and business consumers with the "most advanced tools for computing" they require.

"Rule 24(a) 'impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting *S. Christian Leadership Conference v. Kelly*, 747 F.2d 777, 779 (D.C. Cir. 1984)). In this regard, "potential intervenors must establish 'prudential' as well as constitutional standing." *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 29 (D.D.C. 2000). Standing, a component of Article III's limitations on the justiciability of a claim, inquires as to whether the plaintiff has "'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1975)). An individual or entity's interest in seeing that the law is adhered to is too general an interest to confer standing. *See id.* at 499 ("[W]hen the harm asserted is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm

4

alone normally does not warrant exercise of jurisdiction."). The CCC's purported interest in ensuring a Final Judgment that restores competition is just such a general interest. As a result, this purported interest cannot be said to justify CCC's request for intervention or to confer standing upon CCC required since neither party in the above-captioned case is appealing the Court's Final Judgment.

Even if the Court were to agree that Movant has adequately alleged an interest implicated by the Judgment, Movant still would not be entitled to intervene as of right because CCC has failed to show that its interest has been impaired. Movant contends that its interest will be harmed because unless it is allowed to intervene for purposes of appeal, "the many issues of concern to its members will not be raised on appeal." CCC Mot. at 12. This argument is not properly applied to the "impaired interest" inquiry of Rule 24(a). The best the Court can glean from CCC's briefing is that the group believes that by entering into an agreement with the defects CCC describes, the parties have impaired Movant's interests. However, as the *MSL* court pointed out, "mere failure to secure better remedies for a third party . . . is not a qualifying impairment." *MSL*, 118 F.3d at 780. As such, Movant has not demonstrated that his interest in the judgment has been impaired.

Furthermore, Movant has failed to demonstrate that its interests were not adequately represented by the parties. Movant argues that since neither party in this case has appealed, and no other applicants for intervention for purposes of appeal represent the consumer's interest, no one will adequately represent its interests on appeal. *Id*. at 13. This is a misapplication of the "adequate representation" prong of Rule 24 and runs counter to the *MSL* court's application of the "adequate representation" requirement, which looked at the interest the putative intervenor

5

was seeking to forward and the interest the government had sought to further in bringing the suit. *MSL* 118 F.3d at 781. Here, the Court can safely assume the government brought this case in order to "restore . . . competition to the market for operating systems and the so-called 'PC ecosystem.'" CCC Mot. at 12. As the *MSL* court commented, "representation is [not] inadequate just because a would-be intervenor is unable to free-ride as far as it might wish– a well-nigh universal complaint." *MSL* 118 F.3d at 781.

Given these deficiencies, the Court does not find that Movant has a right to intervene in this case for the purposes of appeal.

**B.    *Permissive Intervention***

Movant also contends that it meets the requirements for permissive intervention under Rule 24(b). To be granted permissive intervention, Movant must meet Rule 24(b)'s requirements. The rule requires that (1) the "applicant's claim or defense and the main action have a question of law or fact in common," and (2) that the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

CCC alleges that the specific defects it enumerates in its Motion "closely correspond" to its interests. CCC Mot. at 10. CCC provides no elaboration. Presumably in reference to the fact CCC mentions "interests" rather than common questions of law and fact, Movant cites a case for the proposition that "the words claim or defense are not to be read in a technical sense, but only require some interest on the part of the applicant." *Id*. (quoting *Dow Jones & Co. United States Dep't of Justice*, 161 F.R.D. 247 (S.D.N.Y. 1995). The Court does not believe the *Dow Jones* court meant to say that any interest is enough to sustain a motion to intervene for the purposes of appeal, especially where the parties themselves are not appealing the judgment. As noted above,

6

in such a situation, the putative intervenor must have Article III standing in order to intervene for purposes of appeal. *Diamond*, 476 U.S. at 68. CCC's characterization of the *Dow Jones* language is also undermined by the fact Rule 24(c) of the Federal Rules of Civil Procedure requires that a motion for leave to intervene be accompanied by a "pleading setting forth the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Given the cursory treatment CCC gives to this aspect of the Rule 24(b) analysis, the Court is left to guess exactly how the specific defects raised constitute common questions of law and fact with the main action in the Tunney Act determination. If Movant had complied with Rule 24(c) of the Federal Rules of Civil Procedure perhaps this matter would be clear.

The Court, however, does not need to deduce the common question of law or fact in this case, because it is clear that Movant has not satisfied the second prong of the permissive intervention analysis. The *MSL* court characterized Movant's burden in the Tunney Act context as such:

> *[O]nly* if the would-be intervenor can point to the specific defects identified by *Microsoft*,[1] or some discrepancy between the remedy and substantially undisputed facts so broad as to render the decree a 'mockery of judicial power," will intervention under Rule 24(b)(2) (and reversal) be warranted.

*MSL* 118 F.3d at 783 (emphasis added). In reaching this holding, the *MSL* court relied on language in *United States v. Hartford Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978) cited by the D.C. Circuit in *United States v. LTV Corp.*, 746 F.2d 51 (D.C. Cir. 1984):

> A private party generally will not be permitted to intervene in government antitrust litigation absent some strong showing that the government is not vigorously and

---

[1] These defects are: ambiguous terms, inadequate enforcement mechanism, if third parties will be positively injured, or "if the decree otherwise makes 'a mockery of judicial power.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995).

faithfully representing the public interest.

*Id.* at 783. The *MSL* court also cited to an Eighth Circuit opinion cited by *LTV* which adopted a "similar formula" to that of *Hartford Empire*. *Id.*[2] Perhaps in light of this Sixth and Eighth Circuit guidance, the *MSL* court, in applying its standard, focused on the overall concern of whether or not the decree made a "mockery of judicial power." *Id*. In rejecting the would-be intervenor's allegations of deficiencies in the consent judgment, the Court declared that it could not "say that [the government's] resolution suggests malfeasance," and that "[t]here is . . . no reason to infer a sell-out by the Department [of Justice]." *Id*. at 784.

In the present case, CCC raised the specific defects in the Final Judgment in its *amicus* brief to the Court and in the "well over 1000 individual Tunney Act comments . . . submitted by its members and in response to the efforts of its members." CCC Mot. at 4. CCC does not allege that the government failed to "vigorously and faithfully represent[] the public interest," *Hartford Empire*, 573 F.2d at 2, in proceeding with this case, or that the settlement reached was the result of "malfeasance" or a "sell-out" by the government, *MSL*, 118 F.3d at 784.[3] As such, based on the guidance provided by *MSL*, the Court shall deny Movant's Rule 24(b)(2) motion to intervene.

---

[2] "It is axiomatic that the Attorney General must retain considerable discretion in controlling government litigation and in determining what is in the public interest. Thus, in our view, the intervention standard remains that which was stated in *Sam Fox* [*Publishing Co. v. United States*]: '(B)ad faith or malfeasance on the part of the Government' in negotiating and accepting a consent decree must be shown before intervention will be allowed. 366 U.S. at 689, 81 S.Ct. at 1313, 6 L.Ed.2d at 609." *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976).

[3] CCC, in fact, admits that the Final Judgment in this case "makes strides toward addressing the monopoly problem affirmed by the Appeals court . . . ." CCC Reply at 2.

### III.  CONCLUSION

Upon consideration of CCC's Motion for Leave to Intervene for Purposes of Appeal, the Oppositions thereto, Movant's Reply, and the relevant law, the Court shall deny Movant's Motion.  An order accompanies this Memorandum Opinion.

February 7, 2003

                                                      _____
                                                     COLLEEN KOLLAR-KOTELLY
                                                     United States District Judge