UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

    Plaintiff,

     v.

MICROSOFT CORPORATION,

    Defendant.

---

Civil Action No. 98-1232 (CKK)

**AMENDED MEMORANDUM OPINION**
(February 12, 2003, *nunc pro tunc*)

    This case comes before the Court upon the filing of a Motion to Intervene for Purposes of Appeal by Robert E. Litan ("Litan" or "Movant"). Mr. Litan is Vice President and Director of the Economic Studies Program at the Brookings Institution. Litan Motion ("Litan Mot.") at 1. Movant filed "extensive Tunney Act comments before the Justice Department on the Revised Proposed Final Judgment in this matter." *Id*. at 2.

    On November 1, 2002, this Court entered an Order ruling on the public interest determination and conditionally approving the parties' Second Revised Proposed Final Judgment with the exception of one provision. *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 31439450 (D.D.C. Nov. 1, 2002). The Court had already determined that the parties had met all of the other Tunney Act requirements in its July 1, 2002 Memorandum Opinion. *See United States v. Microsoft Corp.*, 215 F.Supp. 2d 1 (D.D.C. 2002). After receiving the parties' Third Revised Proposed Final Judgment which adequately addressed the Court's concerns, the Court

Dockets.Justia.com

entered its Final Judgment in the above-captioned case on November 12, 2002, finding the parties' consent decree to be in the public interest pursuant to the Tunney Act, 15 U.S.C. § 16(e). *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 31654530 (D.D.C. Nov. 12, 2002). On January 2, 2003, more than 50 days after Final Judgment was entered in this matter, Litan filed his Motion to Intervene for Purposes of Appeal, arguing that he should be permitted to appeal the Court's Final Judgment. After reviewing Litan's Motion, the Oppositions thereto, and the relevant law, the Court finds that Litan has failed to meet the requirements set out in *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776 (D.C. Cir. 1997) for granting leave to intervene for the purpose of appealing Tunney Act consent judgments. As such, Litan's Motion for Leave to Intervene for Purposes of Appeal shall be denied.

## I. LEGAL STANDARD

A non-party seeking to challenge a consent judgment via appeal must first seek to intervene in the proceedings. *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984). For examining intervention motions in the Tunney Act context, the appropriate standard to apply is that of Rule 24 of the Federal Rules of Civil Procedure. *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*"); *but see id.* at 785 (Wald, J., concurring) (noting that "the application of Federal Rule of Civil Procedure 24(b)(2) in this case responds to the unusual nature of the proceedings under the Tunney Act," and that Rule 24's language "require[s] 'other than literal application in atypical cases.'").

Rule 24 allows intervention under two standards: intervention of right and permissive intervention. Fed. R. Civ. P. 24(a)-(b). The Rules permit intervention of right:

(1) when a statute of the United States confers an unconditional right to intervene;

or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A Court may grant an applicant permission to intervene:

(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). Litan moves for both intervention as of right and permissive intervention. Guiding any determination on intervention is the requirement that "an intervenor's right to continue in a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." *Diamond v. Charles*, 476 U.S. 54, 68 (1986). To establish Article III standing, Movant must show that he has: (1) suffered an "injury in fact;" (2) which is "fairly traceable to the conduct complained of;" and (3) is capable of judicial redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

In applying the Rule 24 standard in this case, the Court is guided by this Circuit's *MSL* Opinion, which sets out the appropriate analysis for Rule 24 motions brought to intervene in a Tunney Act case for the purpose of appeal.

# III. DISCUSSION

### A.      *Intervention as of Right*

Movant seeks to intervene in this case as a matter of right.  Since the Tunney Act does not provide an unconditional right for Movant to appeal, Movant is required to "claim[] an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R. Civ. P. 24(a)(2).  This interest must be a "legally protectable" one. *S. Christian Leadership Conference v. Kelly*, 747 F.2d 777, 779 (D.C. Cir. 1984) ("The rule impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one.") (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

Movant claims that he has a direct and immediate interest in the judgment.  Movant alleges that he "has a wide range of professional, academic and other interests."  Litan Mot. at 8. These interests "rely on rapid and continuing innovation in tools for access to information, research, exchange and dissemination of ideas, and communication with colleagues and experts." *Id*.  Litan claims that because Microsoft "continues to be a follower rather than a leader in this field, platform software with the most advanced capabilities will inevitably be delayed or never developed (and priced more highly)."  *Id*.  The only solution to this problem, according to Movant, is significant competition which the Final Judgment in this case "does not ensure."  *Id*.

The Court does not agree that Movant's allegation constitutes a legally protectable interest.  The Court knows of no legal interest in having "the most advanced" platform software available without "delay," and Movant has provided no authority for the proposition.  This

determination necessarily means that Movant also lacks Article III standing.[1]

Even if the Court were to agree that Movant has adequately alleged an interest implicated by the Judgment, Movant still would not be entitled to intervene as of right because he has failed to show that his interests have been impaired. Movant contends that his interests will be harmed because the specific defects he pointed out to the Department of Justice were not rectified and are now part of the Final Judgment in this case. However, as the *MSL* court pointed out, "mere failure to secure better remedies for a third party . . . is not a qualifying impairment." *MSL*, 118 F.3d at 780. As such, Movant has not demonstrated that his interest in the judgment has been impaired.

Furthermore, Movant fails to demonstrate that his interests were not adequately represented by the parties. Movant "believes it is unlikely that other parties with similar interests will intervene in this matter to protect [his] interests. Without an opportunity to intervene, [Movant] will not be able to adequately represent these interests." Litan Mot. at 8. This is a misapplication of the "adequate representation" prong of Rule 24 and runs counter to the *MSL* court's application of the "adequate representation" requirement, which looked at the interest the putative intervenor was seeking to forward and the interest the government had sought to further in bringing the suit. *MSL*, 118 F.3d at 781. Here, the Court can safely assume the government brought this case in order to address any "high barriers to entry and disincentives for investment

---

[1] To have Article III standing, Movant must allege he has an "injury in fact." An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotations and citations omitted). A "particularized" interest is one that "affect[s] the plaintiff in a personal and individual way." *Id*. at 561 n.1. As Movant has not alleged a legally protected interest, he fails to assert standing.

in innovation arising from Microsoft's unlawful conduct." Litan Mot. at 8. As the *MSL* court commented, "representation is [not] inadequate just because a would-be intervenor is unable to free-ride as far as it might wish– a well-nigh universal complaint." *MSL*, 118 F.3d at 781.

Given these deficiencies, the Court does not find that Movant has a right to intervene in this case for the purposes of appeal.

**B.     *Permissive Intervention***

Litan also contends that he meets the requirements for permissive intervention under Rule 24(b). The Court's determination, *supra*, that Movant lacks standing to continue this suit applies as well to his request for permissive intervention. However, even if Movant did have Article III standing, he has not met the requirements for permissive intervention.

To be granted permissive intervention, Movant must meet Rule 24(b)'s requirements. The rule requires that (1) the "applicant's claim or defense and the main action have a question of law or fact in common," and (2) that the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Litan maintains that "[t]he 'specific defects' and issues raised by [Movant] constitute 'questions of law in [sic] fact in common' with the 'main action' in this crucial Tunney Act determination and Final Judgment." Litan Mot. at 9. Movant does not elaborate on this point, and the Court is left to guess exactly how the specific defects he raises constitute common questions of law and fact with the main action in the Tunney Act determination. If Movant had complied with Rule 24(c) of the Federal Rules of Civil Procedure and filed with his Motion a "pleading setting forth the claim or defense for which intervention is sought," perhaps this matter would be clear.

The Court, however, does not need to deduce the common question of law or fact in this case, because it is clear that Movant has not satisfied the second prong of the permissive intervention analysis. The *MSL* court characterized Movant's burden in the Tunney Act context as such:

> *[O]nly* if the would-be intervenor can point to the specific defects identified by *Microsoft*,[2] or some discrepancy between the remedy and substantially undisputed facts so broad as to render the decree a 'mockery of judicial power," will intervention under Rule 24(b)(2) (and reversal) be warranted.

*MSL*, 118 F.3d at 783 (emphasis added). In reaching this holding, the *MSL* court relied on language in *United States v. Hartford Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978) cited by the *LTV* court:

> A private party generally will not be permitted to intervene in government antitrust litigation absent some strong showing that the government is not vigorously and faithfully representing the public interest.

*Id.* at 783. The *MSL* court also cited to an Eighth Circuit opinion cited by *LTV* which adopted a "similar formula" to that of *Hartford Empire*. *Id.*[3] Perhaps in light of this Sixth and Eighth Circuit guidance, the *MSL* court, in applying its standard, focused on the overall concern of whether or not the decree made a "mockery of judicial power." *Id*. In rejecting the would-be

---

[2] These defects are: ambiguous terms, inadequate enforcement mechanism, if third parties will be positively injured, or "if the decree otherwise makes 'a mockery of judicial power.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995).

[3] "It is axiomatic that the Attorney General must retain considerable discretion in controlling government litigation and in determining what is in the public interest. Thus, in our view, the intervention standard remains that which was stated in *Sam Fox* [*Publishing Co. v. United States*]: '(B)ad faith or malfeasance on the part of the Government' in negotiating and accepting a consent decree must be shown before intervention will be allowed. 366 U.S. at 689, 81 S.Ct. at 1313, 6 L.Ed.2d at 609." *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976).

intervenor's allegations of deficiencies in the consent judgment, the Court declared that it could not "say that [the government's] resolution suggests malfeasance," and that "[t]here is . . . no reason to infer a sell-out by the Department [of Justice]." *Id*. at 784.

In the present case, Litan's arguments with regard to the defects in the Final Judgment are identical to those made in his Tunney Act comments. Litan Mot. at 5 ("In Tunney Act comments submitted in this case . . . Applicant has already discussed at length serious 'specific defects' in the settlement between the government and Microsoft . . ."); *id*. at 6 ("Applicant has identified a number of 'specific defects' and serious issues that should be reviewed by the Court of Appeals . . ."). Although Movant alleges that some of his comments were not adopted, Litan Mot. At 5 ("most of [the serious defects Movant submitted to the government] . . . have now been incorporated into this Court's Final Judgment."), Movant makes no allegations that the government failed to "vigorously and faithfully represent[] the public interest," *Hartford Empire*, 573 F.2d at 2, in proceeding with this case, or that the settlement reached was the result of "malfeasance" or a "sell-out" by the government, *MSL*, 118 F.3d at 784. As such, based on the guidance provided by *MSL*, the Court shall deny Movant's Rule 24(b)(2) motion to intervene.

## III. CONCLUSION

Upon consideration of Litan's Motion for Leave to Intervene for Purposes of Appeal, the Oppositions thereto, and the relevant law, the Court shall deny Litan's Motion. An order accompanies this Memorandum Opinion.

February 12, 2003, *nunc pro tunc*

                           _____
                           COLLEEN KOLLAR-KOTELLY
                           United States District Judge