

# Department of Justice

AGREEMENT FOR INFORMATION SHARING IN JUDGMENT ENFORCEMENT AND
COMPLIANCE ACTIVITIES IN *U.S. v. MICROSOFT CORP.* AND *NEW YORK, ET AL. v.
MICROSOFT CORP.* BETWEEN THE DEPARTMENT OF JUSTICE, ANTITRUST
DIVISION, AND THE STATE ATTORNEYS GENERAL OF THE STATES OF NEW YORK,
OHIO, ILLINOIS, KENTUCKY, LOUISIANA, MARYLAND, NORTH CAROLINA,
WISCONSIN, MICHIGAN, CALIFORNIA, CONNECTICUT, IOWA, KANSAS, FLORIDA,
MINNESOTA, UTAH, AND THE DISTRICT OF COLUMBIA

On May 18, 1998, the United States filed a civil antitrust Complaint again Microsoft, alleging that Microsoft restrained competition in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2 (*United States v. Microsoft Corp.*, Case No. 98-1232). On that same day, 20 States and the District of Columbia (one State later withdrew and another later reached a separate settlement) filed a similar, although not identical, Complaint (*New York, et al. v. Microsoft Corp.*, Case No. 98-1233). The District Court consolidated the cases at Microsoft's request.

On October 19, 1998, the District Court began a 78-day trial that ended on June 24, 1999. On April 3, 2000, the District Court entered its Conclusions of Law, *United States v. Microsoft Corp.*, 87 F. Supp.2d 30 (D.D.C. 2000), holding Microsoft liable for certain violations of the Sherman Act and analogous state laws. On June 7, 2000, the District Court issued its Final Judgment, which imposed a remedy that included a break-up of Microsoft into separate operating system and applications businesses, along with interim conduct provisions. *United States v. Microsoft Corp.*, 97 F. Supp. 2d 59 (D.D.C. 2000). Microsoft appealed the District Court's decision. On June 28, 2001, the Court of Appeals, sitting *en banc*, unanimously affirmed in part, reversed in part, and remanded in part the District Court liability judgment. *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001). After remand to the District Court, the parties in both cases engaged in extensive court-ordered settlement negotiations.

On November 6, 2001, the United States, nine of the Plaintiff States (New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "New York Group")), and Microsoft were able to reach agreement upon a Proposed Final Judgment. The remaining States (California, Connecticut, Iowa, Kansas, Florida, Minnesota, Massachusetts, West Virginia, Utah, and the District of Columbia) proceeded to a trial on remedy issues. On November 1, 2002, the District Court entered a Final Judgment in *New York, et al. v. Microsoft Corp.*, as to the States that elected to proceed to trial ("California Group Judgment"). On

November 12, 2002, the District Court entered identical Final Judgments in both *United States v. Microsoft Corp.* and *New York, et al. v. Microsoft Corp.* as to the United States and the New York Group (collectively, the "Consent Judgment"). The California Group Judgment differs from the Consent Judgment, particularly with respect to the compliance and enforcement mechanisms. The States of Massachusetts and West Virginia have elected to appeal the District Court's entry of the California Group Judgment.

The United States Department of Justice's Antitrust Division (the "Department"), the New York Group, and the States that have elected not to appeal the California Group Judgment share the goal of maximizing the efficiency and effectiveness of their compliance and enforcement activities in connection with their respective Final Judgments so as to achieve coordination of these activities where possible in order to minimize the burden on the parties and third parties. This Agreement is intended to set forth a general framework for the sharing of information relating to judgment compliance and enforcement activities in the *United States v. Microsoft Corp.* and *New York, et al. v. Microsoft Corp.* cases in order to achieve this goal. The groups participating in this Agreement are the Department, the New York Group, and the States of California, Connecticut, Iowa, Kansas, Florida, Minnesota, Utah, and the District of Columbia (the "California Group").[1]

I.   CONFIDENTIALITY

A.   These coordinated judgment enforcement and compliance activities are generally nonpublic in nature and will routinely involve materials and information that are subject to statutes, rules, and policies governing when and how they may be disclosed. For purposes of this Agreement, "Confidential Information" shall include all information gathered by any participating group in the course of their compliance and enforcement activities relating to the Consent Judgment and the California Group Judgment, including:

1.   all information and documents provided to any participating group by Microsoft, whether pursuant to the access provisions in the California Group Judgment or the Consent Judgment or obtained through compulsory process or voluntary request;

2.   all information and documents provided to any participating group by any third party, whether obtained through compulsory process or voluntary request; and

3.   all information and documents generated by any participating group or groups, including as described in Section III below.

---

[1] For purposes of this Agreement, the California Group does not include the States of Massachusetts and West Virginia. This Agreement may be amended at a later date to include these states.

Participants are required to protect Confidential Information and materials from improper disclosure. Confidentiality obligations continue even if a receiving participating group subsequently decides to pursue an enforcement avenue different from that chosen by one or more of the other participating groups.

B.    Participating groups receiving Confidential Information from another participating group ("the originating participant") will agree to take all appropriate steps to maintain its confidentiality, including:

      1.    timely notification to the originating participant of any request for Confidential Information, including requests pursuant to discovery requests, subpoenas or other compulsory process or public access requests under federal or state statutes;

      2.    a vigorous assertion of all applicable privileges or exemptions from disclosure claimed by the originating participant;

      3.    moving for intervention in legal proceedings, or providing assistance to the originating participant in intervening in legal proceedings, if necessary, to assert such privileges or exemptions; and

      4.    complying with any conditions imposed by an originating participant.

Any participating group or individual participant of such group that becomes aware that Confidential Information has been disclosed or used in contravention of this Agreement will promptly advise all other participating groups of the disclosure so that its significance and implications for further information-sharing can be assessed. Disclosure or use of Confidential Information in contravention of this Agreement may lead to termination of this Agreement.

II.    PROCEDURES INVOLVING INFORMATION
      OBTAINED FROM THIRD PARTIES AND MICROSOFT

Microsoft and other third parties (individually, a "producing party") may produce documents or other information to the Department pursuant to a voluntary request, access provisions of the Consent Judgment, Civil Investigative Demands, or other compulsory process, and to State Attorneys General pursuant to voluntary request, access provisions of the California Group Judgment or the Consent Judgment, subpoena, or other compulsory process (such requests shall hereinafter collectively be referred to as "Investigatory Requests"). In addition, each participating group may receive complaints concerning Microsoft's compliance with one or more of the Final Judgments from third parties. To minimize the burden on a producing party or a complainant and to expedite review of the documents or other information, a producing party may wish to facilitate coordination between the participating groups.

Disclosure within each participating group of materials obtained pursuant to this paragraph shall be limited solely to those persons working on Microsoft judgment compliance and enforcement activities and any consultants or experts retained by any such group. Each participating group may also use such materials for any other valid law enforcement purpose.

A.   Each participating group will, with the consent of a producing party, agree that certain otherwise Confidential Information may be provided to the other participating groups. The producing party must:

1.   identify each participating group with whom it agrees the Confidential Information may be shared; and

2.   submit a letter to each participating group that waives the confidentiality provisions under applicable statutes and regulations or other agreements or orders to allow communications between the participating groups.[2]

B.   A producing party may provide Confidential Information produced pursuant to an Investigatory Request directly to each participating group as to which these requirements have been satisfied. In addition, each participating group agrees to provide to the other participating groups who have been authorized by the producing party to have access copies of the Investigatory Request from which the production results. All information shared between participating groups need only be provided to a single point of contact in the other participating group or groups.

C.   Complaints received by any participating group relating to Microsoft's compliance with any of the Final Judgments may also be shared with another participating group, provided that the complainant consents to disclosure of the complaint to that participating group. In order to expedite the sharing of complaints among the participating groups, each participating group agrees to:

1.   within three business days of receipt of the complaint, contact the complainant to inquire whether the complainant will consent to disclosure to the other participating groups. The recipient of the complaint shall not be required to contact the complainant pursuant to this subparagraph where it is apparent from the contents of the complaint that the complainant has already disclosed the complaint to all of the other participating groups. In addition, if the complainant does not include correct contact information, the participating party receiving the complaint will use best efforts to contact the complainant to obtain consent to disclose the complaint;

---

[2] Examples of such a letter are annexed as Exhibit 1.

2.   maintain a log of communications with complainants relating to consent that records (a) whether consent was obtained orally or in writing; (b) the dates that consent was requested and either obtained or declined; (c) if consent is sought orally, the identity of the person who provided or declined to provide consent; and (d) if consent is obtained, the identity of the participating group or groups covered by the consent; and

3.   disclose the complaint as authorized by the complainant within two business days of receipt of such authorization.

D.   In order to facilitate the expeditious sharing of complaints, each participating group may require complainants to submit with their complaints a form that identifies the participating groups as to which the complainant authorizes disclosure of its complaint. Where a participating group uses such a form, the portion of the form relating to consent to disclosure shall be in the following form:

> [Complainant] consents to disclosure of this complaint to (check each applicable box):
>
> [ ] the United States Department of Justice's Antitrust Division
>
> [ ] the States of California, Connecticut, Iowa, Kansas, Florida, Minnesota, Utah and the District of Columbia
>
> [ ] the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin
>
> [ ] all of the above.

Where such a form is used by a participating group and completed by a complainant, the participating group need take no other action relating to obtaining consent and agrees to disclose the complaint as authorized by the complainant within two days of receipt of the complaint and the applicable authorization.

E.   The participating parties acknowledge that it may be necessary to modify the process described in this section for obtaining third party consent and sharing complaints and agree to do so.

5

III.     PROCEDURES INVOLVING INFORMATION
         GENERATED BY A PARTICIPATING GROUP OR GROUPS

A.     Subject to the terms of this Agreement, the following types of Confidential Information
generated by a participating group or groups may be shared:

     1.     Recommendations received from the Technical Committee by the Department and
the New York Group or from the Microsoft Compliance Officer, as that term is
defined in the California Group Judgment, by the California Group concerning
potential violations by Microsoft of any applicable Final Judgment.

     2.     Oral analyses of complaints received by the Department, the New York Group
and/or the California Group.

     3.     Investigatory Requests from any participating group to Microsoft and requests
from any participating group to Microsoft that Microsoft undertake a particular
action in connection with its compliance with the Consent Judgment or the
California Group Judgment.

     4.     Investigatory Requests from any participating group to a third party.

B.     No participating group shall be obligated to share information under this paragraph if
such sharing interferes with the effective or efficient enforcement of either the Consent
Judgment or the California Group Judgment.  No information provided pursuant to this
paragraph may be used by any participating group other than the group generating the
information in connection with any enforcement action, whether formal or informal,
against Microsoft or any other person.

IV.     CONDUCT OF JUDGMENT ENFORCEMENT AND COMPLIANCE ACTIVITIES

     The following is intended to set forth suggested guidelines that may be followed to
coordinate judgment enforcement and compliance activities by State Attorneys General and the
Department.  All applicable investigatory, work product, or other privileges shall apply to any
material exchanged and the exchange of any material shall not be deemed a waiver of any such
privilege, including the provisions of any statutes, rules, and policies governing when and how
Confidential Information may be disclosed.

A.     COORDINATION OF JUDGMENT ENFORCEMENT
         AND COMPLIANCE ACTIVITIES _____

     Coordination between participating groups may include:

1.      identifying lawyers and other legal and economic team members working on the case, and identification of contact points for each participating group, through which all coordination issues shall be raised and all Confidential Information sharing shall occur;

2.      scheduling and conducting joint interviews, with the consent of the person to be interviewed, *provided that* the Department, the New York Group and the California Group each agree to limit the number of persons conducting the interview (although there shall be no limit on the number of participants);

3.      providing documents and other information as described in Sections II and III above;

4.      contact points for each participating group shall participate in a conference call approximately once every other week (or more frequently, as circumstances require) to discuss ongoing enforcement and compliance activities, including receipt of complaints, coordinating the scheduling of interviews, and, if appropriate, discussions with Microsoft.

B.    ENFORCEMENT ACTIONS

1.      Each participating group agrees that it will take no enforcement action under its respective Final Judgment without providing each other participating group 15 calendar days' written notice of its intention to take such action.  Such written notice shall include a detailed explanation of the contemplated enforcement action and the basis or bases for it.  The time for providing notice pursuant to this paragraph shall not commence until the relevant participating group has received authorization from its decision makers to proceed with such an enforcement action.

2.      Each participating group shall be permitted to take an action relating to its respective Final Judgment with less than 15 calender days' written notice, where providing such notice interferes with a valid law enforcement purpose.  Where a participating group determines that the provision of 15 calender days' written notice pursuant to this paragraph interferes with a valid law enforcement purpose, such participating group shall in any event immediately notify each other participating group of the necessary action and describe the nature of the action and the valid law enforcement purpose that requires departure from this subsection.

C.    CONSULTANTS AND EXPERTS

Each participating group shall be responsible for hiring and working with its own external consultants and experts.  No participating group shall be required to disclose the identity of any such consultant or expert or to share the work of any such consultant or expert with any other participating group.  Participating groups may consider, on a case-by-case basis, whether to share the costs and responsibilities associated with hiring and working with external consultants or experts.

D.    TECHNICAL COMMITTEE AND MICROSOFT COMPLIANCE OFFICER

Absent the consent of the Department and the New York Group, the California Group shall have no direct access to the Technical Committee, as that term is defined in the Consent Judgment.  The participating groups may develop a mechanism through which the Technical Committee and the Microsoft Compliance Officer, as that term is defined in the California Group Judgment, are informed of each other's general activities.


V.    STATEMENTS TO THE PRESS

The participating groups plan on coordinating the release of information to the news media.  The participating groups will reach an understanding regarding the timing of and procedures for notifying the other participating groups prior to the release of any information to the press.

FOR THE STATES OF NEW YORK,
OHIO, ILLINOIS, KENTUCKY,
LOUISIANA, MARYLAND, MICHIGAN,
NORTH CAROLINA, AND WISCONSIN

FOR THE UNITED STATES
DEPARTMENT OF JUSTICE'S
ANTITRUST DIVISION

_____
JAY L. HIMES
*Chief, Antitrust Bureau*
*Assistant Attorney General, State of New York*
120 Broadway
New York, New York 10271
212/ 416-8282

_____
RENATA B. HESSE
*Chief, Networks and Technology Section*
*U.S. Department of Justice,*
*Antitrust Division*
600 E Street, N.W.
Suite 9500
Washington, D.C. 20530
202/514-8276

FOR THE STATES OF CALIFORNIA,
CONNECTICUT, IOWA, KANSAS,
FLORIDA, MINNESOTA, UTAH,
AND THE DISTRICT OF COLUMBIA


Kathleen Foote
*Acting Senior Assistant Attorney General*
*Office of the Attorney General of California*
455 Golden Gate Avenue
Suite 11000
San Francisco, California   94102-3664
415/703-5555

Exhibit 1

# AUTHORIZATION TO EXCHANGE DOCUMENTS AND OTHER INFORMATION

*United States v. Microsoft Corp.*, Civil Action No. 98-1232 (CKK) (D.D.C.)
*New York v. Microsoft Corp.*, Civil Action No. 98-1233 (CKK) (D.D.C.)

**Re:**          _____

**Dated:**       _____

**To**:          _____

**Issued by**:   _____
                 (the "Confidential Request")

This confirms that, with respect to the undersigned's response to this Confidential Request, as well as to any communications relating to this Request, the undersigned waives any applicable confidentiality provision in the Antitrust Civil Process Act, 15 U.S.C. §§ 1311 *et seq.*, or in any Relevant State Statutes,[1] and any other applicable confidentiality provisions to the extent necessary to allow the Antitrust Division of the United States Department of Justice and each and all of the Attorneys General of the Plaintiff States[2] to share between and among each other, as well as with, any documents, information, or analyses provided.

So agreed:

_____          _____
Name:                                     Date
Title:
Company:

_____

[1] The term "Relevant State Statutes" means each and every statute set forth in the schedule attached to this letter, and all rules or regulations promulgated under any such statute relating to the confidentiality of documents or information, in whatever form.

[2] The "Plaintiff States" consist of New York, Ohio, Kentucky, Illinois, Louisiana, Maryland, North Carolina, Wisconsin, Michigan, California, Connecticut, Iowa, Kansas, Florida, Minnesota, Utah, and the District of Columbia.

## Relevant State Statutes

Cal. Gov't Code §§ 6250 *et seq.* (California Public Records Act), and § 11180; Cal. Bus. & Prof. Code §§ 16700 *et seq.*;

Conn. Gen. Stat. §§ 1-200 *et seq.*, §§ 35-24 *et seq.*, and § 35-42;

D.C. Code Ann. §§ 2-531 *et seq.* (Freedom of Information), §§ 28-4501 *et seq.*, and § 28-4505;

Fla. Stat. §§ 501.2065 and 542.28;

5 Ill. Comp. Stat. 140; 740 Ill. Comp. Stat. 10/1 *et seq.* ;

Iowa Code §§ 553.1 *et seq.,* and §553.9;

Kan. Stat. Ann. §§ 45-215 *et seq.*, and §§ 50-623 *et seq.*;

Ky. Rev. Stat. Ann. § 61.878(1)(c),  §§ 367.170 *et seq.*, and § 367.240;

La. Rev. Stat. Ann. §§ 51:122 *et seq.*, and § 51:143;

Md. Code Ann., Com. Law §§ 11-201 *et seq.*, § 11-205, and § 11-208; Md. State Gov't Code Ann.§§ 10-611 *et seq.*;

Mich. Comp. Laws §§ 445.771 *et seq.*, and § 445.776;

Minn. Stat. §§ 8.31, 13.03, 13.37, 13.39, 13.393 and 13.65, and §§ 325D.49 *et seq.*;

N.Y. Gen. Bus. Law §§ 340 *et seq.*;  N.Y. Pub Officers L. §§ 84-87;

N.C. Gen. Stat. §§ 75-1 *et seq.*, and § 132-1.2;

Ohio Rev. Code Ann. §§ 149 *et seq.*, §§ 1331.01 *et seq.*, and § 1331.16;

Utah Code Ann.  §§ 76-10-911 *et seq.*, § 76-10-916, and  § 76-10-917;

Wis. Stat. §§ 19.35, 19.36, 19.39,  §§ 133.01 *et seq.*, and § 165.065.