

U.S. Department of Justice

Antitrust Division

*Bicentennial Building*
*600 E Street, NW*
*Washington, DC 20530*

March 28, 2003

<u>Via Fax (425/936-7329) & U.S. Mail</u>

David Heiner, Esquire (LCA)
Microsoft Corporation
One Microsoft Way
Redmond, Washington 98052-6399

RECEIVED

MAR 31 2003

MICROSOFT LITIGATION

Re: <u>U.S. v. Microsoft: Confidentiality Provisions Agreement</u>

Dear Dave:

    It is my understanding, and by this countersigned letter you confirm, that Microsoft hereby waives the confidentiality protections under the Final Judgments entered on November 1, 2002 and November 12, 2002 in *United States v. Microsoft*, Case No. 98-1232, and in *New York v. Microsoft*, Case No. 98-1233, any applicable confidentiality provisions in the Antitrust Civil Process Act, 15 U.S.C. §§ 1311 *et seq.* or in any Relevant State Statutes,[1] and any other applicable confidentiality provisions to the extent necessary to allow the Antitrust Division of the United States Department of Justice and the Attorneys General of the States of New York, Ohio, Kentucky, Illinois, Louisiana, Maryland, North Carolina, Wisconsin, Michigan, California, Connecticut, Iowa, Kansas, Florida, Minnesota, Utah, and the District of Columbia (the "States") to share between them documents, information, and analyses (collectively, "information") relating to Microsoft's compliance with the Final Judgments. Microsoft agrees to this limited confidentiality waiver on the condition that the U.S. Department of Justice shall first have obtained from any State receiving such information an agreement to treat the information as if it were obtained directly from Microsoft pursuant to the Final Judgment. In addition, Microsoft's agreement is made on the condition that any of the States or the U.S. Department of Justice receiving information shared pursuant to this confidentiality waiver shall be entitled to use such information only to the extent that such State or the U.S. Department of Justice would be entitled to use the information if that information had been obtained directly from Microsoft pursuant to the Final Judgments. This letter does not constitute a waiver by Microsoft of its rights with respect to the protection against direct or indirect disclosure of information to any third party

---

[1] The term "Relevant State Statutes" means each and every statute set forth in the schedule attached to this letter, and all rules or regulations promulgated under any such statute relating to the confidentiality of documents or information, in whatever form.

other than the States. Please evidence your agreement to the foregoing by signing a copy of this letter and returning it to me.

    Thank you for your cooperation.

Sincerely,

Patty Brink
Attorney

So agreed

David Heiner
3/31/03

cc: Jay Himes
Howard Wettan
Chris Meyers
Rick Rule
James Rhilinger
Steve Holley



Received on 3/31/03
By 4/3/03

U.S. Department of Justice
Antitrust Division
Networks & Technology Section

2

## Relevant State Statutes

Cal. Gov't Code §§ 6250 *et seq.* (California Public Records Act), and § 11180; Cal. Bus. & Prof. Code §§ 16700 *et seq.*;

Conn. Gen. Stat. §§ 1-200 *et seq.*, §§ 35-24 *et seq.*, and § 35-42;

D.C. Code Ann. §§ 2-531 *et seq.* (Freedom of Information), §§ 28-4501 *et seq.*, and § 28-4505;

Fla. Stat. §§ 501.2065 and 542.28;

5 Ill. Comp. Stat. 140; 740 Ill. Comp. Stat. 10/1 *et seq.* ;

Iowa Code §§ 553.1 *et seq.,* and §553.9;

Kan. Stat. Ann. §§ 45-215 *et seq.*, and §§ 50-623 *et seq.*;

Ky. Rev. Stat. Ann. § 61.878(1)(c),  §§ 367.170 *et seq.*, and § 367.240;

La. Rev. Stat. Ann. §§ 51:122 *et seq.*, and § 51:143;

Md. Code Ann., Com. Law §§ 11-201 *et seq.*, § 11-205, and § 11-208; Md. State Gov't Code Ann.§§ 10-611 *et seq.*;

Mich. Comp. Laws §§ 445.771 *et seq.*, and § 445.776;

Minn. Stat. §§ 8.31, 13.03, 13.37, 13.39, 13.393 and 13.65, and §§ 325D.49 *et seq.*;

N.Y. Gen. Bus. Law §§ 340 *et seq.*;  N.Y. Pub Officers L. §§ 84-87;

N.C. Gen. Stat. §§ 75-1 *et seq.*, and § 132-1.2;

Ohio Rev. Code Ann. §§ 149 *et seq.*, §§ 1331.01 *et seq.*, and § 1331.16;

Utah Code Ann.  §§ 76-10-911 *et seq.*, § 76-10-916, and  § 76-10-917;

Wis. Stat. §§ 19.35, 19.36, 19.39,  §§ 133.01 *et seq.*, and § 165.065.



**RECEIVED**

APR 0 2 2003

MICROSOFT LITIGATION

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
120 BROADWAY
SUITE 2601
NEW YORK, NEW YORK 10271

ELIOT SPITZER
Attorney General

JAY L. HIMES
CHIEF, ANTITRUST BUREAU
Tel: 212-416-8282
Fax: 212-416-6015
EMail: Jay.Himes@oag.state.ny.us

April 1, 2003

**Via Fax (425/936-7329) & Overnight Mail**

David Heiner, Esquire (LCA)
Microsoft Corporation
One Microsoft Way
Redmond, Washington   98052-6399

New York v. Microsoft: Confidentiality Provisions Agreement

Dear Dave:

It is my understanding, and by this countersigned letter you confirm, that Microsoft hereby waives the confidentiality protections under each and all of the Final Judgments – entered in *United States v. Microsoft*, Case No. 98-1232, on November 12, 2002, and in *New York v. Microsoft Corp.*, Case No. 98-1233, on November 1 and November 12, 2002 – any applicable confidentiality provisions in the Antitrust Civil Process Act, 15 U.S.C. §§ 1311 *et seq.*, or in any Relevant State Statutes,[1] and any other applicable confidentiality provisions to the extent necessary to allow each and all of the Attorneys General of the States of New York, Ohio, Kentucky, Illinois, Louisiana, Maryland, North Carolina, Wisconsin, Michigan, California, Connecticut, Iowa, Kansas, Florida, Minnesota, Utah, and the District of Columbia (the "States") to share between them, as well as with the Antitrust Division of the United States Department of Justice, documents, information, and analyses (collectively, "information") relating to Microsoft's compliance with the Final Judgments. Microsoft agrees to this limited confidentiality waiver on the condition that the signatory State shall first have obtained from the U.S. Department of Justice or any State receiving such information an agreement to treat the information as if it were obtained directly from Microsoft pursuant to the Final Judgments. In addition, Microsoft's agreement is made on the condition that any of the States or the

---

[1] The term "Relevant State Statutes" means each and every statute set forth in the schedule attached to this letter, and all rules or regulations promulgated under any such statute relating to the confidentiality of documents or information, in whatever form.

U.S. Department of Justice receiving information shared pursuant to this confidentiality waiver shall be entitled to use such information only to the extent that such State or the U.S. Department of Justice would be entitled to use the information if that information had been obtained directly from Microsoft pursuant to the Final Judgments. This letter does not constitute a waiver by Microsoft of its rights with respect to the protection against direct or indirect disclosure of information to any third party other than the U.S. Department of Justice. Please evidence your agreement to the foregoing by signing a copy of this letter and returning it to me.

   Thank you for your cooperation.

                Sincerely,

                Jay L. Himes
                On behalf of the Signatory States

So agreed

David Heiner
      4/2/03

cc: Chris Meyers
   Rick Rule
   James Rhilinger
   Steve Holley
   Renata Hesse
   Patricia Brink
   Paula Blizzard
   Kathleen Foote

## Relevant State Statutes

Cal. Gov't Code §§ 6250 *et seq.* (California Public Records Act), and § 11180; Cal. Bus. & Prof. Code §§ 16700 *et seq.*;

Conn. Gen. Stat. §§ 1-200 *et seq.*, §§ 35-24 *et seq.*, and § 35-42;

D.C. Code Ann. §§ 2-531 *et seq.* (Freedom of Information), §§ 28-4501 *et seq.*, and § 28-4505;

Fla. Stat. §§ 501.2065 and 542.28;

5 Ill. Comp. Stat. 140; 740 Ill. Comp. Stat. 10/1 *et seq.* ;

Iowa Code §§ 553.1 *et seq.*, and §553.9;

Kan. Stat. Ann. §§ 45-215 *et seq.*, and §§ 50-623 *et seq.*;

Ky. Rev. Stat. Ann. § 61.878(1)(c),  §§ 367.170 *et seq.*, and § 367.240;

La. Rev. Stat. Ann. §§ 51:122 *et seq.*, and § 51:143;

Md. Code Ann., Com. Law §§ 11-201 *et seq.*, § 11-205, and § 11-208; Md. State Gov't Code Ann.§§ 10-611 *et seq.*;

Mich. Comp. Laws §§ 445.771 *et seq.*, and § 445.776;

Minn. Stat. §§ 8.31, 13.03, 13.37, 13.39, 13.393 and 13.65, and §§ 325D.49 *et seq.*;

N.Y. Gen. Bus. Law §§ 340 *et seq.*;  N.Y. Pub Officers L. §§ 84-87;

N.C. Gen. Stat. §§ 75-1 *et seq.*, and § 132-1.2;

Ohio Rev. Code Ann. §§ 149 *et seq.*, §§ 1331.01 *et seq.*, and § 1331.16;

Utah Code Ann.  §§ 76-10-911 *et seq.*, § 76-10-916, and  § 76-10-917;

Wis. Stat. §§ 19.35, 19.36, 19.39,  §§ 133.01 *et seq.*, and § 165.065.