IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                             )
UNITED STATES OF AMERICA,      )
                                             )
                Plaintiff,         )
                                             )
v.                                         )      Civil Action No. 98-1232 (CKK)
                                             )
MICROSOFT CORPORATION,       )
                                             )
                Defendant.      )
_____)

## FINAL JUDGMENT IMPLEMENTATION ORDER NO. 1 ("I.O. No. 1")

The United States of America, plaintiff in Civil Action No. 98-1232, and the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina and Wisconsin (the "New York Group"), plaintiffs in Civil Action No. 98-1233, and Microsoft Corporation ("Microsoft"), the defendant in both actions, by their respective attorneys, negotiated a proposed consent decree, which formed the basis for the Final Judgments entered on consent in each of the actions.

The States of California, Connecticut, Florida, Iowa, Kansas, Minnesota, Utah and the District of Columbia (the "California Group"), also plaintiffs in Civil Action No. 98-1233, obtained a final judgment following trial against Microsoft.

All plaintiffs in these two actions ("Plaintiffs") and Microsoft desire to cooperate in the enforcement of their respective judgments and to avoid possible confusion, inconvenience and diversion of resources arising from such activity.

The Plaintiffs in both actions have received and will receive information and documents related to enforcement of their respective judgments from non-parties during the period of

enforcement of their respective Final Judgments ("Enforcement Investigation Materials"). Enforcement Investigation Materials may include items that are produced voluntarily or by compelled lawful process, and that are identified by the person providing such Materials (the "Providing Person") or by any Plaintiff as being related to enforcement of the Final Judgments in these actions.

All parties desire that these Enforcement Investigation Materials be protected from unauthorized disclosure, which might be detrimental to the legitimate commercial interests of the Providing Person, and to Plaintiffs' enforcement activity generally.

This Order is intended to afford all Providing Persons that level of protection from unauthorized disclosure of Enforcement Investigation Materials at least equivalent to that provided: (a) pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq*., and applicable federal regulations promulgated pursuant to FOIA, including but not limited to 28 C.F.R. §16.8, with regard to voluntarily produced materials; and (b) pursuant to the Antitrust Civil Process Act (the "ACPA"), 15 U.S.C. §§1311 *et seq*. with regard to materials produced by compelled process. The protection thus afforded is intended to apply regardless of whether or not Enforcement Investigation Materials are provided to a State with statutes or regulations that may afford a lesser level of protection from disclosure.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. All Enforcement Investigation Materials shall be used for the purposes of enforcement of the Final Judgments in these actions or for other valid law enforcement purposes.

2. Enforcement Investigation Materials provided to any Plaintiff may be disclosed by that Plaintiff (the "Receiving Plaintiff") only as authorized by this I.O. No. 1, to the extent required by

law,[1] or by agreement between the Providing Person and the Receiving Plaintiff. Unless otherwise authorized by the preceding sentence, Enforcement Investigation Materials may be disclosed only to persons participating in either enforcing the Final Judgments in these actions or other law enforcement purposes as to which the Enforcement Investigation Materials are relevant.

3. (a) The United States, the New York Group and the California Group shall treat all Enforcement Investigation Materials in accordance with the provisions of FOIA, as well as the provisions regarding disclosure of information set forth in 28 C.F.R. §16.8. Nothing in this subparagraph shall be construed, however, to affect the rights or obligations of the United States under any section of FOIA or under any regulations promulgated pursuant to FOIA.

(b) The California Group and the New York Group may treat any Enforcement Investigation Materials in accordance with the Relevant State Statutes (defined below) and shall honor all statutory obligations to protect the confidentiality of all such information obtained voluntarily or by means of compulsory process, so long as application of the Relevant State Statutes does not provide a lower level of protection against disclosure for Enforcement Investigation Materials than that provided by this I.O. No. 1. For purposes of this I.O. No. 1, "Relevant State Statutes" shall mean each of the following:

> Cal. Gov't Code §§ 6250 *et seq.* (California Public Records Act), and § 11180; Cal. Bus. & Prof. Code §§ 16700 *et seq.*;

---

[1] To comport entirely with this language, it is understood that the State of Florida will not take receipt of any material directly from non-parties unless that material is received pursuant to the confidentiality provisions of Section 542.28, Fla. Stat. Florida intends to otherwise access such non-party materials by obtaining them from the United States, the New York Group, or the California Group and will protect the confidentiality of said materials under Sec. 501.2065, Fla. Stat.

Conn. Gen. Stat. §§ 1-200 *et seq.*, §§ 35-24 *et seq.*, and § 35-42;

D.C. Code Ann. §§ 2-531 *et seq.* (Freedom of Information), §§ 28-4501 *et seq.*, and § 28-4505;

Fla. Stat. §§ 501.2065 and 542.28;

5 Ill. Comp. Stat. 140; 740 Ill. Comp. Stat. 10/1 *et seq.* ;

Iowa Code §§ 553.1 *et seq.,* and §553.9;

Kan. Stat. Ann. §§ 45-215 *et seq.*, and §§ 50-623 *et seq.*;

Ky. Rev. Stat. Ann. § 61.878(1)(c), §§ 367.170 *et seq.*, and § 367.240;

La. Rev. Stat. Ann. §§ 51:122 *et seq.*, and § 51:143;

Md. Code Ann., Com. Law §§ 11-201 *et seq.*, § 11-205, and § 11-208; Md. State Gov't Code Ann.§§ 10-611 *et seq.*;

Mich. Comp. Laws §§ 445.771 *et seq.*, and § 445.776;

Minn. Stat. §§ 8.31, 13.03, 13.37, 13.39, 13.393 and 13.65, and §§ 325D.49 *et seq.*;

N.Y. Gen. Bus. Law §§ 340 *et seq.*; N.Y. Pub Officers L. §§ 84-87;

N.C. Gen. Stat. §§ 75-1 *et seq.*, and § 132-1.2;

Ohio Rev. Code Ann. §§ 149 *et seq.*, §§ 1331.01 *et seq.*, and § 1331.16;

Utah Code Ann. §§ 76-10-911 *et seq.*, § 76-10-916, and § 76-10-917;

Wis. Stat. §§ 19.35, 19.36, 19.39, §§ 133.01 *et seq.*, and § 165.065.

4. A Receiving Plaintiff may disclose Enforcement Investigation Materials that it receives from any Providing Person to any other Plaintiff that requests it, so long as the Providing Person has consented.

5. (a) If any Plaintiff who has received Enforcement Investigation Materials is served with

a document request, subpoena or other compulsory process ("Process"), or receives a request under FOIA or under an analogous State statute (a "Request"), seeking the production or other disclosures of such Enforcement Investigation Materials, that Plaintiff (the "Served Plaintiff") shall give timely notification to the Providing Person and all other Plaintiffs.

(b) The Served Plaintiff: (i) shall not produce any Enforcement Investigation Materials in response to Process without the prior written consent of the Providing Person and all other Plaintiffs unless in response to an Order of a court of competent jurisdiction; and (ii) shall assert all exemptions from or other objections to disclosure in response to a Request, which may in good faith be asserted pursuant to this I.O. No. 1 or applicable law unless the Providing Person and all other Plaintiffs consent to refrain from asserting such exemptions or other objections.

(c) The Providing Person and all other Plaintiffs shall provide assistance to the Served Plaintiff to maintain the confidentiality of Enforcement Investigation Materials, which may include moving for intervention in legal proceedings, or providing assistance to the Served Plaintiff in intervening in legal proceedings, if necessary, to assert applicable privileges or exemptions from disclosure.

6. For purposes of monitoring, investigating or enforcing compliance by Microsoft with their respective Final Judgments, each Plaintiff in Civil Action No. 98-1233 (a "State Plaintiff") may issue subpoenas to non-parties to obtain Enforcement Investigation Materials in accordance with the following provisions:

a. Any such subpoena shall be subject to the procedures and confidentiality provisions of the ACPA.

b. The following terms used in the ACPA shall be deemed to mean the following: (1) the

terms "Department of Justice" and "Attorney General" shall refer to each and every State Plaintiff's Attorney General; and (2) the term "Assistant Attorney General in charge of the Antitrust Division of the Department of Justice" shall refer to the Chief of the Antitrust Bureau of each State Plaintiff, or equivalent position.

    c. The subpoena shall expressly refer to this Order, and a copy of this Order shall be appended to the subpoena.

    d. The provisions for obtaining Enforcement Investigative Materials pursuant to the preceding parts of paragraph 6 shall be in addition to, and not in lieu of, the provisions available under any state statute affording compulsory process for law enforcement or investigative purposes; provided that use of such a state statute does not provide a lower level of protection against disclosure for Enforcement Investigation Materials than that provided by this I.O. No. 1.

    7. The provisions of this I.O. No. 1 shall govern any part of any Final Judgment in either action that relates to the use or disclosure of information or documents defined as Enforcement Investigation Materials under this Order.

    8. Nothing in this I.O. No. 1 shall be construed to authorize any disclosure not otherwise permitted by law.

Dated: _____2003
      Washington, D.C.

                                                       _____
                                                         Hon. Colleen Kollar-Kotelly