IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br>　　April 21, 2004, Status Conference |

**JOINT STATUS REPORT ON MICROSOFT'S
COMPLIANCE WITH THE FINAL JUDGMENTS**

The United States of America, Plaintiff in *United States v. Microsoft*, CA No. 98-1232 (CKK), and the Plaintiffs in *New York, et. al. v. Microsoft*, CA No. 98-1233 (CKK), the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "New York Group"), and the States of California, Connecticut, Florida, Iowa, Kansas, Minnesota, Utah, and the District of Columbia (the "California Group") (collectively "Plaintiffs"), together with Defendant Microsoft, hereby file a Joint Status Report on Microsoft's Compliance with the Final Judgments, pursuant to this Court's Order of May 14, 2003.[1]

---

[1] As explained in the July 3, 2003 Joint Status Report, the Commonwealth of Massachusetts and the State of West Virginia are not part of the California Group for the purpose of this Joint Status Report on Microsoft's Compliance with the Final Judgments. On or about June 20, 2003, West Virginia dismissed with prejudice its appeal of the States' Final Judgment. In addition, West Virginia has reached a negotiated settlement with Microsoft in the case entitled *State of West Virginia v. Microsoft Corporation*, West Virginia Circuit Court of Boone County, Civil Action No. 01-C-197 (and related consumer class actions), which has been preliminarily approved by that court. This settlement includes a provision whereby West Virginia will release Microsoft from antitrust liability for conduct prior to December 31, 2002. As a result, West Virginia has advised the California Group that it will not be

I.      **Introduction**

At the January 23, 2004 Status Conference, the Court directed the Plaintiffs to file a Status Report on April 14, 2004, updating the Court on activities relating to Microsoft's compliance with the Final Judgments entered in *New York, et. al. v. Microsoft*, CA No. 98-1233 (CKK), and in *United States v. Microsoft*, CA No. 98-1232 (CKK). Plaintiffs filed previous reports on April 17, 2003, July 3, 2003, October 17, 2003, and January 16, 2004, to inform the Court as to the Plaintiffs' efforts to enforce the Final Judgments and Microsoft's efforts to comply with the Final Judgments.

The report filed January 16, 2004 served as a six-month report, containing certain relevant information requested by the Court. Order at 1-3 (May 14, 2003). The current report is an interim report relating only to current enforcement activities, most notably Plaintiffs' enforcement efforts and Microsoft's efforts to comply with Sections III.E, III.A, and III.B of the Final Judgments. Section II of this report discusses Plaintiffs' efforts to enforce these sections of the Final Judgments; this section was authored by Plaintiffs. Section III discusses Microsoft's efforts to comply with the Final Judgments; this section was authored by Microsoft. Neither Plaintiffs nor Microsoft necessarily adopts the views expressed by the other.

---

participating in enforcement of the States' Final Judgment. Massachusetts is still prosecuting its appeal of the States' Final Judgment.

## II. UPDATE ON PLAINTIFFS' EFFORTS RELATING TO SECTIONS III.E, III.A, AND III.B OF THE FINAL JUDGMENTS

Plaintiffs continue to monitor Microsoft's efforts to comply with the Final Judgments. Since the January 23, 2004 Status Conference, Plaintiffs have directed their efforts primarily toward Section III.E of the Final Judgments requiring licensing of Microsoft Communications Protocols and Sections III.A and III.B governing certain contractual relationships between Microsoft and OEMs.

### A. Section III.E

As described in previous Status Reports, Plaintiffs have invested significant resources in the enforcement of Section III.E of the Final Judgments, under which Microsoft is required to make available for license certain communications protocols ("CPs") used by Windows. Since the last Status Conference, the European Commission has issued a final decision in connection with its investigation of Microsoft. The full decision is being redacted to eliminate confidential information and has not yet been made public, the parameters of the relief have not been fully defined, and Microsoft has announced that it will seek a stay of the order. Plaintiffs will monitor the impact of the European Commission's order in the context of their ongoing enforcement efforts relating to Section III.E of the Final Judgments. At Plaintiffs' request, Microsoft has also expanded the scope of use permitted to licensees without altering any of the other existing terms or royalties. The revised license terms reflecting the expanded scope of use are posted on Microsoft's MCPP web site. Plaintiffs continue to monitor the impact of the license terms and royalties in the marketplace and to discuss with Microsoft issues regarding the licenses that have been brought to Plaintiffs' attention by licensees and potential licensees. Finally, Microsoft has

signed MCPP licenses with three additional firms: a company that plans to use the certificate service protocols, Time Warner (AOL), and Sun Microsystems.

### 1.     Sun Microsystems License

On April 1, 2004, Sun Microsystems signed an MCPP agreement for the general server task, entered into other agreements including at least one that bears on the MCPP protocols, and settled antitrust claims between Sun and Microsoft.[2]  Plaintiffs understand that the agreements between Sun and Microsoft provide that Sun's MCPP license will be amended in the near future. Microsoft recently has provided these agreements to Plaintiffs, who will evaluate them for compliance with the Final Judgment.  Plaintiffs are hopeful that Sun's participation in the MCPP, and the addition of other general server licensees, will enhance the possibilities for attaining the underlying goals of Section III.E.

### 2.     Sufficiency of the Technical Documentation

In addition, as previously reported, the Technical Committee ("TC") received a complaint regarding the sufficiency of the technical documentation provided to licensees of the MCPP. Since the last Status Conference, the TC has received an additional complaint concerning the adequacy of the technical documentation.  Prior to receiving these complaints, the TC had already begun an investigation into this issue. To date, the TC's investigation has involved reviewing the technical documentation, hiring a consultant to analyze the subject, and talking to

---

[2] The execution of the MCPP license by Sun, along with the nature of the broader relationship between Microsoft and Sun, was announced on April 2, 2004. *See, e.g.*, Steve Lohr, *Microsoft and Sun End Long Acrimony in Surprise Accord*, N.Y. Times (Apr. 3, 2004); Scarlet Pruitt et al., *Microsoft, Sun Bury the Hatchet*, InfoWorld, available at <http://www.infoworld.com/article/04/04/05/14NNsunms_1.html> (Apr. 5, 2004); Stephen Shankland, *Sun Settles with Microsoft, Announces Layoffs*, CNET News.com, available at <http://news.com.com/2100-1014-5183848.html> (Apr. 2, 2004).

current and prospective licensees about their experiences using the technical documentation. As a result of this investigation and other work performed by the Plaintiffs, Plaintiffs have concluded that the technical documentation needs substantial revision in order to ensure that it is usable by licensees across a broad range of implementations as envisioned by Section III.E.

While Microsoft has already begun an effort to improve the quality of the technical documentation, the United States and the New York Group, together with the TC, and the California Group are conferring with Microsoft to ensure that the necessary work on the technical documentation is promptly completed. Plaintiffs remain concerned about the time spent addressing numerous issues with Microsoft's implementation of the MCPP, including both those that have been previously raised by Plaintiffs to the Court and, most recently, those associated with the quality of the technical documentation. This delay should not reduce the useful life of the licensed technology to current and potential licensees. Plaintiffs have asked Microsoft to discuss methods by which their concerns about delay could be addressed. Plaintiffs expect to be able to report to the Court the conclusions of these discussions at the April 21, 2004 Status Conference.

**B.    Sections III.A and III.B (OEM Relations and Windows Licensing Terms)**

As detailed in previous Status Reports, Plaintiffs have received complaints regarding the non-assertion of patents provision included in the uniform OEM license. In conjunction with its release of the latest draft of the uniform OEM license agreements, Microsoft recently announced that it is removing the non-assertion provision from future OEM licenses. However, the non-assertion provision in current and past OEM licenses will remain in effect, limiting the ability of OEMs to assert patents against Microsoft regarding features and functionality already present in

Windows XP. At the time of Microsoft's announcement, Plaintiffs were actively investigating the complaints and had not yet reached a conclusion on whether the non-assertion provision violated the Final Judgments. Plaintiffs are currently assessing whether any issues remain in light of Microsoft's removal of the non-assertion provision from future uniform OEM licenses. Plaintiffs anticipate completing this analysis prior to submission of the next Status Report. As part of the continuing review of Microsoft's compliance with the Final Judgments, Plaintiffs are also reviewing feedback submitted to Microsoft by OEMs regarding the latest draft uniform OEM license agreements.

### III. Update on Microsoft's Compliance with the Final Judgments

#### A. Section III.E (Licensing of Communications Protocols)

##### 1. Update on MCPP

Microsoft has executed MCPP licensing agreements with three new firms since the last Status Report was filed, bringing the total number of licensees to fourteen. Most recently, Sun Microsystems, Time Warner (AOL), and GeoTrust, Inc., a leading provider of digital certificate services, have signed MCPP licenses. The Plaintiffs previously expressed some concern that MCPP licensees were focused primarily on specialized server tasks, as opposed to the development of more general purpose server products. *See* Joint Status Report on Microsoft's Compliance with the Final Judgments, January 16, 2004, at 5. Sun, of course, is a leading provider of general purpose server software products and it has licensed all of the protocols available under the MCPP.

Microsoft is continuing its efforts to evangelize the MCPP and sign additional licenses. The company is in active discussions with a number of firms. Every other week, Microsoft conducts a conference call with the Plaintiffs to apprise them of the status of the company's

evangelization efforts. Microsoft will report on new licensing developments in subsequent reports to the Court.

The Plaintiffs also expressed a concern in the last status report about the scope of use provided for by the MCPP license. *Id.* at 9. Previously, Microsoft had agreed to consider expanding the scope on a case-by-case basis as prospective licensees request such extensions. As a result of ongoing discussions with the Plaintiffs, Microsoft has expanded the scope of use rights under the license grant in the standard MCPP license. For example, under the revised MCPP license, licensees may use protocols covered by section III.E for certain server-to-server and server-to-non Windows client communications, even though the Final Judgments require Microsoft to grant rights only for communications with Windows desktop operating systems. The new MCPP license agreement with this expanded scope is available for any licensee and for public inspection on the MCPP licensing home page.[3]

### 2. Technical Documentation

Microsoft is committed to developing and providing technical documentation that fully describes each MCPP protocol. Microsoft has devoted very substantial resources to this job to date, drawing upon the work of more than 100 people over the course of many months. By August 2002, Microsoft had made available for license more than 5,000 pages of detailed technical information concerning the relevant protocol technology—information that did not previously exist. Because the documentation relates to operating system technology that is very complicated, the documentation itself is highly technical and complex.

Plaintiffs recently advised Microsoft of a number of concerns relating to the usability of the documentation that Microsoft has prepared. Microsoft promptly agreed to work cooperatively with the Plaintiffs to address their concerns, and is moving forward on that front. While the company believes that the existing documentation is sufficient (and, indeed, satisfies

---

[3] *See* http://members.microsoft.com/consent/info/default.aspx.

the warranty that Microsoft provides in the MCPP license), Microsoft recognizes that there is (and likely always will be) room for improvement given the scale and complexity of the undertaking. Microsoft anticipates that modifications and enhancements to the technical documentation will be an on-going process as Microsoft and the licensees gain more experience in working with the documentation, new versions of protocols are released, related technical information resources that Microsoft makes available are modified, and so forth.

April 14, 2004

                                                                         Respectfully submitted,

| FOR THE STATES OF NEW YORK, OHIO, ILLINOIS, KENTUCKY, LOUISIANA, MARYLAND, MICHIGAN NORTH CAROLINA, AND WISCONSIN | FOR THE UNITED STATES DEPARTMENT OF JUSTICE'S ANTITRUST DIVISION |
|---|---|
| */s/ Jay L. Himes (RBH)* | */s/* |
| ELIOT SPITZER | PHILLIP R. MALONE |
| *Attorney General of New York* | RENATA B. HESSE |
| JAY L. HIMES | PAULA L. BLIZZARD |
| *Chief, Antitrust Bureau* | PATRICIA A. BRINK |
| RICHARD L. SCHWARTZ | JOAN V. FARRAGHER |
| HOWARD WETTAN | AARON D. HOAG |
| *Assistant Attorneys General* | JEFFREY D. NEGRETTE |
| 120 Broadway | BARBARA J. NELSON |
| New York, New York 10271 | JEFFREY J. VANHOOREWEGHE |
| 212/416-6229 | *Trial Attorneys* |
| | U.S. Department of Justice |
| | Antitrust Division |
| | 600 E Street, N.W. |
| | Suite 9500 |
| | Washington, D.C. 20530 |
| | 202/514-8276 |

FOR THE STATES OF CALIFORNIA, CONNECTICUT, IOWA, KANSAS, FLORIDA, MINNESOTA, UTAH, AND THE DISTRICT OF COLUMBIA

*/s/ Kathleen Foote (RBH)*
KATHLEEN FOOTE
*Senior Assistant Attorney General*
Office of the Attorney General of California
455 Golden Gate Avenue
Suite 11000
San Francisco, California 94102-3664
415/703-5555

FOR DEFENDANT MICROSOFT CORPORATION

*/s/ Charles F. Rule*

CHARLES F. RULE
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania, Avenue, N.W.
Washington, DC 20004
202/639-7300

STEVE L. HOLLEY
RICHARD C. PEPPERMAN II
Sullivan & Cromwell
125 Broad Street
New York, New York 10004
212/558-4000

*Counsel for Defendant Microsoft Corporation*

BRADFORD L. SMITH
MARY SNAPP
DAVID A. HEINER, JR.
Microsoft Corporation
One Microsoft Way
Redmond, Washington 98052
425/936-8080