IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br>          February 8, 2006<br>          Joint Status Report |

**PLAINTIFFS' RESPONSE TO MICROSOFT'S SUPPLEMENTAL STATUS REPORT ON MICROSOFT'S COMPLIANCE WITH THE FINAL JUDGMENTS**

At the November 30, 2005 Status Conference, the Court approved the proposal by Plaintiffs[1] and Microsoft that Microsoft file a monthly report describing the status of its parser development project and detailing its cooperation with the prototype implementation and validation projects run by the Technical Committee ("TC").[2]  Microsoft filed the first such report on January 17, 2006.  In this response, Plaintiffs provide additional information on two matters relating to Sections III and IV of Microsoft's report to ensure that the Court has all of the relevant information.

---

[1] The term "Plaintiffs" includes the United States of America, Plaintiff in *United States v. Microsoft*, CA No. 98-1232 (CKK), and the Plaintiffs in *New York, et. al. v. Microsoft*, CA No. 98-1233 (CKK) — the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "New York Group"), and the States of California, Connecticut, Florida, Iowa, Kansas, Massachusetts, Minnesota, Utah, and the District of Columbia (the "California Group").

[2] *See* Supplemental Joint Status Report on Microsoft's Compliance with the Final Judgments, at 8 (filed Nov. 18, 2005).

*First*, while Microsoft's January 17 report describes various efforts that Microsoft is making to improve the speed with which it replies to technical documentation issues submitted by the TC, Microsoft has not detailed the seriousness of the current situation. In the substantial majority of cases Microsoft is no longer meeting the Service Level Guidelines ("SLGs") established to measure the timeliness of its initial response to technical documentation issues submitted by the TC. This reflects a substantial change from before the last Joint Status Report, when Microsoft was meeting the SLGs 100% of the time.[3] Since approximately mid-November, Microsoft has fallen significantly behind in responding to technical documentation issues submitted by the TC.

Currently, Microsoft's inability to meet the SLGs interferes with the TC's ability to pursue its prototype implementation project and impairs the TC's ability to complete the project in a timely manner. It also means that MCPP licensees are receiving corrections or other edits to the technical documentation later than they would if Microsoft were complying with the SLGs. Microsoft has acknowledged the problem and described in its report the efforts it is taking to address the situation.[4] Microsoft needs to dramatically increase the resources devoted to responding to technical documentation issues in order to get its performance under the SLGs

---

[3] *See* Joint Status Report on Microsoft's Compliance with the Final Judgments, at 4 (filed Oct. 19, 2005) (reporting that Microsoft met the SLGs 100% of the time from their adoption in mid-July through the date of filing).

[4] Based on our discussions with Microsoft, Plaintiffs had understood that Microsoft would include this detailed information about the SLGs in its report. Plaintiffs also anticipated that Microsoft would include in its report more details regarding the number of individuals working on the various projects to enable the Court to better monitor the possible significance of changes in Microsoft's resource commitments. Plaintiffs are discussing these matters with Microsoft to ensure that subsequent reports contain this additional information.

back on track. Until it does, the backlog grows day by day, as the number of technical documentation issues identified by the TC staff is not declining. Moreover, the TC anticipates that, beginning in the next quarter, its validation work will identify still more issues in the technical documentation that Microsoft will need to address. Although Microsoft and the TC agreed to suspend the SLGs during the holiday season, that brief moratorium is not the source of the problem.

*Second*, Microsoft's description of the installation of the TC's testing hardware in the India test labs glosses over several critical details. Briefly, the TC team and their monitoring equipment arrived in India one week prior to the scheduled beginning of the test run. After the TC team arrived, Microsoft informed them that Microsoft's prior description of the network infrastructure in one of the test labs was inaccurate. Due to the inaccurate information it had received, the TC had designed its monitoring system to use four data capture devices in that lab, instead of the six it would have used had the situation been accurately described. This matter is particularly troubling given that, as described during the last Status Conference, Microsoft has on several occasions been unable to provide accurate information regarding the setup of the India labs.

Rather than request that Microsoft delay the test while the TC procured, delivered and installed additional equipment, the TC staff and Microsoft personnel in India — with the near-constant assistance of TC staff and Microsoft personnel in the United States — reconfigured the TC's capture environment so that it *may* be able to collect all of the data needed from these tests. Although Microsoft's cooperation with the TC's team once they arrived in India was exemplary, the incorrect information that Microsoft had previously provided forced both the TC and

Microsoft to engage in substantial additional work, which may or may not have resulted in a fully successful installation. By the time of the next Joint Status Report, we should have a clearer picture of whether the improvised solution has worked. If it has not, a delay in the completion of the TC's validation work beyond the schedule contemplated in November is virtually certain.

Dated: January 23, 2006

                                       Respectfully submitted,

FOR THE STATES OF NEW YORK,  
OHIO, ILLINOIS, KENTUCKY,  
LOUISIANA, MARYLAND, MICHIGAN  
NORTH CAROLINA, AND WISCONSIN

FOR THE UNITED STATES  
DEPARTMENT OF JUSTICE'S  
ANTITRUST DIVISION

---

ELIOT SPITZER  
*Attorney General of New York*  
JAY L. HIMES  
*Chief, Antitrust Bureau*  
*Assistant Attorney General*  
120 Broadway  
New York, New York 10271  
212/416-6229

RENATA B. HESSE  
PATRICIA A. BRINK  
PHILIP A. GIORDANO  
AARON D. HOAG  
ADAM T. SEVERT  
*Trial Attorneys*  
U.S. Department of Justice  
Antitrust Division  
600 E Street, N.W., Suite 9500  
Washington, D.C. 20530  
202/514-8276

FOR THE STATES OF CALIFORNIA,  
CONNECTICUT, IOWA, KANSAS,  
FLORIDA, MASSACHUSETTS, MINNESOTA,  
UTAH, AND THE DISTRICT OF COLUMBIA

---

KATHLEEN FOOTE  
*Senior Assistant Attorney General*  
Office of the Attorney General of California  
455 Golden Gate Avenue  
Suite 11000  
San Francisco, California 94102-3664  
415/703-5555