IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                    Plaintiff,                              Civil Action No. 98-1232 (CKK)

        v.                                                  Next Court Deadline:
                                                                   August 30, 2006
                                                                   Joint Status Report
MICROSOFT CORPORATION,

                    Defendant.

## JOINT MOTION TO MODIFY FINAL JUDGMENT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Section VII of the Final Judgment entered in this matter on November 12, 2002 ("Final Judgment"),[1] Plaintiff United States of America ("United States") and Defendant Microsoft Corporation ("Microsoft") move this Court to modify the Final Judgment, principally by extending certain provisions of the Final Judgment. The modifications proposed serve the public interest by ensuring that the remedies included in the Final Judgment will have their full intended effect. Accordingly, the United States and Microsoft jointly request that the Court grant this motion to modify the Final Judgment.[2]

_____

[1] Section VII of the Final Judgment provides in part that any party can "apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, [or] to modify or terminate any of its provisions." This Court has jurisdiction to modify the Final Judgment pursuant to Section VII of the Final Judgment and "principles inherent in the jurisdiction of the chancery." *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *see also In re Grand Jury Proceedings*, 827 F. 2d 868, 873 (2nd Cir. 1987).

[2] The States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "New York Group"), and the States of California,

1

## I.      THE PROPOSED MODIFICATIONS SERVE THE PUBLIC INTEREST AND SHOULD BE APPROVED

### A.      Background and Description of the Modifications

The developments that gave rise to the need for this extension of certain provisions of the Final Judgment were discussed at the last Status Conference before this Court on May 17, 2006, and are detailed in the May 12, 2006 Joint Status Report.  In brief, the United States and the state plaintiffs concluded that it was necessary to extend the term of the Final Judgment as it relates to communications protocol licensing in order to ensure that this portion of the Final Judgment is given a full opportunity to succeed.

As described in the May 12, 2006 Joint Status Report, the goal of the modifications is to extend the communications protocol licensing program required by Section III.E of the Final Judgment.  For the Court's convenience, a redlined copy of the proposed Modified Final Judgment is attached as Exhibit 1, showing the changes against the original Final Judgment entered by this court on November 12, 2002; a clean copy of the proposed Modified Final Judgment is attached as Exhibit 2.  The main change is the two-year extension of portions of the Final Judgment, pursuant to the revised version of Section V.A.[3]  The revised Section V.A

─────────────────────

Connecticut, Florida, Iowa, Kansas, Massachusetts, Minnesota, Utah, and the District of Columbia (the "California Group") will file parallel motions to extend their respective Final Judgments.

[3] As revised, Section V.A reads:

Unless this Court grants an extension, Sections III.A, III.B, III.C, III.D, III.F.2, III.G, and III.H, of this Final Judgment will expire on November 12, 2007.  Unless this Court grants an extension, Sections I, II, III.E, III.F.1, III.F.3, III.I, III.J, IV, V, VI, VII, and VIII of the Final Judgment (the "Surviving Provisions") will expire on November 12, 2009.  Until expiration of the Surviving Provisions, the Plaintiffs shall have the unilateral right to apply to the Court for an extension of the Surviving Provisions of up to three additional

2

provides that Section III.E and a number of supporting provisions expire on November 12, 2009, rather than on November 12, 2007.  Section V.A also incorporates the agreement between Plaintiffs and Microsoft — reflected in the May 12, 2006 Joint Status Report — that Plaintiffs have the right in their sole discretion to request an additional three-year extension of the extended portions of the decree until November 12, 2012, and that Microsoft will not oppose any such request.

The revisions to the Final Judgment also include additional edits.  Specifically, Section III.F.1 has been modified to ensure that the general principle of anti-retaliation embodied in Section III.F.1 will be carried forward into the extended period of the Final Judgment as it relates to Section III.E.[4]  In addition, the modified Final Judgment extends the terms of the members of the Technical Committee to correspond to the extension of the term of the Final Judgment.[5] Finally, the modified Final Judgment includes a new Section IV.E, anticipated and discussed in the prior Status Report, requiring Microsoft to maintain Robert Muglia as head of the project to rewrite the MCPP technical documentation until that project is completed or the Court orders

---

years (that is, through November 12, 2012); Microsoft has agreed that it will not oppose any such extension.

[4] As currently written, III.F.1 also covers matters relating to the expiring provisions of the Final Judgment.  Therefore, Section III.F.1 includes a new introductory sentence providing that: "Effective November 12, 2007, this provision shall apply only with respect to matters related to Section III.E of the Final Judgment."

[5] The modification adds the following sentence to Section IV.B.4 to accomplish this: "The Court having by Minute Order dated May 5, 2005 granted Plaintiffs' motion to reappoint each TC member to a second term, and each TC member having since expressed a willingness to serve beyond the 30 month period provided for above, the second term of the TC members will expire on November 12, 2009."

otherwise.[6]

**B.     Applicable Legal Standard**

This Court concluded that entry of the Final Judgment in this matter was in the public

interest, and so entered it on November 12, 2002.  *See United States v. Microsoft*, 231

F. Supp. 2d 144 (D.D.C. 2002).  Where, as here, the United States has consented to a proposed

modification of a consent decree, the issue before the Court is whether modification is in the

public interest.  *See, e.g.,United  States v. Western Elec. Co.,* 900 F.2d 283, 305 (D.C. Cir. 1990).

This is the same standard that a federal district court applies in reviewing an initial consent

decree in a government antitrust case.  *See* 15 U.S.C. § 16(e); *Western Electric,* 900 F.2d at 295.

At the May 17, 2006 Status Conference, this Court indicated that the proposed extension of

portions of the Final Judgment was appropriate under the circumstances and that the Court would

approve the extension. [5/17/06 Tr. at 75-76]

**C.     Additional Public Notice of the Proposed Final Judgment  Modifications Is
        Unnecessary**

The Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), does not

expressly apply to the modification of entered final judgments.[7]  Nonetheless, the United States

_____

[6] Section IV.E, which is new to the modified Final Judgment, provides that: "Microsoft
shall maintain Robert Muglia, Senior Vice President for Microsoft's Server and Tools Business,
as the executive with direct responsibility for managing the project to rewrite the technical
documentation for the Microsoft Communications Protocol Program, until otherwise ordered by
the Court on a showing of good cause, and shall make Mr. Muglia available to update the Court
on the project at Status Conferences or as otherwise ordered."

[7] The procedures mandated by the APPA govern federal district courts' consideration of
"[a]ny proposal for a consent judgment submitted by the United States," 15 U.S.C. § 16(b), and
are designed to facilitate a public interest determination "[b]efore entering any consent judgment
proposed by the United States," 15 U.S.C. § 16(e).

and the courts have concluded that notice to the public and an opportunity for comment are appropriate where significant decree modifications are proposed.[8]  However, here, the modifications do not relieve Microsoft of any of its obligations under the original Final Judgment; rather, the proposed modifications only serve to effectuate the relief contained in the original Final Judgment by extending the term of some of its provisions.  The proposed modifications therefore are not significant decree modifications for the purpose of assessing the need for public comment, and no notice or public comment period is necessary for a determination that they are in the public interest.[9]

## II.  CONCLUSION

As the proposed modifications are necessary to effectuate the remedies included in the original Final Judgment, which was previously determined by this Court to be in the public interest, the United States and Microsoft respectfully request that the Court approve the modifications of the Final Judgment as discussed herein.  A proposed modified Final Judgment is attached as Exhibit 2.

---

[8] *See United States v. AT&T,* 552 F. Supp. 131, 144-45 (D.D.C. 1982); *aff'd sub nom Maryland v. United States,* 460 U.S. 1001 (1983).

[9] Courts in this district have made non-material modifications of final judgments without requiring notice to the public and opportunity for comments. *United States v. Halliburton and Dresser Industries*, Civil Action No. 98-2340 (D.D.C. March 13, 2000, Judge Thomas Penfield Jackson); *United States v. Tidewater, Inc., et al.*, Civil Action No. 92-106 (D.D.C. October 7, 1992, Judge Thomas F. Hogan); *United States v. Baker Hughes*, Civil Action No. 90-0825 (D.D.C. June 20, 1990, Judge Louis F. Oberdorfer).

Dated: August 30, 2006

Respectfully submitted,

FOR THE UNITED STATES
DEPARTMENT OF JUSTICE'S
ANTITRUST DIVISION

_____

AARON D. HOAG
JAMES J. TIERNEY
SCOTT A. SCHEELE
PHILIP A. GIORDANO
ADAM T. SEVERT
*Trial Attorney*s
U.S. Department of Justice
Antitrust Division
600 E Street, N.W.
Suite 9500
Washington, D.C. 20530
202/514-8276

FOR DEFENDANT MICROSOFT
CORPORATION

_____

BRADFORD L. SMITH                       CHARLES F. RULE
MARY SNAPP                              Fried, Frank, Harris, Shriver & Jacobson LLP
DAVID A. HEINER, JR.                    1001 Pennsylvania, Avenue, N.W.
Microsoft Corporation                   Washington, DC 20004
One Microsoft Way                       202/639-7300
Redmond, Washington 98052
425/936-8080                            STEVE L. HOLLEY
                                        RICHARD C. PEPPERMAN II
                                        Sullivan & Cromwell LLP
                                        125 Broad Street
                                        New York, New York 10004
                                        212/558-4000

                                        *Counsel for Defendant*
                                        *Microsoft Corporation*

6