IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                     )<br>           Plaintiff,     )<br>                                     )<br>v.                                       )<br>                                     )<br>MICROSOFT CORPORATION,    )<br>                                     )<br>           Defendant.    )<br>_____) | Civil Action No. 98-1232 (CKK)<br><br>Hon. Colleen Kollar-Kotelly |

**BRIEF FOR GOOGLE INC. AS AMICUS CURIAE**

Google Inc. ("Google") respectfully submits this amicus brief. Google provides innovative technologies that connect millions of people around the world with information every day. These include a desktop search product, Google Desktop, which lets users search their computers as quickly and easily as they search the web. Microsoft's hardwiring of its own desktop search product into Windows Vista violates the final judgment in this case (the "Final Judgment"). Google brought this issue to the attention of the plaintiffs, who investigated the matter and obtained Microsoft's agreement to implement the remedial measures set forth on pages 9 and 10 of the Joint Status Report filed on June 19, 2007. Google shares the public's interest in the enforcement of the Final Judgment and in continued competition on the merits among desktop search products.

## DISCUSSION

*Background.* The Final Judgment came about because Microsoft repeatedly violated the antitrust laws. Specifically, Microsoft took anticompetitive actions to block the rise of "middleware" technologies like Netscape's Navigator web browser and Sun's JAVA programming language, both of which threatened Microsoft's operating system monopoly. *See*

*New York v. Microsoft Corp.*, 231 F. Supp. 2d 203, 212-13 (D.D.C. 2002). Middleware technologies threaten Microsoft's monopoly because they expose application programming interfaces ("APIs") and "could take over some or all of Windows's valuable platform functions– that is, developers might begin to rely upon APIs exposed by the middleware" rather than those in Windows. *United States v. Microsoft Corp.*, 253 F.3d 34, 53 (D.C. Cir. 2001). Middleware gives consumers greater choices of applications and operating systems and gives developers alternative platforms for their offerings. Microsoft was found to have engaged in a series of unlawful actions to maintain its monopoly against middleware threats, including hardwiring its own web browser into the Windows operating system.

The Final Judgment was designed to "eliminate Microsoft's illegal practices, to prevent recurrence of the same or similar practices and to restore the competitive threat that middleware products posed prior to Microsoft's unlawful conduct." Competitive Impact Statement at 17. To this end, the Final Judgment introduced provisions to "alter Microsoft's current practice of creating an artificial distinction between ... Non-Microsoft and Microsoft Middleware Products" and to allow users "to make choices on the merits about Microsoft and Non-Microsoft Middleware Products." *New York*, 231 F. Supp. 2d at 233.

***The Advent of Desktop Search.*** Desktop search is an important new middleware product, the first new technology of the type contemplated in the Final Judgment to appear since the Judgment became effective. Desktop search products, such as those offered by X1, Inc. and Copernic Technologies, Inc., began appearing in force in 2004. Google introduced its desktop search product, Google Desktop, in October 2004 and made the product available for free to users.[1] In the first two weeks following the release of Google Desktop, 1.3 million unique users

---

[1] John Battelle, *Google Drops The Other Shoe–Google Desktop Launches*, Oct. 14, 2004, http://battellemedia.com/ archives/000966.php ("[Google Desktop] provides Google a major new

2

visited the Google Desktop home page, with nearly half of those users (640,000) downloading copies of the software. Hundreds of millions of additional copies have been distributed to users since then.

Other major industry players soon began to release their own competing desktop search products. IAC Corp.'s Ask.com released AskJeeves Desktop Search in December 2004, Microsoft released MSN Desktop Search that same month, and Yahoo! Inc. released Yahoo! Desktop Search in January 2005.[2] Over the next two years, intense competition among desktop search developers led to considerable consumer benefits, including nearly universal free pricing and rapid innovation, as developers worked to index new file types (including email messages, instant messaging chats, and many other types of files), build new interfaces, and offer other new functionality to users.[3]

Desktop search, however, is not simply a new and valuable tool for users; it is also a platform for software development. Like other desktop search products including Microsoft's

---

platform to build upon—a client application that integrates with the web. Can I imagine upgrades to that app that include spiffy new features like—oh—a lightweight word processor so you can take notes on your searching, or a calendar? Better yet, can I imagine Google opens this platform up to third party developers, to do what they do best? Yes, I sure can.").

[2] Danny Sullivan, *Yahoo Details Desktop Search Plans; Ask Jeeves & MSN Launch this Month*, Dec. 10, 2004, http://blog.searchenginewatch.com/blog/041210-022026 (summarizing timeline of desktop search product introductions and noting that "who will win the hearts-and-minds of desktop searchers remains to be seen. Chances are, everyone's going to get a share. But the real winners are the desktop searchers themselves. We started 2004 with only a few fee-based desktop search tools. We're going to end with a great selection of free ones, finally—and long-overdue—making it [as] easy for anyone to find material on their own computers as they can in searching the entire web.").

[3] *See, e.g.,* Juan Carlos Perez, *Google Updates Desktop Search Tool*, PC World, Mar. 7, 2005, http://www.pcworld.com/article/id,119894-page,1/article.html ("Competition is fierce among providers of tools such as this one that let users index and retrieve information found on their PCs, a task for which few products existed until recently.").

MSN Desktop Search,[4] Google Desktop exposes APIs. Already, third party developers have written thousands of applications using the APIs in Google Desktop.

*Microsoft's Response.* More than two months after Google released Google Desktop, Microsoft released MSN Desktop Search and began distributing it separately from Windows. This is precisely what the Court anticipated Microsoft would do in response to a credible new middleware threat. *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 115 (D.D.C. 2002). Microsoft recognized that bundling its desktop search product with Windows and taking steps to disadvantage competing offerings would raise serious legal issues. One of Microsoft's executives, Mark Kroese, publicly stated in 2005 that, in light of the Final Judgment, any decision to bundle the MSN Desktop Search application into Windows "would have to be a Bill G. and the lawyers' decision."[5]

Microsoft subsequently hardwired MSN Desktop Search into Vista and renamed it "Instant Search." In Vista as it stands today, users are permitted to use only MSN Desktop Search from menu entries and shortcuts throughout the new operating system with no option for Original Equipment Manufacturers ("OEMs") or users to disable access to MSN Desktop Search or enable access to competing products in these locations. Microsoft also designed Vista so that it is extremely difficult for users to disable the automatic invocation of Microsoft's desktop search product, which begins indexing the contents of a user's computer immediately following

---

[4] *See, e.g.*, Chris Butler, *Windows Desktop Search APIs*, July 8, 2005, http://blogs.msdn.com/livesearch/archive/2005/07/08/ 437045.aspx (Microsoft is "excited to support more Desktop Search APIs (in beta initially) to do new and cool things with … [We] look forward to hearing back on how you like the new functionality!").

[5] Darryl K. Taft & Mary Jo Foley, *Microsoft Won't Bundle MSN Desktop Search with Windows*, Jan. 31, 2005, http://www.eweek.com/article2/0,1759,1757197,00.asp.

the boot sequence. These aspects of Vista violate the Final Judgment and led to the remedial measures discussed in the Joint Status Report.[6]

***The Proposed Remedy.*** The Joint Status Report states that the changes Microsoft will make have "the goal of promoting user and OEM choice for desktop search in Windows Vista." Joint Status Report ("J.S.R.") at 8-9. The plaintiffs state they are "satisfied that this agreement will resolve any issues the complaint may raise under the Final Judgments." *Id.* at 9; *see also id.* at 25 (stating that Microsoft has worked with the plaintiffs to "resolve any issues the complaint may raise under the Final Judgments").

Google welcomes the efforts of the parties to address Microsoft's violation by taking steps to promote user and OEM choice. At the same time, from what Google understands of the remedies, it appears that more may need to be done to provide a truly unbiased choice of desktop search products in Vista and achieve compliance with the Final Judgment.

The proposed remedial measures regarding user access points are only vaguely described in the status report, and it is not immediately apparent that they will give users and OEMs the rights to which they are entitled under § III.H.1(a) of the Final Judgment. For example, it appears that Microsoft will continue to show its own desktop search results when users run searches from prominent shortcuts and menu entries throughout the operating system, though users will now be given a mechanism to request results from their chosen desktop search product by taking a second step after they have first viewed results from Microsoft's product. In addition, although the status report does not mention the fact that one of the menu entries in the Vista Start menu and in various "right-click" menus is the word "Search," Google understands that Microsoft may intend to remove these menu entries from Vista and deprive users of these

---

[6] Google is prepared to submit detailed briefing on the issue of Microsoft's violation if this would be helpful to the Court.

access points altogether rather than provide the user choice required under § III.H.1(a) of the Final Judgment. With respect to the automatic invocation of Microsoft's desktop search product following the boot sequence, which implicates § III.H.1(b) of the Final Judgment, it appears that the proposed measures would not result in any changes being made in the operating system. Instead, Microsoft will provide unspecified technical information about indexing to OEMs, Independent Software Vendors, and end users.

Until more is understood about the proposed remedies and how they might affect user choice, it is difficult to assess them fully. The Court and the public would benefit greatly from a description of the precise measures Microsoft is planning to implement and the practical effect they will have on users of desktop search. Once more information has been disclosed, Google and others will be in a better position to evaluate the proposed remedies and to provide further input to the parties and to the Court so that they can accurately determine whether the remedies truly "resolve any issues the complaint may raise under the Final Judgments."

***The Need to Extend the Consent Decree.*** Under § V of the Final Judgment, the middleware provisions will expire on November 12, 2007 "[u]nless the Court grants an extension." Microsoft has indicated that it anticipates making the changes to Vista set forth in the status report in "beta form by the end of the year"—after the relevant provisions of the Final Judgment have expired. J.S.R. at 10; *see also id.* at 25. Microsoft has made no commitment as to when it will ultimately implement the changes. Google respectfully suggests that the Court extend the term of the Final Judgment so that it may supervise the steps that Microsoft is taking, ensure that they are implemented appropriately, and ensure that they in fact "resolve any issues the complaint may raise under the Final Judgments." Without an extension, the Court may not

have effective means to oversee Microsoft's implementation of these changes and determine whether they are effective in meeting the requirements of § III.H.1 of the Final Judgment.

The Court has inherent authority to extend the term of the decree to ensure that the public interest in an effective remedy is achieved. *See, e.g., United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 251 (1968). Moreover, § VII of the Final Judgment expressly reserves to the Court jurisdiction "such that the Court may act *sua sponte* to issue further orders or directions, including but not limited to orders or directions relating to … the modification thereof." Given Microsoft's history of aggressively minimizing the impact of court-ordered relief, it is appropriate for the Court to use its authority to extend the Final Judgment so that it can verify Microsoft's compliance with the commitments it has made to resolve this important issue.

Respectfully submitted,

David I. Gelfand (D.C. Bar No. 416596)
Leah Brannon (D.C. Bar No. 467359)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 974-1500

Dana R. Wagner
Google Inc.
1600 Amphitheatre Parkway
Mountain View, CA  94043
(650) 253-0000

*Counsel for Google Inc.*