IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>                      Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:  June 26, 2007<br>Joint Status Conference |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM IN
OPPOSITION TO GOOGLE INC.'S MOTION FOR LEAVE
TO PARTICIPATE AS *AMICUS CURIAE***

Less than one day before the Joint Status Conference, Google Inc. ("Google") has filed a motion for leave to participate as *amicus curiae*, although the Court has no case or controversy pending before it.  In effect, dissatisfied with the Plaintiffs' enforcement of the Final Judgments, Google is seeking to make an "end-run" around the prohibition on non-parties directly enforcing the decrees by challenging the conclusion of the 19 Plaintiffs that the agreement relating to Vista's desktop search feature outlined in the Joint Status Report resolves all related concerns under the Final Judgments.  Defendant Microsoft Corporation ("Microsoft") believes that the desktop search feature in Windows Vista does not qualify as Microsoft Middleware under the Final Judgments and does not in any way violate the decrees.  Nevertheless, Microsoft worked with the Plaintiffs in a spirit of cooperation to resolve any issues the Plaintiffs may have had under the Final Judgments relating to desktop search, and will continue to work diligently with

the Plaintiffs on these issues.

Microsoft, therefore, submits this memorandum in support of its opposition to Google's motion.  First, there is simply no issue pending before this Court with respect to which Google can act as *amicus*.  Second, if there were, Google does not satisfy the criteria for intervention as *amicus* and, thus, the Court should deny its motion.[1]

**ARGUMENT**

I.    **Nothing Is Pending Before The Court That Warrants An *Amicus* Filing; Google Is Seeking Special Treatment and Direct Access To Enforce The Decrees.**

Google's attempt to inject itself into this proceeding, particularly when there is no pending issue requiring a decision by the Court, is tantamount to a request by Google for direct access to enforcement of the Final Judgments.  As such, it circumvents the enforcement procedure whereby the Plaintiffs have "*exclusive* responsibility" for enforcing the Final Judgments.  Section IV.A.1 of Final Judgments (emphasis added).  As the Court has stated, "non-parties should not be allowed direct access to enforcement mechanisms. . . . [I]t is appropriately Plaintiffs' duty to assess the assertions of such third parties for merit."  *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 181 (D.D.C. 2002).

It is Microsoft's understanding that Google first expressed its formal complaint to the Plaintiffs in late 2006 only a few days after the release candidate of Vista became available to the

---

[1]    Google does not request a hearing during the Joint Status Conference in its underlying motion, nor would it be appropriate for it to do so because the Conference is only hours after Google filed its motion and Microsoft has never before seen the particulars of Google's complaint (much less learned of Google's specific concerns with Microsoft's agreement with the Plaintiffs).  *See* Fed. R. Civ. P. 6(d) (providing for five-day notice requirement); *United States v. Alter*, 482 F.2d 1016, 1023 (9th Cir. 1973) (cautioning there must be no prejudice to preparing a defense if a court decides to shorten five-day notice requirement).

public.  The particulars of the desktop search functionality in Vista, however, had been known to

the public for over a year previously.  The Plaintiffs have been diligently investigating Google's

complaint ever since the complaint was first received.  Google continued to provide details to the

Plaintiffs, including, according to press reports, filing a 49-page white paper after Microsoft

provided its formal response to the Plaintiffs.  The Plaintiffs have not limited their investigation

to obtaining information from Google, but have carefully reviewed all the facts with the support

of the Technical Committee and Craig Hunt (the California Group's technical advisor).  Google,

has nothing new to offer the Court, except for the veiled request that this Court go behind the

enforcement decision of the Plaintiffs and make Google the "20th Plaintiff."[2]

        There is simply nothing pending before this Court with respect to which an *amicus*

filing would be warranted.  *See, e.g.*, *Waste Management of Pennsylvania, Inc. v. New York*, 162

F.R.D. 34, 36 (M.D. Pa. 1995) ("An amicus cannot initiate, create, extend, or enlarge issues.")

(internal quotations and citations omitted); *see also United States v. Michigan*, 940 F.2d 143,

164-67 (6th  Cir. 1991) (overturning district court decision to confer "litigating amicus curiae"

status and stating "amicus has been consistently precluded from initiating legal proceedings,

filing pleadings, or otherwise participating and assuming control of the controversy in a totally

adversarial fashion.... [A]n amicus could not join issues not joined by the parties in interest....").

The Plaintiffs and Microsoft filed a routine Joint Status Report that explains the framework for

---

[2]     Contrary to Google's assertions, Google has had access to a significant amount of information
about the agreement between Microsoft and the Plaintiffs relating to desktop search.  In fact,
Microsoft's counsel provided Google's counsel a lengthy description of the agreement last Friday
(a few hours after Google's counsel first made the request).  In contrast, Google has never
explained directly to Microsoft why and to what extent Google believes the Final Judgments
obligate Microsoft to alter the design of Vista.

the agreement that the parties reached amicably to address certain changes that Microsoft will make to the desktop search feature in Windows.  Consistent with the spirit of cooperation among the parties thus far, Microsoft and the Plaintiffs will be working together over the upcoming months to oversee the implementation of the agreed-upon changes.  Further, Microsoft will release a beta of Service Pack 1 prior to the expiration of the Middleware-related provisions of the Final Judgments.  The description of the so-called Google complaint and its resolution does not warrant some special dispensation to Google.  No other complainant has been allowed to bring its complaint directly to the Court.  Google should not be permitted to create an issue where none exists.[3]  *Cf. Ryan* v. *CFTC*, 125 F.3d at 1064 ("In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal.").

II.   **Google Does Not Meet the Requirements To Participate as *Amicus Curiae* and Should Not be Afforded Special Treatment.**

Even assuming, *arguendo*, there was an appropriate occasion for the *amicus* filing, Google fails to satisfy the requirements for participation as an *amicus curiae*.  Recognizing the Court has discretion relating to involvement by *amicus*, *see Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996), participation typically should be allowed only "when a party is not represented competently or is not represented at all, when the amicus has an

---

[3]      In this regard, Google's motion for leave to participate as *amicus curiae* seemingly is analogous to a request for intervention as a party under Fed. R. Civ. P. 24, which is even more difficult to establish than status as an *amicus*.  *See generally United States v. Michigan*, 940 F.2d at 164-67 (discussing differences between amicus status and intervention).

interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan* v. *CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers).

Google does not meet any standard that would warrant filing of its proposed amicus brief. *First*, the Court is aware that the parties to this action are properly represented by several sophisticated counsel.  Participation of an uninvited third party, therefore, is not warranted under this factor.  *Cf., e.g.*, *N.O.W.* v. *Scheidler*, 223 F.3d 615, 617 (7th Cir. 1997) (Posner, C.J.) (holding an amicus brief may be permitted when a party is not adequately represented—typically when the party is not represented at all).

*Second*, there is no indication that Google has a cognizable interest in currently pending litigation that may be affected by the decision in the present case.  *See United States v. Microsoft Corp*, 2002 U.S. Dist. Lexis 26552, at *18 (D.D.C. 2002) ( "single-minded interest" of plaintiffs because of related state court class action insufficient to confer amicus status).  Rather, Google simply disagrees with the conclusion of those designated by the Court to enforce the Final Judgments.  The Court has already recognized the appropriate procedures for third-party participation like Google's, *see, e.g.*, *New York v. Microsoft Corp.*, 224 F. Supp. 2d at 181, and the Final Judgments are specifically designed to provide the Plaintiffs with numerous mechanisms to investigate complaints by third parties, including the assistance of technical advisors and experts and the ability to obtain information from Microsoft and other third parties. *See generally* Final Judgments.

*Third*, Google has no unique information or perspective that can help the Court in a manner that the Plaintiffs cannot.[4]  By its own admission, Google has already expressed its concerns relating to Vista's desktop search feature to the Plaintiffs and their technical advisors in great detail, including the apparent submission of a lengthy white paper.  The Plaintiffs collected a significant amount of information from Google, Microsoft and others relating to Vista's desktop search feature, and have in-depth experience relating to the terms of the Final Judgments.  Presumably, this access to information and experience are among the reasons the Court has recognized that, "Plaintiffs. . . are the proper parties to evaluate complaints by non-parties regarding alleged violations of the Court's decree."  *New York v. Microsoft Corp.*, 224 F. Supp. 2d at 181.

---

[4]      Google ignores this requirement and asserts that it should be granted *amicus* status because it provides information "not duplicative of the parties' submissions." Google's Memorandum, at 1. Rather than offering unique information, Google simply summarizes its view of the history of the case, publicly available commentary, the agreement reached among the parties, and its requested relief.

III.     <u>Conclusion</u>

For the foregoing reasons, the Court should deny Google's motion for leave to participate as *amicus curiae*.


Dated:  June 25, 2007


Respectfully submitted,

FOR DEFENDANT
MICROSOFT CORPORATION

<u>/s/ CHARLES F. RULE</u>
CHARLES F. RULE (DC BAR No. 370818)
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC  20004
(202) 862-2420

BRADFORD L. SMITH
MARY SNAPP
DAVID A. HEINER, JR.
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052
(425) 936-8080

STEVE L. HOLLEY
RICHARD C. PEPPERMAN II
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
(212) 558-4000