IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. 98-1232 (CKK) |
| Plaintiff, | ) | |
| | ) | Hon. Colleen Kollar-Kotelly |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY BRIEF FOR GOOGLE INC. IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

It is well established that "[t]he decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the Court." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). The court may grant such leave whenever the movant offers information that is "timely and useful," *id.*, or the participation of the amicus "could serve a useful purpose." *United States v. Airline Tariff Pub'g Co.*, No. 92-2854, 1993 WL 95486, at *1 (D.D.C. March 8, 1993).

Microsoft's attempt to turn the usefulness standard into a series of "requirements" for participation, *see* Defendant Microsoft Corporation's Memorandum in Opposition to Motion for Leave to Participate as *Amicus Curiae* ("Response Br.") at 4-6, is inappropriate. In *Ellsworth*, a case relied upon by Microsoft, the court granted participation by third party *amici* not because the parties themselves were not adequately represented or the third parties had fundamentally unique information but, rather, because the third parties had "a special interest … as well as a familiarity and knowledge of the issues raised." 917 F. Supp. at 846; *cf. Neonatology Assocs. v. Comm'r of Internal Revenue*, 293 F.3d 128, 130-133 (3d Cir. 2002) (Alito, J.) (noting the

benefits of different viewpoints, including those of an *amicus*, both in promoting sound decision making and in demonstrating the openness of the court, and concluding that "it is preferable to err on the side of granting leave").[1]

Here, Google Inc. ("Google") offers an important and useful perspective. As the developer of a major desktop search product and the company that brought the desktop search issue to the attention of the plaintiffs, Google has familiarity with the issues raised and is well positioned to provide information to the Court. Google worked with the plaintiffs for an extended period of time to ensure that Microsoft's violation did not go unaddressed, and nothing in Google's request for leave to participate as *amicus curiae* is inconsistent with the plaintiffs' fundamental role in enforcing the Final Judgment, as confirmed by the fact that none of the plaintiffs opposes Google's motion.

Notwithstanding the plaintiffs' role in ensuring compliance with the Final Judgment, the Court has also reserved for itself an important role in overseeing Microsoft's compliance. This is reflected in § VII of the Final Judgment, which retains for the Court jurisdiction "such that the Court may act *sua sponte* to issue further orders or directions, including but not limited to orders or directions relating to the construction or carrying out of this Final Judgment, the enforcement of compliance therewith, the modification thereof, and the punishment of any violation thereof." As the Court has explained, this provision ensures that the Court can, among other things, require the parties to provide information regarding Microsoft's compliance. *New York v. Microsoft*

---

[1] It was this broad discretion to authorize participation by non-parties that was codified in subsection (f)(3) of the Tunney Act, 15 U.S.C. § 16(b)-(h). *See United States v. Associated Milk Producers Inc.*, 394 F. Supp. 29, 41 (W.D. Mo. 1975) (subsection "(f)(3) of the Antitrust Procedures and Penalties Act codified existing law when it provided that the Court shall have discretionary power to authorize 'full or limited participation in the proceedings before the court.'"); *see also Antitrust Procedures and Penalties Act: Hearings on S.782 and S.1088 Before the Subcomm. on Antitrust and Monopoly of the Senate Comm. on the Judiciary*, 93d Cong. 179 (1973) (statement of Mark Green); *id.* at 454 (statement of Sen. Tunney).

*Corp.*, 231 F. Supp. 2d 203, 258 (D.D.C. 2002).[2] The Court has full authority to consider information beyond that provided by plaintiffs to assist it in fulfilling this role.

Google would not suggest that the Court consider using this authority to require additional information if the matter at hand were minor or routine. Desktop search, however, is the first new technology since entry of the Final Judgment to qualify as middleware. While all parties have given attention to the issue of Microsoft's violation over many months, the remedial measures appear to have been settled upon very quickly, and few details have been provided to Google, the public, and the Court.[3] The need for this information was an important aspect of Google's *amicus* brief.

At the Joint Status Conference, the Court instructed Microsoft to provide detailed information about the remedial measures and how they will be implemented. Google will follow up promptly with Microsoft and the plaintiffs and will carefully study the information provided.

---

[2] This authority is particularly appropriate because of the principles underlying the Tunney Act, which was designed to make the courts "an independent force rather than a rubber stamp in reviewing consent decrees." *Antitrust Procedures and Penalties Act: Hearings on S.782 and S.1088 Before the Subcomm. on Antitrust and Monopoly of the Senate Comm. on the Judiciary*, 93d Cong. 1 (1973) (statement of Sen. Tunney); *see also id.* at 147 (statement of J. Skelly Wright) ("By definition, antitrust violators wield great influence and economic power. They can often bring significant pressure to bear on Government ... The public is properly concerned whether such pressure results in settlements which might shortchange the public interest."). The courts' role does not end once a decree is entered. *See, e.g., United States v. W. Elec. Co.*, 675 F. Supp. 655, 659-661 & n.16 (D.D.C. 1987) (emphasizing importance of enforcing an antitrust consent decree that has been approved pursuant to Tunney Act and stating that the court "will carry out its constitutional and statutory responsibility to protect and enforce the decree"). Enforcement of an antitrust decree requires judicial consideration of the public interest "as a corollary to the Tunney Act." *United States v. IBM Corp.*, 163 F.3d 737, 740 (2d Cir. 1998); *see also United States v. Am. Cyanamid Co.*, 719 F.2d 558, 565 & n.7 (2d Cir. 1983).

[3] For instance, in the conversation with counsel referenced in Microsoft's opposition, *see* Response Br. at 3 n.2, Microsoft's counsel indicated that he did not know whether Microsoft will continue to hardwire its own "quick results" for all purposes when users search from the Start menu. This is an important question in determining the extent to which Microsoft's remedial measures bring Vista into compliance with § III.H.1(a), which deals not with defaults but with visible means of end-user access to middleware products. *See New York*, 231 F. Supp. 2d at 237 ("'The basis for commingling liability, and remedy, in this case is the presence, from the user's perspective, of the product, and consequent confusion and other deterrents to installation of additional, rival middleware products.'"); *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1209-10 (D.C. Cir. 2004) ("The lack of any way to remove end-user access to IE [is] now squarely addressed in § III.H.").

If this information reveals shortcomings, Google will address these issues with the plaintiffs, with the Technical Committee, and, if requested, with the Court.

For these reasons and those set forth in Google's moving papers, Google respectfully requests that the Court grant its motion for leave to participate as *amicus curiae* or, in the alternative, defer ruling on that motion until after Google has been able to consult with the parties regarding Microsoft's implementation of the remedial measures.

Dated: July 2, 2007                              Respectfully submitted,

/s/ David I. Gelfand

David I. Gelfand (D.C. Bar No. 416596)
Leah Brannon (D.C. Bar No. 467359)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 974-1500

Dana R. Wagner
Google Inc.
1600 Amphitheatre Parkway
Mountain View, CA 94043
(650) 253-0000

*Counsel for Google Inc.*

CERTIFICATE OF SERVICE

    I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that on July 2, 2007, a copy of the Reply Brief for Google Inc. in Support of Motion for Leave to Participate as Amicus Curiae dated July 2, 2007 was served by electronic transmission through the Court's CM/ECF. Notice of the filing will be sent to the parties by operation of the Court's electronic filing system.

Dated: July 2, 2007

_____
Emily C. Capehart