UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   Plaintiff,

    v.

MICROSOFT CORPORATION,

   Defendant.

Civil Action No. 98-1232 (CKK)

**ORDER**

On June 19, 2007, in advance of the Full Compliance Status Conference held on June 26, 2007, the parties to the above-captioned action filed a "Joint Status Report on Microsoft's Compliance With the Final Judgments" ("JSR"). In that JSR, the parties reported that a complaint had been filed by Google, Inc. ("Google") relating to the desktop search functionality in Windows Vista that enables users to search for files located on their computer. The JSR described the nature of Google's complaint, and reported that Plaintiffs had completed their investigation of Google's complaint and worked together to reach an agreement with Microsoft aimed at promoting user and Original Equipment Manufacturer ("OEM") choice for desktop search in Vista. In the JSR, Plaintiffs noted that they had been unable to reach a joint resolution of the question whether the desktop search functionality constituted a new Microsoft Middleware Product under the Final Judgment. Plaintiff had nevertheless been able to reach a joint resolution with Microsoft, and stated that they were collectively satisfied that the agreement reached would resolve any issues Google's complaint might raise under the Final Judgment, provided that Microsoft implemented the agreement as promised.

On June 25, 2007, on the eve of the Full Compliance Status Conference, Google filed a [852] Motion for Leave to Participate as Amicus Curiae, along with an proposed *amicus* brief. Microsoft filed an Opposition to Google's Motion later the same day and, on July 2, 2007, following the Full Compliance Status Conference, Google filed a Reply.  Google's proposed *amicus* brief addressed the substance of Google's complaint regarding desktop search, questioned whether the agreement described in the JSR would fully address Google's concerns, and suggested that the Court *sua sponte* extend the relevant sections of the Final Judgement in this matter in order to supervise the resolution of the Google complaint.  The contents of Google's proposed *amicus* brief were discussed in open court during the June 26, 2007 Full Compliance Status Conference.  Specifically, the Court noted that the Plaintiffs had not resolved among themselves the question of whether a violation of the Final Judgments had actually occurred, and that the Plaintiffs–who stand in the shoes of consumers under the Final Judgment and bear "exclusive responsibility" for enforcing the Final Judgments–professed themselves satisfied that the agreement reached with Microsoft would resolve any issues raised by Google's complaint.  As to the possibility of extending the Final Judgment, the Court noted that a *sua sponte* extension did not appear appropriate, absent either a request by the parties for an extension or evidence indicating that a violation had actually occurred.

Also during the Full Compliance Status Conference, Microsoft presented a demonstration–including screen shots–of the changes to the desktop search functionality planned as a result of its agreement with the Plaintiffs.  In the Joint Status Report filed August 31, 2007, the parties now report that Microsoft has provided the Technical Committee ("TC") with a test version of Windows Vista that includes the agreed-upon changes, that preliminary testing by the

TC indicates that this version works as expected, and that Microsoft is proceeding with providing the relevant technical documentation and distributing a beta of Service Pack 1 containing the agreed-upon changes.  Based on the discussion held on the record during the June 26, 2007 Full Compliance Status Conference, as well as the latest Joint Status Report, the Court has no basis on which to conclude that the resolution of the Google complaint agreed upon by the parties is not an appropriate resolution.  Nevertheless, to the extent that the contents of Google's *amicus* brief were discussed during the June 26, 2007 Full Compliance Status Conference, the Court shall grant Google's [852] Motion for Leave to Participate as Amicus Curiae through its pleading.

Accordingly, it is this 4th day of September, 2007, hereby

**ORDERED** that [852] Google, Inc.'s Motion for Leave to Participate as Amicus Curiae is GRANTED.

**SO ORDERED**.

                                                */s/*
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge