IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br> April 22, 2009<br> Status Conference |

**JOINT STATUS REPORT ON MICROSOFT'S
COMPLIANCE WITH THE FINAL JUDGMENTS**

The United States of America, Plaintiff in *United States v. Microsoft*, CA No. 98-1232
(CKK), and the Plaintiffs in *New York, et al. v. Microsoft*, CA No. 98-1233 (CKK), the States of
New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and
Wisconsin (the "New York Group"), and the States of California, Connecticut, Florida, Iowa,
Kansas, Massachusetts, Minnesota, Utah, and the District of Columbia (the "California Group")
(collectively "Plaintiffs"), together with Defendant Microsoft, hereby file a Joint Status Report
on Microsoft's Compliance with the Final Judgments, pursuant to this Court's Order of May 14,
2003.

I.      **INTRODUCTION**

In a minute order dated January 30, 2009, the Court directed Plaintiffs to file a Status

Report updating the Court on activities relating to Microsoft's compliance with the Final

Judgments entered in *New York, et. al. v. Microsoft*, CA No. 98-1233 (CKK), and in *United*

*States v. Microsoft*, CA No. 98-1232 (CKK).

The last Status Report, filed January 21, 2009, served as an interim report, containing

information on selected activities relating to enforcement of the Final Judgments.  The current

report is a six-month report and contains information that the Court has requested in each six-

month report.  Section II of this Report discusses Plaintiffs' efforts to enforce the Final

Judgments; this section was authored by Plaintiffs.  Section III discusses Microsoft's efforts to

comply with the Final Judgments; this section was authored by Microsoft.  Neither Plaintiffs nor

Microsoft necessarily adopts the views expressed by the other.

II.     **UPDATE ON PLAINTIFFS' EFFORTS TO ENFORCE THE FINAL JUDGMENTS**

A.      **Section III.E (Communications Protocol Licensing)**

1.      *Technical Documentation Update*

Plaintiffs' work concerning Section III.E and the Microsoft Communications Protocol

Program ("MCPP") continues to center on efforts to improve the technical documentation

provided to licensees.  In particular, Plaintiffs, in conjunction with the Technical Committee

("TC") and Craig Hunt, the California Group's technical expert, are reviewing the results of

Microsoft's project to rewrite the technical documentation that has been described in detail in

previous status reports and identifying issues with the revised documentation for Microsoft to address.[1]

As discussed in prior Joint Status Reports, as part of the technical documentation rewrite project Microsoft is creating a set of "System Documents" to describe the interaction among the protocols in a number of complex scenarios.  Microsoft committed to produce all system documents by June 30, 2009, in accord with seven milestones.  Microsoft has produced the system documents required by the first four milestones in a timely fashion.

In the prior Joint Status Report, Plaintiffs explained that the TC planned to adjust its technical documentation review by shifting the engineering resources formerly used on the prototype implementation and validation projects to direct review of the documents.  The TC has implemented this new strategy and as a result has already begun identifying technical documentation issues ("TDIs") at a higher rate than in the past.  The higher TDI rate is entirely expected and indeed reflects the purpose of the revised documentation review strategy:  the more resources the TC devotes to closely reviewing the text of the technical documentation, the more TDIs the TC will find and the more pages of technical documentation the TC will be able to review in any given period of time.

2.    *Extension of the Final Judgments and Related Matters*

In May 2006, Plaintiffs and Microsoft reached an agreement to extend Section III.E (and its supporting provisions) of the original Final Judgments for two years, until November 12, 2009.  At the same time, Microsoft agreed that Plaintiffs would have the unilateral right to

---

[1] The TC is working closely with Mr. Hunt on all of these technical documentation issues. References to Microsoft working with the TC throughout this report should be taken to include Mr. Hunt as well.

request an additional extension of the surviving provisions of the Final Judgments for up to three

additional years (that is, through November 12, 2012).   The Court entered modified Final

Judgments embodying this extension on September 7, 2006.  On January 29, 2008, the Court

granted a motion filed by a number of states to extend the other substantive provisions (except

for Section III.B) of the New York Group and California Group Final Judgments; the Court

entered Second Modified Final Judgments in the states' cases reflecting its decision on February

20, 2008.[2]

When the Final Judgments were extended in 2006, Microsoft committed to rebating

100% of all royalties owed by any licensees under the MCPP until Plaintiffs determined that the

technical documentation was substantially complete.  This provision ensured that licensees were

not charged for access to the communications protocols under Section III.E while the necessary

documentation was being rewritten and provided Microsoft with an additional incentive to

complete the technical documentation rewrite project in a timely fashion.  It is clear to Plaintiffs

that Microsoft has made substantial progress in improving the technical documentation over the

last two years.  While the entire project has taken longer than any of the parties anticipated, the

project is nearly complete.  Microsoft should produce the final system documents in June 2009.

Plaintiffs and the TC will then be able to review the complete set of documentation and

determine whether it is "substantially complete" and thus whether Microsoft should be permitted

---

[2] The United States did not seek an extension of the other substantive provisions of its
Final Judgment.  As a result, the portions of the United States Final Judgment not relating to
Section III.E expired on November 12, 2007.

to resume charging royalties.[3]  If Microsoft maintains the quality of the system documents and

delivers the remaining system documents on schedule, and if there are no unexpected discoveries

as the TC continues with its initial review of the rest of the technical documentation, Plaintiffs

expect that by the end of the year they will be in a position to determine that the documents are

substantially complete.

    By substantially complete, Plaintiffs mean that the documents appear on an initial reading

to cover the information required by the templates in a reasonably thorough and comprehensible

manner.  It does not mean, however, that the documents are finished or that no additional work

remains to be done.  In fact, Plaintiffs expect that when they make the determination of

substantial completeness there will still be thousands of TDIs that need to be identified and

ultimately resolved.  The TC and its staff will also still have months of work to perform before

they can be satisfied to a reasonable degree of certainty that the documents are of a sufficient

quality (i.e., sufficiently complete, accurate, and usable) that Plaintiffs can have confidence that

allowing the Final Judgments to expire is appropriate.

    Plaintiffs have therefore concluded that an additional extension of the Final Judgments is

necessary to allow the TC to thoroughly scrub the technical documentation — and to allow

Microsoft to resolve the TDIs that result from the TC's review — before the Final Judgments

expire.  As the last System Document will not be produced until June 30, 2009, Plaintiffs

concluded that they will be in no position to wrap up the review of the technical documentation

---

[3] As previously reported, Microsoft no longer requires a license, or charges royalties, for
access to the communications protocols covered by Section III.E.  Microsoft does require
licenses and the payment of royalties for the right to practice any Microsoft patents covered by
these communications protocols.  Microsoft has not charged royalties to Section III.E. patent
licensees since the patent license program was implemented in February 2008.

and resolve any outstanding issues by the currently scheduled expiration date of November 12, 2009.  In deciding on the appropriate length of the extension, Plaintiffs consulted closely with the TC to understand the amount of work that could be done under a number of alternative extension lengths.  Plaintiffs ultimately concluded that an eighteen-month extension of the Final Judgments — through May 12, 2011 — is appropriate and necessary.  Microsoft has consented to this extension and to allow Plaintiffs to seek an additional extension of up to eighteen more months of Section III.E (and its supporting provisions) of the Final Judgments, potentially adding up to the original three years Microsoft agreed to in advance as part of the last extension. Microsoft has also consented to an eighteen-month extension of the surviving non-III.E provisions of the New York Group and California Group Final Judgments; Microsoft retains the right to oppose any future state requests to extend non-III.E provisions.

Plaintiffs settled on an eighteen-month extension of the Final Judgments for two primary reasons.  *First*, Plaintiffs concluded, based on consultations with the TC, that eighteen months would be a sufficient period of time for the TC to conduct a thorough review of the new system documents and nearly all of the individual technical documents that are covered in the system documents.  Together, this encompasses the technical documents most likely to be used by companies developing servers that interoperate with a Windows client.

*Second*, Plaintiffs realize that there is a benefit in bringing the Final Judgments to a close in a reasonable and definite time frame rather than simply reassessing in six months or a year whether the Final Judgments should be extended again.  Plaintiffs chose an eighteen-month extension because it was long enough to allow for a reasonable degree of confidence that additional extensions will not be necessary.  The TC has devised a schedule that will allow it to

spend sufficient time with the key documents to be comfortable with their overall quality by the end of the eighteen-month extension.  The TC's work plan also provides for a wind-down period towards the end of the eighteen-month extension where the TC will stop looking for new TDIs and will focus its efforts on ensuring that previously identified TDIs are closed by the time the Final Judgments expire in May 2011.  The TC's ability to meet these goals depends on two critical assumptions:  (1) that the quality of the entire set of technical documentation is comparable to the quality of the documents the TC has already reviewed in detail; and (2) that Microsoft is able to handle to the increased flow of TDIs from the TC in a timely fashion.  Plaintiffs and the TC will closely monitor progress in the review of the technical documentation and the resolution of TDIs, and Plaintiffs anticipate that it will be clear as early as the next Joint Status Report whether this review program is on track.  Plaintiffs want to emphasize that if Microsoft provides adequate support in resolving TDIs and the quality of the documents is consistent with recent experience, the Final Judgments will expire in May 2011 and no additional extensions will be necessary.  Plaintiffs' aim is to bring the Final Judgments to an end in May 2011 and Plaintiffs will make every effort to make sure this takes place, consistent with their responsibilities to protect the public interest.

There are two additional matters relating to the extension that are worth noting.  *First,* Plaintiffs and Microsoft have agreed to a clarifying modification of Section V.A that makes clear that the pending release of a new version of Windows will not provide grounds for Plaintiffs to exercise their right to seek a further extension of the Final Judgments for up to eighteen

additional months beyond May 12, 2011.[4]  Plaintiffs do not view this as a substantive

modification to the Final Judgments, but rather a clarification of the fact that because Microsoft

will always be in the process of releasing a new operating system, it would be improper for

Plaintiffs to extend the Final Judgments simply in order to be able to subject the next version of

Windows to review under the Final Judgments.[5]

  *Second*, and in a similar vein, Plaintiffs and Microsoft have agreed to modify Section

VI.U to confirm the view of all parties that, pursuant to Section VI.U of the Final Judgments, a

new version of the Windows client operating system that is distributed commercially only after

the expiration of the Final Judgments would not be a Windows Operating System Product and

would not be subject to the requirements of the Final Judgments.[6]  Plaintiffs would therefore

---

  [4] The proposed modified Final Judgments add the following sentence to Section V.A: "The existence of a successor version of Windows, so long as it has not been distributed commercially by Microsoft, will not constitute grounds for an extension of the Final Judgment."

  [5] Plaintiffs would like to emphasize that it is not the upcoming release of Windows 7 or the new technical documentation covering Windows 7 that led Plaintiffs to conclude that an extension of the Final Judgments was necessary.  Rather, Plaintiffs need to thoroughly review the complete set of technical documentation to reach any final conclusions concerning its quality, and this will only be possible when Microsoft releases the final system documents on June 30, 2009.  Even if there were no pending release of Windows 7, Plaintiffs would recommend the same extension to the Final Judgments.  With that said, however, the TC will certainly review the current version of technical documentation, which includes information on all Windows Operating System Products up to Windows 7.  It would not make sense for the TC to try and go back to review the Windows Vista/Windows Server 2008 technical documentation in conjunction with the system documents, as that would require reviewing old versions of the technical documentation or simply ignoring the Windows 7 information that is included in all the technical documentation, including the system documents.

  [6] The proposed modified Final Judgments add the following sentence to the definition of Windows Operating System Product in Section VI.U:  "Solely for the purpose of clarification, this Final Judgment shall not apply to any Operating System that is first distributed commercially by Microsoft after the expiration of the Final Judgment."  This language is entirely consistent

have no reason to conduct a compliance review of a new version of Windows scheduled to be released after expiration of the Final Judgments.  If there is a reasonable expectation that a new version of Windows will be distributed commercially prior to the expiration of the Final Judgments, however, Plaintiffs would consider, after discussion with Microsoft, whether and to what extent pre-release review of the new version of Windows would be necessary and appropriate.

> **B.     Competing Middleware and Defaults**[7]

In the last Joint Status Report, filed January 21, 2009, the States and the Technical Committee reported having received complaints about certain marketing programs announced by Microsoft from several companies that manufacture and sell a variety of products that work with Windows.  Since the last Status Conference, Microsoft has made significant modifications to those marketing programs that, in the States' view, have alleviated their Final Judgment concerns.

---

with Plaintiffs' interpretation of the existing language of the Final Judgments and is added only to eliminate any possibility for ambiguity in the application of the Final Judgments to a new version of Windows released after the expiration of the Final Judgments.  For example, a new version of Windows that is first distributed commercially after the expiration of the Final Judgments would not need to comply with Section III.D's disclosure requirements.  Even if Microsoft releases the first beta version of that product on MSDN before the expiration of the Final Judgment, Section III.D would not apply because the new version of Windows would not be a Windows Operating System Product as it would be first distributed commercially after expiration of the Final Judgments.

[7] As noted above, the provisions of the United States' Final Judgment not relating to Section III.E (Communications Protocol Licensing) expired in November 2007.  This part of the Joint Status Report therefore covers the joint enforcement activities of the New York Group and the California Group.

The TC has undertaken a thorough review of Windows 7, working closely with Microsoft.  Microsoft has has been responsive to issues raised by the TC.  The TC will continue their review.

### C.      Complaints

Since the prior full Status Report, filed on September 18, 2008, eight third-party complaints have been received by the United States.  All of these complaints were non-substantive and did not raise any issues regarding Microsoft's compliance with, or the United States' enforcement of, the Final Judgment.  Each of the non-substantive complaints received a simple response acknowledging their receipt.  The New York and California Groups do not believe that they have received any additional substantive complaints since the prior full Status Report.

## III.     UPDATE ON MICROSOFT'S COMPLIANCE WITH THE FINAL JUDGMENTS

In this section of the report, Microsoft focuses on its compliance work relating to the Final Judgments.  In addition, this section briefly summarizes the activities of the compliance officers under the Final Judgments, as well as the inquiries and complaints received by Microsoft since the January 21, 2009 Joint Status Report.

### A.      Section III.E (Communications Protocol Licensing)

#### 1.      MCPP Status Update

Pursuant to Microsoft's interoperability principles (announced in February 2008), documentation for Microsoft's Communications Protocols has been made available free of charge on Microsoft's website.  To date, documents describing protocols that are made available pursuant to the Final Judgments have been downloaded 380,000 times.

Separately, there are a total of 52 companies licensing patents for Communications Protocols through the MCPP program (which was created pursuant to Section III.E of the Final Judgments), 41 of which have royalty bearing licenses.  Currently, Microsoft is aware that 15 of those patent licensees are shipping products.  Numerous other entities may be making use of the protocol documentation that has been made available to the public on the MSDN website.[8]

Since the last Joint Status Report, Microsoft has continued to promote offers for MCPP licensees to receive Technical Account Manager support and to obtain access to Windows source code at no additional charge.  To date, 28 licensees have signed up with Microsoft to receive free Technical Account Manager support, and eight licensees have signed up for Windows source code access.

2.      *Microsoft's Progress in Modifying the Technical Documentation*

As required by the Final Judgments, Microsoft is creating "System Documents" to assist developers in using Microsoft's protocol documentation.  Microsoft has completed the System Documents for the first four Milestones and is on track to deliver the remainder of the documentation in accordance with the following schedule:

---

[8] A number of the protocols made available to the public are not covered by any Microsoft patents and thus do not require a license.  In addition, other entities may have rights to Microsoft patents through a vehicle other than MCPP, such as a broad patent cross licensing agreement.

| Milestone | No. of Documents | Initial Availability |
|---|---|---|
| Milestone 1 | 2 | Delivered |
| Milestone 2 | 2 | Delivered |
| Milestone 3 | 2 | Delivered |
| Milestone 4 | 6 | Delivered |
| Milestone 5 | 2 | 4/30/09 |
| Milestone 6 | 4 | 5/29/09 |
| Milestone 7 | 1 | 6/30/09 |
| | | |
| Total | 19 | |

3.      *Current Status of Microsoft's Progress in Resolving Technical Documentation Issues ("TDIs") through March 31, 2009*

The current status of TDIs identified in rewritten documentation through March 31, 2009, is noted in the chart below. The total number of TDIs spans the entire range of nearly 30,000 pages of rewritten MCPP documentation, newly released Windows 7 documentation, as well as the overview materials and System Documents.[9]

| | As of 2/28/2009 | Period Ended 3/31/2009 |
|---|---|---|
| **Priority 1 TDIs Submitted by the TC** | | |
| Submitted this period | | 128 |
| Closed this period | | 121 |
| Outstanding | 226 | 233 |
| **Priority 2 TDIs Submitted by the TC** | | |
| Submitted this period | | 449 |
| Closed this period | | 240 |
| Outstanding | 510 | 719 |
| **Priority 3 TDIs Submitted by the TC** | | |
| Submitted this period | | 167 |
| Closed this period | | 82 |

[9] The TDI numbers as of February 28, 2009, reported in this chart differ slightly from the numbers provided in the previous Status Report because the dynamic nature of tracking TDIs in multiple databases occasionally results in categorization and exact TDI closure dates changing after the previous reporting period.

12

| | | |
|---|---|---|
| Outstanding | 189 | 274 |
| | | |
| TC Submitted | | 744 |
| TC Closed | | 443 |
| **TC Outstanding** | 925 | 1226 |
| | | |
| **TDIs Identified by Microsoft** | | |
| Identified this period | | 235 |
| Closed this period | | 516 |
| Microsoft Outstanding | 609 | 328 |
| | | |
| **TDIs Identified by Licensees[10]** | | |
| Identified this period | | 19 |
| Closed this period | | 14 |
| Licensees Outstanding | 12 | 17 |
| | | |
| **TDIs Identified by TC in Overview/Reference Materials** | | |
| Identified this period | | 14 |
| Closed this period | | 7 |
| Overview Outstanding | 15 | 22 |
| | | |
| **TDIs Identified by TC in System Documents** | | |
| Identified this Period | | 36 |
| Closed this Period | | 3 |
| System Outstanding | 90 | 123 |
| | | |
| **Total Outstanding** | 1651 | 1716 |

As discussed in the Plaintiffs' section of this report, the TC has been allocating additional resources to reviewing Microsoft's technical documents.  As expected, this increase in focus enables the TC to review more documents at once, resulting in an increased ability to identify

---

[10] In most cases, licensees do not open TDIs themselves.  Licensees generally ask Microsoft questions about the documentation.  Most questions do not result in any TDIs.  In some cases, questions from licensees result in a TDI being filed by the Microsoft employees involved in answering the licensees' questions.  In these circumstances, Microsoft categorizes the TDI as a licensee TDI.

TDIs in a given month.  Microsoft is committed to dedicating the project management and technical resources necessary to address the TC's increased rate of review.

Microsoft expects that the number of outstanding TDIs identified by the TC will continue to increase in the short term due to the necessary lag as the new TDIs are processed and closed. Moreover, TC-generated TDIs remain open as a formal matter until revised documents reflecting the agreed upon changes have been published through Microsoft's six week publication cycle and verified again by the TC.[11]  By way of illustration, TC-generated TDIs opened in March that are resolved in April are unlikely to be reflected as "closed" by the TC until sometime after Microsoft's next regularly scheduled publication of revised documentation on May 27, 2009.

        4.   *Technical Documentation Testing and Licensee Support*

Microsoft completed the testing of the final cluster of rewritten protocol documentation (Cluster 9) as scheduled by March 31, 2009.  Microsoft's efforts have advanced significantly the state of model-based testing technology.  Newly created technical documentation (including for Windows 7) will be tested using a similar method.[12]

Separately, Microsoft is continuing to make various resources available to assist implementers in using the technical documentation.  During the week of March 30, 2009, Microsoft hosted a Certificate plug-fest that was very well received by the four attending

---

[11] For example, the documents published by Microsoft in its last release on April 10, 2009, contained document changes that will resolve 432 of the TC's TDIs.  These TDIs are expected to be closed when the TC has had an opportunity to confirm that the agreed upon changes are in the published documents.

[12] As reported in Microsoft's previous Supplemental Status Report, Microsoft's plan for testing the System Documents differs from the testing process for the underlying technical documents because of the unique nature of the System Documents.  Most of this work will take place as the System Documents are being written and is thus reflected in the System Document milestones above rather than in the technical documentation testing schedule.

companies.  A File-Sharing plug-fest is being planned for the week of June 1, 2009.  In addition, the interoperability lab remains available for use by licensees.  NetApp, an MCPP licensee, is a good example of how these resources are helping companies implement Microsoft protocols. NetApp's latest version of its file serving software contains support for a new Microsoft protocol.   NetApp participated in several of Microsoft's interoperability labs, which facilitated its use of the technical documentation to support this new protocol.

5.  *Technical Documentation Team Staffing*

Robert Muglia, the President for Microsoft's Server and Tools Business, continues to manage the documentation effort along with additional senior product engineering team managers.

Over 600 Microsoft employees and contingent staff are involved in work on the MCPP technical documentation.  Given the substantial overlap between the MCPP and the European Work Group Server Protocol Program, all of these individuals' work relates to both programs or is exclusive to the MCPP.  Of these, approximately 276 product team engineers and program managers are actively involved in the creation and review of the technical content of the documentation, including periodic work on TDI resolution as well as developing new content for the next version of Windows Client and Windows Server.  Because of varying areas of expertise, not all of these product team employees are working on the documentation at any given time. For example, many of the MCPP documents currently do not have any associated TDIs.  In other months, these same product teams may have multiple TDIs to resolve and/or additional content to draft and spend most or all of their time on projects relating to the protocol documentation.

In addition, there are approximately 28 full-time employees and approximately 52 contingent staff (this includes contingent staff who will be starting later this month) working as technical writers, editors, and production technicians.  Additionally, as the protocol testing effort continues, approximately 40 full-time employees and approximately 250 contingent and vendor staff work as software test designers, test engineers, and test architects.  Significant attention to and involvement in the technical documentation and the MCPP extend through all levels of the Microsoft organization and draw upon the resources of numerous product engineering, business, technical, and legal groups, as well as company management.

**B.      Windows Vista and XP Related Matters**

As previously reported, the TC transitioned the code for its middleware simulator tool to Microsoft for ongoing engineering work.  The TC has requested several changes to the code to make it compatible with Windows 7.  A beta release of the revised code incorporating the TC's requested changes was provided to the TC on April 7, 2009.  Microsoft is incorporating the TC's feedback and will provide another version of the simulator code to the TC for review this week.  Once the TC has approved the final release, Microsoft will make the code available via the TC's ISV Readiness Tools page on MSDN and via Codeplex (http://www.codeplex.net).

**C.      Compliance Officers**

Since the Initial Status Report was filed on July 3, 2003, the compliance officers have continued to ensure that newly-appointed Microsoft officers and directors receive copies of the Final Judgments and related materials (ongoing), that Microsoft officers and directors receive annual briefings on the meaning and requirements of the Final Judgments (Microsoft completed the annual training sessions for 2008), that annual certifications are completed for the most

16

recent year (completed in December 2008), and that required compliance-related records are maintained (ongoing).  In addition, the compliance officers are actively engaged in Microsoft's ongoing training programs and committed to monitoring matters pertaining to the Final Judgments.

>    D.    **Complaints and Inquiries Received by Microsoft**

As of April 13, 2009, Microsoft has received two complaints or inquiries since the January 21, 2009 Joint Status Report.  Neither of these complaints or inquiries were related to any of Microsoft's compliance obligations under the Final Judgments.

>    E.    **Agreement to Extend the Final Judgments**

As discussed in the Plaintiffs' section of this report, Microsoft and the Plaintiffs have reached an agreement to extend the Final Judgments for a limited period of time so that Microsoft, the TC, and the Plaintiffs can complete their ongoing work in relation to both the technical documentation and other provisions of the Final Judgments.  Moreover, as reported by the Plaintiffs, Microsoft agrees that the language added to Section VI.U is for clarification purposes only and does not limit Plaintiffs' authority to investigate any potential Final Judgment violation.  In particular, Microsoft agrees that Plaintiffs would be free to conduct a compliance review of a new version of Windows if Plaintiffs have a reasonable expectation that the new version of Windows would be subject to the Final Judgment.  Microsoft understands that Windows Operating System Products released during the pendency of the Final Judgment must comply with the Final Judgment and will take all steps necessary to ensure that compliance including providing Plaintiffs an adequate opportunity to conduct their compliance review.

Dated: April 16, 2009

Respectfully submitted,

FOR THE STATES OF NEW YORK,
OHIO, ILLINOIS, KENTUCKY,
LOUISIANA, MARYLAND, MICHIGAN
NORTH CAROLINA, AND WISCONSIN

FOR THE UNITED STATES
DEPARTMENT OF JUSTICE'S
ANTITRUST DIVISION

 /s/
ELLEN COOPER
*Assistant Attorney General*
*Chief, Antitrust Division*
Office the Maryland Attorney General
200 Saint Paul Place
Baltimore, MD 21202
410/576-6470

 /s/
AARON D. HOAG
JAMES J. TIERNEY
SCOTT A. SCHEELE
ADAM T. SEVERT
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
600 E Street, N.W.
Suite 9500
Washington, D.C. 20530
202/514-8276

FOR THE STATES OF CALIFORNIA,
CONNECTICUT, IOWA, KANSAS,
FLORIDA, MASSACHUSETTS, MINNESOTA,
UTAH, AND THE DISTRICT OF COLUMBIA

 /s/
KATHLEEN FOOTE
*Senior Assistant Attorney General*
Office of the Attorney General of California
455 Golden Gate Avenue
Suite 11000
San Francisco, California 94102-3664
415/703-5555

FOR DEFENDANT MICROSOFT
CORPORATION


BRADFORD L. SMITH                 /s/_____
ERICH D. ANDERSEN                 CHARLES F. RULE
DAVID A. HEINER, JR.              JONATHAN S. KANTER
Microsoft Corporation             Cadwalader, Wickersham & Taft LLP
One Microsoft Way                 1201 F Street, N.W.
Redmond, Washington 98052         Washington, DC 20004
425/936-8080                      202/862-2420

                                  STEVE L. HOLLEY
                                  RICHARD C. PEPPERMAN II
                                  Sullivan & Cromwell LLP
                                  125 Broad Street
                                  New York, New York 10004
                                  212/558-4000

                                  *Counsel for Defendant*
                                  *Microsoft Corporation*