IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>                        v.<br><br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br>        April 22, 2009<br>        Status Conference |

**JOINT MOTION TO MODIFY FINAL JUDGMENT AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Section VII of the Modified Final Judgment entered in this matter on

September 7, 2006 ("Final Judgment"),[1] Plaintiff United States of America ("United States") and

Defendant Microsoft Corporation ("Microsoft") move this Court to modify the Modified Final

Judgment, principally by extending certain provisions of the Modified Final Judgment.  The

modifications proposed serve the public interest by ensuring that the remedies included in the

Modified Final Judgment will have their full intended effect.  Accordingly, the United States and

Microsoft jointly request that the Court grant this motion to modify the Modified Final

Judgment.[2]

---

[1] Section VII of the Modified Final Judgment provides in part that any party can "apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, [or] to modify or terminate any of its provisions." This Court has jurisdiction to modify the Modified Final Judgment pursuant to Section VII of the Modified Final Judgment and "principles inherent in the jurisdiction of the chancery." *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *see also In re Grand Jury Proceedings*, 827 F. 2d 868, 873 (2d Cir. 1987).

[2] The States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "New York Group"), and the States of California, Connecticut, Florida, Iowa, Kansas, Massachusetts, Minnesota, Utah, and the District of Columbia (the "California Group") will file parallel motions to extend their respective Final

I.      THE PROPOSED MODIFICATIONS SERVE THE PUBLIC INTEREST AND
        SHOULD BE APPROVED

        A.      Background and Description of the Modifications

        The developments that gave rise to the need for this extension of certain provisions of the

Modified Final Judgment are detailed in the Joint Status Report filed concurrently with this

motion.  In brief, the United States and the state plaintiffs concluded that it was necessary to

extend the term of the Modified Final Judgment as it relates to communications protocol

licensing in order to ensure that this portion of the Modified Final Judgment is given a full

opportunity to succeed.

        The primary modification is the eighteen-month extension of portions of the Modified

Final Judgment, pursuant to the revised version of Section V.A.[3]  A parallel change to Section

IV.B.4 extends the term of each member of the Technical Committee through the term of the

Second Modified Final Judgment.  In addition, changes to Sections V.A and VI.U clarify that

operating system products released after the expiration of the Second Modified Final Judgment

cannot form the basis for any extension and are not subject to its terms.  For the Court's

convenience, a redlined copy of the proposed Second Modified Final Judgment is attached as

Exhibit 1, showing the changes against the Modified Final Judgment entered by this court on

_____

Judgments.
        [3] As revised, Section V.A reads:

        Unless this Court grants an extension, Sections III.A, III.B, III.C, III.D, III.F.2,
        III.G, and III.H of this Final Judgment will expire on November 12, 2007.  Unless this
        Court grants an extension, Sections I, II, III.E, III.F.1, III.F.3, III.I, III.J, IV, V, VI, VII,
        and VIII of the Final Judgment (the "Surviving Provisions") will expire on May 12, 2011.
        Until expiration of the Surviving Provisions, the Plaintiffs shall have the unilateral right
        to apply to the Court for an extension of the Surviving Provisions of up to eighteen
        additional months (that is, through November 12, 2012); Microsoft has agreed that it will
        not oppose any such extension.  The existence of a successor version of Windows, so
        long as it has not been distributed commercially by Microsoft, will not constitute grounds
        for an extension of the Final Judgment.

September 7, 2006; a clean copy of the proposed Second Modified Final Judgment is attached as

Exhibit 2.

### B.    Applicable Legal Standard

This Court concluded that entry of the Final Judgment and Modified Final Judgment in

this matter was in the public interest, and so entered them on November 12, 2002 and September

7, 2006, respectively. *See United States v. Microsoft*, 231 F. Supp. 2d 144 (D.D.C. 2002).

Where, as here, the United States has consented to a proposed modification of a consent decree,

the issue before the Court is whether modification is in the public interest. *See, e.g.,United*

*States v. Western Elec.,* 900 F.2d 283, 305 (D.C. Cir. 1990). This is the same standard that a

federal district court applies in reviewing an initial consent decree in a government antitrust case.

*See* 15 U.S.C. § 16(e); *Western Elec.,* 900 F.2d at 295.

### C.    Additional Public Notice of the Proposed Final Judgment  Modifications Is Unnecessary

The Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), does not

expressly apply to the modification of entered final judgments.[4]  Nonetheless, the United States

and the courts have concluded that notice to the public and an opportunity for comment are

appropriate where significant decree modifications are proposed.[5]  However, here, the

modifications do not relieve Microsoft of any of its obligations under the Modified Final

Judgment; rather, the proposed modifications only serve to effectuate the relief contained in the

Modified Final Judgment by extending the term of some of its provisions. The proposed

---

[4] The procedures mandated by the APPA govern federal district courts' consideration of "[a]ny proposal for a consent judgment submitted by the United States," 15 U.S.C. § 16(b), and are designed to facilitate a public interest determination "[b]efore entering any consent judgment proposed by the United States," 15 U.S.C. § 16(e).
   [5] *See United States v. AT&T,* 552 F. Supp. 131, 144-45 (D.D.C. 1982); *aff'd sub nom Maryland v. United States,* 460 U.S. 1001 (1983).

modifications therefore are not significant decree modifications for the purpose of assessing the

need for public comment, and no notice or public comment period is necessary for a

determination that they are in the public interest.[6]

## II. CONCLUSION

As the proposed modifications are necessary to effectuate the remedies included in the

original Final Judgment and the Modified Final Judgment, both of which were previously

determined by this Court to be in the public interest, the United States and Microsoft respectfully

request that the Court approve the modifications of the Second Modified Final Judgment as

discussed herein.  A proposed Second Modified Final Judgment is attached as Exhibit 2.

---

[6] Courts in this district have made non-material modifications of final judgments without requiring notice to the public and opportunity for comments. *United States v. Halliburton and Dresser Indus.*, Civil Action No. 98-2340 (D.D.C. March 13, 2000, Judge Thomas Penfield Jackson); *United States v. Tidewater, Inc., et al.*, Civil Action No. 92-106 (D.D.C. October 7, 1992, Judge Thomas F. Hogan); *United States v. Baker Hughes*, Civil Action No. 90-0825 (D.D.C. June 20, 1990, Judge Louis F. Oberdorfer).

Dated: April 16, 2009

Respectfully submitted,


FOR THE UNITED STATES
DEPARTMENT OF JUSTICE'S
ANTITRUST DIVISION


/s/
AARON D. HOAG
JAMES J. TIERNEY
SCOTT A. SCHEELE
ADAM T. SEVERT
*Trial Attorney*s
U.S. Department of Justice
Antitrust Division
600 E Street, N.W.
Suite 9500
Washington, D.C. 20530
202/514-8276


FOR DEFENDANT MICROSOFT
CORPORATION



/s/
BRADFORD L. SMITH                CHARLES F. RULE
ERICH D. ANDERSEN                JONATHAN S. KANTER
DAVID A. HEINER, JR.             Cadwalader, Wickersham & Taft LLP
Microsoft Corporation            1201 F Street, NW
One Microsoft Way                Washington, DC 20004
Redmond, Washington 98052        202/862-2200
425/936-8080

                                 STEVE L. HOLLEY
                                 RICHARD C. PEPPERMAN II
                                 Sullivan & Cromwell LLP
                                 125 Broad Street
                                 New York, New York 10004
                                 212/558-4000

                                 *Counsel for Defendant*
                                 *Microsoft Corporation*