IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　Defendant. | Civil Action No. 98-1232 (CKK)<br><br>Next Court Deadline:<br>　　June 23, 2010 Status Conference |

**JOINT STATUS REPORT ON MICROSOFT'S
COMPLIANCE WITH THE FINAL JUDGMENTS**

The United States of America, Plaintiff in *United States v. Microsoft*, CA No. 98-1232

(CKK), and the Plaintiffs in *New York, et al. v. Microsoft*, CA No. 98-1233 (CKK), the States of

New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and

Wisconsin (the "New York Group"), and the States of California, Connecticut, Florida, Iowa,

Kansas, Massachusetts, Minnesota, Utah, and the District of Columbia (the "California Group")

(collectively "Plaintiffs"), together with Defendant Microsoft, hereby file a Joint Status Report

on Microsoft's Compliance with the Final Judgments, pursuant to this Court's Order of May 14,

2003.

## I.     INTRODUCTION

In a minute order dated March 10, 2010, the Court directed the Plaintiffs to file a Status

Report updating the Court on activities relating to Microsoft's compliance with the Final

Judgments entered in *New York, et. al. v. Microsoft*, CA No. 98-1233 (CKK), and in *United

States v. Microsoft*, CA No. 98-1232 (CKK).

The last Status Report, filed March 5, 2010, served as an interim report, containing

information on selected activities relating to enforcement of the Final Judgments.  Order at 1-3

(May 14, 2003).  The current report is a six-month report and contains information that the Court

has requested in each six-month report.  Section II of this Report discusses Plaintiffs' efforts to

enforce the Final Judgments; this section was authored by Plaintiffs.  Section III discusses

Microsoft's efforts to comply with the Final Judgments; this section was authored by Microsoft.

Neither Plaintiffs nor Microsoft necessarily adopts the views expressed by the other.

## II.    UPDATE ON PLAINTIFFS' EFFORTS TO ENFORCE THE FINAL JUDGMENTS

### A.     Section III.E (Communications Protocol Licensing)

Plaintiffs' work concerning Section III.E and the Microsoft Communications Protocol

Program ("MCPP") continues to center on efforts to improve the technical documentation

provided to licensees.  In particular, Plaintiffs, in conjunction with the Technical Committee

("TC") and Craig Hunt, the California Group's technical expert, are reviewing the results of

Microsoft's project to rewrite the technical documentation that has been described in detail in

previous status reports and identifying issues with the revised documentation for Microsoft to

address.

Since the last Joint Status Conference, Plaintiffs have focused their attention on working with the TC and Microsoft to develop a detailed plan for the time between now and the scheduled end of the Final Judgments in May 2011.  This plan, described in detail below, is designed to bring to an orderly conclusion the efforts of the TC and Microsoft to improve the technical documentation and to avoid last-minute surprises in the final months leading up to May 11, 2011.  Nothing in this plan limits the ability of the TC or Plaintiffs to investigate possible violations of the Final Judgments up to the date of their expiration.  Plaintiffs reserve all rights to bring any issue, with respect to the technical documentation or otherwise, to the attention of the Court in any manner permitted by the Final Judgments or by law.

There are three major aspects to this plan.  First, technical documents requiring rewrites will be identified by July 1, 2010, to ensure that there is adequate time to rewrite and review the rewritten documents.  Second, Plaintiffs and Microsoft have agreed on a set of milestones for resolution of technical documentation issues ("TDIs") older than 90 days.  Third, Plaintiffs and Microsoft have agreed on a set of milestones for resolution of the vast majority of all outstanding TDIs.  For ease of reference, the following table includes, in chronological order, all the deadlines and milestones that are detailed below.

| Date | Event |
|---|---|
| July 1, 2010 | Deadline for deciding on document rewrites |
| September 1, 2010 | Deadline for Microsoft completion of document rewrites |
| October 1, 2010 | Open TDIs over 180 days reduced to 25% of level of April 30, 2010 |
| January 1, 2011 | Open TDIs over 90 days reduced to 15% of level of April 30, 2010 |
| January 1, 2011 | TC stops submitting TDIs |
| March 15, 2011 | Open TDIs reduced to 15% of level of April 30, 2010 |

| March 15, 2011 | Open Priority 1 + Priority 2 TDIs reduced to 15% of level of April 30, 2010 |
|---|---|
| March 15, 2011 | Open TDIs over 90 days reduced to 5% of level of April 30, 2010 |
| April 15, 2011 | Open TDIs reduced to 5% of level of April 30, 2010 |
| April 15, 2011 | Open Priority 1 + Priority 2 TDIs reduced to 5% of level of April 30, 2010 |

### 1.     Deadlines for Document Rewrites

By July 1, 2010, the TC and Microsoft will determine whether any of the existing

technical documents need to be completely rewritten in order to address systemic issues

identified by the TC or by users of the documentation.  From time to time throughout the

document rewrite project, the TC and Microsoft have determined that it would be easier to

simply rewrite certain documents than to continue trying to edit them on a piecemeal basis.  As

the process of rewriting a document and reviewing the newly rewritten document takes

Microsoft and the TC a substantial period of time, the schedule provides for an early decision on

the need for any additional documentation rewrites.  Microsoft must then complete any required

document rewrites by September 1, 2010.  The TC and Microsoft are still discussing the merits

of a rewrite for several documents, but the total number implicated will not exceed seven.

### 2.     Milestones for Older TDIs

The plan establishes a series of milestones to govern resolution of "older" TDIs to ensure

that the bulk of the old TDIs are resolved during 2010.  As all of the parties have recognized, it is

critical to substantially reduce the backlog of old TDIs to ensure that these issues are not still

outstanding in the final months of the Final Judgments.  At the most recent Status Conference,

for example, the Court noted that it was important to avoid simply deferring dealing with

difficult TDIs.[1]  In order to give the Court additional visibility into the number of old TDIs,

Microsoft began reporting in its April Supplemental Status Report the number of active TDIs

that are more than 90 and 180 days old.  While there are a wide range of reasons why these TDIs

have remained open so long, all parties have increased their focus on reducing this backlog in

recent months.  To assist in reaching this general goal, the new schedule sets several milestones

for closing old TDIs: (1) by October 1, 2010, the number of TDIs older than 180 days must be

reduced to 25% of the level of April 30, 2010;[2] (2) by January 1, 2011, the number of TDIs older

than 90 days must be reduced to 15% of the level of April 30, 2010; and (3) by March 15, 2011,

the number of TDIs older than 90 days must be reduced to 5% of the level of April 30, 2010.

These milestones are designed not only to give all parties specific targets to plan around,

but also to give all parties and the Court an early warning system in the event that resolution of

these older TDIs proves to be substantially more difficult than the parties now anticipate.  By

contrast, if these deadlines are achieved over the next six to nine months, it will demonstrate that

the older TDIs are unlikely to present any impediment to the expiration of the Final Judgments in

May 2011.

### 3.      Milestones for Overall Number of TDIs

As Plaintiffs have previously discussed with the Court, the plan has always been that at

some point, the TC would stop submitting new TDIs and Microsoft would use the remaining

---

[1] *See* March 10, 2010 Status Conference Tr. at 12.

[2] All of these milestones use the numbers for active TC TDIs reported in Microsoft's
May Supplemental Status Report as the basis.  These were the most recent official numbers at
the time Plaintiffs and Microsoft reached an agreement on the plan, and therefore seemed an
appropriate starting point.

period of time prior to expiration of the Final Judgments to resolve the outstanding TDIs.

Plaintiffs designed this schedule to ensure that, as requested by the Court, there will be a period

at the end of the Final Judgments where the number of outstanding issues is "reasonably low or

fairly minimal."[3]  Accordingly, the Plaintiffs and Microsoft have agreed that the TC will stop

submitting new TDIs on January 1, 2011.  This should provide sufficient time for both Microsoft

to close the vast majority of open TDIs before the expiration of the Final Judgments and the TC

to complete its document review schedule.  Following January 1, 2011, TC engineers will

primarily focus on closing TDIs (whereas now they must balance closing TDIs with reviewing

the technical documents to identify new TDIs).  To the extent TC engineers have additional time

that is not occupied with the handling of TDIs, they will continue to review the technical

documents and send suggestions to Microsoft for further improvements to the documentation.

While these suggestions will not be formally tracked or reported to the Court in the same manner

as TDIs, the objective is to take advantage of the TC's expertise and make the documents as

good as possible in the time remaining under the Final Judgments.  Microsoft has also committed

to, and explains in Section III of this Joint Status Report, certain steps it will take to continue to

maintain and improve the technical documentation after the expiration of the Final Judgments.

The Plaintiffs and Microsoft have developed two sets of milestones in 2011 for closing

TDIs: (1) by March 15, 2011, the number of TDIs must be reduced to 15% of the level of April

30, 2010 and the total number of Priority 1 and Priority 2 TDIs must also be reduced to 15% of

the level of April 30, 2010 and (2) by April 15, 2011, the number of TDIs must be reduced to 5%

---

[3] *See* March 10, 2010 Status Conference Tr. at 22.

of the level of April 30, 2010 and the total number of Priority 1 and Priority 2 TDIs must also be reduced to 5% of the level of April 30, 2010.

These milestones are designed not only to give all parties specific targets to plan around, but also to give all parties and the Court an early warning system in the event that resolution of the vast majority of TDIs proves to be substantially more difficult than the parties now anticipate. By contrast, if these deadlines are achieved, the TDIs will have been reduced to a nominal level. In addition, Microsoft has agreed to complete the work on the small number of issues still open as of the expiration of the Final Judgments.

### 4. TC Staff Retention Incentives

To ensure that the TC is able to retain its staff members through the end of the Final Judgments, Microsoft has agreed to, and the TC has implemented, a staff retention incentive plan. In the absence of such a mechanism, Plaintiffs and Microsoft were concerned that TC staff attrition due to the nearing expiration of the Final Judgments could pose a significant risk factor to the success of the project over the next year. The staff retention incentive plan provides that TC staff members with III.E responsibility will be paid a retention bonus if they remain at the TC through the expiration of the Final Judgments and continue to perform their assigned responsibilities in a diligent manner, including promptly handling matters relating to outstanding TDIs.

**B.      Competing Middleware and Defaults**[4]

In the Joint Status Report dated March 5, 2010, and at the Joint Status Conference on

March 10, 2010, the State Plaintiffs discussed a complaint relating to add-ons to Internet

Explorer.  As agreed, Microsoft has made certain technical changes to add-ons to Internet

Explorer and has published these technical changes on MSDN.

**C.      Complaints**

Since the prior full Status Report, filed on December 8, 2009, fourteen third-party

complaints have been received by the United States.  All of these complaints were

non-substantive and did not raise any issues regarding Microsoft's compliance with, or the

United States' enforcement of, the Final Judgment.  Each of the non-substantive complaints

received a simple response acknowledging its receipt.  The New York and California Groups

have not received any additional substantive complaints since the prior full Status Report.


**III.      UPDATE ON MICROSOFT'S COMPLIANCE WITH THE FINAL JUDGMENTS**

In this section of the report, Microsoft focuses on its compliance work relating to the

Final Judgments.  In addition, this section briefly summarizes the activities of the compliance

officers under the Final Judgments, as well as the inquiries and complaints received since the

March 5, 2010 Joint Status Report.

------

[4] The provisions of the United States' Final Judgment not relating to Section III.E
(Communications Protocol Licensing) expired in November 2007.  This part of the Joint Status
Report therefore covers the joint enforcement activities of the New York Group and the
California Group.

## A.       Section III.E (Communications Protocol Licensing)

### 1.       MCPP Status Update

Since February 2008, the documentation for Microsoft's Communications Protocols has been available free of charge on Microsoft's website.  As of this filing, documents describing protocols made available pursuant to the Final Judgments have been downloaded more than 1,081,000 times.

Separately, there are a total of 51 companies licensing patents for Communications Protocols through the MCPP program (which was created pursuant to Section III.E of the Final Judgments), 38 of which have royalty bearing licenses.  Fifteen of those patent licensees have notified Microsoft they are shipping products.  Numerous other entities may be making use of the protocol documentation that has been made available to the public on the MSDN website.[5]

Since the last Joint Status Report, Microsoft has continued to promote offers for MCPP licensees to receive Technical Account Manager support and to obtain access to Windows source code at no additional charge.  At present, 26 licensees are slated to receive free Technical Account Manager support from Microsoft, and six licensees have access to Windows source code.

---

[5] A number of the protocols made available to the public are not covered by any Microsoft patents and thus do not require a license.  In addition, other entities may have rights to Microsoft patents through a vehicle other than MCPP, such as a broad patent cross licensing agreement.

2.       *Current Status of Microsoft's Progress in Resolving Technical Documentation Issues ("TDIs") through May 31, 2010*

The current status of TDIs identified in the MCPP documentation through May 31, 2010

is noted in the chart below.[6]

| | As of 4/30/2010 | Period Ended 5/31/2010 |
|---|---|---|
| **Priority 1 TDIs Submitted by the TC** | | |
| Submitted this period | | 122 |
| Closed this period | | 40 |
| Outstanding | 554 | 636 |
| **Priority 2 TDIs Submitted by the TC** | | |
| Submitted this period | | 308 |
| Closed this period | | 89 |
| Outstanding | 696 | 915 |
| **Priority 3 TDIs Submitted by the TC** | | |
| Submitted this period | | 196 |
| Closed this period | | 35 |
| Outstanding | 400 | 561 |
| **Total TDIs Submitted by the TC** | | |
| TC Submitted | | 626 |
| TC Closed | | 164 |
| *TC Outstanding* | 1650 | 2112 |
| **TDIs Identified by Microsoft** | | |
| Identified this period | | 133 |
| Closed this period | | 414 |
| *Microsoft Outstanding TDIs* | 419 | 138 |
| **TDIs Identified by Licensees** | | |

---

[6] The April TDI numbers reported in this chart differ slightly from the numbers provided in the May Supplemental Status Report because the dynamic nature of tracking TDIs in multiple databases occasionally results in categorization and exact TDI closure dates changing after the previous reporting period.

     In addition, because Microsoft's publication cycle and the Court's reporting cycle do not coincide exactly, there will be a small subset of TDIs in each status report classified as resolved pending publication and verification by the TC that will not be formally closed until the publication cycle after the upcoming publication cycle.

| | | |
|---|---|---|
| Identified this period | | 16 |
| Closed this period | | 15 |
| *Licensee Outstanding  TDIs* | 17 | 18 |
| TOTAL OUTSTANDING TDIs | 2086 | 2268 |
| *TC TDIs Resolved Pending Publication* | 513 | 1037 |
| **Total Active TDIs (Outstanding minus Resolved Pending Publication)** | **1573** | **1231** |

Below is a chart reflecting the total number of TC TDIs that have been open for less than three months, between three and six months, and more than six months.  The information is reflected on a monthly basis for the previous eight months.  Microsoft is working with the TC to expedite resolution of TDIs that are more than 180 days old and expects this number to decline significantly over the next several months.



3.      *Technical Documentation Testing and Licensee Support*

Microsoft is completing its testing of the Windows 7 documentation this month, as scheduled.

11

Microsoft continues to make various resources available to assist licensees in using the technical documentation.  In addition, Microsoft's Interoperability Lab remains open and available for use by licensees.

Microsoft held a file sharing plug-fest during the week of May 17, 2010.  Twelve companies attended the event.  Among other things, Microsoft provided opportunities for participants to meet with Microsoft product teams, test interoperability with each others' implementations, and test interoperability with Windows using Microsoft's protocol test suites.  In addition, participants were able to take a technical preview of the Microsoft protocol test suites with them to use in their own facilities.

During the week of May 24, 2010, Microsoft hosted EMC for an interoperability lab at the Enterprise Engineering Center in Redmond, WA.  Microsoft and EMC worked closely with one another to facilitate interoperability between Windows and EMC's storage solutions.

### 4.    *Technical Documentation Team Staffing*

Robert Muglia, the President for Microsoft's Server and Tools Business, continues to manage the documentation effort along with additional senior product engineering team managers.

Approximately 500 Microsoft employees and contingent staff are involved in work on the MCPP technical documentation.  Given the substantial overlap between the MCPP and the European Work Group Server Protocol Program and Microsoft Interoperability Program, all of these individuals' work relates to all three programs or is exclusive to the MCPP.  Of these, approximately 235 product team engineers and program managers are actively involved in the creation and review of the technical content of the documentation, including periodic work on

12

TDI resolution as well as developing new content for the next version of Windows Client and Windows Server. Because of varying areas of expertise, not all of these product team employees are working on the documentation at any given time. For example, many of the MCPP documents currently do not have any associated TDIs. In other months, these same product teams may have multiple TDIs to resolve and/or additional content to draft and spend most or all of their time on projects relating to the protocol documentation.

In addition, there are approximately 28 full-time employees and approximately 72 contingent staff working as technical writers, editors, and production technicians. Additionally, as the protocol testing effort continues, approximately 20 full-time employees and approximately 140 contingent and vendor staff work as software test designers, test engineers, and test architects. Significant attention to and involvement in the technical documentation and the MCPP extend through all levels of the Microsoft organization and draw upon the resources of numerous product engineering, business, technical, and legal groups, as well as company management.

> 5.    *Microsoft's Plans for the Technical Documentation after Expiration of the Final Judgments*

As noted in previous discussions with the Court, and consistent with Microsoft's Interoperability Principles, Microsoft intends to continue creating, testing, supporting, and publishing technical documentation even after the Final Judgments expire in May 2011. Accordingly, the MCPP technical documentation will remain available for free on the Web, and Microsoft will continue to offer low cost licenses for any related Microsoft patents. Microsoft will continue to provide licensees and implementers with valuable resources as well, including online user forums, plug-fests, and interoperability labs. Microsoft will continue improving and

updating the documentation by accumulating and incorporating feedback from third-party licensees and implementers. This includes feedback provided by the TC engineering staff after January 1, 2010.

In addition, Microsoft will continue to make available the MCPP document content pursuant to ongoing regulatory obligations in other jurisdictions. These obligations require Microsoft to make the MCPP-related content available for an additional nine years following expiration of the U.S. Final Judgments.

### B.        Compliance Officers

Since the Initial Status Report was filed on July 3, 2003, the compliance officers have continued to ensure that newly-appointed Microsoft officers and directors receive copies of the Final Judgments and related materials (ongoing), that Microsoft officers and directors receive annual briefings on the meaning and requirements of the Final Judgments, that annual certifications are completed for the most recent year, and that required compliance-related records are maintained (ongoing). In addition, the compliance officers are actively engaged in Microsoft's ongoing training programs and are committed to monitoring matters pertaining to the Final Judgments.

### C.        Complaints and Inquiries Received by Microsoft

As of June 7, 2010, Microsoft has received 44 complaints or inquiries since the March 5, 2010 Joint Status Report. None of these complaints or inquiries is related to any of Microsoft's compliance obligations under the Final Judgments.


Dated: June 16, 2010

Respectfully submitted,

FOR THE STATES OF NEW YORK,
OHIO, ILLINOIS, KENTUCKY,
LOUISIANA, MARYLAND, MICHIGAN
NORTH CAROLINA, AND WISCONSIN

FOR THE UNITED STATES
DEPARTMENT OF JUSTICE'S
ANTITRUST DIVISION

 /s/
ELLEN COOPER
*Assistant Attorney General*
*Chief, Antitrust Division*
Office the Maryland Attorney General
200 Saint Paul Place
Baltimore, MD 21202
410/576-6470

 /s/
AARON D. HOAG
JAMES J. TIERNEY
SCOTT A. SCHEELE
ADAM T. SEVERT
*Trial Attorneys*
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W.
Suite 7100
Washington, D.C. 20530
202/514-8276

FOR THE STATES OF CALIFORNIA,
CONNECTICUT, IOWA, KANSAS,
FLORIDA, MASSACHUSETTS, MINNESOTA,
UTAH, AND THE DISTRICT OF COLUMBIA

/s/
KATHLEEN FOOTE
*Senior Assistant Attorney General*
Office of the Attorney General of California
455 Golden Gate Avenue
Suite 11000
San Francisco, California 94102-3664
415/703-5555

FOR DEFENDANT MICROSOFT
CORPORATION

15

/s/

BRADFORD L. SMITH                           CHARLES F. RULE
ERICH D. ANDERSEN                           JONATHAN S. KANTER
DAVID A. HEINER, JR.                        Cadwalader, Wickersham & Taft LLP
Microsoft Corporation                       700 6th Street, N.W.
One Microsoft Way                           Washington, DC 20001
Redmond, Washington 98052                   202/862-2420
425/936-8080

                                            STEVE L. HOLLEY
                                            RICHARD C. PEPPERMAN II
                                            Sullivan & Cromwell LLP
                                            125 Broad Street
                                            New York, New York 10004
                                            212/558-4000

                                            *Counsel for Defendant*
                                            *Microsoft Corporation*