05/27/98  WED 16:04 FAX 202    0479    ADMIN/SERVICE    ☒002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | Civil Action No. 98-1232 (TPJ)<br><br># FILED<br><br>MAY 27 1998<br><br>NANCY MAYER-WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |
| STATE OF NEW YORK *ex rel.*<br>Attorney General DENNIS C. VACCO, *et al.*,<br><br>      Plaintiffs,<br><br>  vs.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | Civil Action No. 98-1233 (TPJ) |

## STIPULATION AND PROTECTIVE ORDER

    The parties, by their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

### PREAMBLE

  1. Because plaintiffs wish to ensure that matters raised by these actions are open to the public to the greatest extent practicable;

  2. Having determined that certain information produced or to be produced by defendant and third parties voluntarily or in response to various Civil Investigative Demands and Subpoenas *Duces Tecum* (collectively, the "CIDs") served upon defendant and third parties pursuant to the Antitrust Civil Process Act ("ACPA"), 15 U.S.C. §§ 1311-1314, or any

of the Relevant State Statutes (as defined in paragraph A. 12. below); or other forms of

compulsory process; or produced in response to discovery requests issued by the United

States Department of Justice (the "Department") pursuant to the Final Judgment entered

August 21, 1995 (the "Consent Decree"), or produced by defendant and third parties in

response to Requests for Additional Information and Documents ("Second Requests") issued

by the Department under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR

Act"), 15 U.S.C. § 18a, or produced by the parties or by third parties pursuant to the Federal

Rules of Civil Procedure during discovery in these actions, contains Confidential Information

(as defined in paragraph A.9., below) the unauthorized disclosure of which would be

detrimental to the legitimate commercial interests of the party or third party that produced this

information; and

      3.      Having shown good cause pursuant to Rule 26(c)(7) of the Federal Rules of

Civil Procedure;

      4.      It is hereby stipulated and agreed by the parties and ordered by the Court that

the following procedures shall govern the production and use of all documents, testimony,

interrogatory answers and other information in these actions, including information produced

by parties currently named or later joined in these actions and all third parties subject to dis-

covery herein:

## A.    DEFINITIONS

For the purposes of this Order:

      1.      "Document" includes all tangible written, recorded, or graphic material, and

           intangible data files, such as magnetic computer files, whether produced or

           created by a party or another person, and whether produced pursuant to the

federal discovery rules, by agreement or otherwise, and includes, without limi-

tation, interrogatory answers, responses to requests for admissions, deposition

transcripts and exhibits, pleadings, motions, briefs, affidavits, declarations or

other filings in connection with these actions.

2.    "Department" means the United States Department of Justice and all subdivi-

sions thereof, as well as all officers, employees, agents, representatives, con-

tractors, consultants, attorneys, or any of them.

3.    "States" means each and every of the following States in their sovereign

capacities and as *parens patriae* on behalf of the residents of their respective

States:  California, Connecticut, Florida, Illinois, Iowa, Kansas, Kentucky,

Louisiana, Massachusetts, Maryland, Michigan, Minnesota, New Mexico, New

York, North Carolina, Ohio, South Carolina, Utah, West Virginia and

Wisconsin and the District of Columbia.

4.    "These actions" means the cases captioned *United States* v. *Microsoft Corp.*,

Civil Action No. 98-1232 (TPJ), and *New York ex rel. Vacco* v. *Microsoft*

*Corp.*, Civil Action No. 98-1233 (TPJ), pending in the United States District

Court for the District of Columbia.  Those actions were consolidated by Order

dated May 22, 1998.

5.    "Disclosed" means shown, divulged, revealed, produced, described or trans-

mitted, in whole or in part.

6.    "Outside counsel" means the counsel of record specifically listed as appearing

in these actions, as well as other persons employed by their law firms who are

working on these actions.  Any person identified as "Outside counsel" shall not be an employee of the defendant.

7.    "In-house counsel" means all lawyers employed by a party who are working on these actions, as well as paralegal assistants, secretaries, and clerical and administrative personnel employed by the party who are involved in preparation for the trial and/or appeal of these actions.

8.    "Producing party" means the party or third party that produced Confidential Information to any of the parties.

9.    "Confidential Information" means any trade secret or other confidential research, development or commercial information contained in any document as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7).

10.   "Highly Confidential Information" means trade secret or other confidential research, development or commercial information contained in any document as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7) that is entitled to a higher level of protection than Confidential Information due to its commercial sensitivity.  All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information.

11.   "Third party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to these actions:

12.   "Relevant State Statutes" means each and every one of the following: CAL. GOV'T CODE § 11180; CONN. GEN. STAT. § 35-42; D.C. CODE ANN. § 28-

4505; Fla. Stat. Ann. § 542.28; 740 Ill. Comp. Stat. 10/7.2; Iowa Code § 553.9; Kan. Stat. Ann. § 50-631; Ky. Rev. Stat. Ann. § 367.240; La. Rev. Stat. Ann. § 51:143; Md. Code Ann., Com. Law § 11-205; Mass. Gen. Laws ch. 93, § 8, ch. 93A; Mich. Comp. Laws § 445.776; Minn. Stat. § 8.31; N.M. Stat. Ann. § 57-1-5; N.Y. Gen. Bus. Law § 343; N.C. Gen. Stat. § 75-9, 75-10; Ohio Rev. Code Ann. § 1331.16; S.C. Code Ann. § 39-5-70; Utah Code Ann. § 76-10-916; 76-10-917; W. Va. Code § 47-18-7; Wis. Stat. § 165.065.; Cal. Bus. & Prof Code § 16700 *et seq.*; Conn. Gen. Stat. § 35-24 *et seq.*; D.C. Code Ann. § 28-4501 *et seq.*; Fla. Stat. Ann. § 542.15 *et seq.*; 740 Ill. Comp. Stat. 10/1 *et seq.*; Iowa Code § 553.1 *et seq.*; Kan. Stat. Ann. § 50-623 *et seq.*; Ky. Rev. Stat. Ann. § 367.170 *et seq.*; La. Rev. Stat. Ann. § 51:122 *et seq.*; Md. Code Ann., Com. Law § 11-201 *et seq.*; Mass. Gen. Laws ch. 93, § 1 *et seq.*; Mich. Comp. Laws § 445.771 *et seq.*; Minn. Stat. § 325D.49 *et seq.*; N.M. Stat. Ann. § 57-1-1 *et seq.*; N.Y. Gen. Bus. Law § 340 *et seq.*; N.C. Gen. Stat. §§ 75-1 *et seq.*; Ohio Rev. Code Ann. § 1331.01 *et seq.*; S.C. Code Ann. § 39-3-10 *et seq.*; S.C. Code Ann. § 39-5-10 *et seq.*; Utah Code Ann. §§ 76-10-911 *et seq.*; W. Va. Code § 47-18-1 *et seq.*; Wis. Stat. § 133.01 *et seq.*

## B.  PERMISSIBLE USE OF CONFIDENTIAL INFORMATION

1.  All persons obtaining access to Confidential Information in connection with these actions shall use that information only for preparation and trial of these actions, including any appeal and retrial, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative

or other judicial proceeding.  Any person found to have made an impermissible use of Confidential Information will be subject, without limitation, to civil and criminal penalties for contempt of court.  Nothing in this provision, however, shall restrict the rights of plaintiffs to make use of Confidential Information outside the context of these actions to the extent otherwise permitted under 15 U.S.C. § 1 *et seq.*; 15 U.S.C. § 1311-1314 *et seq.*; 15 U.S.C. § 12 *et seq.*; any of the Relevant State Statutes, or any other applicable law.

     2.     Confidential information shall not be copied or reproduced for use in these actions except to the extent such copying or reproduction is reasonably necessary to the conduct of these actions, and all such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.  All copies or reproductions of Confidential Information shall be kept under the control of the persons described in Section D, *infra*.

### C.    DESIGNATION OF CONFIDENTIAL DOCUMENTS

     1.     A party or third party that has previously submitted documents to the parties voluntarily, or in complying with informal discovery requests or discovery requests served upon them pursuant to the ACPA, the Relevant State Statutes, the Consent Decree, the HSR Act or the Federal Rules of Civil Procedure, may designate any documents submitted in response to such discovery requests "CONFIDENTIAL" to the extent such documents contain Confidential Information or "HIGHLY CONFIDENTIAL" to the extent such documents contain Highly Confidential Information.

2.      A party or third party may designate information provided following the entry of this Order as confidential or highly confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the phrase "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document entitled to such designation.

3.      A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the Confidential Information or Highly Confidential Information is not reasonably believed to be already in the public domain, and that counsel believes that the information so designated constitutes Confidential Information or Highly Confidential Information as defined in this Order.

4.      Transcripts of depositions shall be given the protections afforded Confidential Information under this Order for a period of five (5) days after a complete copy of the transcript has been provided to the deponent or his or her counsel to give the parties and third parties an opportunity to designate information contained in that transcript as Confidential Information.  Any party or third party that wishes to designate all or any portion of the transcript of a deposition as Highly Confidential Information shall so state on the record during the deposition.  The transcript of the deposition shall then be given the protections afforded Highly Confidential Information under this Order for a period of five (5) days after a complete copy of the transcript has been provided to the deponent or his or her counsel to give the parties and third parties an opportunity to designate information contained in that transcript as Highly Confidential Information.

5.      A deponent or counsel for that deponent shall designate the portions of the deponent's deposition that qualify as Confidential Information or Highly Confidential Infor-

- 7 -

mation by page and line number. Such designation shall be made no more than five (5) days after receipt of the complete transcript and shall be communicated to all parties.

6.    The burden of proving that any information is confidential or highly confidential shall remain with the producing party making such designation(s).

### D.   DISCLOSURE OF CONFIDENTIAL INFORMATION

1.    Subject to Section B, *supra*, except with prior consent of the producing party or upon prior order of a court of competent jurisdiction, and except as otherwise permitted by Section D(3), *infra*, Confidential Information may be disclosed only to:

    a.    The parties and their employees engaged in the preparation of these actions for trial or appeal;

    b.    Defendant's in-house counsel, including attorneys, paralegal assistants, secretaries and clerical and administrative personnel employed by defendant who are involved in the preparation of these actions for trial or appeal;

    c.    Defendant's outside counsel of record including partners, associates, paralegal assistants, secretaries and clerical and administrative personnel employed by such counsel who are involved in the preparation of these actions for trial or appeal;

    d.    Persons who are known with certainty to have prior knowledge of the specific Confidential Information to be disclosed;

    e.    The Court and all of its support personnel directly involved in the preparation of these actions for trial;

    f.    Stenographers or other persons involved in taking or transcribing testimony in these actions;

    g.    Litigation support services, including outside copying services; and

h.      Independent consultants or experts retained by plaintiffs or counsel for
defendant for purposes of assisting them in these actions, provided, however, that such
persons are not presently, and have no current plans to become, employees of
defendant.

2.      Subject to Section B, *supra*, except with prior consent of the producing party
or upon prior order of a court of competent jurisdiction, and except as otherwise permitted by
Section D(3), *infra*, Highly Confidential Information may be disclosed only to:

a.      Employees of the plaintiffs who are directly engaged in the preparation
of these actions for trial or appeal;

b.      Defendant's outside counsel of record including partners, associates,
paralegal assistants, secretaries and clerical and administrative personnel employed by
such counsel who are engaged in the preparation of these actions for trial or appeal;

c.      Persons who are known with certainty to have prior knowledge of the
Highly Confidential Information to be disclosed;

d.      The Court and all of its support personnel directly involved in the
preparation of these actions for trial;

e.      Stenographers or other persons involved in taking or transcribing
testimony in these actions;

f.      Litigation support services, including outside copying services; and

g.      Independent consultants or experts retained by plaintiffs or counsel for
defendant for purposes of assisting them in these actions, provided, however, that such
persons are not presently, and have no current plans to become, employees of
defendant.

3.      The Department and the States shall treat all Confidential Information in accordance with the policy regarding disclosure of designated commercially or financially sensitive information set forth at 28 C.F.R. § 16.7.  The Department and the States shall treat all information obtained in discovery in these actions that has been designated as Confidential Information or Highly Confidential Information by defendant or third parties as "confidential business information" pursuant to the Freedom of Information Act, 5 U.S.C. § 522(b)(4), or the most closely analogous term provided in the Relevant State Statutes and shall honor all statutory obligations to protect the confidentiality of all such information obtained voluntarily or by means of compulsory process.  If any request is made to the Department or the States for Confidential Information covered by this Order, the Department or the States, as the case may be, shall promptly give notice of that request to the producing party.

### E.      INTERIM DISCLOSURE OF CONFIDENTIAL INFORMATION

1.      All documents produced by parties and third parties voluntarily, in response to CIDs or to other requests for information shall be treated as if designated as Confidential Information until such time as the party or third party producing such information identifies the documents, if any, it wishes to have treated as Confidential Information.

2.      Third parties shall have three (3) business days following notification by plaintiffs that documents they previously produced to them may be subject to discovery in these actions to affix appropriate confidentiality designations to such documents or to make such designations by sending a letter to plaintiffs specifying by Bates range the documents that the third party designates as confidential or highly confidential before such documents are produced to defendant. On an ongoing basis, plaintiffs shall, when they determine that they may need to produce to defendant documents previously produced to plaintiffs by any third

- 10 -

party, immediately notify that third party of the planned production and the requirement that the third party designate information as confidential in a timely fashion.

3.      All documents produced by defendant voluntarily or in response to CIDs or other requests for information shall be treated as if designated as "Confidential Information" until such time as plaintiffs specify which of those documents they intend to offer as exhibits in any public proceeding in these actions. Within 72 hours after receiving such notice from plaintiffs, defendant will indicate which of those exhibits should be given confidential treatment under this Order. Plaintiffs remain free to challenge defendant's continued confidentiality designations of such exhibits under Section I, *infra*.

### F.      CONFIDENTIALITY UNDERTAKING

1.      Before any person described in Subsections D(1)(h) and D(2)(g), *supra*, is given access to Confidential Information to the extent permitted under this Order, such person shall first read this Order and execute an agreement substantially in the form attached hereto as Exhibit A.  Execution of that agreement confirms the signatory's willingness to be bound by the provisions of this Order and to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate.  Copies of such agreements shall be retained by the parties.  Within 72 hours after the entry of this Order, the parties will cause all persons described in Subsection D(1)(h) and D(2)(g)) who have previously been given access to confidential information to execute such an agreement.

2.      Counsel for the parties to whom Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

## G.    UNRESTRICTED INFORMATION AND DOCUMENTS

1.    This Order shall not restrict the use or disclosure of information that was not

obtained through discovery in these actions or by plaintiffs in their prior investigations of

defendant pursuant to the ACPA, the Relevant State Statutes, the Consent Decree, the HSR

Act, the Federal Rules of Civil Procedure or other applicable law, *provided*, however, that

inadvertent production of any information not designated as Confidential Information or

Highly Confidential Information shall not itself be deemed a waiver of the producing party's

or third party's claim of confidentiality as to such information, and the producing party or

third party may thereafter designate such information as Confidential Information or Highly

Confidential Information, as appropriate.

2.    Nothing shall prevent disclosure beyond the terms of this Order if the party or

other person designating the documents as confidential expressly consents to such disclosure,

either in writing or in the record of any proceeding in these actions.

## H.    FILING UNDER SEAL

1.    Documents containing Confidential Information shall not be filed with the

Clerk of the Court except when required by Court rules or in connection with motions or other

matters pending before the Court.  Any Confidential Information (including, without limita-

tion, deposition transcripts, exhibits, briefs, affidavits and declarations), if filed, shall be filed

under seal as long as the information retains its status as confidential.  Where possible, only

confidential portions of filings with the Court shall be filed under seal.  Documents filed

under seal shall be placed in an envelope bearing the following legend:

> This envelope contains documents filed under seal in *United States of America* v. *Microsoft Corporation*, Civil Action No. 98-1232 (TPJ) (D.D.C.), and *New York ex rel. Vacco, et al.* v. *Microsoft Corporation*, Civil Action No. 98-1233 (TPJ) (D.D.C.), pursuant to a Protective Order, dated May __, 1998. The documents contain Confidential Information [or Highly Confidential Information] within the meaning of the Order. This envelope shall not be opened and its contents shall not be displayed, revealed or made public except pursuant to order of the Court.

2.      Where documents filed under seal are transmitted between the parties or to the Court by facsimile, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet.

## I.      CHALLENGES TO DESIGNATIONS OF CONFIDENTIALITY

1.      Any party may, at any time after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain information designated as confidential is not entitled to confidential treatment under this Order.  The confidential status of the information at issue shall be maintained pending the Court's ruling on the motion.

2.      The parties shall not be obligated to challenge the propriety of any designation of information as confidential and the failure to do so promptly shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such material to persons not referred-to in Section D, *supra*.

## J.      USE OF CONFIDENTIAL INFORMATION AT TRIAL

1.      Subject to the Federal Rules of Evidence, Confidential Information may be disclosed at trial or at a hearing in open court.  Either party intending to use Confidential Information shall notify the producing party or third party of the listing as a trial exhibit of documents containing its Confidential Information within one day after so listing such documents.  Where the disclosure would be made to a witness from a different party or third party or

- 13 -

where the Confidential Information to be disclosed was not listed on the trial exhibit list, the party disclosing the Confidential Information must provide 24 hours' advance notice (or, if that is not possible, as much advance notice as is practicable in the circumstances) to the producing party or third party.

2.    Any producing person may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to have access to it.  The Court shall then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing.  Nothing in this Order shall operate as an admission by any party that any particular discovery material is, or is not, admissible in evidence at the trial of these actions.

### K.    DEPOSITION PROCEDURES

1.    At any deposition session, when counsel for a party or witness deems that the answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified in subparagraphs D(1) and D(2) hereof who have access to the appropriate category of information leave the deposition room during the confidential portion of the deposition.  When Highly Confidential Information is the subject of examination, defendant's in-house counsel may also be excluded by plaintiffs or the deponent.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

2.     At any deposition session, Confidential Information or Highly Confidential Information produced by a producing party may be shown to a director, officer, employee, or consultant or expert of that producing party.

## L.     EFFORTS BY THIRD PARTIES TO OBTAIN CONFIDENTIAL INFORMATION

1.     If defendant has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential information, defendant shall promptly notify the producing party.  Defendant shall not produce any Confidential Information in response to the subpoena without the prior written consent of the producing party unless in response to an order of a court of competent jurisdiction.

2.     Defendant will not object to the producing party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the producing party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## M.     NONWAIVER OF OBJECTIONS TO DISCOVERY

Nothing herein shall affect any person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.  Nor shall anything herein affect any person's right to seek the production of documents, testimony or any other information from any other source.

## N.     PROCEDURE UPON UNAUTHORIZED DISCLOSURE

1.     If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under the Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such dis-

closure inform the party or third party that made the designation of confidentiality in writing

of all pertinent facts relating to such disclosure and shall make every effort to prevent further

unauthorized disclosure of the information.

    2.        Notwithstanding the foregoing, counsel are responsible for employing reasona-

ble measures to control, consistent with the terms of this Order, duplication of, access to and

distribution of confidential information under the terms of this Order.

### O.    PROCEDURE UPON TERMINATION OF LITIGATION

    1.        The protection of Confidential Information under the terms of this Order shall

not terminate at the conclusion of these actions.  Within 30 days after the final conclusion of

all aspects of these actions by judgment not subject to appeal or by settlement (including any

subsequent judicial approval process and all appeals), defendant at its costs shall return or

destroy all documents produced by plaintiffs that contain or refer to Confidential Information,

other than trial transcripts and trial exhibits admitted into evidence; provided, however, that

privileged documents or attorney work product need not be returned or destroyed. Defendant

shall certify its compliance with this paragraph and shall deliver such a certification to

counsel for the producing person not more than 60 days after the final conclusion of these

actions.

    2.        Copies of all documents designated as "Confidential Information" or "Highly

Confidential Information" under the terms of this Order that remain in plaintiffs' custody after

the final conclusion of all aspects of these actions by judgment not subject to appeal or by

settlement (including any subsequent judicial process and all appeals) shall continue to be

afforded all confidentiality protections provided by law or under this Order to the extent not

inconsistent with the savings clause in subparagraph B(1), *supra*.

05/27/98   WED 16:10 FAX 202 ˙ ˙˙ 0479      ADMIN/SERVICE                    @018

## P.    RIGHT TO SEEK MODIFICATION

Nothing in this Order shall be construed to limit, restrict or otherwise affect the ability

of the parties to seek by motion to modify this Order for good cause shown.

Dated: Washington, D.C.
       May 27, 1998


_____ (CTM BY PERMISSION)
Phillip R. Malone
Antitrust Division
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue
San Francisco, California 94102
(415) 436-6675

*Counsel for Plaintiff*
  *United States of America*

- 17 -

_(signature)_ (CTM BY PERMISSION)

Stephen D. Houck
Chief, Antitrust Bureau
New York State Department of Law
120 Broadway, Suite 2601
New York, New York 10271
(212) 416-8275

*Counsel for Plaintiff*
 *States*

_(signature)_ (CTM BY PERMISSION)

Steven L. Holley
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for Defendant*
 *Microsoft Corporation*

SO ORDERED:

_(signature)_

Thomas Penfield Jackson
United States District Judge

5/27/98

- 18 -