UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1232 (CKK) |

SUPPLEMENTAL PROTECTIVE ORDER
(August 19, 2011)

Presently before the Court is the [928] Joint Motion for a Supplemental Protective Order filed by the United States—Plaintiff in *United States v. Microsoft Corp.*, Civil Action No. 98-1232 (CKK)—the States of New York, Ohio, Illinois, Kentucky, Louisiana, Maryland, Michigan, North Carolina, and Wisconsin (the "New York Group")—the settling Plaintiffs in *State of New York v. Microsoft Corp.*, Civil Action No. 98-1233 (CKK)—and Defendant Microsoft Corporation (together with the United States and the New York Group, "Movants"). Prompted by the alleged refusal of two former consultants to the Technical Committee (the "TC") to return certain materials relating to the TC's activities following the conclusion of their work and the expiration of the Final Judgment, Movants ask this Court to enter a supplemental protective order governing the confidentiality of information gathered in connection with the TC's activities.[1]

**BACKGROUND AND DISCUSSION**

On May 27, 1998, this Court entered a Protective Order governing the use and disclosure of "Highly Confidential Information," defined as any "trade secret or other confidential research,

---

[1] Because the motion relates to the work of the TC, the California Group is not involved in the motion.

development or commercial information . . . that is entitled to a higher level of protection than Confidential Information due to its commercial sensitivity." Protective Order § A.10. By the terms of the Protective Order:

> All persons obtaining access to [Highly] Confidential Information in connection with these actions shall use that information *only for preparation and trial of these actions, including any appeal and retrial, and shall not use such Confidential Information for any other purpose*, including the furtherance of that person's business interests, or in any administrative or other judicial proceeding.

*Id.* § B.1 (emphasis added). Despite the subsequent entry of a final judgment in this action, the protections afforded by this provision remain in full force and effect. *Id.* § O.1.

On November 12, 2002, the Court entered the [746] Final Judgment in this action, which, among other things, directed the parties to create the TC in order to assist in the enforcement of the Final Judgment. Final Judgment § IV.B.1. The Final Judgment further specified:

> Each TC member, and any consultants or staff hired by the TC, shall sign a confidentiality agreement prohibiting disclosure of any information obtained in the course of performing his or her duties as a member of the TC or as a person assisting the TC to anyone other than Microsoft, the Plaintiffs, or the Court. *All information gathered by the TC in connection with this Final Judgment and any report and recommendations prepared by the TC shall be treated as Highly Confidential under the Protective Order in this case, and shall not be disclosed to any person other than Microsoft and the Plaintiffs* except as allowed by the Protective Order entered in the Action or by further order of this Court.

*Id.* § IV.B.9 (emphasis added). Furthermore, the Final Judgment prohibits any member of the TC from "mak[ing] any public statements relating to the TC's activities," *id.* § IV.B.10, prohibits the admission of any TC "work product, findings or recommendations" in enforcement proceedings before the Court, *id.* § IV.D.4.d, and prohibits any member of the TC from "testifying . . . in court or before any other tribunal regarding any matter related to th[e] Final Judgment," *id.*

From the issuance of the Final Judgment on November 12, 2002, to its expiration on May

12, 2011, the TC played a critical role in assisting Plaintiffs and this Court in overseeing the enforcement of the Final Judgment.  Experience proved that the assurances of confidentiality attaching to the TC's activities were vital in the TC's ability to play this role.

Now, prompted by the alleged refusal of two former consultants to the TC to return certain materials relating to the TC's activities following the conclusion of their work and the expiration of the Final Judgment, Movants ask this Court to enter a supplemental protective order governing the confidentiality of information gathered in connection with the TC's activities.  As the foregoing discussion makes clear, any information that was gathered by the TC in connection with its activities must be treated as "Highly Confidential" and the proper use and disclosure of such information is confined to activities undertaken in furtherance of discharging the TC's responsibilities and enforcement of the Final Judgment.  Consequently, when the relationship between the TC and one of its members, consultants, or staff terminates, there is no longer any scenario in which that member, consultant, or staff could make use of or retain information gathered in connection with the TC's activities consistently with the Protective Order and the Final Judgment.  Accordingly, the Court will grant the relief requested by Movants.

## CONCLUSION

For the reasons set forth above, it is, this 19th day of August, 2011, hereby

**ORDERED** that Movants' [928] Joint Motion for a Supplemental Protective Order is GRANTED on the following terms:

1.   Plaintiffs shall provide a copy of this Order to any TC member, consultant, or staff from whom Plaintiffs intend to seek the return of documents and materials relating to the TC's activities, and any such member, consultant, or staff shall return any and all documents and

materials relating to the TC's activities to the United States within three (3) business days of being provided with a copy of this Order. Such member, consultant, or staff shall not retain any documents or materials relating to the TC's activities beyond this deadline.

2.  No TC member, consultant, or staff shall make any public statement relating to the TC's activities. For purposes of this Paragraph, the term "public statement" shall include any statement made in a pleading or other document lodged with the Clerk of the Court for filing on the public docket.

3.  Upon the written request by any party to this action to any TC member, consultant, or staff, such member, consultant, or staff shall provide to the requesting party a sworn statement affirming his or her compliance with this Order, and shall do so within seven (7) business days of the request.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge